UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
THE BARRY WHITE FAMILY
TRUST U/A/D: DECEMBER 19, 1980,                Case No.
BY ITS DULY EMPOWERED TRUSTEES

               Plaintiffs,                               **COMPLAINT**

  -against-

JOE COOLEY,
RODNEY DAVID OLIVER P/K/A
RODNEY-O, d/b/a NOT INTRESTED PUBLISHING

               Defendants.
-------------------------------------------------------------x

The Barry White Family Trust U/A/D December 19, 1980 ("Barry White Trust"), by and through its co-trustees ("Trustees") (collectively, "Plaintiffs"), allege as follows:

## PARTIES

1. The Barry White Trust is a trust, duly created and existing under the laws of the State of California by its duly empowered Trustees, Glodean B. White and Jack W. Perry, and is the successor-in-interest to all of the rights held by the late Barry White.

2. Upon information and belief, Defendant Joe Cooley is an individual residing at 248 E. 157th St., Gardena, CA 90248.

3. Upon information and belief, Defendant Rodney Oliver p/k/a Rodney-O is an individual residing at 15370 Weddington Street Apt. 106, Sherman Oaks, CA 91411.

4. Upon information and belief, Defendant Not Intrested Publishing is a business entity controlled by Necole Key II who is is an individual residing at 451 Discovery Lane, Unit 321, Brea, CA 92821.

5. "I'm Gonna Love You Just A Little More, Babe" was written and produced by

1

Barry White in 1972 and released in 1973 (the "Copyrighted Work") (a copy of which can be accessed through the link attached hereto as Exhibit A). The Copyrighted Work was copyrighted on January 8, 1973, and received an original registration for words and music (Registration No. EU0000387551) which was renewed on January 5, 2001 (Registration No. RE0000841799) (the "Barry White Copyright") (a copy of which is attached hereto as Exhibit B).

6. "Like That" (the "Infringing Work") copies substantial elements of "I'm Gonna Love You Just A Little More, Babe" (based on a license from Defendants' for use of their song "Everlasting Bass" which infringes the Barry White Copyright) including but not limited to the iconic, immediately recognizable bass line from the Copyrighted Work (a copy of the Infringing Work can be accessed through the link attached hereto as Exhibit C).

## JURISDICTION AND VENUE

7. This is an action for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.*

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, and 1338(a) and (b), and the principles of pendent jurisdiction.

9. This Court has personal jurisdiction over the enumerated Defendants because they have directed their activities and marketing of the Infringing Work to New York residents, and New York residents are able to purchase, download, and stream the infringing compositions and recordings.

10. Defendants have engaged in systematic and continuous business activities relating to the Infringing Work including distributing the Infringing Work through its record company located in New York, New York.

11. The Defendants have generated substantial recording revenues from the unauthorized and unlawful exploitation of the Infringing Work, including receiving substantial revenue from such exploitation in New York. Defendants have advertised the Infringing Work to New York residents. The Infringing Work has sold over ten thousand digital downloads and has over 90 million streams worldwide since its debut.

12. The Defendants, individually and collectively, have generated substantial revenue from the exploitation of the Infringing Work in New York.

13. Venue lies in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events that are the subject matter of this lawsuit occurred in this judicial district.

## PRELIMINARY STATEMENT

**A.     Plaintiffs' Commitment to Preserving Barry White's Musical and Artistic Legacy**

14. During his lifetime, Barry White established himself as a legend in the entertainment business. Barry White's popularity has only grown since his untimely death on July 4, 2003 at age 58.

15. Since his death, his estate, and subsequently his Trustees, have judiciously guarded the manner in which Barry White's name, image, likeness, trademarks, copyrights, and music have been licensed ("Barry White Intellectual Property Rights").

16. Barry White was a legendary, two-time Grammy-award winner. His music transcended a generation of fans and has endured for almost half a century. For some, Mr. White was the "man of soul" on the smash hit television series, "Ally McBeal". For others, Mr. White was the Godfather of Love for his sultry renditions of classics such as "I'm Gonna Love You Just A Little More, Babe", from White's 1973 debut album, "I Got So Much To Give," which was

3

certified as a "gold" record. Mr. White achieved 106 gold albums worldwide, including "Stone Gon'", "Just Another Way To Say I Love You", "Barry White Sings for Someone You Love", "The Man", and "Can't Get Enough". Barry White had 20 gold and 10 platinum singles, with worldwide record sales in excess of 100 million records, and is one of the best-selling music artists of all time.

17.   In addition to his distinctive voice, the "Maestro" was also known for recording and performing with his 40-piece orchestral group.

18.   Mr. White's iconic, signature sound and performance style was a combination of an instantly recognizable bass/baritone voice, backed up by his lavish production and copyrighted orchestrations with a full symphony orchestra comprised of accomplished musicians.

19.   Mr. White's enduring achievements, including his multiple gold and platinum albums, is testimony to both his ability as an incredible writer and unparalleled performer. It is the legacy that supports the value of his publicity rights, and the reason why Plaintiffs must control and protect it.

20.   As noted, his estate, and later the Trustees, have judiciously guarded the Barry White intellectual property rights to protect Mr. White's legacy.

## BACKGROUND FACTS

### The Barry White Copyright

21.   Mr. White was a gifted musician, songwriter, record producer, and composer. He wrote iconic masterpieces: "Can't Get Enough of Your Love Babe," "Love's Theme," "Never, Never Gonna Give You Up," and "You're the First, The Last, My Everything."

4

22. Plaintiffs are the successor-in-interest to the copyrights for Barry White's music. Plaintiffs hold a registered copyright.

**The Infringing Songs**

a) **Like That**

23. "Like That" is a song by American rapper Future and American record producer Metro Boomin with fellow American rapper Kendrick Lamar. It was sent to US rhythmic radio through Freebandz (under the business name Wilburn Holding Co.), Boominati Worldwide, Epic Records, and Republic as the third and final single from Future and Metro's collaborative studio album, *We Don't Trust You*, on March 26, 2024. Rodney-O & Joe Cooley are also credited as songwriters, as the bass line in the song contains samples of their 1986 song, "Everlasting Bass". "Like That" debuted at number one on the U.S. *Billboard* Hot 100 for the chart issue dated April 6, 2024, with 59.6 million streams, 9,000 digital downloads sold, and an airplay audience of 5.6 million.[1]

b) **Everlasting Bass**

24. This song never charted when it was released in 1986 (a copy of Everlasting Bass can be accessed through the link attached hereto as Exhibit D). Plaintiffs seek damages for all reproductions and samples of "Everlasting Bass" within the statute of limitations.[2]

**FIRST CLAIM FOR RELIEF**

**(Copyright Infringement – 17 U.S.C. §§ 106 *et seq*. Against All Defendants)**

25. Plaintiffs repeat and reallege all prior allegations of this complaint.

---

[1] Since Kendrick Lamar, Leland Tyler Wayne p/k/a Metro Boomin, Nayvadius Demun Cash p/k/a Future, Wilburn Holding Co., Republic Records, and Universal Music Group, on information and belief, are indemnified by Defendants, they are not currently named as defendants.

[2] Since the Defendants' song, Everlasting Bass, was released prior to the internet and was not widely distributed, the Barry White Trust was unaware of the song when it was first released. Plaintiffs seek all damages for infringements within the applicable statutes of limitation.

26. At all relevant times, Plaintiffs are and have been the rightful owners of the Barry White Copyright.

27. As such, the Plaintiffs have the exclusive rights to reproduce the Barry White Copyright, or prepare derivative works and public displays.

28. The Defendants have no license or any other form of permission to copy, duplicate, synchronize, sell, perform, or distribute any portion of the Barry White Copyright.

29. The conduct of the Defendants is knowing and willful since the internet is replete with websites which recognize that the Everlasting Bass song interpolates the hook or "riff" of Barry White's Copyrighted Work.

30. One or more of the Defendants infringed on Plaintiffs' exclusive copyright in "I'm Gonna Love You Just A Little More, Babe" when it distributed and sold sound recordings, including compact discs, phonorecords, digital downloads, licenses, streaming, ringtones, ringbacks, and all other economic exploitation and video recordings, embodying "Like That". Such reproduction and release were wholly unauthorized, as it was without any license or consent of authority from the Plaintiffs. By virtue of this unauthorized commercial exploitation, Defendants have realized illegal revenues.

31. The Defendants infringed Plaintiffs' exclusive copyright in "I'm Gonna Love You Just A Little More, Babe" when they issued and/or authorized others to issue licenses to third parties for the use, publication, and exploitation of "Like That". Said licenses were issued without any consent or authority from the Plaintiffs. By virtue of this unauthorized commercial exploitation, Defendants have realized illegal revenues.

32. As a direct and/or proximate result of the Defendants' infringement on Plaintiffs' exclusive copyright in "I'm Gonna Love You Just A Little More, Babe", Plaintiffs have suffered damages. Said injuries are continuing and will not abate in the future.

33. By their actions, stated in detail above, including, but not limited to, copying all or substantially all of the musical compositions, incorporating such compositions into the Infringing Work, creating derivative versions of the compositions, and by the exploitation, publishing, performing and distribution of the copies and the unauthorized derivative versions, the Defendants have infringed and will continue to infringe Plaintiffs' rights in the Barry White Copyright in violation of the Copyright Act, 17 U.S.C. §§ 501 and 106.

34. For the reasons stated above, the Defendants' infringing conduct has been and continues to be willful, intentional and purposeful, in disregard of and indifference to Plaintiffs' rights pursuant to 17 U.S.C. § 504.

35. These acts have substantially harmed Plaintiffs and impaired their rights as the owners and/or administrators of the Barry White Copyright.

36. Plaintiffs are entitled to a permanent injunction enjoining Defendant from continuing the aforesaid acts of infringement.

37. As a direct and proximate result of Defendants' infringements of Plaintiffs' copyright and exclusive rights under the Copyright Act, Plaintiffs are entitled to damages in an amount to be proven at trial and to Defendants' profits pursuant to 17 U.S.C. § 504(b).

38. Alternatively, Plaintiffs are entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

39.     Plaintiffs further are entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against Defendants as follows:

A.      For judgment that Defendants have violated the Copyright Act and that all such violations have been willful; and

B.      For judgment assessing Defendants for the damages in excess of one million dollars ($1,000,000.00) suffered by Plaintiffs, including an award of actual damages and Defendants' profits attributable to the infringement, or statutory damages (at Plaintiffs' election) under the Copyright Act, as well as costs and attorney's fees to the full extent provided for by Sections 501, 504 and 505 of the Copyright Act, 17 U.S.C. §§ 501, 504 and 505; damages and profits shall include all profits and damages resulting from exploitation of the work domestically and internationally, as well as any and all profits and damages in the following categories attributable to the infringement, including but not limited to:

1. Record sales;
2. Downloads;
3. Ringtones;
4. Ringback tones;
5. Public performance revenues;
6. Digital revenue;
7. Streaming revenue;
8. Synchronization licensing;
9. Merchandising;
10. Public appearances;
11. Endorsements;
12. Sponsorships;
13. Spokesperson work;
14. Touring revenue;
15. Advertising revenue;
16. Appearance fees;
19. Increased value of Defendants' publishing and/or record company and/or companies;
20. Increased value of music publishing and/or record royalties and rights;

21. Increased value of social media rights, accounts and value;
22. Any and all music publisher income;
23. Any and all record master income;
24. Any and all record income;
25. Any and all SoundExchange, BMI, ASCAP, PRS, SESAC, PPL, SOCAN, MCPS, Harry Fox Agency, and any and all collection society, mechanical society and performance society income worldwide;
26. Any and all producer royalty income;
27. Any and all arrangement income;
28. Any and all income derived from any existing medium or any medium hereinafter developed worldwide;
29. Any and all income from any new collection society and/or collection agency to be created anywhere in the world, including by the U.S. Congress under the Music Modernization Act;
30. Any and all income from any society to which any Defendant belongs or joins in the future;
31. Any and all income and/or residuals from SAG-AFTRA;
32. Any and all income from Apple, iTunes, Amazon, Spotify, Pandora, Rhapsody, and any and all download and streaming services; and

C.    For judgment granting such other, further, and different relief as to the Court may seem just and proper, including Plaintiffs' costs and reasonable attorneys' fees.

Dated:    New York, New York
          October 3, 2024

                                    HERBSMAN HAFER WEBER &
                                    FRISCH, LLP

                                    By: [signature]
                                    Dorothy M. Weber (DW-4734)
                                    494 Eighth Avenue, Suite 600
                                    New York, NY 10001
                                    (212) 245-4580
                                    dorothy@musiclaw.com
                                    *Attorneys for Plaintiffs*