Case No. 24-cv-07509 (DLC)

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

**THE BARRY WHITE FAMILY TRUST U/A/D DECEMBER 19, 1980,**

BY ITS DULY EMPOWERED TRUSTEES,

 **Plaintiffs,**

v.

**JOE COOLEY, RODNEY DAVID OLIVER P/K/A RODNEY-O, d/b/a NOT**

**INTERESTED PUBLISHING,**

 **Defendants.**

**Case No. 24-cv-07509 (DLC)**

MOTION TO INTERVENE PRO SE, ASSERT COUNTERCLAIMS, REQUEST

EMERGENCY RELIEF, AND MOTION TO DISMISS PLAINTIFFS' CLAIMS FOR FRAUD

AND ABUSE OF PROCESS

**COMES NOW**, **Necolé Key, Pro Se**, and respectfully moves this Honorable Court, pursuant to
**Federal Rule of Civil Procedure 24(a) and (b), Rule 12(b)(6), and 28 U.S.C. § 1404(a)**, to
**intervene as a necessary party in this case, assert counterclaims, request emergency relief,**
**and move for dismissal of the Plaintiffs' fraudulent claims on the grounds of abuse of**
**process, lack of standing, and misrepresentation of ownership.**
 **Necole Key is a professional music rights manager who was actively involved in the licensing**
**negotiations and revenue collection for the song "Everlasting Bass", which is at issue in this litigation.**

Necole Key compensation is entirely commission-based, meaning she only gets paid when her negotiated agreements result in earnings being distributed to rights holders.

The withholding of earnings from Rodney Oliver directly impacts Necole Key's ability to receive her rightful commission, causing economic harm.

The outcome of this case will significantly impact Movant's financial interests and professional standing in the music.

A. Abuse of Process and Intentional Delay Tactics

1. Plaintiffs, with the assistance of **Dorothy Weber and Epic Records**, have **weaponized the judicial process to intimidate and financially deplete Rodney O and myself.**

2. Plaintiffs' legal strategy is not aimed at litigating a legitimate copyright claim but rather at **creating financial hardship through prolonged litigation tactics and wrongful withholding of royalties.** (See **Exhibit J**).

3. By failing to provide ownership proof and intentionally delaying legal proceedings, Plaintiffs **engage in vexatious litigation in bad faith, warranting dismissal of their claims.**

B. Failure to State a Claim Under Rule 12(b)(6)

1. Plaintiffs' **fraudulent misrepresentation of copyright ownership and failure to produce clear legal rights** to the works in dispute renders their claims **legally deficient**.

2. Under **Rule 12(b)(6), a claim must be dismissed when it fails to present a valid cause of action**—Plaintiffs' **failure to establish clear ownership renders their lawsuit defective and subject to dismissal.**

WHEREFORE, **I, Necolé Key, Pro Se, respectfully request this Court to dismiss Plaintiffs' claims in their entirety for fraud, lack of standing, and abuse of process.**

_____

II. GROUNDS FOR INTERVENTION

Immediate Need for Intervention

As a rights manager operating on a commission-based compensation structure, my financial

stability is directly impacted by the Plaintiffs' wrongful withholding of funds. The longer the

litigation is delayed, the greater the financial harm I endure. The Plaintiffs' abuse of process has

deprived me of rightful earnings, impeding my ability to sustain my business and legal advocacy.

Their intentional delay tactics and refusal to provide documentation of ownership continue

to cause direct monetary loss. Given this, my intervention is not only warranted but essential

to prevent further financial harm and ensure an equitable resolution.

 Rodney O's attorney has indicated that they will wait until discovery to require Plaintiff Dorothy

Weber to prove ownership. This approach does not align with my interests, as immediate harm

has already been caused by the fraudulent ownership assertions. Waiting for discovery prolongs

litigation, allows financial harm to continue, and enables wrongful withholding of funds.

Additionally, evidence already provided demonstrates that the Plaintiffs lack valid copyright

ownership, making delay unnecessary and prejudicial. Therefore, my intervention is essential at

this stage to ensure the fraudulent claims are challenged now rather than later.

A.      Intervention as of Right – Federal Rule of Civil Procedure

24(a) Under **Rule 24(a)(2)**, an applicant has the right to intervene

if:

- They have a direct, substantial, and legally protectable interest in the action.

- The outcome of the action may impair or impede their ability to protect their interest.

- Their interest is not adequately represented by existing parties.

Here, **I have a direct and protectable interest as Rodney O's representative** and have been **directly harmed by Plaintiffs' fraudulent claims and financial exploitation**. No existing party adequately represents **my interest in stopping targeted legal abuse and reputational harm.**

---

## III. EMERGENCY RELIEF REQUESTED

WHEREFORE, **I, Necolé Key, Pro Se, respectfully request this Court to grant the following relief:**

1. **GRANT my Motion to Intervene.**

2. **DISMISS Plaintiffs' claims due to fraudulent misrepresentation and abuse of process.**

3. **ORDER Epic Records to release all withheld funds to Rodney O.**

4. **DECLARE that Rodney-O is the rightful owner and independent creator of "Everlasting Bass."**

5. **ORDER that all earnings generated from "Everlasting Bass" rightfully belong to Rodney-O.**

6. **ISSUE an injunction preventing Defendants from further unauthorized use, exploitation, or financial withholding of Rodney O's earnings.**

7. **AWARD compensatory damages for lost income, statutory damages for willful copyright infringement (up to $150,000 per violation under 17 U.S.C. § 504(c)), and punitive damages for fraud and bad faith conduct.**

8. **GRANT attorneys' fees, costs, and any additional relief the Court deems just and proper.**

Dated: March _, 2025
**Respectfully submitted,**
**Necolé Key, Pro Se**

451 Discovery Lane #321

Brea, CA 92821

[Your Email]

[Your Phone Number]

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

**THE BARRY WHITE FAMILY TRUST U/A/D DECEMBER 19, 1980,**

BY ITS DULY EMPOWERED TRUSTEES,

**Plaintiffs,**

v.

**JOE COOLEY, RODNEY DAVID OLIVER P/K/A RODNEY-O, d/b/a NOT**

**INTERESTED PUBLISHING,**

**Defendants.**

**Case No. 24-cv-07509 (DLC)**

MEMORANDUM OF LAW IN SUPPORT OF NECOLÉ KEY'S MOTION TO INTERVENE
PRO SE, ASSERT COUNTERCLAIMS, REQUEST EMERGENCY RELIEF, AND MOTION
TO DISMISS PLAINTIFFS' CLAIMS FOR FRAUD AND ABUSE OF PROCESS

**COMES NOW**, **Necolé Key, Pro Se**, and submits this **Memorandum of Law** in support of her
**Motion to Intervene, Assert Counterclaims, Request Emergency Relief, and Motion to
Dismiss Plaintiffs' Claims for Fraud and Abuse of Process**.

## I. INTRODUCTION

This case is predicated on fraudulent misrepresentations and **abuse of process** by Plaintiffs, **The
Barry White Family Trust, Epic Records, Sony Music, Republic Records, Universal Music,
Wilburn Holdings Co., Greenberg Traurig LLP, Dorothy M. Weber, and affiliated artists**.
These entities have knowingly **misrepresented their ownership rights**, fraudulently withheld
funds owed to Rodney O, and engaged in a scheme to **financially and reputationally damage**
both Rodney O and myself, Necolé Key.

Plaintiffs' claims must be dismissed outright due to:

1. **Lack of standing and ownership rights**—Plaintiffs have failed to provide legitimate
   proof of ownership.

2. **Abuse of process and intentional delay tactics**—Plaintiffs are weaponizing litigation to
   intimidate and financially harm Defendants.

3. **Failure to state a claim under Rule 12(b)(6)**—Their claims are legally deficient.

My intervention is necessary because my **commission-based compensation structure** means I am **directly financially impacted** by the Plaintiffs' wrongful withholding of funds. Waiting until discovery to challenge their fraudulent ownership claims would result in **continued financial depletion and irreparable harm.**

---

II. LEGAL BASIS FOR INTERVENTION

A.       Intervention as of Right – Federal Rule of Civil Procedure

24(a) Under **Rule 24(a)(2)**, an applicant has the right to intervene

if:

1. **They have a direct, substantial, and legally protectable interest in the action.**
2. **The outcome of the action may impair or impede their ability to protect their interest.**
3. **Their interest is not adequately represented by existing parties.**

Here, **I have a direct and protectable interest** as Rodney O's representative and rights manager. I have suffered **direct financial harm** as a result of the Plaintiffs' fraudulent claims. **No existing party adequately represents my interests, especially as Rodney O's attorney has chosen to delay requiring proof of ownership until discovery.**

B. Permissive Intervention – Federal Rule of Civil Procedure 24(b)

Alternatively, under **Rule 24(b)(1)**, the Court may permit intervention where the applicant's claim and the main action share common legal and factual questions. My claims of **fraud, collusion, wrongful withholding of funds, and defamation** arise from **the same facts and transactions that Plaintiffs have falsely alleged against Rodney O.** My intervention is essential to prevent a miscarriage of justice.

---

## III.    MOTION TO DISMISS PLAINTIFFS' CLAIMS FOR FRAUD AND ABUSE OF PROCESS

### A. Lack of Standing and Ownership Rights

1. Plaintiffs **failed to provide legitimate proof of ownership** over the disputed compositions. Instead, they have **relied on misleading documentation** (See **Exhibit B**).

2. **The Barry White Family Trust does not hold valid title to the works in question,** and any assertion of ownership is **based on fraudulent conveyance**.

3. **Repeated requests for ownership proof have been ignored**, confirming that Plaintiffs' claims **are fraudulent** (See **Exhibit D**).

### B. Abuse of Process and Intentional Delay Tactics

1. Plaintiffs, with the assistance of **Dorothy Weber and Epic Records**, have **weaponized the judicial process** to financially deplete and silence me.

2. This case is **not about protecting Barry White's legacy**—it is a **deliberate strategy to suppress my ability to advocate for Rodney O and disrupt rightful payments.** (See

**Exhibit J**).

C. Failure to State a Claim Under Rule 12(b)(6)

1. Plaintiffs' claims are **legally deficient** due to their **lack of ownership** and **failure to present a valid cause of action**.

2. Under **Rule 12(b)(6)**, **a claim must be dismissed when it fails to present a valid cause of action**—Plaintiffs **have not met this burden**.

---

IV. EMERGENCY RELIEF REQUESTED

WHEREFORE, **I, Necolé Key, Pro Se, respectfully request this Court to grant the following relief:**

1. **GRANT my Motion to Intervene.**

2. **DISMISS Plaintiffs' claims due to fraudulent misrepresentation and abuse of process.**

3. **ORDER Epic Records to release all withheld funds to Rodney O.**

4. **DECLARE that Rodney-O is the rightful owner and independent creator of "Everlasting Bass."**

5. **ORDER that all earnings generated from "Everlasting Bass" rightfully belong to Rodney-O.**

6. **ISSUE an injunction preventing Defendants from further unauthorized use, exploitation, or financial withholding of Rodney O's earnings.**

Case No. 24-cv-07509 (DLC)

7. **AWARD compensatory damages for lost income, statutory damages for willful copyright infringement (up to $150,000 per violation under 17 U.S.C. § 504(c)), and punitive damages for fraud and bad faith conduct.**

8. **GRANT attorneys' fees, costs, and any additional relief the Court deems just and proper.**

---

Dated: March _, 2025
**Respectfully submitted,**
**/a/Necole  Key, Pro Se**

451 Discovery Lane #321

Brea, CA 92821

necole@ladykeymanagement
626-598-647

## Exhibits and Their Supporting Claims

### Exhibit A – Email Correspondence Regarding Rights and Licensing Issue

**Supports claims of fraudulent misrepresentation and failure to obtain proper approval before releasing and exploiting the work.**

**Demonstrates Epic Records' acknowledgment of licensing negotiations and their failure to provide transparency.**

### Exhibit B – Failure to Provide Proof of Ownership

Supports the argument that **The Barry White Family Trust lacks standing** to assert claims.

Shows that Plaintiffs have not produced **legitimate chain-of-title** documentation for ownership.

### Exhibit C – Correspondence Demonstrating Fraudulent Assertions

Supports claims of **misrepresentation** and **collusion** among Plaintiffs and legal representatives.

Documents the **absence of valid agreements** supporting Plaintiffs' ownership claims.

### Exhibit D – Precedent Case: Darryl White vs. Glodean White

Supports the argument that **similar fraudulent ownership disputes** have occurred in the past.

Demonstrates a legal precedent in favor of **challenging fraudulent claims of ownership**.

### Exhibit E – Legal Counsel's Internal Communications

**S**upports claims of **litigation abuse** by Plaintiffs and their legal representatives.

Demonstrates that Defendants **requested proof of ownership, which Plaintiffs ignored**.

### Exhibit F – Formal Notice of Breach and Demand for Resolution

Supports the argument that **Epic Records violated contractual obligations** by failing to finalize agreements.

Shows that Defendants **attempted to resolve the issue before litigation**.

**Exhibit G – Official Copyright Registration for "Everlasting Bass"**

Provides **direct proof** that **Rodney O** is the **rightful owner** of the song.

Supports claims that Plaintiffs **falsely asserted ownership**.

**Exhibit H – Lost Publishing Deal Due to Licensing Dispute**

Supports claims of **financial harm** suffered by Defendants due to **Epic's failure to finalize agreements**. Demonstrates that Epic's misconduct resulted in **Rodney O losing a $2.2 million publishing deal**.

**Exhibit I – Disclosure to Artists and Industry Professionals**

Supports claims that Plaintiffs and Epic engaged in **deceptive business practices**.

Shows that **other artists** were also **affected by Epic's failure to disclose full ownership details**.

**Exhibit L – Unfinalized Splits and Payment Delays**

Supports the claim that **Rodney O's payments and royalties have been delayed** due to lack of finalized agreements.

Demonstrates that **Epic Records failed to provide clear accounting and proper split documentation**, leading to financial loss.

**Exhibit M – Withholding of Funds**

Provides direct **evidence that Epic Records withheld payments** due to ongoing disputes, despite agreements already in place.

Shows that **Epic used ongoing litigation as an excuse to avoid paying rightful royalties**.

**Exhibit N – Failure to Correct Songwriter Credits**

Supports the argument that **Rodney O was intentionally omitted from the official credits** of *Like That*.

Shows that **Epic and associated parties refused to comply with agreed terms**, even after repeated requests.

**EXHIBIT A**

 Outlook

---

Re: LIKE THAT by Future

---

From Necole Key <necole@ladykeymanagement.com> Date
Thu 3/28/2024 4:21 PM

To      CurrieB@gtlaw.com <CurrieB@gtlaw.com>

Cc      asaleh@emagen.com <asaleh@emagen.com>; FinanR@gtlaw.com <FinanR@gtlaw.com>;
dalia.auerbach@epicrecords.com <dalia.auerbach@epicrecords.com>; scott@donigerlawfirm.com
<scott@donigerlawfirm.com>; ftrechsel@donigerlawfirm.com <ftrechsel@donigerlawfirm.com>; ryan@salxco.com
<ryan@salxco.com>

Bob

Yes Bob, I am aware of the usual way of business that seems to have been accepted. I am not a seasoned professional as
most in this email thread and who have adapted to the industry norms by use of these letters. I am, however, well
knowledgeable in intellectual property and copyright laws.
That knowledge has allowed me to protect my client's rights and secure fair compensation for their work. Although by
doing so it breaks the normal practice of the industry. Having learned from the past through my practice of termination of
copyright transfers for artists, I have learned how to advocate to
avoid the past from repeating itself and help provide my clients an income they can support their families
with.

A call from Metro is not necessary and would have been welcomed prior to release. At this time, I will remove myself and
allow our attorney Scott take it from here.

It was a pleasure meeting you and I am hopeful this situation will be resolved quickly. Have a good evening

Necole Key Rights
Manager
www.ladykeymanagement.com
626-598-6647

---

**From:** CurrieB@gtlaw.com <CurrieB@gtlaw.com>
**Sent:** Thursday, March 28, 2024 3:32:21 PM
**To:** Necole Key <necole@ladykeymanagement.com>
**Cc:** asaleh@emagen.com <asaleh@emagen.com>; FinanR@gtlaw.com <FinanR@gtlaw.com>;
dalia.auerbach@epicrecords.com <dalia.auerbach@epicrecords.com>; scott@donigerlawfirm.com
<scott@donigerlawfirm.com>; ftrechsel@donigerlawfirm.com <ftrechsel@donigerlawfirm.com>;
ryan@salxco.com <ryan@salxco.com>
**Subject:** RE: LIKE THAT by Future

Hi Necole,

We can arrange for Metro to call Rodney.

I'm certain that you are aware that it is the usual course of business to have a sample offer letter signed with the material terms agreed prior to entering into a long form agreement. It just confirms what the material terms are for the sample especially when there are so many matters to deal with when releasing an album.

All streamed compositions are paid on 100% of the current statutory rate and we can confirm that Rodney will be paid 100% stat for any physical release as well.

Provided Epic receives a signed ACH, we can wire Rodney his fees and still enter into a sample agreement. Concerning the latter, please let me know if you have a form in mind or if you would prefer that we prepare an agreement for review.

Thank you again and

Best wishes,


**Bob Currie**
Senior Contract Administrator

Greenberg Traurig, LLP
Terminus 200 | 3333 Piedmont Road NE | Suite 2500 | Atlanta, GA 30305
T +1 678.553.7332 | F +1 678.553.7333 | M +1 678.722.1172
CurrieB@gtlaw.com | www.gtlaw.com





Learn more about our commitment to diversity, equity, and inclusion.


---

**From:** Necole Key <necole@ladykeymanagement.com>
**Sent:** Thursday, March 28, 2024 6:16 PM
**To:** Currie, Bob (Para-Atl-Ent) <CurrieB@gtlaw.com>
**Cc:** asaleh@emagen.com; Finan, Robert J. III (OfCnl-Atl-Ent) <FinanR@gtlaw.com>;
dalia.auerbach@epicrecords.com; Scott Burroughs <scott@donigerlawfirm.com>; Frank Trechsel
<ftrechsel@donigerlawfirm.com>
**Subject:** Re: LIKE THAT by Future

Bob

Please take the time to listen to the interview. The writer of the article you presented is incorrect. We would have preferred Metro to have reached out. That would have expedited the process but as it is the only one that has been in contact with us is Eric Weissman team. Please see attached. If Metro had direct contact with Rodney, I believe contacting us wouldn't have been so complicated.

We may have to agree to disagree on what a minor detail may be, I believe a lack of a signature is a significant detail. As well as details as how, Rodney will be obtaining his shared earnings. Details as such are best put in an agreement and not a letter. The composition letter lacks clarity of the mechanical rate. Eric said it was okay to assume 100%. Not sure if that is a minor detail or not. I am sure Scott and you can resolve.


Thank you again for your rapid response.

Best


Necole Key
Rights Manager
www.ladykeymanagement.com
626-598-6647


---

**From:** Necole Key <necole@ladykeymanagement.com>
**Sent:** Thursday, March 28, 2024 3:15:10 PM
**To:** CurrieB@gtlaw.com <CurrieB@gtlaw.com>
**Cc:** asaleh@emagen.com <asaleh@emagen.com>; FinanR@gtlaw.com <FinanR@gtlaw.com>; dalia.auerbach@epicrecords.com <dalia.auerbach@epicrecords.com>
**Subject:** Re: LIKE THAT by Future

Bob

Please take the time to listen to the interview. The writer of the article you presented is incorrect. We would have preferred Metro to have reached out. That would have expedited the process but as it is the only one that has been in contact with us is Eric Weissman team. Please see attached. If Metro had direct contact with Rodney, I believe contacting us wouldn't have been so complicated.
We may have to agree to disagree on what a minor detail may be, I believe a lack of a signature is a significant detail. As well as details as how, Rodney will be obtaining his shared earnings. Details as such are best put in an agreement and not a letter. The composition letter lacks clarity of the mechanical rate. Eric said it was okay to assume 100%. Not sure if that is a minor detail or not. I am sure Scott and you can resolve.


Thank you again for your rapid response.

Best

Necole Key
Rights Manager
www.ladykeymanagement.com
626-598-6647

**From:** CurrieB@gtlaw.com <CurrieB@gtlaw.com>
**Sent:** Thursday, March 28, 2024 2:59:46 PM
**To:** Necole Key <necole@ladykeymanagement.com>
**Cc:** asaleh@emagen.com <asaleh@emagen.com>; FinanR@gtlaw.com <FinanR@gtlaw.com>;
dalia.auerbach@epicrecords.com <dalia.auerbach@epicrecords.com>
**Subject:** RE: LIKE THAT by Future

Hi Necole,

Thank you for your prompt response.

Metro Boomin did contact Rodney O directly about the use of "Everlasting Bass" in "Like That" and
Rodney approved:

https://www.complex.com/music/a/markelibert/rodney-o-metro-boomin-cleared-sample-like-that

Please note: prior to the release of the album, no one was privy to hearing full tracks - no one other than
Future and Metro's inner circle.

According to the multiple correspondences between you and Eric Weismann, the material terms
remained unchanged since prior to the record release and it seems as if the holdup has been minor
details such as credit and the award of gold and platinum plaques. We don't believe its correct to
consider that this sample us remains incomplete. We're just waiting to have Rodney paid.

Again, the only reason Rodney has not yet been paid is that we were missing the ACH form and once
sent, it was unsigned. Since this matter began prior to the release, we consider it to still be within your
responsibilities to close. Please send us the signed ACH form and we can have Rodney paid and we can
all move forward.

Thank you again and

Best wishes,


**Bob Currie**
Senior Contract Administrator

Greenberg Traurig, LLP

Terminus 200 | 3333 Piedmont Road NE | Suite 2500 | Atlanta, GA 30305

T +1 678.553.7332 | F +1 678.553.7333 I M +1 678.722.1172
CurrieB@gtlaw.com | www.gtlaw.com





Learn more about our commitment to diversity, equity, and inclusion.

**From:** Necole Key <necole@ladykeymanagement.com>
**Sent:** Thursday, March 28, 2024 5:44 PM
**To:** Currie, Bob (Para-Atl-Ent) <CurrieB@gtlaw.com>
**Cc:** asaleh@emagen.com; dalia.auerbach@epicrecords.com; Finan, Robert J. III (OfCnl-Atl-Ent) <FinanR@gtlaw.com>; Scott Burroughs <scott@donigerlawfirm.com>; Frank Trechsel <ftrechsel@donigerlawfirm.com>
**Subject:** Re: LIKE THAT by Future

Hello Bob

Nice to e-meet you. I have CC our attorney Scott as well to this correspondence. ==Unfortunately, that is not the case Metro Boomin never reached out to Rodney about the track Everlasting Bass.== You may be referring to the sample Metro Boomin used Rodney's track Nobody Disses Me. We were first approached by Eric Weissman three weeks ago. I passed the link they provided for the track for approval but as Rodney can ==hear in the interview Rodney says we were not given the full track. I== handle Rodney 's pre-clearance negotiations. Our attorney Scott handles our post release negotiations. That being said, I will allow him to precede.

Rodney and I thank you for your quick response and hope this can be resolved sooner than later. Please express our congratulations to all parties involved on the album's successful release, present case aside.
Scott, please introduce yourself. Thank you all for your efforts. We truly appreciate your time.
Necole Key
Rights Manager
www.ladykeymanagement.com 626-598-6647

---

**From:** CurrieB@gtlaw.com <CurrieB@gtlaw.com>
**Sent:** Thursday, March 28, 2024 2:24:18 PM
**To:** Necole Key <necole@ladykeymanagement.com>
**Cc:** asaleh@emagen.com <asaleh@emagen.com>; dalia.auerbach@epicrecords.com <dalia.auerbach@epicrecords.com>; FinanR@gtlaw.com <FinanR@gtlaw.com>
**Subject:** RE: LIKE THAT by Future

Hi Necole,

Hope you're having a good week.

This firm represents Future and we've been involved with the most recent Future/Metro Boomin collaborative project. I am responding to your recent email to Dalia at Epic Records

==We understand that Metro contacted Rodney O directly about the use of "Everlasting Bass" as a sample and that Rodney approved the use. (According to the Interview Rodney O did on radio station 93.5 KDAY and the mention of Rodney's approval online and on X).==

==As far as we can determine, the material terms for the use of "Everlasting Bass" is a $50,000 non-recoupable fee to Rodney and 15% of the income for the exploitation of the master that embodies the sample titled "Like That."== Additionally, Rodney is to get 50% of the underlying composition and a non-recoupable fee of $5,000.

The offer letter sent by Eric Weissman Music Licensing to you (prior to the release of the record) needs to be signed and as soon as Epic Records receives a <u>signed</u> ACH form, monies can be wired to Rodney's account.

Please let me know if we're missing anything about resolving this sample use at your earliest convenience.

Thank you very much for your kind attention to this matter and with

Best wishes,


**Bob Currie**
Senior Contract Administrator

Greenberg Traurig, LLP
Terminus 200 | 3333 Piedmont Road NE | Suite 2500 | Atlanta, GA 30305
T +1 678.553.7332 | F +1 678.553.7333 I M +1 678.722.1172
CurrieB@gtlaw.com | www.gtlaw.com





Learn more about our commitment to diversity, equity, and inclusion.

---

**From:** Auerbach, Dalia, Epic Records <dalia.auerbach@epicrecords.com>
**Sent:** Thursday, March 28, 2024 4:50 PM
**To:** Currie, Bob (Para-Atl-Ent) <CurrieB@gtlaw.com>; Finan, Robert J. III (OfCnl-Atl-Ent) <FinanR@gtlaw.com>
**Cc:** Anthony Saleh <asaleh@emagen.com>
**Subject:** Fwd: LIKE THAT by Future


**\*EXTERNAL TO GT\***

Begin forwarded message:

> **From:** Necole Key <necole@ladykeymanagement.com>
> **Date:** March 28, 2024 at 4:43:09 PM EDT
> **To:** "Auerbach, Dalia, Epic Records" <dalia.glickman@epicrecords.com>, "Conte, Bernadette, Epic" <bernadette.conte@epicrecords.com>
> **Subject: LIKE THAT by Future**

You don't often get email from necole@ladykeymanagement.com. Learn why this is important

<span style="color:red">**EXTERNAL SENDER**</span>

Hello,

My name is Necole Key. Manager of Hip hop artist Rodney O. Please forgive me for interrupting your day. I am reaching out in hopes you can direct me to the appropriate personnel that is handling the clearance for Future's track Like That. We have been dealing with a sync agent for the last three weeks and it feels as nothing has been accomplished. To avoid litigation, I am respectfully requesting your assistance in helping me connect to the appropriate personnel to directly resolve this matter.

Once again, I apologize for the inconvenience and thank you in advance for your any assistance.

Respectfully,

Necole Key
Rights Manager
www.ladykeymanagement.com
626-598-6647

**This email originated from outside of Sony Music. Do not click links or open attachments unless you recognize the sender and know the content is safe.**

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.

**EXHIBIT A**

EXHIBIT B

## Re: Apology and Introduction of New Attorney for Case Resolution

---

**From:** Necole Key
necole@ladykeymanagement.com
**To:** Dorothy Weber dorothy@musiclaw.com,
Rogers, Leron E.
LRogers@foxrothschild.com, Jonas
Herbsman jonas@musiclaw.com
**Cc:** Acevedo, Antonia M.
AAcevedo@foxrothschild.com, Destiny Key
destiny@ladykeymanagement.com, Rodney
rodneyocali@yahoo.com, Atron Gregory
atrongregory@gmail.com
**Sent:** Monday, July 8, 2024 at 9:34 AM

Leron
Please respond as soon as possible. I
believe Dorothy and I are on the same page.
Dorothy, I would like it to be 45% Barry 45%
Rodney and 10% Eazy E
If this can be agreed upon, I would like Leron
to get this agreed and cleared asap.

Necole Key
Rights
Manager
www.ladykeymanagement.co
m 626-598-6647

---

**From: Dorothy Weber
<dorothy@musiclaw.com> Sent: Monday, July
8, 2024 5:30:19 PM**
**To:** Rogers, Leron E.
<LRogers@foxrothschild.com>; Necole Key
<necole@ladykeymanagement.com>; Jonas
Herbsman <jonas@musiclaw.com>
**Cc:** Acevedo, Antonia M.
<AAcevedo@foxrothschild.com>; Destiny Key
<destiny@ladykeymanagement.com>; Rodney
<rodneyocali@yahoo.com>; Atron Gregory

<atrongregory@gmail.com>

**Subject:** RE: Apology and Introduction of New Attorney for Case Resolution

Hi Leron: Let me know a time for you that works.

  Dorothy M. Weber, Esq.

**EXHIBIT B**

Proof of collusion

# EXHIBIT C

| File | Extracted Text |
|---|---|
| | Necole Key 3:54 PM<br>To Chantal Epp, FinanR@gtlaw.com, Tilly Gilder, asaleh@emagen.com, + 2 :<br><br>To all parties<br>I hope this email finds you well.<br><br>It has come to my attention that Epic is asserting control over a 15% share related to the master sample for Like That. However, we have not received any signed agreement authorizing such control. Without a finalized and executed agreement, any claim to this percentage would be premature and unauthorized.<br><br>To clarify:<br><br>1.        We have not signed any documents granting Epic the right to manage or control our portion of the master sample revenue.<br><br>2.        We request a copy of any agreement that states otherwise. If such an agreement exists, please provide it immediately for our review.<br><br>3.        Until a fully executed agreement is in place, all rights remain reserved, and no portion of our entitlement may be assigned or controlled by a third party.<br><br>Additionally, in April we had been informed by Greenberg Traurig LLP that the relevant documents are still in progress. Given this, any attempt to enforce a revenue allocation or rights claim before finalization would be inappropriate.<br><br>Please confirm receipt of this email and provide clarification at your earliest convenience. We are committed to resolving this matter in good faith and look forward to your prompt response.<br><br>& v Reply all |
| /mnt/data/Screen | |
| | phone, returning Sat., February 15th at 7 PM EST.<br><br>FinanR@gtlaw.com 4:01 PM To<br>You, +5 :<br>PDF<br>DKL 1-Complaint.pdf ;<br>PDF - 378 KB A<br>Hi Necole,<br><br>Please provide me the status of the lawsuit attached.<br><br>Also, please provide me the contact info for your counsel.<br><br>Thanks.<br>Rob<br><br>Robert J. Finan<br><br>Of Counsel<br><br>Greenberg Traurig, LLP<br>Terminus 200 | 3333 Piedmont Road NE | Suite 2500 | Atlanta, GA 30305 T<br>+1 678.553.2206 | F +1 678.553.2207<br><br>FinanR@gtlaw.com | www.gtlaw.com | View GT Biography GreenbergTraurig<br><br>& v To FinanR@gtlaw.com, + 5 / |
| /mnt/data/Screen | |

# EXHIBIT C

Proof of collusion

**EXHIBIT C**

Dear Rob,

I acknowledge your request regarding the lawsuit status. ==However, as previously stated, we have not received a Fully executed signed agreement granting Epic control over our 15% share of the master sample revenue.==

==Until a fully executed agreement is provided, our position remains unchanged: all rights are reserved, and no third party has authorization to manage or allocate our portion. If Epic believes otherwise, we request immediate documentation supporting such a claim.==

Furthermore, given that Greenberg Traurig LLP previously confirmed that relevant documents are still in progress, any assertion of control before finalization is inappropriate.

Please confirm receipt and provide any necessary Clarifications.

Necole Key
Rights Manager
agie@keysmanagement.com
626-598-6647

coe

& v Reply all

/mnt/data/Screen

---

x

From: Ricardo Rosado <ricardo@musiclaw.com> On Behalf Of Dorothy Weber
==Sent: Wednesday, February 19, 2025 5:19 PM To: Matson, Timothy <===timatson@loriitchschild.com>

Cc: Dorothy Weber <dorothy@musiclaw.com>; Judy <jameyers68@gmail.com>; Rakhil Kalantarova <rakhil@musiclaw.com>

==Subject: [EXT] Barry White==

==Hi Tim: We are going to attach a copy of the agreement for the sample as part of our opposition to the motion to dismiss. I== also understand that Ms. Key has communicated directly with third parties in connection with this litigation and we ask that you advise her that these communications are all part of our litigation hold and will be subject to discovery.

Sincerely,

Dorothy M. Weber, Esq.

Herbsman Hafer Weber & Frisch, LLP
494 Eighth Avenue, Suite 600

New York, NY 10001 Direct

Dial: (646) 795-6068

Fax: (212) 956-6471

E-Mail: dorothy@musiclaw.com
http://www.linkedin.com/in/dorothymweberesq/
This email contains information that may be confidential and/or privileged. If you are not the

+ oO

/mnt/data/Screen

**EXHIBIT C**

Proof of collusion

# EXHIBIT C

MT

Matson, Timothy C.
tmatson@foxrothschild.com

To

You necole@ladykeymanagement.com
Wednesday, February 19 at 7:10 PM

Necole,

What is Dorothy referring to? Please advise.

Tim

Fox
Rothschild

Timothy C Matson
Counsel
Fox Center
33 S. Sixth Street, Suite 3600
Minneapolis, MN 55402
< (612) 607-7064
[ (612) 229-4109
2 (612 607-7100

# EXHIBIT C

HERBSMANMAFERVVEBER&FR1SCH,LLP

**ATTORNEYS AT MW**
404 ElaFrn-i AvENUE, Sixrl-i **FLOOR**
NEw YORK, NEw YORx 1 OOO 1

Joe **E. HERBsMAN**
J. JEFFHEY i•lA EFt
DOnOTHY M. WEBER M1Ci-1AEE•
B. FRIRGH

RAKHIL KALANTAROVA

JAMKs E. iDOHERTY
**OI= COUNSEL**

TELEPHONE {2 1 Z} 24D•4BBO
YELECOPIER {2 1 Z} OBA647

dorothy8musiclaw.com

**Fefiruary 24, 2025**

Via  Email: tmatsonfifoxrothsehild.com

Timothy C. Matson, Esq. Pox
Rothschild, LLP
33 S. Sixth Street, Suite 3600

Minneapolis, MN 55402

*Re.'*   The Barry White Family Trust U/A/D: December 19, 1980, By its Duly
Empowered Trustees v. Coolev et al. Gase No. 24-cv-07509-DLC

Dear Mr. Matson:

In furtherance of our call last week, it is my understanding that as late as Friday, Ms. Key was in touch with Epic Records, through their New York office, In furtherance of the limited jurisdictional discovery which was agreed to, we ask that you produce all communications from Ms. Key to third parties in connection with this matter. We ask for an updated production as soon as possible.

To the extent that Ms. Key is attempting to collect monies from third parties on **matters** which are implicated by this lawsuit, that is a matter we believe she should be bring to the Court's attention unless we can amicably deal with this situation.

When Ms. Key called Epic's attorney, she was properly advised that he could not speak to her. When he asked for her litigation counsel's contact, however, she refused to provide your name or contact information. While our client has no desire to "rachet up" the current litigation, it seems clear that certain of your clients do not share that view. We are troubled by this course of conduct for a variety of reasons.

**EXHIBIT C**

HEFlBsMAN HAFER WEBER & FFIUCH, IP

Timothy C. Matson, Esq.
February 24, 2025
P a g e | 2

I am attaching a copy of our initial claim letter with litigation hold language and ask that you confirm in writing that your clients have been advised of their obligations. Also, to the extent that Ms. Key is in continuing communications with New York entities on behalf of Mr. Oliver in connection with the song that is the subject of the instant litigation, we may need to supplement our opposition. We ask that you provide us with copies of any materials which update the document production made to us on December 18, 2024, including but not limited to any of her written communications with Epic Records.

Please let me know if we need to meet and confer on this issue.

This letter is written without prejudice to our client's rights or remedies, at law or in equity, all of which are hereby expressly reserved.

Very truly yours,

HERBSMANHAFERWEBER
& FRISCH, L
LP

Doro  thy M. We er, Esq.

DMW/rr

**EXHIBIT C**

HERBHMAN HAFER
WEBER & FLINCH, L•LP
ATTORNEYS AT LAW
494 EloHTH AVENUE, 2IXTH FLOOR
NEw YORK, NEw YORK I OOO i

JONAS E. HERDSMAN

TeLJZPH
ONE (21
2}

J. JEFFREY HAFER DOROTHY
M. WEBER MICHAEL B. FR1SGH

245-4Df3O
TELECOPIER (21 2) O56•64y I

RAWMLKALANTAROVA

J    ES E. DOHERTY OF
COUNSEL

WRITER'S K•MAlt-i
dorothyOmusiclaw.com

May 7, 2024

Via Email and Regular Mail: <u>Stephanie.Yu@sonymusic.com</u>

Stephanie Yu, Esq.
Epic Records
25 Madison Avenue, 19th Floor
New York, NY 10010

Via Email and Regular Mail' <u>FinanR@gtlaw.com</u>

Robert J. Finan, Esq.
Greenberg Traurig, LLP
Terminus 200
3333 Piedmont Road NE l Suite 2500 Atlanta,
GA 30305

Via Email and Regular Mail: <u>Christina.Suarez@umusic.com</u>

Ms. Christina Suarez
EVP, Business & Legal Affairs
Republic Records
1755 Broadway
NewYork, NY 10019

Via Email and Regular Mail: <u>necolekev@email com</u>

Mr. Rodney Oliver
p/k/a Rodney O
c/o Necole Key, Rights Manager
**EXHIBIT C**

**EXHIBIT C**

HERBSMAN HAFER WEBER & FRISGH, LLP

Stephanie Yu, Esq.
Robert J. Finan, Esq. Ms,
Christina Suarez Mr.
Rodney Oliver
Freebandz Entertainment
May 7, 2024
P a g e | 2

Via Email and Regular Mail: Christina.Suarez@umusic.com

Boominati Worldwide
c/o Universal Music Group, Inc.
2220 Colorado Ave, Santa
Monica, CA 90404

Via Email and Regular Mail: legal@integral.studio

Freebandz Entertainment
c/o Felicia Magama Wilburn
Holding Co.
1465 Northside Dr,
Atlanta, GA, 30044

   Re.  *"Lihe That" Copyright Infringement Notice*

Ladies and Gentlemen:

  We are the attorneys for the Barry White Family Trust, successor in interest to all intellectual property rights of the late Barry White (the "Trust"). The Trust is the sole and exclusive owner of the registered copyright in and to "I'm Gonna Love You Just A Little More, Baby". This anthemic song (written, produced and recorded by Barry White), released in the spring of 1973, was the first single from Mr.
White's 1973 debut album "I've Got So Much to Give" and hit number one on the United States R&B chart; number three on the Billboard Pop singles chart and was certified gold by the RIAA (the "Copyrighted Work").

  It has come to our attention that you have infringed the Copyrighted Work by interpolating the musical "hook" of the Copyrighted Work in a new work entitled "Like That" (the "Infringing Work"). It is our understanding that the Infringing Work was released by Wilburn Holding Co. and Boominati Worldwide, under exclusive license to Epic Records, a division of Sony Music Entertainment, with Republic Records, a **EXHIBIT C**

  division of UMG Recordings, Inc. and such use was not

HERBSMAN HAFER WEBER & PRI 2CH. LLP

**EXHIBIT C**

Stephanie Yu, Esq.
Robert J. Finan, Esq.
Ms.
Christina Suarez Mr.
Rodney Oliver

Freebandz Entertainment

May 7, 2024

P a g e | 3

authorized by our client. It is also our understanding that a license was issued for use of a sample from the song "Everlasting Bass", which sample also infringes the Copyrighted Work.

Your use constitutes a willful infringement of our client's rights under the Copyright Act, which infringement will subject you to a wide variety of legal penalties, including but not limited to damages, costs and attorney's fees, Our client is also entitled to seek statutory damages for willful infringement in an amount of One Hundred Fifty Thousand ($150,000) Dollars, per infringement, for use of the Copyrighted Work, Willful intent by you is clear as multiple sources easily located online report that "Everlasting Bass" sampled the Copyrighted Work.

This letter shall also constitute notice of our copyright claims throughout the world in any territory where the Infringing Work is sold. In addition, this letter shall also serve as notice of infringement in connection with interpolation of the Copyrighted Work in the song "Everlasting Bass" within any applicable statutes of limitations.

<u>LITIGATION HOLD</u>

Unless and until this matter is resolved, this letter shall constitute notice of potential litigation.

Electronically stored information can be easily altered, deleted, or otherwise modified; and it is common to dispose of it some electronic material in the normal course of business. However, under the governing law, it would be improper, following your receipt of this notice, for you to fail to take all necessary steps to fully preserve all of the electronic stored information in question, regardless of past practices. Your failure to preserve and retain the electronically stored information described in this notice may constitute the spoliation of evidence that could subject you or any of your subsidiaries, divisions, agents, and employees to sanctions by the court, legal claims for damages, or both.

**EXHIBIT C**

HERDSMAN HAFER WEBER & FRISCH, UP

Stephanie Yu, Esq.
Robert I, Finan, Esq. Ms.
Christina Suarez Mr.
Rodney Oliver

Freebandz Entertainment
May 7, 2024
Page  | 4

for purposes of this notice, the term "electronically stored information" includes, but is not limited to, the following: text files (including word processing files and file fragments); social media data, including log-in information, messages, and posts by you or anyone who follows or interacts with you on social media; metadata; spread sheets; electronic mail (including message contents, attachments, header information, logs of e-mail system usage, and "deleted" files); text messages; data in the information management system, containing the indexes of all databases; the databases themselves, including all records and field and structural information in them; logs of activity on any computer system that may have processed or stored electronic data containing litigation information; data created by financial, accounting, billing, and spreadsheet programs; files and file fragments from electronic calendars and scheduling programs; Internet history files and preferences; graphical image format ("GIF") files; all file fragments and backup files containing electronic data; telephone logs; voice mail files; PowerPoint presentations; contact manager information; and all other electronic data containing information about, or that may be relevant to, the litigation.

Any pertinent information stored online--whether stored in direct-access storage devices attached to a mainframe or minicomputer hard drives, personal computers (PCs), or laptops--must be preserved. If any files must be altered for any reason, a true and correct copy of each data file pertinent to the litigation must be made, and the copy should be preserved and made accessible.

Any activity that could result in the loss of relevant "off-line" data or removable data storage--such as backups and archives or other disaster recovery systems, servers, floppy disks, zip drives and zip files, optical disks, tapes, compact disks or diskettes, laptOpS, handheld devices, disconnected hard drives, and other removable electronic media, as well as personal digital assistants, handheld wireless devices, mobile telephones, paging devices, and audio systems (including voice mail)--must be halted. This includes rotation, destruction, overwriting, or erasure of such media, including the disposal of any electronic data storage devices or media that has failed or had to be replaced for other reasons.

**EXHIBIT C**

HERBSMAN HAPER WEBER & FRISCH, LLP

**EXHIBIT C**

Stephanie Yu, Esq.
Robert J. Finan, Esq. Ms.
Christina Suarez Mr.
Rodney Oliver
Freebandz Entertainment
May 7, 2024
P a g e I $

     Relevant information contained on any fixed hard drives of stand-alone PCs and network workstations must not be altered or erased. Procedures such as data compression, disk defragmentation, or optimization routines must not be performed without first creating and preserving true and correct copies of active files. Also, true and correct copies of completely restored versions of deleted electronic files and file fragments, as well as directory and subdirectory lists, including hidden files, must be created and retained.

     Copies of all applications and utilities that process pertinent information must be preserved and retained.

     Passwords, decryption procedures, including accompanying software, network access codes, ID names, manuals, tutorials, written instructions, and decompression or reconstruction software must be preserved.

     Any modifications made by employees or third parties to any electronic data-processing systems that may affect the system's capacity to process data relevant to the instant litigation should be logged and made available.

     All relevant hardware must be preserved and not disposed of unless a true and correct copy of all files (a mirror image) is first created and preserved.

     With regard to any electronic data created after receipt of this letter that might be relevant to this litigation, proper steps must be taken to avoid destroying or altering such potentially relevant evidence, including following the above procedures. Please be further advised that this relates to all potential discovery materials, whether electronically stored or not. It applies to all social media posts of any kind or nature, including but not limited to Facebook, LinkedIn, Tik Tok and Instagram. It applies to any business or personal email accounts and other records of any nature or kind by you in connection with all claims, dealings with the Copyrighted Work or any other party or potential witness involved in the Claim.

     Nothing herein shall be deemed a waiver of any of our client's rights or admission of any liability, and all rights, remedies and claims are hereby reserved.

**EXHIBIT C**

I-IERBSMAN I-fAPeR WEBzR a *rniscFJ*, uLP

**EXHIBIT C**

Stephanie Yu, Esq.
Robert J. Finan, Esq. Ms.
Christina Suarez Mr.
Rodney Oliver
Freebandz Entertainment
May 7, 2024
P a g e | 6

This letter is Sent in the course of enforcement of our clients' rights. As such, this letter is a demand for potential settlement communication; it should not be published, copied or distributed for any purpose other than litigation purposes.

We ask that you respond by no later than close of business on May 13'ᵗʰ, 2024.

Very truly yours,

HERBSMAN HAFER WEBER
& FRISCH, LLP

Dorothy M. Weber ,
Esq.

**EXHIBIT C**

# EXHIBIT D

## DARRYL WHITE VS GLODEAN WHITE ET AL

 

On May 23, 2017 a contractual fraud (general jurisdiction) case was filed by fsribcril e zo vie •'v) reprr (Sui›cribe to view} against fSr‹bsc rime to vie 'v) represented by (Sui›scribe zo views in the jurisdiction ‹ Angeles County. judge Rupert A. Byrdsong presiding.

Case Details

| CASE NUM BER | | CAS E DURATION |
|---|---|---|
| (Sui›scribe zo Vie 'v) | JUDGE | 2 years, 11 mantl s an› |
| | | Hon. Rupert A. Byrdsong |
| FILIN G DATE May 23, 2017 LAST REFRESHED | | |
| October 07, 2023 | | |
| FILING LOCATIO N | | G |
| Los Angeles County, CA | | e |
| | | t |
| FILING CO URT | | j |
| Los Angeles County | | u |
| | | d |
| FILIN G CO URT H OU SE | | g |
| Stanley Mosk Courthouse | | e |
| | | A |
| OTHER JUDGES ON THI S CASE | | n |
| Samantha jessner; Randolph Hen n ock | | a |
| | | l |
| | | y |
| | | t |
| | | i |
| | | c |
| | | s |
| | | R |
| | | e |
| | | p |

o
r
t

CATEG 0 RY
Contractual
Fraud (General
jurisdiction)

PRACTICE AREA
Commercial

MATTER TYPE
Contractual Fraud

CASE 0 UTCOM E TYPE

Unknown disposition

STATU S

Voluntary Dismissal

# EXHIBIT D

# EXHIBIT E

Outlook

---

RE: URGENT: Written Explanation Needed – How Current Strategy Zealously Protects Rodney's Rights

---

From Matson, Timothy C. <tmatson@foxrothschild.com>
Date Tue 2/25/2025 7:39 AM
To      Necole Key <necole@ladykeymanagement.com>; Rodney <rodneyocali@yahoo.com>

▉ 1 attachment (285 KB)
Letter to Tim Matson 2.24.2025-C.pdf;

Hi Rodney and Necole,

Here are my responses to Necole's questions:

1. Barry White Trust's Ownership Claim: I agree that Plaintiff must show proof that copyright in the Barry White composition was properly transferred to the Trust in order to have standing to bring the lawsuit. Under 17 USC 204, this transfer must be in writing. However, for purpose of an initial Rule 12 motion to dismiss to dismiss, the allegations of the complaint are taken as true. Here, Plaintiff alleges it is the successor-in-interest to all rights of the late Barry White. (*See* Amended Complaint,    2.) If, during litigation, Plaintiff is unable to show proper transfer and chain-of-title, we will move for summary judgment.

2. Proof of Ownership: We will demand proof of transfer of ownership and chain-of-title in discovery. Again, if Plaintiff cannot establish, this issue will be the subject of a motion for summary judgment.

3. Epic: I have not been engaged to sue Epic, and you have expressly demanded that I not contact Epic. However, I do not believe a claim against Epic at this juncture makes sense. Rodney signed a document purporting to grant Epic a non-exclusive license to sample his work. That document contains an indemnification from Rodney to Epic relating to claims of infringement such as the one made by the Barry White Trust here. That said, I am open to discussing this issue and, in particular, your assertion that improperly withheld information when the non-exclusive license was extended.

With respect to your other email, attached is a letter I received late yesterday from Dorothy Weber regarding communications with Epic. Let's discuss this issue in our call.

I look forward to speaking with you at 2:00 pm PT.

Best,

Tim

# EXHIBIT E



**Timothy C Matson**
Counsel
City Center
33 S. Sixth Street, Suite 3600
Minneapolis, MN 55402
📞 (612) 607-7064
📱 (612) 229-4109
🖨 (612) 607-7100
✉ tmatson@foxrothschild.com

**Learn about our new brand.**

---

**From:** Necole Key <necole@ladykeymanagement.com>
**Sent:** Monday, February 24, 2025 2:01 AM
**To:** Matson, Timothy C. <tmatson@foxrothschild.com>; Rodney <rodneyocali@yahoo.com>
**Subject:** [EXT] URGENT: Written Explanation Needed – How Current Strategy Zealously Protects Rodney's Rights

Hi Tim

I hope you are well. I am reaching out in the best interest of Rodney to request that you please provide a written response explaining how your current legal strategy aligns with the law and zealously protects Rodney's rights. Specifically, I need to understand why certain legal actions have not been taken, despite clear statutory grounds to challenge the claims against him and hold Epic accountable.

 Key Legal Issues & Questions:

1.      Barry White Trust's Ownership Claim – How does allowing this claim to proceed without challenging their standing under 17 U.S.C. § 204(a)-(b) serve Rodney's best interest?
  - The Trust is **not listed** on the copyright registration and has provided **no proof of a valid written transfer**.
  - Under 17 U.S.C. § 204(b), a valid certificate of acknowledgment is needed for prima facie evidence, yet we haven't forced them to provide one.
  - Why has there been no motion to compel proof of ownership or dismiss for lack of standing?


Dorothy Weber knowingly pursued litigation without sufficient proof of ownership, causing financial strain on Rodney.
The **failure to provide** chain-of-title evidence prolongs litigation, imposing unnecessary legal costs on Rodney.
Courts have recognized abuse of process when a party files claims without a good faith basis (Eden Toys, Inc. v. Florelee Undergarment Co.).

2.      How does waiting for discovery to force the Trust to prove ownership zealously protect Rodney, when it only extends litigation and financially drains him?
  - Why haven't we called out Dorothy Weber's abuse of process?

3.      Epic Records' Clear Violations – What is the reason for not taking legal action against Epic, given that:
   - Epic **admitted** they withheld the full song before approval, violating Rodney's right to approve a derivative work.
   - Epic willfully **withheld the full list of rights holders**, directly impacting Rodney's ability to negotiate a fair license fee.
   - Epic has **ignored** Rodney's rescission and continues to profit—why has this been unchallenged?

Request for Written Explanation
I am requesting a written response by outlining:

- ♦

- ♦    How your current approach aligns with the law and zealously protects Rodney's interests.
- ♦
- ♦
- ♦    Why key motions (challenging ownership, abuse of process, and Epic's violations) have not been filed.
- ♦
- ♦

- ♦    How allowing prolonged litigation benefits Rodney rather than harming him.
- ♦

I appreciate you taking the time to provide the clarity we need by providing a written explanation on how this strategy actively defends Rodney and limits unnecessary legal costs, given all the evidence and applicable laws that support an aggressive defense.

Please confirm receipt and provide your response ASAP.

Please see attached document and forwarded email that provided additional information ( I have provided all the correspondence once again)

Best,


Necole Key
Rights Manager
www.ladykeymanagement.com
626-598-6647

# EXHIBIT F

---

**From:** Necole Key <necole@ladykeymanagement.com>
**Sent:** Saturday, October 12, 2024 9:50:36 AM
**To:** FinanR@gtlaw.com <FinanR@gtlaw.com>
**Subject:** Formal Notice and Request for Immediate Resolution

Hello Rob,

I hope you are well. My last correspondence stated I would trust that you would follow through on all you said and provide me the long form to finalized our agreement. I am writing on behalf of my client, Rodney Oliver (p/k/a Rodney O), in my capacity as his rights manager with the duty to protect his rights. This letter serves as formal notification that Epic Records has breached its agreement with my client concerning the use of "Everlasting Bass" in the musical composition and master recording "Like That," performed by Future.

During the initial negotiations, it was represented to us that only Future and Epic/Sony were involved in this agreement. However, we have since discovered the involvement of additional entities that were not disclosed during the negotiation process. This lack of transparency has unfortunately caused delays in finalizing the agreement and obtaining finalized splits, which has impacted my client's ability to secure a $2.2 million publishing deal.

Despite our repeated requests for the long-form agreement and finalization of terms, Epic has not yet delivered. The absence of a specific withholding clause for infringement claims has also left my client in a difficult financial position and unaware of his full rights and obligations under the agreement. I find it absurd that you expect Rodney to be able to take on the burden of a meritless claim at the same time protect all parties involved. We could have rescinded the agreement and joined Barry White Trust and pursued infringement for failure to secure license despite other things. However, by doing so that would be admitting Rodney infringed on Barry White song and that is not the case.

Rodney has acted in good faith throughout this process, including upholding his indemnity obligations, which have protected Epic and contributing artists from being implicated in the infringement claim brought by the Barry White Estate. However, should the Barry White Estate inquire about the validity of this agreement, my client will have no choice but to confirm that no valid agreement exists due to Epic's unresolved obligations. This could expose Epic to potential liability for any resulting claims defeating our efforts to protect you.

That said, our goal is to resolve this situation in a manner that benefits all parties involved. We are confident that with cooperation and good faith, we can reach a swift resolution that provides peace of mind and allows us to focus on defending the ongoing claim from the Barry White Estate.

To achieve this, Rodney is willing to renegotiate the terms of the agreement under protest, reserving all rights and remedies, with the following requests:

1. **Renegotiation and finalization of the long form agreement**, with full disclosure of all parties and clarity on my client's rights, obligations, and protections, including clauses that address withholding in the event of future claims, and terms that properly reflect my client's contributions.
2. **Expanded indemnification for Rodney**, to ensure that he is fully protected from any future claims related to the delays and undisclosed entities.

We hope to avoid taking further action and would prefer to work toward a mutually beneficial outcome. However, if these matters are not addressed within ten (10) business days, Rodney will be forced to take the following steps:

- **Rescind the agreement under protest** and cease all licensing activities.
- **Pursue a breach of contract claim** for the financial damages caused by delays and failure to

finalize the long form.

- **File claims for business interference,** due to the delays' impact on Rodney's ability to fully benefit from his work.
- **Confirm to the Barry White Estate** that no valid agreement exists, exposing Epic to potential liability.

Rodney remains committed to resolving this matter amicably and in good faith. We believe that with cooperation, we can bring this issue to a close in a way that satisfies all parties. However, if Epic fails to act promptly, we will have no choice but to proceed in a manner that protects Rodney's music and best interests.

We look forward to your immediate response and are eager to reach a resolution that alleviates the financial strain caused by these delays. I have full confidence in the stance in the ongoing litigation with Barry White and see a favorable outcome. I hope you can act in good faith and resolve our concerns, so we may celebrate together when all is said and done with the Barry White Trust.

Sincerely,
Necole Key
Rights Manager for Rodney

Oliver 626-598-6647

www.ladykeymanagement.com

This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please
immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.

**EXHIBIT F**

# EXHIBIT G

Certificate of Registration

This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director

Registration Number

**SR 987-835**

Effective Date of Registration:
January 18, 2024
Registration Decision Date:
February 02, 2024

## Copyright Registration for a Group of Works Published on the Same Album
Registration issued pursuant to 37 C.F.R. § 202.4(k)

### Titles

| | |
|---|---|
| Group Title: | Works published on the album Me and Joe |
| Album Title: | Me and Joe |
| Album Label: | Yeah Boy Entertainment |
| • Title of Work: | We've Arrived (Oh! But Yes), Album Track Number 1 |
| • Title of Work: | This Is for the Homies, Album Track Number 2 |
| • Title of Work: | Me and Joe, Album Track Number 3 |
| • Title of Work: | Let's Have Some Fun, Album Track Number 4 |
| • Title of Work: | Supercuts (Yeah Boy), Album Track Number 5 |
| • Title of Work: | Give Me the Mic, Album Track Number 6 |
| • Title of Work: | It's My Rope, Album Track Number 7 |
| • Title of Work: | Cooley High, Album Track Number 8 |
| • Title of Work: | Nobody Disses Me, Album Track Number 9 |
| • Title of Work: | Everlasting Bass, Album Track Number 10 |

### Completion/Publication

| | |
|---|---|
| Year of Completion for the Works Published on the Album: | 1989 |
| Date of First Publication for the Album: | March 10, 1989 |
| Nation of First Publication: | United States |
| Works released on a digital album: | No |
| Works released on a physical product: | Yes |

### Author

| | |
|---|---|
| • Author: | Rodney Oliver |
| Pseudonym: | Rodney O |

Page 1 of 2

Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code,* attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director



**Registration Number**

## SR 987-835

**Effective Date of Registration:**
January 18, 2024
**Registration Decision Date:**
February 02, 2024

---

## Copyright Registration for a Group of Works Published on the Same Album
Registration issued pursuant to 37 C.F.R. § 202.4(k)

### Titles
_____

| | |
|---:|:---|
| **Group Title:** | Works published on the album Me and Joe |
| **Album Title:** | Me and Joe |
| **Album Label:** | Yeah Boy Entertainment |
| • **Title of Work:** | We've Arrived (Oh! But Yes), Album Track Number 1 |
| • **Title of Work:** | This Is for the Homies, Album Track Number 2 |
| • **Title of Work:** | Me and Joe, Album Track Number 3 |
| • **Title of Work:** | Let's Have Some Fun, Album Track Number 4 |
| • **Title of Work:** | Supercuts (Yeah Boy), Album Track Number 5 |
| • **Title of Work:** | Give Me the Mic, Album Track Number 6 |
| • **Title of Work:** | It's My Rope, Album Track Number 7 |
| • **Title of Work:** | Cooley High, Album Track Number 8 |
| • **Title of Work:** | Nobody Disses Me, Album Track Number 9 |
| • **Title of Work:** | Everlasting Bass, Album Track Number 10 |

### Completion/Publication
_____

| | |
|---:|:---|
| **Year of Completion for the Works Published on the Album:** | 1989 |
| **Date of First Publication for the Album:** | March 10, 1989 |
| **Nation of First Publication:** | United States |
| **Works released on a digital album:** | No |
| **Works released on a physical product:** | Yes |

### Author
_____

| | |
|---:|:---|
| • **Author:** | Rodney Oliver |
| **Pseudonym:** | Rodney O |

Page 1 of 2

Everlasting bass.

| | |
|---|---|
| Registration Number / Date | PAU001347711 / 1990-03-27 |
| Type of Work Title | Music Everlasting bass. Mean r |
| Appears In | |
| Date of Creation **Copyright** | |
| **Claimant Authorship on Application** | |
| Performer | |
| Names | |

Hot Interesterl P ibli hing

l

J

o

e

1

9

8

9

Hot Interested Publishing

words & music: Rodney Oliver,

Joe Cooley, Jeff Page. Performed

by Rodney O, Joe Cooley.

Oli

ver

,

Ro

dn

ev

1!g

67-

Pa

y,

Jef

f

19

65-

Co

ole

y,

Joe

19

65-

To Whom It May Concern

I, **Joe Cooley**, am writing this letter to formally and legally assert that I had no involvement in the creation, composition, or authorship of the lyrics or instrumental for the track titled *Everlasting Bass*. My sole and exclusive contribution to this work was as a performer, specifically contributing scratching elements during the recording process.

I therefore affirm and declare the following:

1. **No Songwriting or Production Involvement**: I was not involved in the writing of the lyrics, composition, or instrumental production of *Everlasting Bass*. My involvement was strictly limited to performance as a scratch artist.
2. **No Ownership or Claims**: I make no claims to any ownership, rights, or interests in the songwriting, composition, or underlying works of *Everlasting Bass*.
3. **Request for Removal from Legal Proceedings**: As a result of my limited role as a performer, I hereby request that I be removed from any and all legal proceedings, lawsuits, claims, or disputes regarding *Everlasting Bass*, including any matters concerning its creation, authorship, ownership, or any related intellectual property claims.
4. **Legal Binding Nature of This Letter**: This letter serves as a legally binding statement, and by signing below, I hereby release myself from any liability, disputes, or claims connected to the ownership, authorship, or creation of *Everlasting Bass*, as my role was purely as a performer and not a creator of the track. This letter may be presented as a formal legal document in any ongoing or future disputes or claims to support my exclusion from any such matters.

Please confirm the receipt of this letter and the removal of my name from any and all legal disputes, claims, or lawsuits related to *Everlasting Bass*.
Thank you for your prompt attention to this matter.

Sincerely,

*JOE ANTHONY COOLEY*

**Joe Cooley**
Date: [Insert Date]

**EXHIBIT G**



# Audit Trail

DigiSigner Document ID:
47973476-5811-4aa2-87d6-2428e2219777

## Signer

IP Address: 2600:1700:fe70:4570:1707:1f:3410:f565

## Signature

*JOE ANTHONY COOLEY*

| Event | User | Time |
|---|---|---|
| Upload document | necolekey@gmail.com | 10/11/24 6:14:46 PM EDT |
| Open document | necolekey@gmail.com | 10/11/24 6:14:58 PM EDT |
| Close document | necolekey@gmail.com | 10/11/24 6:15:14 PM EDT |
| Send for signing | necolekey@gmail.com | 10/11/24 6:15:47 PM EDT |
| Remove signer | necolekey@gmail.com | 10/11/24 6:16:56 PM EDT |
| Send for signing | necolekey@gmail.com | 10/11/24 6:18:33 PM EDT |
| Open document | unknown | 10/11/24 6:20:24 PM EDT |
| Open document | unknown | 10/11/24 6:20:38 PM EDT |
| Open document | unknown | 10/11/24 6:21:27 PM EDT |
| Open document | unknown | 10/11/24 6:22:15 PM EDT |
| Sign document | unknown 10/11/24 6:23:25 PM EDT | |
| Close document | unknown 10/11/24 6:23:25 PM EDT | |

**EXHIBIT G**

**EXHIBIT G**

**IP Address**

2603:8000:1002:e6bf:ee8c:ec                                    68:5a44:cad0

2603:8000:1002:e6bf:ee8c:ec                                    68:5a44:cad0

2603:8000:1002:e6bf:ee8c:ec                                    68:5a44:cad0

2603:8000:1002:e6bf:ee8c:ec                                    68:5a44:cad0

2603:8000:1002:e6bf:ee8c:ec                                    68:5a44:cad0

2603:8000:1002:e6bf:ee8c:ec                                    68:5a44:cad0

2600:1700:fe70:4570:1707:1f:                                   3410:f565

2600:1700:fe70:4570:1707:1f:                                   3410:f565

2600:1700:fe70:4570:1707:1f:                                   3410:f565


2600:1700:fe70:4570:1707:1f:                                   3410:f565

2600:1700:fe70:4570:1707:1f:                                   3410:f565

**EXHIBIT H**

THIS PROPOSAL SHALL, UNLESS ACCEPTED, REJECTED OR COUNTERED BY OWNER, REMAIN OPEN FOR A PERIOD OF THIRTY (30) DAYS, AND THE TERMS OF WHICH SHALL BE KEPT CONFIDENTIAL

# EXHIBIT H

April 10, 2024

<u>Subject to Signed Contract Administration Deal Proposal</u>

| | | |
|---|---|---|
| 1 | | **Parties**:- (a) Kobalt Music Services America, Inc. ("**Administrator**") |
| | | (b) Rodney Oliver, p/k/a "Rodney O", individually and on behalf of his publishing designee(s), currently [TBC] (TBC), having an address at _____("**Owner**") |
| 2 | | **Territory:-** The universe. |
| 3 | | **Term:-** Three (3) years (the "**Initial Period**") save that if the Advance remains unrecouped at the end of the Initial Period then the Term shall automatically extend to the end of the accounting period during which the statement provided to Owner in respect of the previous accounting period shows the Advance as being recouped. |
| 4 | | **Retention Period:-** Six (6) years following the Term. |
| 5 | | **Collection Period:-** Two (2) years following the Retention Period. |
| 6 | | **Rights Granted:-** Exclusive licence of copyright in all compositions owned and/or controlled by Owner at the commencement of the Term (including, without limitation, those compositions listed in the schedule that will be attached to the administration agreement between the parties (the "**Agreement**")) together with those compositions which the Owner owns and/or controls from time to time during the Term which shall be notified immediately by Owner to Administrator at such times (collectively, the "**Compositions**"). |
| 7 | **Advance:-** | One Million Five Hundred Thousand U.S. Dollars ($1,500,000) (the "**Advance**"). The Advance shall be recoupable against any and all monies accruing to the Owner's royalty account pursuant to the Agreement. |
| | | The Owner makes the following warranties in respect of the Advance: |
| | | (i) Owner shall control and deliver to Administrator, for administration under the Agreement, no less than the percentages of the compositions as set out on Schedule A attached hereto and |

**EXHIBIT H**

**EXHIBIT H**

THIS PROPOSAL SHALL, UNLESS ACCEPTED, REJECTED OR COUNTERED BY OWNER,
REMAIN OPEN FOR A PERIOD OF THIRTY (30) DAYS, AND THE TERMS OF WHICH SHALL

specifically including Owner's fifty percent (50%) authorship interest in and to the Composition titled "Like That" featuring Metro Boomin, Future & Kendrick Lamar (hereinafter collectively referred to as the "**Subject Compositions**");

**EXHIBIT H**

**EXHIBIT H**

THIS PROPOSAL SHALL, UNLESS ACCEPTED, REJECTED OR COUNTERED BY OWNER, REMAIN OPEN FOR A PERIOD OF THIRTY (30) DAYS, AND THE TERMS OF WHICH SHALL BE KEPT CONFIDENTIAL

(ii)   Administrator shall be able to collect, from inception, all royalties, fees and other monies (excluding only the so-called "writer's share" of public performance income) arising in the Territory in connection with Owner's share of the Compositions; and

(iii)   the gross mechanical royalty rate per unit in respect of the exploitation of the Owner's share of the Compositions in the United States of America and/or Canada shall be paid at not less than full statutory rate in each case.

The Advance shall be reduced on a pro-rata basis and/or by the amount that the Administrator does not receive to the extent that any of the warranties set out at paragraphs 7(i) – 7(iii) above are not accurate, as applicable. Owner shall indemnify Administrator against any resulting loss and Administrator shall have the right to require repayment of (and/or offset from monies otherwise payable or creditable to Owner) such amounts as may be necessary in the circumstances (and upon such demand Owner shall make such payment to Administrator within ten (10) business days).

(a)   The Advance shall be payable during the Term and within fourteen (14) days of the latest of:

(I)   full execution of the Agreement;

(II)   Administrator's receipt of written confirmation (to Administrator's reasonable satisfaction) confirming that the warranties made in paragraphs 7(i)-7(iii) above are accurate; and

(III)   Administrator's receipt of Owner's W9 form.

8   **Royalties:-**
("at source" basis)

(i)   **Pre-Recoupment of the Advance**:

**Entire Territory:-**

Mechanical & Print: 80/20+

+where Administrator carries out direct licensing of record companies and digital service providers ("**DSPs**") in the USA and provides additional royalty tracking services in connection therewith, Administrator shall be permitted to deduct an additional five percent (5%) "off-the-top" of income received from such record companies and DSPs in consideration of Administrator carrying out such services.

Performance:   60/40   (on   publisher's

share) Synchronization: 80/20

Covers/Co-Writes: (defined herein as those covers and co-writes procured by the direct efforts of Administrator): 75/25 (save that the rate in respect of performance income shall be 50/50)

**EXHIBIT H**

**EXHIBIT H**

THIS PROPOSAL SHALL, UNLESS ACCEPTED, REJECTED OR COUNTERED BY OWNER, REMAIN OPEN FOR A PERIOD OF THIRTY (30) DAYS, AND THE TERMS OF WHICH SHALL BE KEPT CONFIDENTIAL

|  |  |
|---|---|
| (ii) | **Post-recoupment of Advance:- Entire Territory:-** |
|  | Mechanical & Print: 85/15+ |
|  | Performance: 70/30 (on publisher's share) Synchronization: 80/20 |
|  | Covers/Co-Writes: 75/25 (save that the rate in respect of performance income shall be 50/50) |

| 9 | **Accounting:-** | On a quarterly basis – within sixty five (65) days making available the Administrator's unique online secure system subject to standard online terms. |
|---|---|---|
| 10 | **Prior Agreement:-** | Owner has informed Administrator that none of the Compositions are or have been the subject of a prior publishing agreement. |
| 11 | **Online Pipeline Advances:-** | Subject to recoupment of the Advance and Administrator's satisfactory verification of the existence of sufficient sales/public performance of the Compositions**,** Administrator shall make pipeline advances available to the Owner via its secure online portal. |
| 12 | **Society Membership:-** | Owner confirms that Owner is and will remain a member of [TBC], subject to the terms and conditions of the Agreement. Owner confirms that Owner has not taken any advances against Owner's performance income from [TBC]. |
| 13 | **Due Diligence Approvals:-** | The transaction outlined above is contingent upon (i) the satisfactory completion by Administrator of due diligence, and (ii) Administrator securing all necessary internal corporate and board approvals. |

**EXHIBIT H**

**EXHIBIT H**

THIS PROPOSAL SHALL, UNLESS ACCEPTED, REJECTED OR COUNTERED BY OWNER, REMAIN OPEN FOR A PERIOD OF THIRTY (30) DAYS, AND THE TERMS OF WHICH SHALL BE KEPT CONFIDENTIAL

**Schedule A**

**Subject Compositions [forthcoming but to include not less than the following]**

| # | Song Title | Artist | Percent Control |
|---|---|---|---|
| 1. | "Like That" | Metro Boomin, Future & Kenrick Lamar | 50% |
| 2. | | | |
| 3. | | | |

**EXHIBIT H**

**EXHIBIT I**

**Subject: Urgent Call to Action – Songwriters & Artists Affected by Licensing Violations on "Like That"**

**Dear Artists, and Industry Professionals,**

I am reaching out as the rights manager for Rodney Oliver (Rodney O) to inform all songwriters, artists, and their teams of **serious licensing violations, undisclosed rights holders, and financial misconduct** by Epic Records and Wilburn Holding Co. concerning "Like That" by Future. This is not just Rodney's fight—**this affects everyone involved in this record.**

Epic Records has willfully disregarded **songwriter rights, transparency, and fair compensation**, leading to lost earnings, delayed publishing splits, and legal risks that impact multiple contributors.

 **If you were not fully informed about the licensing process, now is the time to act.**

## Fraudulent Non-Disclosure of Rights Holders

Epic Records failed to disclose key contributors—including Kendrick Lamar and songwriter Kobe—misleading Rodney and others about ownership splits. When Rodney's team requested a full list of publishers on March 19, 2024, Epic ignored the request, causing financial loss and obstructing fair payment

**EXHIBIT I**.

I trust this message finds you well. We are delighted to learn that Future has chosen to sample Rodney O's tfack "Everlasting Bass," marking a momentous collaboration. I would like to extend our sincere gratitude for your efforts in securing permission for the use of Rodney O's Master Sound Recording and MuSiC Composition

To expedite the process, please feel free to send us an offer. A favorable offer will certainly streamline the proceedings. To provide clarity on our approach to licensing fees, I consider various factors:

The commercial success of the originai song,

• The not0riety of the original and sampling artiste,

• The length and extent of the sample,

Distribution channels (downloads, streaming, etc.),

• The purpose of the sample in the new recording.

• Exclusive rights

requested, Attribution to

Rodney-O.

Could you please provide information on the Current rights holden for the new master and composition?

Additionally, considering Future's stature, would it be accurate to assume interest in performing the track at the upcoming Rolling Loud festival?

Regarding your request for master sample license, the mention of utilizing the Original Master in various contexts raises same questions. Could you elaborate on whether this penains to both the original and new masters? Clarification on how these rights will be exercised, especially concerning Rodney O's original creation, woLlld greatly assist in formulating an appropriate quote.

I am enthusiastiC about finalizing this deal promptly and appreciate your cooperation. Once again, thank you for Future's sampling of "Everlasting Bass." I eagerly await your response.

Best regards,

Necole Key
Rights Manager
www ladvkevmanaaement
com 626-598-6647

**EXHIBIT I**.

**EXHIBIT I.**

(212) 707-8804 (ph)

From: Necole Key c<u>necole@ladvl‹evmanaeement com</u>›
Sent: Friday March 8, 2024 3:57 PM
To: Eric Weissman <<u>er irkedirwmu«ie com></u>
Ec: Adam Benjamin c<u>ad am@erJc w mudir com</u> ›
Subject: Re: Use of "Everlasting Bass" (Rodney O & Joe Cooley) on the master recording entitled "Like That" performed by Future

Hello Eric
Appreciate you providing us your clients offer.

However my questions were not answered:

Who are the other rights holders? Enic Records o vns tfi•e .master and I can keep you pcs•e on th=. new x'riters

Does Future plan to perform the track at the Rolling Loud Festivals to the best of our knowledge it '.•.'i II nat 'we per*ormeñ.
How are they crediting Rodney* Someth' np alas p the hi es of {and I'll neeu soive- add'l infc- major. ion. '/ou]:
E oil'airs a sarr p Ie of "Everlastlr' Bass" \\ r.rte uy Joe Cooley, R*dnev OlivEr and Jeffrey Pape and performed hy Rodney 0 & Joe Cooley, used co'ur•esV of                    and p'ublishe by
Also, does the label have the authority to negotiate the publishing 7 I'm in rontack v'zith tile w«per paroles ir. :er 1s of ne¿o a ng iL-e publishinf side

With all this for me to assume I will need to reject their offer. I will submit a counter offer shortly.

Appreciate you.


Necole Key
Rights
Manager
<u>www ladvkovmanaaemeLt CDFFI</u>
626-598-6647

**EXHIBIT I.**

Outlook

**Re: Use of "Everlasting Bass" (Rodney O & Joe Cooley) on the master recording entitled "Like That" performed by Future**

**From** Necole Key <necole@ladykeymanagement.com>
**Date** Tue 3/19/2024 4:42 PM
**To** Eric Weissman <eric@ericwmusic.com>
**Cc** Adam Benjamin <adam@ericwmusic.com>

Hi Eric

I reached out to you yesterday and Rodney O and I left you a voice mail today.   He called you to discuss.  You probably could have gotten the deal closer to what it was last week if we had spoken to you. We didn't even receive a confirmation email to let us know you received my last email.

I know I was told the label was in contact with the publishers but not told they had the authority to negotiate on their behalf. May you put me in contact with the publishers or should I reach out to them myself? I would like them to be aware of the current situation and have the chance to advocate for themselves.
Thank you

ALL RIGHTS RESERVED


Necole Key
Rights Manager
www.ladykeymanagement.com
626-598-6647

---

From: Necole Key <necole@ladykeymanagement.com>

---

## Unauthorized Modification of the Licensed Work

The non exclusive license granted to Epic Records the non-exclusive and perpetual right to exploit the original master as embodied in the Future Master **SINGULAR NOT PLURAL (S)**

**The non-exclusive license was for a specific master of "Like That"—which did not include Kendrick Lamar.**

Epic **altered the song without permission**, releasing an unauthorized derivative work on March 22, 2024, and concealing this from Rodney

**EXHIBIT I**.

U.S. Copyright Law (17 U.S.C. § 106) grants the copyright holder the exclusive right to create derivative works.

Hi Necole,

Thank you for your prompt response.

Metro Boomin did contact Rodney O directly about the use of "Everlasting Bass" in "Like That" and Rodney approved:

https://www.complex.com/music/a/markelibert/rodney-o-metro-boomin-cleared-sample-like-that

Please note: prior to the release of the album, no one was privy to hearing full tracks - no one other than Future and Metro's inner circle.

According to the multiple correspondences between you and Eric Weismann, the material terms remained unchanged since prior to the record release and it seems as if the holdup has been minor details such as credit and the award of gold and platinum plaques. We don't believe its correct to consider that this sample us remains incomplete. We're just waiting to have Rodney paid.

Again, the only reason Rodney has not yet been paid is that we were missing the ACH form and once sent, it was unsigned.  Since this matter began prior to the release, we consider it to still be within your responsibilities to close. Please send us the signed ACH form and we can have Rodney paid and we can all move forward.

Thank you again and

Best wishes,

**Bob Currie**
Senior Contract Administrator

All contributors must **demand the following within five (3) business days:**

 **A full licensing review** and correction to ensure all songwriters receive their proper share.

**Immediate disclosure of all rights holders** (including those Epic failed to disclose).

**Secure Retroactive non exclusive licenses for the master featuring Kendrick Lamar directly with Rodney Oliver.**

**EXHIBIT I.**

# Failure to take action now will be considered an endorsement of Epic and Wilbum Holdings Co. mishandling of this deal.

Failure to address these violations, I will advise **Rodney's legal team to proceed with legal action**, including:

A breach of contract, fraudulent misrepresentation, copyright infringement, and unjust enrichment.

 **Seek damages** for lost revenue, withheld payments, and wrongful legal burdens imposed on Rodney.

 **Pursuing all legal remedies** to hold those accountable

I urge you to take this matter with deep concern. The law will override industry norms. The tactics used by record labels and legal teams to prevent artists from protecting their rights are well-documented—but they are not legally binding.

**"But the defendant's theory that "we've always done it that way!" didn't matter here, as explained by the court:**

**Nonetheless, evidence of custom and course of dealing cannot displace rights conferred by the copyright laws. See Dun & Bradstreet Software Servs., Inc, v. Grace Consulting, Inc., 307 F.3d 197, 211 (3d Cir. 2002) ("A defense of industry custom and practice in the face of the protective provisions of the Copyright Act could undermine the purposes and objectives of the statute and reduce it to rubble.");Weinstein Co. v. Smokewood Entm't Grp., LLC, 664 F. Supp. 2d 332, 348 (S.D.N.Y. 2009) ("[N]otwithstanding plaintiff's claims about 'custom and practice' in the entertainment industry, federal copyright law dictates the terms by which an exclusive license can be granted.").**

I will not allow Rodney Oliver to fall victim to a system designed by industry executives and attorneys that disregards copyright law and contractual law.

I have a proven history of setting case law to defend the rights of creators, and I am fully prepared to take the necessary legal steps to ensure every songwriter and artist affected by this injustice is protected and compensated.

This is a critical moment for everyone involved in "Like That."

**EXHIBIT I.**

Epic Records and Wilbum Holdings Co has shown blatant disregard for your work, your compensation, and your rights.

Leaving this in the hands of Epic and Future's team is a major risk—I am available to speak directly with any affected parties.

The details of this case and our discussion should remain strictly confidential, shared only among the relevant contributors and their teams

Sincerely,
 Necole Key
 Rights Manager | Rodney O

**EXHIBIT I**

**EXHIBIT I**

**Subject: Urgent Call to Action – Songwriters & Artists Affected by Licensing Violations on "Like That"**

**Dear Artists, and Industry Professionals,**

I am reaching out as the rights manager for Rodney Oliver (Rodney O) to inform all songwriters, artists, and their teams of **serious licensing violations, undisclosed rights holders, and financial misconduct** by Epic Records and Wilburn Holding Co. concerning "Like That" by Future. This is not just Rodney's fight—**this affects everyone involved in this record.**

Epic Records has willfully disregarded **songwriter rights, transparency, and fair compensation**, leading to lost earnings, delayed publishing splits, and legal risks that impact multiple contributors.

 **If you were not fully informed about the licensing process, now is the time to act.**

## Fraudulent Non-Disclosure of Rights Holders

Epic Records failed to disclose key contributors—including Kendrick Lamar and songwriter Kobe—misleading Rodney and others about ownership splits. When Rodney's team requested a full list of publishers on March 19, 2024, Epic ignored the request, causing financial loss and obstructing fair payment.

**EXHIBIT I**.

I trust this message finds you well. We are delighted to learn that Future has chosen to sample Rodney O's tfack "Everlasting Bass," marking a momentous collaboration. I would like to extend our sincere gratitude for your efforts in securing permission for the use of Rodney O's Master Sound Recording and MuSiC Composition

To expedite the process, please feel free to send us an offer. A favorable offer will certainly streamline the proceedings. To provide clarity on our approach to licensing fees, I consider various factors:

The commercial success of the originai song,

• The not0riety of the original and sampling artiste,

• The length and extent of the sample,

Distribution channels (downloads, streaming, etc.),

• The purpose of the sample in the new recording.

• Exclusive rights

requested, Attribution to

Rodney-O.

Could you please provide information on the Current rights holden for the new master and composition?

Additionally, considering Future's stature, would it be accurate to assume interest in performing the track at the upcoming Rolling Loud festival?

Regarding your request for master sample license, the mention of utilizing the Original Master in various contexts raises same questions. Could you elaborate on whether this penains to both the original and new masters? Clarification on how these rights will be exercised, especially concerning Rodney O's original creation, woLlld greatly assist in formulating an appropriate quote.

I am enthusiastiC about finalizing this deal promptly and appreciate your cooperation. Once again, thank you for Future's sampling of "Everlasting Bass." I eagerly await your response.

Best regards,

Necole Key
Rights Manager
www ladvkevmanaaement
com 626-598-6647

**EXHIBIT I**.

(212) 707-8804 (ph)

From: Necole Key <necole@ladvl‹evmanaeement com›
Sent: Friday March 8, 2024 3:57 PM
To: Eric Weissman <er irkedirwmu«ie com>
Ec: Adam Benjamin <ad am@erJc w mudir com ›
Subject: Re: Use of "Everlasting Bass" (Rodney O & Joe Cooley) on the master recording entitled "Like That"
performed by Future

Hello Eric
Appreciate you providing us your clients offer.

However my questions were not answered:

Who are the other rights holders? Enic Records o vns tfi•e .master and I can keep you pcs•e on th=. new x'riters

Does Future plan to perform the track at the Rolling Loud Festivals to the best of our knowledge it '.•.'i II nat 'we per*ormeñ.
How are they crediting Rodney* Someth' np alas p the hi es of {and I'll neeu soive- add'I infc- major. ion. '/ou]:
E oil'airs a sarr p Ie of "Everlastlr' Bass" \\ r.rte uy Joe Cooley, R*dnev OlivEr and Jeffrey Pape and performed hy Rodney
0 & Joe Cooley, used co'ur•esV of                          and p'ublishe by
Also, does the label have the authority to negotiate the publishing 7 I'm in rontack v'zith tile w«per paroles ir. :er 1s
of ne¿o a ng iL-e publishinf side

With all this for me to assume I will need to reject their offer. I will submit a counter offer shortly.

Appreciate you.


Necole Key
Rights
Manager
www ladvkovmanaaemeLt CDFFI
626-598-6647

**EXHIBIT I.**

 Outlook

**Re: Use of "Everlasting Bass" (Rodney O & Joe Cooley) on the master recording entitled "Like That" performed by Future**

**From** Necole Key <necole@ladykeymanagement.com>
**Date** Tue 3/19/2024 4:42 PM
**To**    Eric Weissman <eric@ericwmusic.com>
**Cc**    Adam Benjamin <adam@ericwmusic.com>

Hi Eric

I reached out to you yesterday and Rodney O and I left you a voice mail today.   He called you to discuss.  You probably could have gotten the deal closer to what it was last week if we had spoken to you. We didn't even receive a confirmation email to let us know you received my last email.

I know I was told the label was in contact with the publishers but not told they had the authority to negotiate on their behalf. May you put me in contact with the publishers or should I reach out to them myself? I would like them to be aware of the current situation and have the chance to advocate for themselves.
Thank you

ALL RIGHTS RESERVED

Necole Key
Rights Manager
www.ladykeymanagement.com
626-598-6647

From: Necole Key <necole@ladykeymanagement.com>

---

## Unauthorized Modification of the Licensed Work

The non exclusive license granted to Epic Records the non-exclusive and perpetual right to exploit the original master as embodied in the Future Master **SINGULAR NOT PLURAL (S)**

**The non-exclusive license was for a specific master of "Like That"—which did not include Kendrick Lamar.**

Epic **altered the song without permission**, releasing an unauthorized derivative work on March 22, 2024, and concealing this from Rodney.

**EXHIBIT I.**

U.S. Copyright Law (17 U.S.C. § 106) grants the copyright holder the exclusive right to create derivative works.

Hi Necole,

Thank you for your prompt response.

Metro Boomin did contact Rodney O directly about the use of "Everlasting Bass" in "Like That" and Rodney approved:

https://www.complex.com/music/a/markelibert/rodney-o-metro-boomin-cleared-sample-like-that

Please note: prior to the release of the album, no one was privy to hearing full tracks - no one other than Future and Metro's inner circle.

According to the multiple correspondences between you and Eric Weismann, the material terms remained unchanged since prior to the record release and it seems as if the holdup has been minor details such as credit and the award of gold and platinum plaques. We don't believe its correct to consider that this sample us remains incomplete. We're just waiting to have Rodney paid.

Again, the only reason Rodney has not yet been paid is that we were missing the ACH form and once sent, it was unsigned.  Since this matter began prior to the release, we consider it to still be within your responsibilities to close. Please send us the signed ACH form and we can have Rodney paid and we can all move forward.

Thank you again and

Best wishes,

**Bob Currie**
Senior Contract Administrator

All contributors must **demand the following within five (3) business days:**

 **A full licensing review** and correction to ensure all songwriters receive their proper share.

**Immediate disclosure of all rights holders** (including those Epic failed to disclose).

**Secure Retroactive non exclusive licenses for the master featuring Kendrick Lamar directly with Rodney Oliver.**

**EXHIBIT I.**

## Failure to take action now will be considered an endorsement of Epic and Wilbum Holdings Co. mishandling of this deal.

Failure to address these violations, I will advise **Rodney's legal team to proceed with legal action**, including:

A breach of contract, fraudulent misrepresentation, copyright infringement, and unjust enrichment.

 **Seek damages** for lost revenue, withheld payments, and wrongful legal burdens imposed on Rodney.

 **Pursuing all legal remedies** to hold those accountable

I urge you to take this matter with deep concern. The law will override industry norms. The tactics used by record labels and legal teams to prevent artists from protecting their rights are well-documented—but they are not legally binding.

**"But the defendant's theory that "we've always done it that way!" didn't matter here, as explained by the court:**

**Nonetheless, evidence of custom and course of dealing cannot displace rights conferred by the copyright laws. See Dun & Bradstreet Software Servs., Inc, v. Grace Consulting, Inc., 307 F.3d 197, 211 (3d Cir. 2002) ("A defense of industry custom and practice in the face of the protective provisions of the Copyright Act could undermine the purposes and objectives of the statute and reduce it to rubble.");Weinstein Co. v. Smokewood Entm't Grp., LLC, 664 F. Supp. 2d 332, 348 (S.D.N.Y. 2009) ("[N]otwithstanding plaintiff's claims about 'custom and practice' in the entertainment industry, federal copyright law dictates the terms by which an exclusive license can be granted.").**

I will not allow Rodney Oliver to fall victim to a system designed by industry executives and attorneys that disregards copyright law and contractual law.

I have a proven history of setting case law to defend the rights of creators, and I am fully prepared to take the necessary legal steps to ensure every songwriter and artist affected by this injustice is protected and compensated.

This is a critical moment for everyone involved in "Like That."

**EXHIBIT I.**

Epic Records and Wilbum Holdings Co has shown blatant disregard for your work, your compensation, and your rights.

Leaving this in the hands of Epic and Future's team is a major risk—I am available to speak directly with any affected parties.

The details of this case and our discussion should remain strictly confidential, shared only among the relevant contributors and their teams

Sincerely,
 Necole Key
 Rights Manager | Rodney O

**EXHIBIT I**

Copyright Catalog

# EXHIBIT K

A Thought of heaven & 6023 other titles; songs. (Part 014 of 035)

Document Numbar V1972P205

Entire Copyright Document V1972 P152-291

Type of Document Recorded Document Date

of Recordation 1983-04-1d

Date of **Execution** 15Jun82

Party I    Six Continents Music Publishing, Inc.

Party 2 Unichappell Music, Inc.

Notes  Assignment of copyright.

List of Works 00001 I'd like to be a rose in your garden /By Al Kasha, Hank Hunter & Joel Hirchhorn EU891730 (1965} 00002 I'd rather cut cane for Castro /Bv James Avery & Terry Stamn EU344671 (1972) 00003 I'd rather have two girls 21 (than one gir 42} By Mark Gartman & Stanley Schwartz 00004 I'd spend mv whole life loving you /By Harve Fuqua & Susaye Green EU449494 (1973) 00005 I'tf always care for y u By Sherry N Wilson EU314564 (1972) 00006 I'll always love y    By Al Kasha, Hank Hunter & Joel Hirchhorn EU891732 (1965)

**EXHIBIT K**

# EXHIBIT K

I'm gonna love you just a little bit more, baby /By Barry
White. EU387551 (1973)

ShareR

Document Numbar V1972P205

Entire Copyright Document  V1972 P152-291

Type of

Document Recorded

Document Registration

Numbar Not Verified

EU387551 (1973)

Action

Date of Recordation 1983-04-1d

Titte I'm gonna love you just a little bit more, baby /By Barry White. EU387551 (1973) Title

Appears in Document A Thought of heaven & 6023 other titles: son          Part 014 of 035)

**EXHIBIT K**

I'm gonna love you just a little more, babe;song /By Barry White.

| | |
|---|---|
| Document Number | V1901P275 |
| Entire Copyright Document | V1901P275-280 |
| Type of Document Date of Recordation Date of Execution | R |
| Party 1 | e |
| Party 2 | o |
| Title Names | o |
| | r |
| | f |
| | l |
| | e |
| | c |
| | J |
| | D |
| | o |
| | c |
| | r |
| | i |
| | m |
| | e |
| | n |
| | t |
| | 1 |
| | 9 |
| | 8 |
| | 2 |
| | - |
| | 0 |
| | 4 |
| | - |
| | 0 |
| | 9 |

SDeo72; date of c ert.: 31Mar82

Barry White doing business under the firm name and style of Sa -√ette Music.

Broadcast Mri sic, Inc.

I'm gonna love you just a little more, babe;song 'By Barry White.

\

/
h
i
t
e
.
B
a
r
r
y
S

a
.
V
e
t
t
e
M
u
s
i
c
Broadcast Music, Inc

**EXHIBIT K**

I'm gonna love you just a little bit more, baby /By Barry White. EU3B7551 (1973)

Document Numbar  V1972P205

Entire Copyright Document V1972 P152-291

Typo of Document Recorded Document

Registration Number Not Verified EU387551 (1973)

Date of Recordation 1983-04-1d

Titte I'm gonna love you just a little bit more, baby /By Barry White. EU387551 (1973)

Title Appears in Document A Thought of heaven & 6023 other titles: ion                    Part 014 of 035)

**EXHIBIT K**

**EXHIBIT K**

I'm gonna love you just a little more, baby /(In Barry White: Just *1or* you) EP319808 (1973)

Document Number    V1669P081

Entire Copyright Document V1669 P39-90

Type of Document    Recorded

Document Registration Number Not Verified EP319808

(1973{

Data of Racordation 1978-07-17

Title  I'm gonna love you just a little more, baby /(In Barry White: Just for you) EP319808 (1973)

Title Appears in Document    Ageless woodland wonder & 1558 other titles;

**EXHIBIT K**

Ageless woodland wonder & 1558 other titfes;musical compositions. (Part 008 of 009)

Document Numbar  V1669P081

Entire Copyright Document  V1669 P39-90

Typo of Document  Recorded Document

Date of Recordation  1978-07-17

Date of Execution  12Jul7B

Party I  Interworld Music Group, Inc.

Party 2 Six Continents Music Publishing, Inc.

Notas  Assignment of copyrights.

List of Works  00001 M 1 5' ative /EU263531 (1971)

00002 Marie, take a chance /EUJ37117 (1969)

00003 Mask unon your face /EU246756 (1971)

00004 Memories of Melinda /EU180242 (1970)

00005 Mexico /EU137621 (1969)

**EXHIBIT K**

**EXHIBIT K**

 ⚙ ꜱlicrecords.copyright.gov  ⋮

4 Previous    Next y

nna love you just a little more, babe.

Registration Number / Date    RE0000841799 / 2001-01-05

Renewal Registration for    EU0000387551 / 1973-01-08

Type of Work    Music

Title    I'm gonna love you just a little more, babe.

Copyright Claimant    Barry White (A)

Notes    Words & music.

Names    White, Barry

**EXHIBIT K**