UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

THE BARRY WHITE FAMILY             Case No. 24-cv-07509 (DLC)
TRUST U/A/D: DECEMBER 19, 1980,
BY ITS DULY EMPOWERED TRUSTEES,

           Plaintiffs,

      -against-

JOE COOLEY,
RODNER DAVID OLIVER P/K/A
RODNEY-O, d/b/a NOT INTRESTED
PUBLISHING,

          Defendants.
-----------------------------------------------------------------x

## PLAINTIFFS' MEMORANDUM OF LAW IN PARTIAL SUPPORT OF NECOLE KEY'S MOTION TO INTERVENE PRO SE AND IN OPPOSITION TO THE MOTION TO DISMISS AND OTHER RELIEF

**HERBSMAN HAFER WEBER & FRISCH, LLP**
Dorothy M. Weber (DMW-4734)
494 Eighth Avenue, Suite 600
New York, NY 10001
(212) 245-4580
dorothy@musiclaw.com

*Attorneys for Plaintiffs*

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..................................................................................................... 1

*Gust, Inc. v. AlphaCap Ventures, LLC*,
   No. 15CV6192 (DLC), 2016 WL 4098544 (S.D.N.Y. July 28, 2016) ...................................... 3

*Intimo, Inc. v. Briefly Stated, Inc.*,
   948 F. Supp. 315 (S.D.N.Y. 1996) .................................................................................. 3

*McCarthy v. Dun & Bradstreet Corp.*,
   482 F.3d 184 (2d Cir. 2007) ........................................................................................... 2

*Peterson v. City of New York*,
   No. 11 CIV. 3141 DLC, 2012 WL 75029 (S.D.N.Y. Jan. 9, 2012) .......................................... 3

*Sacerdote v. New York Univ.*,
   9 F.4th 95 (2d Cir. 2021) .............................................................................................. 1

*Singh v. Deloitte LLP*,
   123 F.4th 88 (2d Cir. 2024) ........................................................................................... 1

*Smith v. The Educ. People, Inc.*,
   No. 05-2971-CV(L), 2008 WL 749564 (2d Cir. Mar. 20, 2008) .............................................. 2

*Triestman v. Fed. Bureau of Prisons*,
   470 F.3d 471 (2d Cir. 2006) ........................................................................................... 2

## Rules

Fed. R. Civ. P. 12(b)(6) ..................................................................................................... 2

i

Plaintiffs, The Barry White Family Trust U/A/D: December 19, 1980, By its Duly Empowered Trustees (the "Barry White Trust" or "Plaintiffs"), by its attorneys, Herbsman Hafer Weber & Frisch, LLP, submit this Memorandum of Law in Partial Support of Necole Key's Motion to Intervene *Pro Se* and in Opposition to her Motion to Dismiss (Dkt. 34) (the "Application").

## MOTION TO INTERVENE

Plaintiffs agree that this action is properly before the Court. Since Necole Key (hereinafter the "Intervenor") submits that she is a real party in interest or has a protectible interest in the Infringing Works, then she should be a party. Plaintiffs do not oppose that portion of Intervenor's Application wherein she submits herself to the jurisdiction of the Court.

## OPPOSITION TO THE BALANCE OF REQUESTED RELIEF

## LEGAL ARGUMENT

### a) Intervenor's Request for Dismissal of the Amended Complaint

## STANDARD OF REVIEW

For purposes of this motion, Plaintiffs' Amended Complaint (Dkt. 27) is to be construed in its favor. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted); *See Singh v. Deloitte LLP*, 123 F.4th 88, 93 (2d Cir. 2024); *See also Sacerdote v. New York Univ.,* 9 F.4th 95, 106-107 (2d Cir. 2021) ("In assessing

1

the complaint, we must construe it liberally, accepting all factual allegations therein as true and drawing all reasonable inferences in the plaintiffs' favor.").

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a trial court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007).

The Amended Complaint, on its face, properly alleges that the Barry White Trust is the successor in interest to the Barry White Intellectual Property Rights (Amended Compl., Dkt. 27, ¶37). The Amended Complaint further alleges the factual basis for its infringement claims against the Defendants. Plaintiffs, in the Amended Complaint, have put all of the songs at issue in the infringement action before the Court. (Amended Compl. Dkt. 27, ¶¶34-40, Exhibit A, C and D). As a matter of law, Intervenor's request to dismiss the Amended Complaint under Rule 12(b)(6) should be denied.

b)      **Intervenor's Request to Dismiss Plaintiffs' Amended Complaint for Fraud and Abuse of Process**

Intervenor's request to dismiss the Amended Complaint for fraud is specious since it is without legal or factual basis, which standard must still be met even by *pro se* parties. *See Smith v. Educ. People, Inc.,* 233 F.R.D. 137, 142 (S.D.N.Y. 2005), *aff'd sub nom. Smith v. The Educ. People, Inc.,* No. 05-2971-CV(L), 2008 WL 749564 (2d Cir. Mar. 20, 2008); *see also Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471 (2d Cir. 2006) (stating that that *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law.").

Intervenor is moving for dismissal on the grounds of Plaintiffs' "abuse of process" (Dkt. 34 at 1). This Court has previously held that, "Under New York law, an abuse of process claim exists where a defendant '(1) employs regularly issued legal process to compel performance or

2

forbearance of some act (2) with intent to do harm without excuse of justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process.' '[T]he institution of a civil action by summons and complaint is not legally considered process capable of being abused.'" *Gust, Inc. v. AlphaCap Ventures, LLC,* No. 15CV6192 (DLC), 2016 WL 4098544, *6 (S.D.N.Y. July 28, 2016) (Cote, J.) (internal citations omitted); *see also Peterson v. City of New York*, No. 11 CIV. 3141 DLC, 2012 WL 75029, *4 (S.D.N.Y. Jan. 9, 2012) (Cote, J.) (no facts to support the conclusion that there was "intent to do harm without justification", or that there was "some collateral objective outside the legitimate ends"). Here, Plaintiffs properly alleged a copyright infringement claim against Defendants.

Contrary to Intervenor's unfounded and inflammatory allegations, Plaintiffs were forced to file their lawsuit for copyright infringement to rightfully protect the Barry White Intellectual Property Rights and legacy notwithstanding multiple efforts to amicably resolve the matter.

The Barry White Copyright is one of Barry White's most iconic songs. Plaintiffs' claims are well-founded and it is submitted that the substantial similarity between the Barry White Copyright and the "Everlasting Bass" infringing song will be confirmed as a matter of fact and law.

Furthermore, Plaintiffs have standing to bring the infringement claim because Plaintiffs are the real party in interest as they are the assignees of the underlying copyright at issue. "To bring a claim for copyright infringement, a plaintiff must show that it is the owner of a valid copyright in the work allegedly infringed. The owner of the copyright can be the author or her assignee.*" Intimo, Inc. v. Briefly Stated, Inc.,* 948 F. Supp. 315, 317 (S.D.N.Y. 1996) (Cote, J.) (internal citations omitted).

Plaintiffs respectfully request that Intervenor's request to dismiss the Amended Complaint be denied in its entirety.

### c) <u>Request for Emergency Relief</u>

The balance of Intervenor's Application should be dealt with by the appropriate motion once Intervenor is granted leave to appear – if she is granted leave to appear. It is respectfully submitted that Plaintiffs' request to dismiss Intervenor's emergency relief claims on her pending submission be denied and that the Court orders the Intervenor (and the other Defendants) to submit their answer, to properly assert counterclaims, and to name the parties against whom they are seeking relief where appropriate (Dkt. 34, p. 7).

While Intervenor requests that Epic Records ("Epic") release all funds due to Defendant Rodney Oliver (who has not submitted any affidavit in support of Intervenor's Application), neither Epic nor the other entities listed by Intervenor (Dkt. 34, p. 7) are parties to this action and Intervenor has not sought to add them as parties.

Since Defendant Rodney Oliver provided no affidavit in support of Intervenor's Application, it is unclear what the other Defendants' positions are on these matters.

Finally, we respectfully ask the Court to remind the Intervenor of her obligations as a *pro se* party, to follow the Federal Rules, and that when dealing with the Court and the Parties she exercise the appropriate professional decorum and refrain from *ad hominem* attacks and other unnecessary inflammatory language.

### <u>Conclusion</u>

Plaintiffs do not object to Intervenor intervening in this action and Plaintiffs respectfully request that the balance of Intervenor's multiple applications and improper requests be denied in their entirety.

Dated:   March 14, 2025
         New York, New York

                              HERBSMAN HAFER WEBER &
                              FRISCH, LLP

                      By: */s/ Dorothy M. Weber*
                              Dorothy M. Weber, Esq. (DMW-4734)
                              494 Eighth Avenue, Suite 600
                              New York, New York 10001
                              (212) 245-4580
                              dorothy@musiclaw.com

                              *Attorneys for Plaintiffs*

## **WORD COUNT CERTIFICATION**

     Pursuant to Local Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, I hereby certify that the foregoing Memorandum of Law complies with the Court's prescribed word count limitations. The total number of words in this Memorandum of Law is 1,131 exclusive of the caption, table of authorities and signature block. I have relied on Microsoft Word's word count software to prepare this certification.

*/s/ Dorothy M. Weber*
Dorothy M. Weber, Esq. (DMW-4734)