```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
THE BARRY WHITE FAMILY TRUST U/A/D:      :    24cv7509 (DLC)
DECEMBER 18, 1980, BY ITS DULY           :
EMPOWERED TRUSTEES,                      :    MEMORANDUM
                                         :    OPINION AND
                    Plaintiffs,          :       ORDER
                                         :
              -v-                        :
                                         :
JOE COOLEY, RODNEY DAVID OLIVER p/k/a    :
RODNEY-O, d/b/a NOT INTRESTED            :
PUBLISHING,                              :
                                         :
                    Defendants.          :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

The plaintiffs bring claims of copyright infringement against defendants Joe Cooley and Rodney Oliver.  A month ago, Necole Key, Oliver's music rights manager, moved to intervene in this action.  This Order denies Key's motion to intervene and addresses related matters that the parties have raised since Key filed her motion.

### Key's Motion to Intervene

Key moved to intervene as a pro se party on March 5, 2025. Key submitted additional filings on March 14, March 18, March 20, and March 31.  No party opposes Key's motion to intervene.

An Order of March 18 instructed Key that if the rights manager to Oliver is Lady Key Management, her incorporated

business entity, an attorney is required to appear on behalf of Lady Key Management. In a March 31 letter, Key asserts that Lady Key Management does not hold a contract with Oliver and was only incorporated in April 2024, after the main events at issue in this litigation. Key's letter does not indicate, however that her current work for Oliver is separate from her now-incorporated business as a music rights manager. Key also states in a different March 31 letter that she was motivated to establish Lady Key Management by the opportunity of licensing "Everlasting Base," the song by Oliver and Cooley at issue in this action. It appears that Key cannot proceed <u>pro se</u>. Regardless, Key has not shown that she should be permitted to intervene in this action.

Key seeks to intervene either as of right or permissively. Intervention as of right is not available if "existing parties adequately represent [the movant's] interest." Fed. R. Civ. P. 24(a)(2). In particular, "where the putative intervenor and a named party have the same ultimate objective . . . the movant to intervene must rebut the presumption of adequate representation by the party already in the action." <u>Butler, Fitzgerald & Potter v. Sequa Corp.</u>, 250 F.3d 171, 179-80 (2d Cir. 2001).

Courts deciding whether to permit permissive intervention "must consider whether the intervention will unduly delay or

prejudice the adjudication of the original parties' rights."
Fed. R. Civ. P. 24(b)(3).  In addition, courts consider

> the nature and extent of the intervenors' interests,
> the degree to which those interests are adequately
> represented by other parties, and whether parties
> seeking intervention will significantly contribute to
> full development of the underlying factual issues in
> the suit and to the just and equitable adjudication of
> the legal questions presented.

H.L. Hayden Co. of New York v. Siemens Med. Sys., Inc., 797 F.2d 85, 89 (2d Cir. 1986) (citation omitted).  District courts have especially broad discretion in determining whether to allow permissive intervention.  See AT & T Corp. v. Sprint Corp., 407 F.3d 560, 561 (2d Cir. 2005).

Key is not entitled to intervene as of right.  Key's interest in this litigation is based on her commission-based compensation structure, and any economic harm she experiences results from the withholding of earnings from Oliver.  Thus, Key has the same ultimate objective as Oliver: to maximize his earnings.  To the extent that Key has an interest in stopping reputational harm, that interest is aligned with Oliver's interest in prevailing in this litigation.

The fact that Key and Oliver have the same ultimate objective raises a presumption of adequate representation, which Key must rebut.  Instead, Key has repeatedly confirmed that her interests are totally aligned with Oliver's.  For example, in

3

her March 18 filing, Key goes as far as to describe herself as a "legal representative" and "advocate" for Oliver.  Oliver is of the same view.  For example, he stated in his March 24 filing that "[a]ny mischaracterizations of [Key's] role or capacity as independent from my business dealings were made in error and do not reflect my current position."  Oliver's March 26 filing describes Key as "advocating on my behalf."

Key also will not be allowed to intervene on a permissive basis.  Here too, the fact that Key's interests are adequately represented by Oliver weighs heavily against intervention.  To the extent that Key seeks to raise arguments that could be relevant to this action, Oliver can raise them at the proper time.  Key, however, has mostly described grievances that present separate factual and legal issues from those in this action, or that cannot be raised here as a procedural matter, such as accusations against non-parties.  Key has also leveled serious accusations of misconduct against the attorneys in this action, but those accusations and others have found little support in the hundreds of pages of emails attached to Key's filings.  Overall, Key has not shown that her participation as a party would aid this litigation.

Recent submissions by Key and the defendants raise the concerning possibility that, while unsuccessfully seeking to

4

intervene, Key has attempted to step into the role that would properly be played by an attorney to the defendants.  Key is not authorized to practice law and may not undertake the responsibilities of an attorney.

### Fox's Motion to Withdraw

On March 21, counsel for the defendants, Fox Rothschild LLP ("Fox"), filed a motion to withdraw and associated declarations. Fox states that Key's attempt to intervene and her accusations have contributed to a "breakdown of the attorney client relationship."  The Court will permit Fox to withdraw after it serves this Opinion on Key, Oliver, and Cooley.

Both Oliver and Cooley have filed notices of pro se appearance.  As noted in an Order of March 26, however, they may still choose to be represented by new counsel.  Any new counsel should file a notice of appearance by April 18.

### The Defendants' Motion to Dismiss

The defendants moved to dismiss the Amended Complaint based on lack of personal jurisdiction on January 31, 2025.  The plaintiffs filed an opposition to that motion on February 21. In a March 24 pro se filing, Oliver stated that he consents to the personal jurisdiction of the Court:

> For the purpose of this matter, I hereby concede to
> the Court's personal jurisdiction over me as it

> relates to all claims, defenses, and related proceedings in this case.
>
> This concession is made in good faith to avoid unnecessary procedural disputes and to facilitate a full and fair hearing of the issues raised by all parties, including Ms. Key.

Pursuant to the schedule set in the Order of March 26, Cooley's reply remains due April 18.

### Oliver's Motion for Summary Judgment

On March 26, Oliver filed a motion for summary judgment. The Court construes Oliver's motion as claiming that there is no genuine dispute of material fact as to the following assertions: (1) the plaintiffs lack ownership of the allegedly infringed song, "I'm Gonna Love You Just a Little More, Babe" by Barry White; (2) the allegedly infringing song, "Like That" by Future, Metro Boomin, and Kendrick Lamar, does not sample "I'm Gonna Love You Just a Little More, Babe"; (3) instead, "Like That" samples "Everlasting Bass"; and (4) Oliver is the copyright owner of "Everlasting Bass."

At the core of the plaintiffs' complaint is the premise that "Everlasting Bass" infringes "I'm Gonna Love You Just a Little More, Babe."  Oliver's motion does not seek summary judgment on that core issue.  The defendants will have an opportunity during discovery to investigate the plaintiffs' ownership rights in "I'm Gonna Love You Just a Little More,

Babe." This is not one of the "rarest of cases" where summary judgment is appropriate at this early stage, before the parties have had any opportunity to conduct discovery. Hellstrom v. U.S. Dep't of Veterans Affairs, 201 F.3d 94, 97 (2d Cir. 2000). As a result, the Court will not schedule briefing on Oliver's motion. Oliver may renew his motion for summary judgment at a later stage of this litigation.

## Conclusion

Key's March 5 motion to intervene is denied. Fox's March 21 motion to withdraw is granted. Oliver's March 26 motion for summary judgment is denied without prejudice to a renewed motion for summary judgment at a later stage of the litigation.

Dated:   New York, New York
         April 9, 2025

```
                              _____
                                  DENISE COTE
                           United States District Judge
```