. Case No.: 24-cv-07509 (DLC)

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

The Barry White Family Trust U/A/D December 18, 1980,

Plaintiff,

v.

Joe Cooley, Rodney David Oliver p/k/a Rodney-O, et al.

Defendants.

Case No.: 24-cv-7509 (DLC)

**NOTICE OF FILING OF ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND MEMORANDUM OF LAW**

To the Honorable Judge Denise L. Cote:

Defendant Rodney David Oliver, appearing pro se, respectfully submits this Notice to inform the Court that on April 8, 2025, he filed his full Answer to the Complaint, which includes eleven (11) Affirmative Defenses, twelve (12) Counterclaims, and an accompanying Memorandum of Law. The filing also includes supporting declarations and evidentiary exhibits.

This filing reflects Mr. Oliver's complete participation in the litigation and further supports his request that the Court excuse any previous procedural delays caused by prior counsel. It affirms his commitment to defending his rights and asserting legal claims based on the unauthorized use and exploitation of his copyrighted work, as well as procedural misconduct and improper litigation conduct by opposing parties.

Respectfully submitted,

/s/ Rodney David Oliver

Rodney David Oliver, Pro Se

11074 Oso Ave

. Case No.: 24-cv-07509 (DLC)

Chatsworth, CA 91311

rodneyolivermusic@gmail.com

Dated: April 09, 2025

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

THE BARRY WHITE FAMILY TRUST U/A/D DECEMBER 18, 1980,

BY ITS DULY EMPOWERED TRUSTEES,

  Plaintiffs,

v.                    Case No.: 24-cv-07509 (DLC)

JOE COOLEY, RODNEY DAVID OLIVER

p/k/a RODNEY-O, d/b/a NOT INTERESTED PUBLISHING,

  Defendants.

ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF DEFENDANT RODNEY DAVID OLIVER

. Case No.: 24-cv-07509 (DLC)

Defendant Rodney David Oliver p/k/a Rodney-O ("Defendant"), appearing pro se, hereby responds to the Complaint as follows:

## ANSWER TO COMPLAINT

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' legal standing and ownership.

2. Denies that Plaintiffs own the copyright in the composition alleged to be infringed.

3. Admits Defendant is an artist known as Rodney-O and co-creator of "Everlasting Bass" but denies any infringement.

4. Denies that "Everlasting Bass" infringes on any work owned or controlled by Plaintiffs.

5. Denies all remaining material allegations unless specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. Failure to State a Claim – The Complaint fails to state a claim upon which relief may be granted.

2. Lack of Standing – Plaintiffs do not own the rights they assert and lack standing to sue under 17 U.S.C. § 501(b). Plaintiffs' chain of title is incomplete and shows no legal ownership interest in the relevant copyright. Any 2001 renewal appears to have been improperly filed while ownership resided with Warner or its affiliates.

3. Estoppel – Plaintiffs are estopped from asserting claims due to their conduct and failure to timely assert ownership.

4. Waiver – Plaintiffs knowingly waived any rights through inaction and silence over decades.

5. Fair Use – Defendant's work constitutes a transformative and lawful use.

6. Unclean Hands – Plaintiffs have engaged in bad faith, misrepresentation, and litigation abuse.

7. Statute of Limitations – Claims are time-barred under 17 U.S.C. § 507(b).

. Case No.: 24-cv-07509 (DLC)

8. Procedural Misconduct and Collusion – Plaintiffs' counsel has acted in collusion with non-party Epic Records to obstruct and mislead licensing negotiations, suppress valid claims, and misrepresent ownership, violating Rule 4.3 and due process.

9. Copyright Misuse – Plaintiffs have misused copyright law to suppress competition and distort ownership claims in order to wrongfully control intellectual property they do not own.

10. Independent Creation – Defendant independently created "Everlasting Bass" in 1988 and has maintained sole control over the composition and master for 35 years without any claim or dispute.

11. No Nexus Between Works – Plaintiffs' work is a different composition and does not relate to the sound recording that was sampled. Defendant's sound recording was used—not any composition linked to Barry White. Therefore, Plaintiffs cannot claim infringement based on an unrelated work.

## COUNTERCLAIMS

Defendant Rodney Oliver asserts the following counterclaims against Plaintiffs:

1. Declaratory Judgment of Ownership

Plaintiff seeks a judicial declaration that he is the sole legal owner of the master recording and musical composition of "Everlasting Bass."

2. Copyright Infringement (17 U.S.C. § 106)

Plaintiffs and their affiliates, including involved artists and labels, knowingly used, sampled, and distributed derivative works using "Everlasting Bass" without license, consent, or compensation.

3. Willful Infringement of Derivative Work

4

. Case No.: 24-cv-07509 (DLC)

Plaintiffs and associated parties engaged in willful and knowing infringement by exploiting a derivative version of Defendant's work in the track "Like That" and the album "We Don't Trust You," with full awareness of lack of valid license. The track directly samples the master recording of "Everlasting Bass," which has no musical or compositional relation to Barry White's work. The deposit sheet music for Barry White's composition fails to include the chords or the vamp allegedly infringed, making it ineligible for copyright protection and unrelated to the derivative production.

4. Tortious Interference

Plaintiffs' actions directly caused the collapse of a $2.2 million publishing deal involving Defendant by introducing false claims and blocking rightful licensing.

5. Constructive Fraud

By withholding material facts about licensing and exploiting Defendant's work while misrepresenting ownership, Plaintiffs committed constructive fraud, including through the circulation of a fraudulent August 9, 2024, settlement letter that misrepresented the licensing status and falsely asserted consent by Defendant.

6. Abuse of Process and Bad Faith Litigation

Plaintiffs used this litigation to stifle rightful claims, collude with industry entities, and pressure Defendant into surrendering ownership under duress. This includes leveraging industry connections and filing unsupported claims to harass and disadvantage Defendant.

7. Unjust Enrichment

. Case No.: 24-cv-07509 (DLC)

Plaintiffs and affiliated parties have unjustly profited from the commercial use of "Everlasting Bass" while excluding Defendant from revenue, credits, royalties, and industry recognition. Defendant was deprived of expected income and was deliberately excluded from award consideration, including the Grammy Awards, where his contribution was used but unacknowledged.

8. Business Disgorgement

Defendant seeks disgorgement of all profits earned by Plaintiffs, affiliated artists, and entities (including Epic Records, Sony Music, Universal Publishing, and Kendrick Lamar, et al.) arising from the unlawful use, release, and commercial exploitation of "Everlasting Bass."

9. False Light and Defamation

Plaintiffs and their representatives publicly and falsely implied Defendant committed willful infringement, failed to clear rights, and attempted to block others' lawful use of music. These false implications caused significant reputational damage and placed Defendant in a false light.

10. Intentional Infliction of Emotional Distress

Plaintiffs and their agents knowingly caused emotional distress through repeated threats, false accusations, manipulation of licensing records, and prolonged litigation pressure, all of which exceeded the bounds of decency in a civil dispute.

11. Epic Records' Use of Barry White Estate as Legal Shield

Epic Records and affiliated parties coordinated with Plaintiffs to file suit under the name of the Barry White Estate to avoid liability for failing to secure a valid license. This shell strategy was

. Case No.: 24-cv-07509 (DLC)

used to deflect scrutiny from the actual infringing party and obstruct justice through the appearance of legitimate authorship and litigation rights.

12. Intellectual Property Theft

Plaintiffs, in coordination with Epic Records, knowingly took and exploited Rodney Oliver's original copyrighted material for their own profit and credit while concealing ownership fraud and suppressing rightful licensing claims. Epic falsely enforced an invalid license while shifting blame for infringement onto Defendant to escape liability and industry scrutiny.

PRAYER FOR RELIEF

Wherefore, Defendant respectfully requests:

1. That Plaintiffs take nothing by their Complaint;

2. That Defendant be awarded declaratory relief, damages, and costs;

3. That Plaintiffs' claims be dismissed with prejudice;

4. That judgment be entered on Defendant's counterclaims;

5. That the Court grant injunctive relief, restitution, and full accounting of profits;

6. That the Court issue sanctions for collusion and litigation misconduct;

7. That the Court grant such other relief as it deems just and proper.

Respectfully submitted,

. Case No.: 24-cv-07509 (DLC)

//s/ Rodney David Oliver

Rodney David Oliver, Pro Se

11074 Oso Ave

Chatsworth, CA 91311

rodneyolivermusic@gmail.com

Dated: April 09, 2025

. Case No.: 24-cv-07509 (DLC)

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

THE BARRY WHITE FAMILY TRUST U/A/D DECEMBER 18, 1980, BY ITS DULY EMPOWERED TRUSTEES, Plaintiffs,

v.

JOE COOLEY, RODNEY DAVID OLIVER p/k/a RODNEY-O, d/b/a NOT INTERESTED PUBLISHING, Defendants.

Case No.: 24-cv-07509 (DLC)

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT RODNEY DAVID OLIVER'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Rodney David Oliver ("Defendant"), appearing pro se, respectfully submits this memorandum of law in support of his Answer, Affirmative Defenses, and Counterclaims.

I. INTRODUCTION This case arises from an improper attempt by Plaintiffs to enforce copyright claims they do not own. Plaintiffs seek to block Defendant's lawful and original authorship over his 1988 work "Everlasting Bass," which was sampled without permission in the 2024 track "Like That" by Kendrick Lamar, Metro Boomin, and Future.

. Case No.: 24-cv-07509 (DLC)

Plaintiffs assert infringement based on a musical composition by Barry White, but their chain of title is defective. Defendant seeks dismissal of Plaintiffs' claims and affirmative relief for the unauthorized use, commercial exploitation, and reputational harm resulting from the unlawful use of his work.

II. STATEMENT OF FACTS Defendant Rodney Oliver is the sole creator of the musical composition and sound recording "Everlasting Bass." For over 35 years, there have been no disputes regarding his ownership. In 2024, the song "Like That" sampled Rodney's master recording without authorization or credit. See Declaration of Rodney Oliver, Dkt. 43-1.

The Barry White Family Trust has failed to demonstrate a valid chain of title. Their alleged 2001 renewal occurred when rights were still held by Warner or its affiliates, rendering the renewal potentially invalid. See Declaration of Necolé Key, Dkt. 43-2.

The sheet music deposited with the U.S. Copyright Office for the Barry White composition does not contain the musical elements (chords or vamp) that Plaintiffs claim were infringed. See Exhibit B, Dkt. 43-5.

Further, Epic Records, not a named party, coordinated with Plaintiffs and attempted to enforce a license agreement that was never signed by Defendant. A letter sent on August 9, 2024, fraudulently represented that licensing was agreed upon. See Exhibit D, Dkt. 43-7.

The song "Like That" and its surrounding promotional campaign released by Metro Boomin, Future, and Kendrick Lamar—through Republic, Epic, Sony, and Universal—relied heavily on the unauthorized use of Defendant's music. The excitement surrounding the March 22, 2024 release date was fueled by the sampled content from "Everlasting Bass," which formed the sonic backbone of the track. Defendant's work generated anticipation, cultural traction, and ultimately commercial success for the entire "We Don't Trust You" album.

Despite this, Defendant was denied credit, excluded from Grammy Award nominations, and left uncompensated for the widespread use of his intellectual property. Defendant asserts legal ownership of both the original sampled content and the resulting derivative composition and master recording titled "Like That," and respectfully requests that the Court consider awarding him a percentage of the album's profits derived from the willful and unauthorized use of his work.

. Case No.: 24-cv-07509 (DLC)

III. ARGUMENT

A. Plaintiffs Lack Standing Due to Invalid Ownership Claims Under 17 U.S.C. § 501(b), only the legal or beneficial owner of an exclusive right under copyright may initiate an infringement action. The Barry White Family Trust has not shown a valid transfer or renewal consistent with copyright law. Their rights, if any, may have reverted or remained with Warner as of the 2001 filing.

B. There Is No Substantial Similarity or Infringement There is no legal or musical connection between the Barry White composition and the derivative use of "Everlasting Bass" in "Like That." Defendant's work was independently created and is not substantially similar to the claimed work. See Skidmore v. Led Zeppelin, 952 F.3d 1051 (9th Cir. 2020).

C. Plaintiffs and Epic Records Engaged in Procedural and Licensing Misconduct Epic Records used Plaintiffs as a front to shift blame for their failure to obtain valid licenses. The August 9 letter falsely stated licensing terms had been agreed to, undermining transparency and impeding Defendant's rights. See Exhibit D, Dkt. 43-7.

D. Counterclaims for Willful Infringement, Unjust Enrichment, and Emotional Harm Are Well Supported Defendant has provided sworn declarations and exhibits documenting financial losses (including a $2.2 million publishing deal), loss of industry recognition, and emotional distress. Plaintiffs and their collaborators received credit and profits, while Defendant was excluded from Grammy eligibility and music royalties.

Defendant further requests disgorgement of profits obtained by Republic Records, Epic, Sony, Universal, Metro Boomin, Future, and Kendrick Lamar, on grounds that the album's commercial success was substantially based on unauthorized use of his copyrighted material.

IV. CONCLUSION For the reasons set forth above, the Court should:

1. Dismiss Plaintiffs' claims with prejudice;

2. Enter judgment on Defendant's counterclaims;

11

. Case No.: 24-cv-07509 (DLC)

3. Order restitution, injunctive relief, and business disgorgement from all beneficiaries of the derivative work;

4. Sanction improper conduct and obstructive litigation tactics;

5. Award Defendant a percentage of the profits from the album "We Don't Trust You" based on his foundational contribution;

6. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

//s/ Rodney David Oliver

Rodney David Oliver, Pro Se

11074 Oso Ave

Chatsworth, CA 91311

rodneyolivermusic@gmail.com

Dated: April 09, 2025