```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                          :
THE BARRY WHITE FAMILY TRUST U/A/D:       :    24cv7509 (DLC)
DECEMBER 18, 1980, BY ITS DULY            :
EMPOWERED TRUSTEES,                       :         ORDER
                                          :
                       Plaintiffs,        :
                                          :
              -v-                         :
                                          :
JOE COOLEY, RODNEY DAVID OLIVER p/k/a     :
RODNEY-O, d/b/a NOT INTRESTED             :
PUBLISHING,                               :
                                          :
                       Defendants.        :
                                          :
----------------------------------------- X
```

DENISE COTE, District Judge:

As set forth at the telephonic pretrial conference held pursuant to Rule 16, Fed. R. Civ. P., on April 24, 2025, the following schedule shall govern the further conduct of pretrial proceedings in this case:

1. Initial interrogatories and Requests pursuant to Rule 34, Fed. R. Civ. P., may not be served after **May 16, 2025**. Responses to Interrogatories and Requests should be submitted by **June 13, 2025**.

2. This case will be referred to mediation to occur during the month of **July 2025**. The Clerk of Court will contact the parties when a mediator has been selected.

3. All fact discovery, including depositions, must be completed by **August 1, 2025**.

4. Expert reports and disclosure of expert testimony conforming to the requirements of Rule 26(a)(2)(B), Fed. R. Civ. P., by the party bearing the burden on an issue must be served by **August 15, 2025**. Identification of rebuttal experts and disclosure of their expert testimony must occur by **September 12, 2025**.

5. All discovery must be completed by **October 3, 2025**.

6.  Any motion for summary judgment will be served by the following dates:

    -   Motion served by **November 21, 2025**
    -   Opposition served by **December 19, 2025**
    -   Reply served by **January 16, 2026**

    At the time any reply is filed, the moving party shall supply Chambers with two (2) courtesy copies of all motion papers by mailing or delivering them to the United States Courthouse, 500 Pearl Street, New York, New York.

    If a party this case moves for summary judgment, they ask the Court to decide this case without a trial, based on written materials, including affidavits, submitted in support of the motion. THE CASE MAY BE RESOLVED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO A MOTION FOR SUMMARY JUDGMENT by filing sworn affidavits and other papers as required by Rule 56(e) of the Federal Rules of Civil Procedure and by Local Civil Rule 56.1. An affidavit is a sworn statement of fact based on personal knowledge that would be admissible in evidence at trial. The full text of Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rule 56.1 is attached.

    In short, Rule 56 provides that you may NOT oppose summary judgment simply by relying upon the allegations in the complaint and answer. Rather, you must submit evidence, such as witness statements or documents, countering the facts asserted by the moving party and raising material issues of fact for trial. Any witness statements must be in the form of affidavits. You may submit your own affidavit and/or the affidavits of others. You may submit affidavits that were prepared specifically in response to the motion for summary judgment.

    If you do not respond to a motion for summary judgment on time with affidavits or documentary evidence contradicting the material facts asserted by the moving party, the court may accept the moving party's factual assertions as true. Judgment may then be entered in moving party's favor without a trial.

If you have any questions, you may direct them to the Pro Se Office.

SO ORDERED:

Dated:   New York, New York
         April 25, 2025

                              _____
                                       DENISE COTE
                              United States District Judge

# Federal Rules of Civil Procedure
# Rule 56: Summary Judgment

**(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

**(b) Time to File a Motion.** Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

**(c) Procedures.**

> (1) *Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> (2) *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> (3) *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.
>
> (4) *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

**(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

> (1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

**(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

(1) give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for the purposes of the motion;

(3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or

(4) issue any other appropriate order.

**(f) Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may:

(1) grant summary judgment for a nonmovant;

(2) grant the motion on grounds not raised by a party; or

(3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

**(g) Failing to Grant All the Requested Relief.** If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact--including an item of damages or other relief--that is not genuinely in dispute and treating the fact as established in the case.

**(h) Affidavit or Declaration Submitted in Bad Faith.** If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court--after notice and a reasonable time to respond--may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

**Local Civil Rule 56.1. Statements of Material Facts on Motion for Summary Judgment**

    a)  Unless the court orders otherwise, on motion or on its own, any motion for summary judgment under Fed. R. Civ. P. 56 must be accompanied by a separate, short, and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement may constitute grounds for denial of the motion. This rule does not apply to claims brought under the Administrative Procedure Act or the Freedom of Information Act.

    b)  The papers opposing a motion for summary judgment must include a correspondingly numbered paragraph admitting or denying, and otherwise responding to, each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried.

    c)  Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically denied and controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party.

    d)  Each statement by the movant or opponent under Rule 56.1(a) and (b), including each statement denying and controverting any statement of material fact, must be followed by citation to evidence that would be admissible and set forth as required by Fed. R. Civ. P. 56(c).

    e)  In any case where all parties are represented by counsel, any party moving for summary judgment must provide all other parties with an electronic copy, in a standard word processing format, of the moving party's Statement of Material Facts. In any case where all parties are represented by counsel, the counterstatement required by this rule must include each entry in the

moving party's statement and set out the opposing party's response directly beneath it.