**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

**Rodney David Oliver**,

Pro Se Defendant,

v.

**The Barry White Family Trust**,

Plaintiff.

Case No. 1:24-cv-07509 (DLC)

**NOTICE OF MOTION TO COMPEL PLAINTIFF TO PRODUCE COPYRIGHT DEPOSIT MATERIALS, PROOF OF OWNERSHIP, AND TO RELEASE WITHHELD EARNINGS**

**PLEASE TAKE NOTICE** that I, **Rodney David Oliver**, Defendant appearing **pro se**, hereby move this Court, before the Honorable Denise L. Cote, United States District Judge, at the Thurgood Marshall United States Courthouse, 500 Pearl Street, New York, NY 10007, at a date and time to be set by the Court, for an order granting the following relief:

- Compelling Plaintiff to produce the **1973 copyright deposit sheet music** for the musical composition at issue, as required

- under U.S. copyright law, and to stop relying on a non-controlling sound recording;

- Compelling Plaintiff to provide written proof of ownership or legal authority

over both the **composition and the master recording** at issue in this case;

- Compelling Plaintiff, Sony Music, and/or Epic Records to **provide**

**documentation** justifying the continued withholding of Defendant's earnings related to a $1.2

million Sony publishing deal, or in the alternative, ordering the **release of those**

**earnings** so that Defendant may retain counsel;

- Granting any other and further relief the Court deems just and proper.

This motion is based on the accompanying **Memorandum of Law**, any exhibits filed

in support, and all prior pleadings and proceedings in this case.

**Dated:** May 8, 2025

**Chatsworth, California**

**Respectfully submitted,**

/s/ Rodney David Oliver

Rodney David Oliver, Pro Se

11074 Oso Avenue

Chatsworth, CA 91311

rodneyolivermusic@gmail.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

Rodney David Oliver,

Pro Se Defendant,

v.

The Barry White Family Trust,

Plaintiff.

Case No. 1:24-cv-07509 (DLC)

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL PROOF OF OWNERSHIP AND RELEASE OF WITHHELD EARNINGS

PRELIMINARY STATEMENT

I respectfully ask this Court to compel the Plaintiff to provide written proof of ownership of the work they claim I infringed and to explain how my earnings are being blocked without a court order or valid written agreement. I'm also requesting the release of earnings I've already earned, which are being withheld based on unclear or improper authority, making it impossible for me to retain legal representation.

Additionally, Plaintiff's counsel, Ms. Dorothy Weber, has refused to acknowledge that the sheet music deposited with the Copyright Office for the 1973 composition does not contain the alleged bassline they claim was infringed. Under copyright law, the scope of protection for works from that era is determined by the deposited material—not later sound recordings. Yet Ms. Weber has failed to provide the actual deposit copy to the Court so that the alleged similarities can be properly evaluated. Instead, she has improperly relied on a sound recording, which is not the controlling copyright deposit for pre-1978 works.

FACTUAL BACKGROUND

Ms. Weber has made inconsistent statements about ownership—sometimes calling the Trust the "sole exclusive owner," other times saying they only "hold the copyright." On April 24, 2025, she said no third-party agreements existed, then said in the same call that funds had been escrowed. To date, no documents have been provided to back up these claims.

Sony is withholding $450,000 owed to me under a publishing agreement I fully performed. They've

stated I must hire a lawyer they approve and agree not to sue Sony or Epic to access these funds. That's not a legal settlement—that's coercion.

To make matters worse, Ms. Weber has not submitted the original sheet music deposit for the 1973 Barry White composition, which is the only valid basis for determining copyright scope for a pre-1978 work. Instead, she relies on a sound recording, which is not controlling. The alleged infringing bassline is not in the

deposited sheet music. I've raised this issue, but she refuses to acknowledge it or produce the deposit for Court review.

ARGUMENT

I. Plaintiff Must Produce Copyright Deposit and Ownership Proof

Under 17 U.S.C. § 411 and Fed. R. Civ. P. 26, Plaintiff bears the burden of showing ownership of a valid copyright. For pre-1978 works like this one, the scope of copyright protection is limited to what was deposited with the Copyright Office. Plaintiff must submit that material—not just rely on recordings or post-facto claims. The alleged infringing bassline isn't in the deposited sheet music, and failure to

produce that document prevents a proper comparison under the law.

II. The Court Should Compel Escrow and Earnings Documents

Without proof of escrow agreements or any legal document authorizing Sony or Epic to block my funds, Plaintiff's and Sony's actions raise due process concerns. These earnings are critical to my ability to obtain legal representation and defend myself in a case involving multiple parties and technical copyright claims.

III. The Court Should Order Release of Earnings or Require Justification

There's no valid court order or agreement supporting the ongoing withholding of my money. I'm simply asking for access to what I've earned so I can have a fair chance to fight this case. If Plaintiff and Sony can't justify the block, the Court should order the funds released.

CONCLUSION

Plaintiff has failed to provide proof of ownership, the required deposit material for their copyright claim, or any written legal authority to withhold my

earnings. I respectfully ask the Court to compel these disclosures and to release my funds so I can retain counsel and defend myself fully.

Respectfully submitted,

May 8, 2025

/s/ Rodney David Oliver

Rodney David Oliver, Pro Se

11074 Oso Avenue

Chatsworth, CA 91311

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

Rodney David Oliver, Pro Se Defendant

Case No. 1:24-cv-07509 (DLC)


RE: -Pro Se Statement Regarding Litigation Conduct and Withheld Earnings


Dear Honorable Judge Cote,

I'm writing this letter to speak plainly and directly about what I've been dealing with throughout this lawsuit. I've chosen to represent myself not because I want to, but because it's the only wayI can make sure my rights are protected without compromise. I respectfully ask the Court to

consider the full picture of what's been happening here.

First, Plaintiff's attorney, Ms. Dorothy Weber, has told the Court that I've refused to communicate. That's simply not true. We've had regular back-and-forth by email, and I've responded to the confidentiality agreement like the Court asked. I made edits to limit it to what actually needs protecting—personal and financial info. But asking me to redact documents to protect the people suing me doesn't make sense. If someone sues me, they can't hide behind privacy once they've dragged me into court.

Ms. Weber has also said a lot of conflicting things. One day the Trust is the "sole exclusive owner," the next day she says they just hold the copyright. In our April 24 call, she claimed there

were no agreements with third parties, and then, in the same breath, said

those same parties agreed to escrow funds. That was the first time I ever

heard about escrow—except for onevague mention back in July. I've asked for

proof, but I've never seen any written agreement. Soagain, how are my

earnings being blocked without a court order or written legal authority?

This situation has hurt me badly. I had to let go of my lawyers after I stood up

for my rights andissued a takedown notice when I couldn't get documentation.

Part of their retainer was paid using backend money from a $1.2 million Sony

publishing deal—the only offer I had left after a$2.2 million Kobalt deal fell

through because of this lawsuit. That Sony deal included a $450,000

backend, and the emails now show I've met every condition to get that money.

Now I'm being told by Sony's litigation team—Ryan and David—that I won't

see a dime of thatbackend unless I hire a lawyer they approve and agree not

to sue Sony or Epic. This, even afterthey used my music in a derivative work

without proper licensing and broke the short form agreement we had. That's

not just unfair, that's coercion. I was getting ready to bring in new legal help,

but they've made it impossible. Ms. Necole Key, who has been handling my rights

and administrative work this whole time, has done it without pay—because she

believes in protecting what's ours. She has her own rightful claims too, which is why

we filed another action. I know Ms. Weber says we didn't do it "properly," but we're

not lawyers. We've asked the Pro Se Clinic for help and we're working on a pro bono

application.

We do agree to amend our complaint and consolidate the cases for efficiency. But let

me be clear: if the Barry White Family Trust had gone after the right parties—the

artists and labels who actually released "Like That"—we wouldn't be in this mess.

Instead, they went after me and ignored Necole's rights completely.

Necole shouldn't have to reshape her claims to fit into their legal strategy. Just like

me, she has every right to stand up and seek damages. And just because we're

consolidating doesn't mean we're giving up our rights to do that.

The only reason we're Pro Se is because accepting Sony's offer as it stands would

force us to give up too much—and frankly, would destroy the integrity of our case. So

I'm respectfully asking the Court to:

1. Make the Plaintiff show actual proof of ownership and any escrow agreement in

writing;

2. Ask how Sony and Epic were allowed to block my earnings without a court order;

3. And if they can't show this, please order the release of my earnings so I can hire

the legal help I need.

Lastly, I want to point out a recent comment made by someone connected to Metro

Boomin. They acknowledged my filings and the relationship between Epic, Sony, and

the Barry White Trust. That confirms what I've believed all along—this is a

coordinated effort to silence me and wear both me and Necole down mentally,

financially, and emotionally.

Thank you for your time and for listening.

Respectfully submitted,

May 8,2025

/s/ Rodney David Oliver

Rodney David Oliver, Pro Se

11074 Oso Avenue

Chatsworth, CA 91311

Certificate of ServiceI hereby certify that on May 8, 2025, I served a true and correct copy of the foregoing letter on all counsel of record via email and/or the Court's electronic filing system.

Respectfully submitted,/s/ Rodney David OliverRodney David Oliver, Pro Se11074 Oso AvenueChatsworth, CA 91311rodneyolivermusic@gmail.com

# EXHIBIT A



# EXHIBIT B



Rights Manager

www.ladykeymanagement.com

626-598-6647

· · ·

↓ **New messages**

**R** **Rachel.Heinz@sonymusicpu...**     12:10 PM
To You

Hi Necole,

Our system shows that we received confirmed splits back in December, as follows:

Rodney David Oliver - 50%
Joseph She Yaa Bin Abraham - 16.67%
Kendrick Lamar - 16.67%
Leland Wayne - 16.66%

Please let me know if this seems incorrect, and I will double check with our copyright team!

Best,
Rachel

· · ·

Reply

# EXHIBIT C

**From:** David.Przygoda@sonymusicpub.com <David.Przygoda@sonymusicpub.com>
**Sent:** Thursday, May 1, 2025 6:30:16 AM
**To:** Necole Key <necole@ladykeymanagement.com>
**Cc:** Raichilson, Ryan <ryan.raichilson@sonymusicpub.com>; Rodney <rodneyocali@yahoo.com>
**Subject:** RE: Like That lawsuit

Necole,

Respectfully, making false and unfounded threats and accusations against Sony Music Publishing ("SMP") is not going to help Rodney or his defense of this lawsuit, nor will it help his relationship with SMP.

Per our discussion on Tuesday, we strongly recommend that Rodney immediately retain a New York lawyer to defend him in the lawsuit. To assist with the defense, SMP will agree to contribute up to $425,000 in legal fees from a lawyer or law firm acceptable to SMP on a recoupable basis as a pre-payment of Rodney's remaining Backend Advance, as that term is defined in paragraph 9.02(b) of the June 1, 2024 agreement between SMP and Hood Muscle, LLC f/s/o Rodney Oliver p/k/a "Rodney O," as set forth below:



There is $425,000 of the Backend Advance remaining because SMP prepaid $25,000 in December 2024 to Fox Rothschild per Rodney's request.

The lawyer will need to be retained (subject to SMP's prior written approval) in advance of the May 16 deadline for service of discovery requests. Once retained, the lawyer should send their invoices to both Rodney and SMP, and SMP will pay the lawyer directly, subject to Rodney's prior signature on additional prepayment acceptance agreements (in the same form as the one he signed in December). Please note that SMP will not contribute to any claims or lawsuits that Rodney may seek to pursue against Epic Records, Sony Music Entertainment, any other Sony entity, or anyone else affiliated with "Like That."

Please let us know by the end of the week the name(s) of the New York lawyers Rodney would like to consider retaining to defend him.

Please don't hesitate to contact us if you have any questions or would like to discuss.

Best regards,
David

---

**From:** Necole Key <necole@ladykeymanagement.com>

EXHIBIT D

---

**MOU Bi-Annual Legal Hold Notification – Future – "Like That"**

6 messages

---

**Mushinskie, Amanda, Sony Music** <amanda.mushinskie@sonymusic.com>    Wed, Aug 28, 2024 at 12:57 PM
To: Cooper, Denise <denise.cooper@umusic.com>, NA Copyright <NACopyright@umusic.com>, will@hipgnosissongs.com <will@hipgnosissongs.com>, kelsey@hipgnosissongs.com <kelsey@hipgnosissongs.com>, necolekey@gmail.com <necolekey@gmail.com>
Cc: Crelin, Jesse, Sony Music <jesse.crelin@sonymusic.com>, Reeves, Rashonda, Sony Music <Rashonda.Reeves@sonymusic.com>

Dear Publisher(s):

Pursuant to the terms of Sections 7.7.1 and 7.7.2 of the MOU dated as of September 29, 2009, please allow this to confirm that the above referenced matters have been reviewed by Sony Music Entertainment and have been determined to remain an Authorized Legal Hold.

We will notify you as soon as there is an update.

**"Like That" / Future & Metro Boomin**

**(Nayvadius Wilburn, Leland Wayne, Kendrick Lamar Duckworth, Rodney Oliver, Joe Cooley, Jeffery Page, Kobe Hood, George Clinton, George Worrell, Abrim Tilmon Jr. William Collins, Lorenzo Patterson, Eric Wright, Andre Young)**

Please let me know if you have any questions.

Thanks,



Amanda (Kober) Mushinskie

She/Her

Manager, Intellectual Property Licensing

Sony Music Entertainment

25 Madison Ave, 22nd Floor, New York, NY 10010-8601

*The sole information contained in this e-mail message is legally privileged, personal and confidential and as such is intended solely for the use of the named recipients. If you are not the named recipient, please disregard and do not read the above message. Any distribution, dissemination or reproduction of this e-mail message is strictly prohibited. If you have received this message in error, please immediately contact the sender by return e-mail and permanently delete the copy you received.*

**Nécole Key** <necolekey@gmail.com>                                                Mon, Nov 18, 2024 at 11:06 AM
To: Mushinskie, Amanda, Sony Music <amanda.mushinskie@sonymusic.com>
Cc: Cooper, Denise <denise.cooper@umusic.com>, NA Copyright <NACopyright@umusic.com>, will@hipgnosissongs.com, kelsey@hipgnosissongs.com, Crelin, Jesse, Sony Music <jesse.crelin@sonymusic.com>, Reeves, Rashonda, Sony Music <Rashonda.Reeves@sonymusic.com>, Necole Key <necole@ladykeymanagement.com>

Hello Publishers

I have recinded the agreement with Epic Sony that due to their value to correct the material breach.
Also the failure to provide a long form for master sample,  along with digital licence and mechanical I
I am have respectfully requested  immediately renegotiation in order to obtain all the above.

Second I was told by Jesse before when dealing on a clearance for another Sony artists awhile back,  that the label can not negotiate a music composition license.  Therefore Epic short form composition licence is invalid. They had no authority to negotiate or speak for all writers involved.

Rodney  has no obligation to indemnify others from the Barry White claim. Epic failure and misrepresentation has led to the possibility of all parties being sued.  I would like to rectify this failure and ensure the parties involved with the creation of Like That get a share in the composition and Rodney can continue to protect parties with a strong defense including statue of limitations by finalization of splits and securing a composition license. If I can't  achieve that I will have no choice to notify the Barry White estate of the unsecured composition licence.  They along with Rodney may file infringement.

Due to Epic's failure to meet the payment agreement made in the short form,  along with their failure to include Rodney in the credits for the Grammy nominations i have been left with  no choice.  If I can not achieve a renegotiation of master licence and finalization of splits to secure composition license i will have to order a take down notice and injunction order.

Please reach out to me immediately to resolve.my email is  necole@ladykeymanagement.com

Thank you.
[Quoted text hidden]

---

**2 attachments**

🖼️ **image001.jpg**
113 KB

🖼️ **Screenshot_20241115_021509_Gmail.jpg**
141 KB

---

**Mushinskie, Amanda, Sony Music** <amanda.mushinskie@sonymusic.com>                Mon, Mar 10, 2025 at 1:10 PM
To: Cooper, Denise <denise.cooper@umusic.com>, NA Copyright <NACopyright@umusic.com>, will@hipgnosissongs.com <will@hipgnosissongs.com>, necolekey@gmail.com <necolekey@gmail.com>, UMPG_Mechanical_Licensing_US <umpg.mechanical.licensing.us@umusic.com>
Cc: Crelin, Jesse, Sony Music <jesse.crelin@sonymusic.com>, Reeves, Rashonda, Sony Music <Rashonda.Reeves@sonymusic.com>

[Quoted text hidden]

---

📄 **MOU Bi-Annual Legal Hold Notification – Future – Like That.pdf**
108 KB

---

**Nécole Key** <necolekey@gmail.com>                                                Mon, Mar 10, 2025 at 3:03 PM
To: Mushinskie, Amanda, Sony Music <amanda.mushinskie@sonymusic.com>
Cc: Cooper, Denise <denise.cooper@umusic.com>, NA Copyright <NACopyright@umusic.com>, will@hipgnosissongs.com <will@hipgnosissongs.com>, UMPG_Mechanical_Licensing_US <umpg.mechanical.licensing.us@umusic.com>, Crelin, Jesse, Sony Music <jesse.crelin@sonymusic.com>, Reeves, Rashonda, Sony Music <Rashonda.Reeves@sonymusic.com>

Thank you for the update. I am currently working on getting this resolved.

[Quoted text hidden]

---

🖼️ **image001.jpg**
113 KB

---

**Nécole Key** <necolekey@gmail.com>                                                Sun, Apr 6, 2025 at 5:46 PM

To: Mushinskie, Amanda, Sony Music <amanda.mushinskie@sonymusic.com>
Cc: Cooper, Denise <denise.cooper@umusic.com>, NA Copyright <NACopyright@umusic.com>, will@hipgnosissongs.com, UMPG_Mechanical_Licensing_US <umpg.mechanical.licensing.us@umusic.com>, Crelin, Jesse, Sony Music <jesse.crelin@sonymusic.com>, Reeves, Rashonda, Sony Music <Rashonda.Reeves@sonymusic.com>

I am putting everyone on notice that the song LIKE THAT was fradulant registered with the copyright Office.
Those who registered are formally notified that criminal and civil remedies will be enforced.

If you are not keeping update with the fradulant infringement claim made by Epic, Willbum Holdings, Sony Music, Barry White Family Trust and others i suggest you update yourself with the current status of the case.

I have said throughout. No one will steal Rodney's music.  I am going to retain 100% composition and 100% masters of LIKE THAT  for the continuous unlawful actions of exploitation and registrations by all parties.

ALL RIGHTS RESERVED

THERE IS NO VALID LICENSE FOR COMPOSITION AND / OR MASTER

Nécole Key
Artist Manager
626-598-6647

On Mon, Mar 10, 2025, 1:10 PM Mushinskie, Amanda, Sony Music <amanda.mushinskie@sonymusic.com> wrote:
[Quoted text hidden]

**2 attachments**


**image001.jpg**
113 KB

**Screenshot_20250406_170411_Chrome.jpg**
425 KB

---

**Nécole Key** <necolekey@gmail.com>                                        Sun, Apr 6, 2025 at 5:56 PM
To: Mushinskie, Amanda, Sony Music <amanda.mushinskie@sonymusic.com>
Cc: Cooper, Denise <denise.cooper@umusic.com>, NA Copyright <NACopyright@umusic.com>, will@hipgnosissongs.com, UMPG_Mechanical_Licensing_US <umpg.mechanical.licensing.us@umusic.com>, Crelin, Jesse, Sony Music <jesse.crelin@sonymusic.com>, Reeves, Rashonda, Sony Music <Rashonda.Reeves@sonymusic.com>

TO ALL PARTIED

This is my formal request to have to provide the license for Everlasting Bass unauthorized derivative work titled LIKE THAT

While a limited, non-exclusive license was signed on March 20, 2024, permitting Epic Records to use the sample in the original track "Like That," no license or authorization was ever granted for the alternate/remix/derivative version that is now publicly available and being monetized.
This alternate use constitutes:
• A breach of the original licensing terms
• Unauthorized exploitation of a copyrighted master recording
• A violation of Rodney Oliver's exclusive rights under 17 U.S.C. § 106
We request immediate removal or disabling of monetization of the alternate version, and enforcement of Rodney Oliver's rights under the DMCA and licensing law.
If this use continues, we reserve the right to pursue damages for infringement and breach of contract.
Please confirm receipt and advise how you will proceed.

All correspondence will be presented to Honorable judge Denise L Cote

Thank you

[Quoted text hidden]

---

**image001.jpg**
113 KB

# EXHIBIT E

▣ Outlook

---

Fwd: Takedown Executed Due to Failure to Provide Documentation

---

**From** Rodney <rodneyocali@yahoo.com>

**Date** Wed 3/12/2025 4:00 PM

**To** Necole Key <necole@ladykeymanagement.com>

Sent from your Boy O

Begin forwarded message:

> **From:** Rodney <rodneyocali@yahoo.com>
> **Date:** March 12, 2025 at 1:33:34 PM PDT
> **To:** nicole@ladykeymanagement.com
> **Subject: Fwd: Takedown Executed Due to Failure to Provide Documentation**
>
>
> Sent from your Boy O
>
> Begin forwarded message:
>
>> **From:** Rodney <rodneyocali@yahoo.com>
>> **Date:** March 12, 2025 at 11:23:50 AM PDT
>> **To:** Anterine Jackson <anterine@me.com>
>> **Subject: Re: Takedown Executed Due to Failure to Provide Documentation**
>>
>>
>> **Tim,**
>>
>> **Thank you for your email. I would like to schedule a conference call today. I would like to discuss the following:**
>>
>> **1.  Motion to prove ownership**
>> **2.  Litigation**
>> **3.  your withdrawal**
>> **4. Response due 3/14**
>>
>> **Please let me know when we can talk today. Thank you.**

**Rodney Oliver**
Sent from your Boy O

> On Mar 12, 2025, at 9:51 AM, Rodney <rodneyocali@yahoo.com> wrote:
>
>
> Sent from your Boy O
>
> Begin forwarded message:
>
>> **From:** "Matson, Timothy C."
>> <tmatson@foxrothschild.com>
>> **Date:** March 11, 2025 at 10:50:39 AM PDT
>> **To:** rodneyocali@yahoo.com
>> **Cc:** "Rogers, Leron E." <LRogers@foxrothschild.com>,
>> "Rose, John" <jrose@foxrothschild.com>, "Solomon,
>> Shelly" <ssolomon@foxrothschild.com>
>> **Subject: RE: Takedown Executed Due to Failure to
>> Provide Documentation**
>>
>>
>> Rodney,
>>
>> Attached is the draft reply brief due March 14,
>> 2025.
>>
>> Best,
>>
>> Tim



**Timothy C Matson**
Counsel
City Center
33 S. Sixth Street, Suite 3600
Minneapolis, MN 55402
📞 (612) 607-7064
📱 (612) 229-4109
🖨 (612) 607-7100
✉ tmatson@foxrothschild.com

Learn about our new brand.

---

**From:** Matson, Timothy C.
**Sent:** Tuesday, March 11, 2025 12:08 PM
**To:** rodneyocali@yahoo.com
**Cc:** Rogers, Leron E. <LRogers@foxrothschild.com>; Rose, John <JRose@foxrothschild.com>; Solomon, Shelly <ssolomon@foxrothschild.com>
**Subject:** RE: Takedown Executed Due to Failure to Provide Documentation

Rodney:

Hope this email finds you well. Please be advised that our firm has elected to withdraw its representation as your counsel in the matter of *The Barry White Family Trust U/A/D: December 19, 1980, By its Duly Empowered Trustees v. Cooley et al* (Case No. 1:24-cv-07509-DLC), currently pending in the United States District Court for the Southern District of New York (the "Lawsuit"). As you are aware, our firm is defending you in a copyright infringement action filed by The Barry White Family Trust (the "Estate") claiming your master recording entitled "Everlasting Bass" sampled or interpolated Barry White's song entitled "I'm Gonna Love You Just A Little More Baby". You entered into a short form licensing agreement authorizing Epic Records and its recording artist Future to include a sample of Everlasting Bass in the master recording entitled "Like That".

We believe that the Estate improperly filed this action in New York, and we moved to dismiss the Lawsuit on grounds for lack of personal jurisdiction. The Estate responded by amending their Complaint in an attempt to cure its jurisdictional defects. We filed a Motion to Dismiss to the Estate's Amended Complaint, which is currently pending. A Reply Brief on your behalf is due this Friday March 14, 2025.

We have had several conversations related to the actions of your "Rights Manager" Necole Key and how they impact your case as well as our ability to defend the Litigation. Most recently, on Wednesday, March 5, 2025, Ms. Key filed a Motion to Intervene in the Lawsuit. Leron Rodgers spoke with you after Necole Key's filing of the Motion to Intervene and discussed the potential negative impact this may have on your case, including possibly invalidating the pending Motion to Dismiss. Mr. Rodgers advised you that if you

continued to authorize this type of conduct from Ms. Key, we would need to withdraw from your representation in the Litigation.

Within less than 48 hours, Ms. Key sent takedown notices for "Like That". When asked whether you had authorized her to send the takedown notices, you affirmed that Ms. Key had acted with your approval. As a result of Ms. Key's actions, as authorized by you, it has become obvious that your strategy of how to defend the Lawsuit is contrary with our advice and counsel to you. Accordingly, we must withdraw as counsel in this Lawsuit and hope that you may find counsel that aligns with your approach to litigating this Lawsuit.

**Please confirm by way of email your consent to our withdrawal in the Lawsuit. If we do not hear from you by close of business <u>Wednesday March 12, 2025</u>, we will file a motion to withdraw directly to the Court.**

Upon our withdrawal, please be aware you are obligated to keep the Court informed of a location where notices, pleadings, or other papers may be served. Notices may be served to you at your last known address. The dates of any scheduled proceedings or deadlines will not be affected by the withdrawal of counsel. If a trial date has been set, you are obligated to prepare for trial or hire other counsel to prepare for trial. A party, including Ms. Key, cannot represent you in the Lawsuit unless he or she is admitted to the New York bar as a regular member or has been admitted *pro hac vice*. Failure or refusal to satisfy court-related obligations could result in adverse consequences, including default judgment.

The imminent upcoming deadlines in the matter are below.
- **March 14, 2025** – Defendant's Reply Brief in Support of Second Motion to Dismiss
  - Regarding the Reply Brief, our firm has already prepared a draft response, a copy of which is attached hereto.
  - We will file the Reply Brief on your behalf before the Court ordered deadline unless you advised otherwise in writing.
- **March 14, 2025** – The Court set a deadline for you to respond to Necole Key's Motion to Intervene.
  - Per our discussion, failing to oppose Ms. Key's motion may result in various

negative implications for the Lawsuit, including you potentially consenting to personal jurisdiction in your individual capacity in New York.  Given Ms. Key's allegations as your representative, and her claims and counterclaims in the Lawsuit, this potentially renders your pending Motion to Dismiss moot.

○ Based on your prior authorizations of Ms. Key's actions, we can only assume that you authorized her to file the Motion to Intervene, unless you advise otherwise.  If we are incorrect and you do want to oppose her Motion to intervene, you must advise us **immediately** or have other counsel file a response by the March 14, 2025 deadline.

○ We intend on advising Plaintiff's counsel in the Litigation of our intent to withdraw and will request an extension on the response to Ms. Key's Motion to Intervene, thus providing you and/or your new counsel time to respond if you so choose.

If you have any questions. Please let us know.

Best,

Tim



**Timothy C Matson**
Counsel
City Center
33 S. Sixth Street, Suite 3600
Minneapolis, MN 55402
📞 (612) 607-7064
📱 (612) 229-4109
🖨 (612) 607-7100
✉ tmatson@foxrothschild.com

**Learn about our new brand.**

**From:** Matson, Timothy C.
**Sent:** Friday, March 7, 2025 3:02 PM
**To:** rodneyocali@yahoo.com
**Cc:** Rogers, Leron E. <LRogers@foxrothschild.com>; Rose,

John <JRose@foxrothschild.com>
**Subject:** FW: Takedown Executed Due to Failure to Provide Documentation

Rodney,

See below from Counsel for Epic.  Did you authorize Necole to take such action?  Thanks.

Tim



**Timothy C Matson**
Counsel
City Center
33 S. Sixth Street, Suite 3600
Minneapolis, MN 55402
📞 (612) 607-7064
📱 (612) 229-4109
🖨 (612) 607-7100
✉ tmatson@foxrothschild.com

**Learn about our new brand.**

**From:** FinanR@gtlaw.com <FinanR@gtlaw.com>
**Sent:** Friday, March 7, 2025 2:43 PM
**To:** Matson, Timothy C. <tmatson@foxrothschild.com>
**Cc:** dalia.auerbach@epicrecords.com;
dorothy@musiclaw.com; SmithJ@GTLAW.com;
eric.taylor@epicrecords.com
**Subject:** [EXT] RE: Takedown Executed Due to Failure to Provide Documentation

Tim,

Below is correspondence received from your client's representative.

A takedown would be in violation of the agreement your client signed.

Please let me know if Ms. Key is taking such action.

Rob

**Robert J. Finan**
Of Counsel

Greenberg Traurig, LLP

Terminus 200 | 3333 Piedmont Road NE | Suite 2500 | Atlanta, GA 30305

T +1 678.553.2206  |  F +1 678.553.2207

FinanR@gtlaw.com  |  www.gtlaw.com  |  View GT Biography

<image001.png>

---

**From:** Necole Key <necole@ladykeymanagement.com>
**Sent:** Friday, March 7, 2025 3:32 PM
**To:** dalia.auerbach@epicrecords.com; Dorothy Weber <dorothy@musiclaw.com>; Finan, Robert J. III (OfCnl-Atl-Ent) <FinanR@gtlaw.com>
**Cc:** Rodney <rodneyocali@yahoo.com>
**Subject:** Takedown Executed Due to Failure to Provide Documentation

**\*EXTERNAL TO GT\***

 Dear Ms. Weber, Mr. Finan and Epic

Despite multiple requests for the necessary documentation, you have failed to provide the required proof of authorization. As a result, it became essential to **execute a takedown of the infringed work** to prevent further harm caused by the unauthorized use of **Rodney Oliver's intellectual property**.

As **Rodney Oliver is the sole creator and legal owner** of both the **master recording and composition**, with a **signed copyright registration in his name**, we have taken appropriate action to enforce his rights.

Please be advised that **all legal remedies will be pursued** to protect Rodney Oliver's ownership and prevent further unauthorized use.

Sincerely,


Necole Key
Rights Manager
www.ladykeymanagement.com
626-598-6647



This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent

authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.

<Defendants' Reply Memorandum of Law in Further Support of Motion to Dismiss Plaintiffs' Amended Complaint(169126792.1)-C.docx>

**Request for Signed Agreements &
Copyright Transfer Documentation –
Urgent Clarification Required**

———————————————

**From:** Necole Key
necole@ladykeymanagement.com
**To:** Matson, Timothy C.
tmatson@foxrothschild.com, Dorothy Weber
dorothy@musiclaw.com, FinanR@gtlaw.com
FinanR@gtlaw.com,
dalia.auerbach@epicrecords.com
dalia.auerbach@epicrecords.com, Rodney
rodneyocali@yahoo.com
**Sent:** Tuesday, February 25 at 1:51 PM

EXHIBIT F

Dear Ms. Weber and Epic Records Legal Team,

As Rodney O's Rights Manager, I have the
obligation to protect his rights and interests in all
matters concerning his intellectual property,
licensing agreements, and financial
entitlements. To fulfill this duty effectively, I
require full clarity and transparency from all
parties involved.

 1. Request for Signed Agreements from Epic
Records
Epic Records has asserted rights over the
master recording and composition for Like That
(including the Kendrick Lamar verse) and the use
of Everlasting Bass. However, no fully executed
agreements have been provided to confirm
Epic's legal authority over these rights.

Accordingly, I am requesting the immediate
production of the following:

- A fully executed and signed agreement proving
Epic Records obtained a valid license for both
the master recording and composition
incorporating Everlasting Bass.
- Proof of clearance for Kendrick Lamar's verse,
confirming that all relevant stakeholders
approved its inclusion.

- Any correspondence or documentation that supports Epic's claim of legal authority over these rights, including revenue allocations.

Failure to provide these agreements within three (3) business days will necessitate legal action to ensure Rodney O's rights are properly protected.

 2. Dorothy Weber's Involvement & Request for Copyright Transfers
Ms. Weber, as legal counsel for the Barry White Family Trust, your involvement in Rodney O's negotiations with Epic Records is concerning. Your role should be strictly limited to Barry White's estate, yet you have actively interfered in ongoing discussions between myself (acting as Rodney's rights manager) and Epic Records.

Furthermore, your copyright registration does not name the Barry White Family Trust as the registered owner. Therefore, I am formally requesting:

- A valid copyright transfer document confirming that the previous copyright owner lawfully transferred rights to the Barry White Family Trust.
- If no such letter of assignment or transfer exists, your claims lack prima facie standing and must be immediately withdrawn.
- A written explanation clarifying why you are interfering in Rodney O's licensing discussions with Epic, given that you represent a separate legal interest.

 3. Next Steps for Transparency & Resolution
To move forward in good faith and ensure that all rights are properly handled, I expect the following actions:

1. Epic Records must provide the requested signed agreements within three (3) business days from today.
2. Ms. Weber must produce a valid copyright transfer document for Barry White's estate or formally withdraw any claims related to copyright ownership.

3. Immediate cessation of any interference in Rodney O's licensing discussions with Epic Records.

As Rodney O's rights manager, I must have full clarity and transparency to ensure that his interests are protected. Please confirm receipt of this request and provide the requested documentation within the specified timeframe.

Sincerely,


Necole Key
Rights Manager
www.ladykeymanagement.com
626-598-6647

EXHIBIT G

↓ **New messages**

**R**  **Rachel.Heinz@sonymusicpub....**    2:31 PM
To You

Hi Necole,

Our system shows that there is no hold/claim on this one anymore, but I am checking with my client to see if the co-pubs are on the same page. I will keep you updated!

Best,
**Rachel Heinz**
**Coordinator, Creative Marketing - Film & TV**
Sony Music Publishing | 1024 N Orange Dr. | Hollywood, CA 90038
rachel.heinz@sonymusicpub.com |
www.sonymusicpub.com



• • •

▢ Outbox

« ⌄  Reply all

✓  Sent

EXHIBIT H

  

**To:** Necole Key <necole@ladykeymanagement.com>
**Subject:** RE: Like that

Necole.

Please understand that we are not trying to deprive anyone of anything.

We have a duty to pay the rightful owner.

I think you and I can agree that is the way it should be.

That fact is currently in dispute and the subject of litigation.

If it turns out to be Rodney great.  If White, that is fine.

We do not have a dog in this fight.

We hope this is sorted soon so we can put everything behind us.

Rob

**Robert J. Finan**
Of Counsel

Greenberg Traurig, LLP
Terminus 200 | 3333 Piedmont Road NE | Suite 2500 | Atlanta, GA 30305
T +1 678.553.2206  |  F +1 678.553.2207

  **Reply**

# EXHIBIT I



A representative for Metro Boomin told *TMZ* that they did obtain the rights to the sample and paid Rodney O $50,000.

The rep also offers that Rodney's issues should be focused on the estate of Barry White who may be holding up royalty payments through their relationship with Epic Records.

The estate of Barry White are yet to comment on the suit.