UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

THE BARRY WHITE FAMILY TRUST,

Plaintiff,

v.

JOE COOLEY and RODNEY DAVID OLIVER

Defendants.

Case No. 1:24-cv-07509 (DLC)


DEFENDANT RODNEY DAVID OLIVER'S MOTION TO ADDRESS PATTERN OF GAMESMANSHIP AND ABUSE OF PROCESS


MEMORANDUM OF LAW


I. INTRODUCTION

This motion seeks narrowly tailored relief following Plaintiff's continued refusal to produce foundational documentation necessary to maintain a copyright claim under federal law. The record reflects procedural misdirection by Plaintiff's counsel that undermines judicial efficiency and prejudices Defendant's ability to prepare a defense.


II. LEGAL FRAMEWORK

A copyright registration is a statutory prerequisite to suit. Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, 586 U.S. 201 (2019). The alleged infringement must be based

on the deposit copy filed with the U.S. Copyright Office. Skidmore v. Led Zeppelin, 952 F.3d 1051 (9th Cir. 2020).

Procedural tactics that avoid resolution of such statutory elements may warrant sanctions. Metro-Goldwyn-Mayer Studios Inc. v. Grokster, 518 F. Supp. 2d 1197 (C.D. Cal. 2007).

III. PROCEDURAL HISTORY

Plaintiff has failed to produce the sheet music deposited at the time of copyright registration. For compositions registered prior to January 1, 1978, courts must compare the alleged infringing work to the deposit copy on file with the U.S. Copyright Office — not to a sound recording. See Three Boys Music Corp. v. Bolton, 212 F.3d 477, 486 (9th Cir. 2000); Skidmore v. Led Zeppelin, 952 F.3d 1051, 1063 (9th Cir. 2020). By producing only audio, Plaintiff not only impairs Defendant's ability to prepare an a...

Plaintiff has not produced:

- A valid registration naming the Barry White Family Trust;

- A copy of the deposit material;

- Trustee authorization to file this action.

Counsel instead responded with allegations against Defendant and his rights manager, Necole Key, whose May 5, 2025 request for such documents was rebuffed without substantive reply.

This pattern mirrors litigation strategies used by Plaintiff's counsel in prior actions, including Stroud v. Castle Rock Entertainment, No. 08-cv-03818 (S.D.N.Y.), and

Methven & Associates v. Paradies-Stroud, No. 11-cv-03121 (N.D. Cal.), where courts were required to intervene due to misuse of process.

IV. REQUEST FOR RELIEF

Defendant respectfully requests that the Court:

1. Compel immediate production of the required documents;

2. Dismiss the action or impose sanctions for gamesmanship.

Respectfully submitted,

/s/ Rodney David Oliver

Rodney David Oliver, Pro Se

May 20, 2025

CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2025, I caused a true and correct copy of the foregoing Motion, Memorandum of Law, and Affidavit of Necole Key to be served upon the following by email and U.S. Mail:

Dorothy M. Weber, Esq.

Shukat Arrow Hafer Weber & Herbsman, LLP

494 8th Avenue, Suite 600

New York, NY 10001

Email: dorothy@musiclaw.com

Joe Cooley, Pro Se

248 E 157th Street

Gardena, CA 90248

cooleyjoe011@gmail.com

/s/ Rodney David Oliver

Rodney David Oliver

Pro Se Defendant

EXHIBIT A

**AFFIDAVIT OF NECOLE KEY**

I, Necole Key, declare under penalty of perjury:

Ms. Weber has repeatedly made representations that are either unsupported or contradicted by the record. Her characterization of my communications as "solicitations" lacks any evidentiary support, and yet she appears to expect the Court to credit these assertions without scrutiny. Based on her own conduct throughout this litigation, there is no basis for the Court to rely solely on her word.

1. I am a co-owner of the sound recording at issue, a rights manager, and co-plaintiff in a related copyright case. I also advise Defendant Rodney David Oliver.
2. On May 5, 2025, I submitted a written request to Plaintiff's counsel, Dorothy Weber, for:
    - The copyright registration naming the Barry White Family Trust;
    - The deposit copy of the alleged work;
    - Documentation of trustee authority under 17 U.S.C. § 501(b).
3. I made this request professionally and in good faith as part of my role in helping clarify ownership rights and protect all rightful stakeholders.
4. To date, Plaintiff has not provided the original sheet music that was deposited at the time of copyright registration. For compositions registered before 1978, comparison must be made between the accused work and the deposit copy, not an audio file. See *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 486 (9th Cir. 2000); *Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1063 (9th Cir. 2020).
5. Submitting only the audio misleads the Court, unfairly burdens the defense, and deprives us of the legal comparison required under the Copyright Act.
6. I made no threats or improper demands, and I only sought documents that should already have been disclosed.
7. If any part of my communication was misinterpreted, I respectfully clarify that I acted strictly within my rights and responsibilities.

Executed on May 20, 2025.

/s/ Necole Key

451 Discovery Lane Unit 321

Brea CA 92821

Necole@ladykeymanagement.com

**EXHIBIT B**

 Outlook

## RE: 1 25 cv 03602

| | |
|---|---|
| From | Dorothy Weber <dorothy@musiclaw.com> |
| Date | Mon 5/5/2025 11:46 AM |
| To | Necole Key <necole@ladykeymanagement.com> |

Dear Ms. Key:   I do not respond to threats or blackmail.   Please have no further communications with me until these issues are presented to the Court.

Very truly yours,

Dorothy M. Weber, Esq.
Herbsman Hafer Weber & Frisch, LLP
494 Eighth Avenue, Suite 600
New York, NY 10001
Direct Dial: (646) 795-6068
Fax: (212) 956-6471
E-Mail: dorothy@musiclaw.com
http://www.linkedin.com/in/dorothymweberesq/

---

**From:** Necole Key <necole@ladykeymanagement.com>
**Sent:** Monday, May 5, 2025 2:37 PM
**To:** Dorothy Weber <dorothy@musiclaw.com>
**Subject:** Re: 1 25 cv 03602

Ms. Weber,
Regarding the ongoing copyright claim asserted by your client, the Barry White Family Trust, which is currently impacting the exploitation of "Everlasting Bass."  sound recording.
To date, I have not received any documentation substantiating the Trust's ownership of the allegedly infringed work, nor any sheet music that includes the bassline you alleged Everlasting Bass infringes.
In an effort to resolve this matter efficiently and in good faith, I respectfully request the following:
• A copy of the  valid copyright registration naming the trust and/or current ownership documents for "I'm Gonna Love You Just A Little More Baby."
• A copy of the deposit copy (sheet music or lead sheet) associated with that registration.
• Timestamps or musical notation detailing the precise portions of "Everlasting Bass" that are alleged to infringe.
If this documentation is provided and confirms your client's interest with regard to the specific claim, I will be happy to revisit your status as a named party and consider removing you from the current action. However, continued refusal to provide evidentiary support will only serve to validate the claims already stated in our complaint regarding obstruction and coercive conduct. Please respond by May 12, 2025 as this matter continues to interfere with licensing and royalty administration and collection of the sound recording.

Sincerely,

Necole Key
Rights Manager
[www.ladykeymanagement.com](www.ladykeymanagement.com)
626-598-6647

---

**From:** Necole Key
**Sent:** Monday, May 5, 2025 11:05:55 AM
**To:** Dorothy Weber <dorothy@musiclaw.com>
**Subject:** 1 25 cv 03602

Hello Ms. Weber

I hope you are well. I have attached the new filing by the owners of the master sound recording. Myself and Rodney Oliver vs Epic and all other parties.

I will need to amend due to some errors and upon receiving new evidence.

Best regards

Necole Key
Rights Manager
626-598-6647