Case No. 1:24-cv-07509 (DLC)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 1:24-cv-07509 (DLC)

THE BARRY WHITE FAMILY TRUST,
Plaintiff,

v.

JOE COOLEY, RODNEY DAVID OLIVER p/k/a RODNEY-O,
d/b/a NOT INTRESTED PUBLISHING,
Defendants.

OBJECTION TO PROPOSED PROTECTIVE ORDER (DKT. 94)

Defendant Rodney David Oliver, appearing pro se, respectfully submits this objection to the Proposed Protective Order and Confidentiality Agreement (Dkt. 94).

1. The Order Is Overbroad and Improperly Restricts Public Information
While I do not oppose protections for legitimately sensitive data—such as personal financial information, account numbers, or medical details—the proposed order seeks to improperly designate as "confidential" documents that are critical to this case and typically public in nature. These include:
- Copyright registrations and deposit copies;
- Ownership and chain-of-title documents;
- Licensing history or clearance communications;
- Public royalty statements from performance rights organizations.

These materials are fundamental to resolving the Plaintiff's ownership claim and should not be concealed from the public or the Court.

1

Case No. 1:24-cv-07509 (DLC)

2. Shielding Ownership Evidence Undermines Transparency

If Plaintiff's ownership claim is valid, it should be provable through standard, public documentation. Withholding or redacting such material behind a protective order raises concerns about misuse of confidentiality to obscure weaknesses in the case, rather than protect legitimate privacy interests.

3. Public Allegation Demands Public Vindication

I have been named as a defendant in a federal lawsuit, accused of willful copyright infringement. That claim is part of the public record. Yet under the proposed order, I would be forced to defend myself in secrecy—unable to publicly share the very documents that could clear my name or correct public perception. This is fundamentally unjust.

4. Proposed Limitation on Scope

I respectfully request that the Protective Order be revised to limit "Confidential" designations to:
- Nonpublic royalty payment details;
- Personal addresses, phone numbers, or bank account information;
- Proprietary business strategies unrelated to ownership or licensing.

All documents related to copyright ownership, licensing, or registration should remain accessible or only be redacted with leave of Court.

Conclusion

A protective order should not be used to mask issues of standing or conceal information that the public has a right to know. I request that the Court revise or reject the proposed order to reflect these principles.

Respectfully submitted,

Case No. 1:24-cv-07509 (DLC)

/s/ Rodney David Oliver

Rodney David Oliver

Pro Se Defendant

11074 Oso Ave

Chatsworth, CA 91311

Rodneyolivermusic@gmail.com

Dated: May 20, 2025

Case No. 1:24-cv-07509 (DLC)

CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2025, I caused a true and correct copy of the foregoing Objection to Proposed Protective Order (Dkt. 94) to be served upon the following parties by email and U.S. Mail:

Dorothy M. Weber, Esq.

Shukat Arrow Hafer Weber & Herbsman, LLP

494 8th Avenue, Suite 600

New York, NY 10001

Email: dorothy@musiclaw.com

Joe Cooley, Pro Se

248 E 157th Street

Gardena, CA 90248

Email: cooleyjoe011@gmail.com

Respectfully submitted,

/s/ Rodney David Oliver

Rodney David Oliver

Pro Se Defendant

11074 Oso Ave

Chatsworth, CA 91311

Rodneyolivermusic@gmail.com

Dated: May 20, 2025

4