Case No. 1:24-cv-07509 (DLC)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 1:24-cv-07509 (DLC)

THE BARRY WHITE FAMILY TRUST,
Plaintiff,

v.

JOE COOLEY, RODNEY DAVID OLIVER p/k/a RODNEY-O,
d/b/a NOT INTRESTED PUBLISHING,
Defendants.

**Re: Barry White Family Trust v. Cooley et al., Case No. 1:24-cv-07509 (DLC)**
**Response to Declaration by Dorothy M. Weber (Dkt. 100)**

Dear Judge Cote,

I write once again as a pro se litigant — still standing alone, still without counsel. Any mention I've made about an attorney was in response to a hypothetical question from Plaintiff's counsel. That does not mean I've retained anyone. If that changes, I will notify the Court, as I know I'm required to. No smoke, no mirrors — just facts.

Respectfully, I find it frustrating that I must keep explaining myself on matters the Court hasn't asked about — matters created by Plaintiff's counsel. It feels like I'm being pulled into a side trial, one where I'm asked to account for things I never said or did, and for people I do not control.

Take Necole Key, for example. I don't control what she posts, thinks, or says — and she has the right to speak under the First Amendment. Meanwhile, the same counsel now raising concern over her speech went to *Billboard* and publicly accused me of infringement before any finding by this Court. That wasn't a leak — it was a media campaign.

1

Case No. 1:24-cv-07509 (DLC)

What matters here is the law — and we're still waiting for Plaintiff to provide the deposited sheet music. In pre-1978 copyright composition cases, that's required. Without it, there's no valid basis for comparison and no case. Yet instead of providing it, they are trying to hold this together with a confidentiality order — one that seems more aimed at hiding their lack of proof than protecting legitimate interests.

Let's be clear: this isn't a composition issue. The actual sample came from my sound recording, "Everlasting Bass," which even Epic and the artist haven't denied. That's what was used — not some composition the Plaintiff claims to own. This is like suing someone for stealing your bike when you don't even have a bike to begin with.

At this point, it feels like the goal is to wear me down with distractions, not prove a claim. I respectfully ask the Court to see these tactics for what they are — and help bring this case back to the core issues: ownership, the deposit copy, and whether there was any real infringement.

Thank you for your time and for the opportunity to stand on facts — not fiction.

**Respectfully,**
Sincerely,
/s/ Rodney David Oliver
Rodney David Oliver
Pro Se Defendant
11074 Oso Ave
Chatsworth, CA 91311
Rodneyolivermusic@gmail.com

Dated: May 20, 2025

Case No. 1:24-cv-07509 (DLC)

CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2025, I caused a true and correct copy of the foregoing Objection to Proposed Protective Order (Dkt. 94) to be served upon the following parties by email and U.S. Mail:

Dorothy M. Weber, Esq.
Shukat Arrow Hafer Weber & Herbsman, LLP
494 8th Avenue, Suite 600
New York, NY 10001
Email: dorothy@musiclaw.com

Joe Cooley, Pro Se
248 E 157th Street
Gardena, CA 90248
Email: cooleyjoe011@gmail.com

Respectfully submitted,
/s/ Rodney David Oliver
Rodney David Oliver
Pro Se Defendant