# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

THE BARRY WHITE FAMILY TRUST,
 Plaintiff,

                                                                                .Case No. 1:24-cv-07509-DLC

V

JOE COOLEY, RODNEY DAVID OLIVER P/K/A RODNEY-O,
 AND NOT INTERESTED PUBLISHING,
 Defendants.

## DEFENDANT RODNEY DAVID OLIVER'S MOTION TO STRIKE UNAUTHENTICATED LICENSE AGREEMENT, FALSE STATEMENTS, UNDISCLOSED MATERIALS AND FOR SANCTIONS (PRO SE)

I, Rodney David Oliver, appearing pro se, respectfully move this Court to strike the document Plaintiff submitted as a "License Agreement" in Document 33 and its exhibits, and to impose sanctions under Federal Rules of Civil Procedure 11(b), 26(a), 26(e), 37(c)(1), and 56(c)(2). In support, I state as follows:

## I. INTRODUCTION

Plaintiff falsely stated to the Court that Defendants licensed the Barry White composition "I'm Gonna Love You Just a Little More, Baby." To support this claim, Plaintiff submitted a license agreement between Epic Records and me, Rodney David Oliver, that relates solely to my original song *Everlasting Bass*. This document:

- Does **not mention or authorize use** of the Barry White composition;

- Has been **refuted as invalid and unauthenticated**;

- Was used to support a misrepresentation already contradicted by Plaintiff's own discovery communications;

- Was submitted without disclosure under Rule 26 and obtained outside of proper discovery channels.

## II. FACTUAL BACKGROUND

1. I am the creator of *Everlasting Bass*, an original work I composed independently at age 16 using a synthesizer and TR-808.

2. Plaintiff alleged that Defendants entered into a license agreement authorizing use of Barry White's composition. This is categorically false.

3. The license agreement Plaintiff submitted involves *Everlasting Bass*, not any Barry White work.

4. Defendants have explicitly denied the validity of this license and its connection to any Barry White material.

5. Plaintiff obtained communications involving my rights manager, Necole Key, without a court order and beyond authorized discovery limits.

6. Those communications made Plaintiff aware that no valid license existed regarding the Barry White composition.

**III. LEGAL GROUNDS**

1. **Rule 56(c)(2)** – The license agreement is not admissible evidence regarding Barry White's composition. It is irrelevant and unauthenticated.

2. **Rule 11(b)(3)** – Plaintiff made factual contentions without evidentiary support, including:

    - That Defendants licensed the Barry White composition;

    - That the Epic Records license is valid or relevant;

    - That rights were escrowed or agreements were made "in principle."

3. **Rule 26(a) and (e)** – Plaintiff failed to disclose the alleged agreement or basis for ownership rights to support infringement claims.

4. **Rule 37(c)(1)** – The disputed license and email communications were not disclosed properly and were submitted in violation of discovery procedures.

**IV. RELIEF REQUESTED**

I respectfully request the Court:

1. STRIKE the license agreement submitted by Plaintiff (Doc. 33, Exhibit B);

2. BAR Plaintiff from referencing this document or similar claims regarding Barry White licensing;

3. SANCTION Plaintiff for submitting misleading, undisclosed, and inadmissible evidence;

4. GRANT any other relief the Court finds just and proper.

Respectfully submitted,

Dated: June 2 2025

/s/ Rodney David Oliver
Rodney David Oliver (Pro Se)
11074 Oso Ave

Chatsworth ca 91311

rodneyolivermusic@gmail com

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

THE BARRY WHITE FAMILY TRUST,
 Plaintiff,

.Case No. 1:24-cv-07509-DLC

V

JOE COOLEY, RODNEY DAVID OLIVER P/K/A RODNEY-O,
 AND NOT INTERESTED PUBLISHING,
 Defendants.

## DEFENDANT RODNEY DAVID OLIVER'S MOTION TO STRIKE UNAUTHENTICATED LICENSE AGREEMENT, FALSE STATEMENTS, UNDISCLOSED MATERIALS AND FOR SANCTIONS (PRO SE)

I, Rodney David Oliver, appearing pro se, respectfully move this Court to strike the document Plaintiff submitted as a "License Agreement" in Document 33 and its exhibits, and to impose sanctions under Federal Rules of Civil Procedure 11(b), 26(a), 26(e), 37(c)(1), and 56(c)(2). In support, I state as follows:

## I. INTRODUCTION

Plaintiff falsely stated to the Court that Defendants licensed the Barry White composition "I'm Gonna Love You Just a Little More, Baby." To support this claim, Plaintiff submitted a license agreement between Epic Records and me, Rodney David Oliver, that relates solely to my original song *Everlasting Bass*. This document:

- Does **not mention or authorize use** of the Barry White composition;

- Has been **refuted as invalid and unauthenticated**;

- Was used to support a misrepresentation already contradicted by Plaintiff's own discovery communications;

- Was submitted without disclosure under Rule 26 and obtained outside of proper discovery channels.

## II. FACTUAL BACKGROUND

1. I am the creator of *Everlasting Bass*, an original work I composed independently at age 16 using a synthesizer and TR-808.

2. Plaintiff alleged that Defendants entered into a license agreement authorizing use of Barry White's composition. This is categorically false.

3. The license agreement Plaintiff submitted involves *Everlasting Bass*, not any Barry White work.

4. Defendants have explicitly denied the validity of this license and its connection to any Barry White material.

5. Plaintiff obtained communications involving my rights manager, Necole Key, without a court order and beyond authorized discovery limits.

6. Those communications made Plaintiff aware that no valid license existed regarding the Barry White composition.

**III. LEGAL GROUNDS**

1. **Rule 56(c)(2)** – The license agreement is not admissible evidence regarding Barry White's composition. It is irrelevant and unauthenticated.

2. **Rule 11(b)(3)** – Plaintiff made factual contentions without evidentiary support, including:

   - That Defendants licensed the Barry White composition;
   - That the Epic Records license is valid or relevant;
   - That rights were escrowed or agreements were made "in principle."

3. **Rule 26(a) and (e)** – Plaintiff failed to disclose the alleged agreement or basis for ownership rights to support infringement claims.

4. **Rule 37(c)(1)** – The disputed license and email communications were not disclosed properly and were submitted in violation of discovery procedures.

**IV. RELIEF REQUESTED**

I respectfully request the Court:

1. STRIKE the license agreement submitted by Plaintiff (Doc. 33, Exhibit B);

2. BAR Plaintiff from referencing this document or similar claims regarding Barry White licensing;

3. SANCTION Plaintiff for submitting misleading, undisclosed, and inadmissible evidence;

4. GRANT any other relief the Court finds just and proper.

Respectfully submitted,

Dated: June 2 2025

/s/ Rodney David Oliver
 Rodney David Oliver (Pro Se)
 11074 Oso Ave

Chatsworth ca 91311

rodneyolivermusic@gmail com

# EXHIBIT A

**Rodney David Oliver**
11074 Oso Avenue
Chatsworth, CA 91311
rodneyolivermusic@gmail.com

**May 27, 2025**

Dorothy M. Weber, Esq.
Herbsman Hafer Weber & Frisch, LLP
494 Eighth Avenue, Sixth Floor
New York, NY 10001
dorothy@musiclaw.com

**Re: Your Letter Dated May 22, 2025**
**Barry White Family Trust v. Oliver et al., Case No. 24-cv-07509 (DLC)**

Ms. Weber,

Let's get real. You've called this a "straightforward copyright case" more than once, but that's never been true. This case has dragged on not because the facts support your claim—but because you and your client have tried to push pressure tactics and legal threats instead of showing actual proof.

The first time you reached out, it wasn't with a phone call or a cease-and-desist. You sent a litigation hold notice calling "Everlasting Bass" infringing. That track came out over 35 years ago. I made it when I was a teenager with a keyboard and no connections to Barry White or his catalog. No one from your side provided a registration, a chain of title—nothing. Just threats, and a demand that we save every text, email, and DM we've ever sent.

Then you copied the whole music industry on that email. Major labels, lawyers, publishers—people I've never worked with—got to read you accuse me and my team of theft. That email damaged my name and my business, before any case was even filed.

My rights manager and business partner, Necole Key, stayed professional. She asked for proof. Not because we were being difficult, but because that's what the law requires. You didn't provide any. Instead, you sent back a message that was condescending and copied the same big audience again. The message was clear: "Don't question me."

But the questions Necole raised were right. You sued for composition infringement. And the law says only what's in the registered deposit copy is protected. You didn't give us that. You gave us sound recordings. And when we finally got the sheet music ourselves, guess what? The bassline you claimed we stole wasn't even there—just a generic Gm vamp and an "N.C." mark. Nothing original, nothing protectable.

You knew—or should've known—that from the start. But instead of owning up to that, you pushed forward with a lawsuit designed to shake us down for ownership and royalties. You wanted 30% of the publishing and 25% of the sound recording royalties from "Like That," even though you had only filed a composition infringement claim. At the time of your August 9, 2024 letter, you were fully aware that Epic Records had not finalized or released the track featuring Kendrick Lamar, and that I had no contractual path to secure proper compensation or credit due to your pending claim. Your infringement accusation effectively blocked me from even negotiating with Epic to receive what I was rightfully owed.

At the same time, you demanded that I give up ownership in a song built on my own independently created work—a track I couldn't even get properly credited on because of your interference. Worse still, your demand for a share of the sound recording revenue reveals a fundamental legal contradiction. You sued for composition infringement, not sound recording infringement. You have never asserted rights in the "Like That" master, and you cannot legally claim joint authorship or ownership of that sound recording. Your attempt to extract a share of it anyway proves that this lawsuit was never about a narrow legal claim. It was about controlling something you had no legal basis to touch.

That's not protection of a legacy. That's exploitation.

Let's talk about what Necole had to endure. She got hit with your accusations first. She was CC'd on emails to big players in the music industry and treated like an outsider for asking for basic legal documentation. She's a woman with under a decade in this field, no major-label ties, and she handled herself with respect and clarity. You chose to belittle that—publicly. That wasn't lawyering. That was bullying.

I also need to make something very clear: you cannot continue to mischaracterize or attack Necole Key in this litigation or in your representations to the Court. She is not just a witness or administrator. She is a legal co-owner of the "Everlasting Bass" sound recording. I granted her that co-ownership retroactively and lawfully. Under copyright law, I have the right to assign my interest to whomever I choose, and I chose to share it with someone who has protected my music like it was her own. And now, it legally is.

Your attempts to frame Ms. Key as someone without standing are not just wrong—they are disrespectful and misleading. She is a rightsholder, and she deserves to be treated with the legal recognition and respect that comes with that title.

Finally, I ask that you clarify the basis on which you've previously invoked Warner Music's alignment with your client. In the April 24, 2025 conference, you stated that the "renewal copyright was filed in Mr. White's individual name." That is true as a matter of record—but it raises a serious legal inconsistency. According to U.S. Copyright Office records, the copyright to "I'm Gonna Love You Just a Little More, Babe" was transferred to Warner/Unichappell Music in 1983. If Warner held the rights at the time, Barry White could not legally renew the copyright in his own name in 2001 without Warner's consent or assignment.

Filing a renewal in the name of someone who no longer owns the rights does not establish standing. It raises questions about chain of title and the validity of any rights later claimed by the Barry White Family Trust. If Warner owned the copyright when the renewal was filed, and there's no evidence of a reassignment to Mr. White before 2001, then your client cannot claim unbroken ownership.

I request that you produce any written agreement or chain of title showing how Barry White had legal authority to renew the copyright in 2001 despite the prior 1983 transfer to Warner. Without that, your client's standing remains unsupported under 17 U.S.C. § 501(b).

Your tactics didn't stop there. Every step of this case—from pre-motion discovery to your vague settlement letters—has been about evasion. You wanted us to hand over contracts, royalty data, and internal communications, but you refused to hand over the only thing that matters in a copyright case: a clean, continuous chain of title proving you even own what you're claiming.

Even my own lawyer at the time, Timothy Matson, couldn't make sense of your position. On February 20, 2025, he emailed my team and asked, "What is Dorothy referring to?" That's how unclear your case was. You pushed vague references, shaky theories, and tried to pass off unrelated third-party messages as discovery.

Under 17 U.S.C. § 501(b), you have to prove ownership before accusing anyone of infringement. You didn't do that. Instead, you dragged us through expensive, time-consuming nonsense based on "belief" that the Barry White Trust holds rights. You referenced a 2001 renewal by Barry White himselfr—who wasnt even the legal valid owner at the time—and claimed that was good enough.

Meanwhile, your original accusations didn't just hurt me legally. They hurt my business. Industry folks saw your emails. People who vote for Grammys, who handle distribution deals, who I've worked with for decades—they saw me accused of theft before I ever got a chance to defend myself. That damage is real. It's not going away. And it came from you, before you ever showed a copyright certificate or anything to back it up.

This isn't a straightforward copyright case. It's a case study in how legal threats can be used to gain leverage when there's no real evidence to stand on. The law demands more than pressure and intimidation. It demands proof. If you still want a real conversation about resolution, I'm open to it. But if you are truly trying to amicably resolve this—as you claim—then a direct response, not a deflection, avoidance, or silence, would prove it. Responding transparently to our requests for ownership documentation and legal authority would be a meaningful first step.. But we do it on facts, not fear.

Rodney David Oliver
/s/ Rodney David Oliver
Pro Se Litigant

11074 Oso Avenue

Chatsworth, CA 91311

rodneyolivermusic@gmail.com

CC: Necole Key Co Owner of Everlasting Bass sound recording/Catalog manager

# Request for Signed Agreements & Copyright Transfer Documentation – Urgent Clarification Required

**From:** Necole Key
necole@ladykeymanagement.com
**To:** Matson, Timothy C.
tmatson@foxrothschild.com, Dorothy Weber
dorothy@musiclaw.com, FinanR@gtlaw.com
FinanR@gtlaw.com,
dalia.auerbach@epicrecords.com
dalia.auerbach@epicrecords.com, Rodney
rodneyocali@yahoo.com
**Sent:** Tuesday, February 25 at 1:51 PM

Dear Ms. Weber and Epic Records Legal Team,

As Rodney O's Rights Manager, I have the obligation to protect his rights and interests in all matters concerning his intellectual property, licensing agreements, and financial entitlements. To fulfill this duty effectively, I require full clarity and transparency from all parties involved.

1. Request for Signed Agreements from Epic Records

Epic Records has asserted rights over the master recording and composition for Like That (including the Kendrick Lamar verse) and the use of Everlasting Bass. However, no fully executed agreements have been provided to confirm Epic's legal authority over these rights.

Accordingly, I am requesting the immediate production of the following:

- A fully executed and signed agreement proving Epic Records obtained a valid license for both the master recording and composition incorporating Everlasting Bass.
- Proof of clearance for Kendrick Lamar's verse, confirming that all relevant stakeholders approved its inclusion.

- Any correspondence or documentation that supports Epic's claim of legal authority over these rights, including revenue allocations.

Failure to provide these agreements within three (3) business days will necessitate legal action to ensure Rodney O's rights are properly protected.

 2. Dorothy Weber's Involvement & Request for Copyright Transfers
Ms. Weber, as legal counsel for the Barry White Family Trust, your involvement in Rodney O's negotiations with Epic Records is concerning. Your role should be strictly limited to Barry White's estate, yet you have actively interfered in ongoing discussions between myself (acting as Rodney's rights manager) and Epic Records.

Furthermore, your copyright registration does not name the Barry White Family Trust as the registered owner. Therefore, I am formally requesting:

- A valid copyright transfer document confirming that the previous copyright owner lawfully transferred rights to the Barry White Family Trust.
- If no such letter of assignment or transfer exists, your claims lack prima facie standing and must be immediately withdrawn.
- A written explanation clarifying why you are interfering in Rodney O's licensing discussions with Epic, given that you represent a separate legal interest.

 3. Next Steps for Transparency & Resolution
To move forward in good faith and ensure that all rights are properly handled, I expect the following actions:

1. Epic Records must provide the requested signed agreements within three (3) business days from today.
2. Ms. Weber must produce a valid copyright transfer document for Barry White's estate or formally withdraw any claims related to copyright ownership.

3. Immediate cessation of any interference in Rodney O's licensing discussions with Epic Records.

As Rodney O's rights manager, I must have full clarity and transparency to ensure that his interests are protected. Please confirm receipt of this request and provide the requested documentation within the specified timeframe.

Sincerely,


Necole Key
Rights Manager
www.ladykeymanagement.com
626-598-6647

# EXHIBIT C



EXHIIBIT D

Eric Weissman Music Licensing Inc.

March 20, 2024

Ms. Necole Key
Rights Manager
Lady Key Management

Re: Epic Records -w- Publishing Designee of Rodney Oliver - Use of "Everlasting Bass" in the musical composition entitled "Like That" as performed by Future

Dear Necole:

     On a solely non precedential basis, I am writing on behalf of Epic Records to confirm that the Publishing Designee of Rodney Oliver (hereinafter referred to as "Sampled Publisher") has agreed to license to Epic Records and its designees, in perpetuity, throughout the world, in all audio and audio/visual configurations now known or hereinafter devised, including without limitation: compact discs, non-musical spoken-word messages or greetings, so-called "ringtones", so-called applications or "apps", DVDs, Blu-Ray discs, vinyl discs and all digital phonorecord delivery and music videos, the use of the musical composition (the "Original Composition") entitled "Everlasting Bass" written by Rodney Oliver and Joe Cooley, as embodied in the musical composition (the "Future Composition") entitled "Like That" as performed by the Epic Records recording artist p/k/a Future. The Sampled Publisher grants to Epic Records the non-exclusive and perpetual right to exploit the Original Composition as embodied in the Future Composition for the full terms of copyright and any extensions and renewals thereof, and to manufacture, reproduce, sell, transmit, publicly perform, and otherwise exploit the Original Composition as embodied in the Future Composition, and to authorize the same throughout the world. In consideration of the foregoing license and in the event that the Original Composition as embodied in the Future Composition is commercially exploited, Sampled Publisher shall be entitled to a fifty (50%) percent interest in the copyright of the Future Composition. In addition, Epic Records shall arrange to pay Sampled Publisher a one-time only non-recoupable fee in the amount of Five Thousand ($5,000.00) Dollars.

     Sampled Publisher warrants and represents that it wholly owns and/or controls the Original Composition throughout the world, it has the right to grant the rights granted herein and that the rights granted by Sample Publisher shall not infringe on the rights of any third party. Sampled Publisher shall indemnify Epic Records and its designees against any claims arising from Sampled Publisher's breach of the warranties and representations contained herein.

250 West 55th Street, 17th fl.
New York, NY 10019
(212) 707-8804 (ph)

If the foregoing does not reflect your understanding of our agreement, please notify me immediately.

Very truly yours,

Eric D. Weissman

Agreed and accepted to:

By: _____
An Authorized Signatory o/b/o
the Publishing Designee of Rodney Oliver

250 West 55th Street, 17th fl.
New York, NY 10019
(212) 707-8804 (ph)



# Audit Trail

DigiSigner Document ID: e392bb8b-1e91-4913-bf0c-e58d7dc6c53a

**Signer**

IP Address: 172.56.120.176

IP Address: 172.56.120.176

**Signature**

| Event | User | Time | IP Address |
|---|---|---|---|
| Upload document | necolekey@gmail.com | 3/21/24 4:18:37 PM EDT | 2603:8000:1002:e6bf:6e96:ec80:f40c:ce36 |
| Open document | necolekey@gmail.com | 3/21/24 4:18:44 PM EDT | 2603:8000:1002:e6bf:6e96:ec80:f40c:ce36 |
| Close document | necolekey@gmail.com | 3/21/24 4:18:57 PM EDT | 2603:8000:1002:e6bf:6e96:ec80:f40c:ce36 |
| Send for signing | necolekey@gmail.com | 3/21/24 4:19:10 PM EDT | 2603:8000:1002:e6bf:6e96:ec80:f40c:ce36 |
| Open document | unknown | 3/21/24 4:22:03 PM EDT | 172.56.120.176 |
| Sign document | unknown | 3/21/24 4:22:54 PM EDT | 172.56.120.176 |
| Close document | unknown | 3/21/24 4:22:54 PM EDT | 172.56.120.176 |

# CERTIFICATE OF SERVICE

I hereby certify that on June 2,, 2025, I caused a true and correct copy of the foregoing:

Motion to Strike and for Sanctions;

Exhibits A–D (including supporting documents and correspondence);

Dorothy M. Weber, Esq.
Shukat Arrow Hafer Weber & Herbsman, LLP
494 8th Avenue, Suite 600
New York, NY 10001
Email: dorothy@musiclaw.com

Joe Cooley, Pro Se
248 E 157th Street
Gardena, CA 90248
Email: cooleyjoe011@gmail.com

Respectfully submitted,
/s/ Rodney David Oliver
Rodney David Oliver
Pro Se Defendant
11074 Oso Ave
Chatsworth ca 91311
rodneyolivermusic@gmail.com