UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 1:24-cv-07509 (DLC)

THE BARRY WHITE FAMILY TRUST,

Plaintiff,

v.

JOE COOLEY, RODNEY DAVID OLIVER P/K/A RODNEY-O,

AND NOT INTERESTED PUBLISHING,

Defendants.

---

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE
PLAINTIFF'S MISREPRESENTATIONS AND UNDISCLOSED MATERIALS

Defendant Rodney David Oliver respectfully submits this memorandum of law in support of his motion to strike, pursuant to Federal Rules of Civil Procedure 12(f), 26(a), 37(c)(1), and 56(c)(2), as well as Federal Rules of Evidence 401, 403, and 901. For the reasons set forth below, Plaintiff's opposition brief (Dkt. 33) and the accompanying materials contain demonstrably false statements and inadmissible documents which must be stricken from the record.

PRELIMINARY STATEMENT

Plaintiff's opposition to Defendants' motion to dismiss is built on misrepresentation and conjecture, not evidence. Plaintiff presents a licensing agreement that references an unrelated musical work ("Everlasting Bass"), falsely asserts a Capitol Records affiliation, and April 14,2025 pre trial conference introduces the notion of an "escrow agreement" and an "agreement in principle" with Sony/Epic—all without any evidentiary basis. These claims are not merely incorrect—they are prejudicial and calculated to mislead the Court.

FACTUAL BACKGROUND

Plaintiff has filed suit alleging copyright infringement of Barry White's composition "I'm Gonna Love You Just a Little More, Baby," a 1972 unpublished work. In opposing dismissal, Plaintiff:

1.  Attached an agreement between Epic Records and Defendant Rodney David Oliver referencing "Everlasting Bass" (Dkt. 33-1, Ex. A), which is wholly unrelated to the Barry White composition;

2.  Claimed without basis that Defendants were signed to Capitol Records;

3. Asserted that an escrow agreement and an "agreement in principle" existed with Sony/Epic—claims refuted in open court on April 24, 2025;

4. Stated that Defendants received an advance from BMI, with no evidence or documentation;

5. Failed to produce any copyright assignment or registration reflecting ownership of the asserted composition;

6. Failed to deposit sheet music or a legally valid registration as required for pre-1978 works.

ARGUMENT

I. LEGAL STANDARD

A court may strike "redundant, immaterial, impertinent, or scandalous matter" from a pleading. Fed. R. Civ. P. 12(f). Documents submitted at summary judgment must be admissible. Fed. R. Civ. P. 56(c)(2); see also *Raskin v. Wyatt Co.*, 125 F.3d 55, 66 (2d Cir. 1997). Rule 26 requires disclosure of documents used to support claims. If a party fails to comply, Rule 37(c)(1) bars its use. *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006).

II. PLAINTIFF'S KEY SUBMISSIONS ARE MATERIALLY FALSE AND INADMISSIBLE

A. The Epic Agreement Is Irrelevant and Misleading

The agreement attached as Exhibit A does not involve the Barry White composition. It references "Everlasting Bass," a distinct work authored by Defendant. It was never disclosed in Rule 26(a) initial disclosures, and is thus barred under Rule 37(c)(1). Moreover, it fails authentication under FRE 901.

B. Assertions About Capitol Records, BMI, and Escrow Lack Any Evidentiary Basis

Statements that Defendants were affiliated with Capitol Records or received a BMI advance are unsupported and demonstrably false. No documentation accompanies these claims. The same holds for the supposed "escrow" and "agreement in principle." These were denied in open court by both Defendants and rights agent Necole Key. Misrepresentations of this nature warrant judicial sanction and should be stricken. See *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013).

C. Plaintiff Has Not Proven Ownership or Valid Registration

Under 17 U.S.C. § 501(b), only the legal or beneficial owner may sue. Plaintiff has not submitted any assignment or trust documents. The purported registration is invalid because it covers a sound recording, not sheet music, as required by law for pre-1978 compositions. See *Mannion v.*

*Coors Brewing Co.*, 377 F. Supp. 2d 444, 454 (S.D.N.Y. 2005); Compendium of U.S. Copyright Office Practices § 1506.1.

D. Plaintiff Has Not Proven Copying or Access

Plaintiff must show both access and substantial similarity. See *Arnstein v. Porter*, 154 F.2d 464, 468 (2d Cir. 1946). No evidence has been presented that Defendants had access to the unpublished composition. No musical comparison has been made to the alleged sheet music, which has never been submitted.

III. STRIKING IS THE PROPER REMEDY

Where a party makes knowing misrepresentations and submits inadmissible materials, striking is appropriate. See *RSM Prod. Corp. v. Fridman*, 643 F. Supp. 2d 382, 402 (S.D.N.Y. 2009). The prejudice here is direct: Defendants are forced to rebut allegations that are factually baseless and procedurally defective.

CONCLUSION

For these reasons, Defendant respectfully requests that the Court STRIKE:

1. Exhibit A to Plaintiff's opposition (Dkt. 33-1);

2. All references to licensing of Barry White's composition by Defendants;

3. All claims concerning Capitol Records affiliation, BMI advances, and escrow or agreement in principle;

4. All unsupported claims of ownership, registration, or infringement;

And grant any further relief the Court deems just and proper.

Dated: June 2, 2025
Respectfully submitted,

/s/ Rodney David Oliver
Rodney David Oliver (Pro Se)
11074 Oso Ave
Chatsworth, CA 91311
rodneyolivermusic@gmail.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

THE BARRY WHITE FAMILY TRUST,
 Plaintiff,

v.

JOE COOLEY, RODNEY DAVID OLIVER P/K/A RODNEY-O,
 AND NOT INTERESTED PUBLISHING,
 Defendants.

Case No. 1:24-cv-07509-DLC

**DECLARATION OF RODNEY DAVID OLIVER IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE AND FOR SANCTIONS**

I, Rodney David Oliver, also known professionally as Rodney-O, declare pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct to the best of my knowledge and belief:

1. I am a named Defendant in the above-captioned matter. I make this declaration in support of Defendants' Motion to Strike and for Sanctions in response to Plaintiff's misrepresentations and improper evidentiary submissions.

2. I am the creator of the musical work "Everlasting Bass," which I independently composed at the age of 16 using a synthesizer and a Roland TR-808 drum machine. This composition is an original work and is not based on or derived from any Barry White composition, including "I'm Gonna Love You Just a Little More, Baby."

3. Plaintiff has falsely represented that I, or someone on my behalf, executed a licensing agreement with  Eric Weisman Licensing, Inc., regarding the Barry White composition. I affirm that I have never seen, signed, or authorized any such agreement.

4. The document Plaintiff submitted as a "License Agreement" is not a valid, enforceable, or mutual agreement. It has no legal effect and was not the result of any negotiation, consent, or authorization on my part.

5. Plaintiff also falsely asserted during the April 24, 2025 Initial Conference that Necole Key had reached an "agreement in principle" on my behalf. I categorically deny this. At no time did I authorize Ms. Key or anyone else to enter into any agreement, nor was I informed of or consented to any such purported agreement. Plaintiff has produced no written or electronic evidence substantiating this claim.

6. Plaintiff further claimed to the Court that earnings related to the composition "Like That" were being held in escrow. I have since reviewed an April 2025 email from BMI, which confirms that no escrow agreement exists. Instead, BMI stated they are withholding earnings until ownership shares are confirmed. This is not an escrow arrangement and contradicts Plaintiff's statement to the Court.

7. I have never received any advance from BMI in relation to the Barry White composition or to the song "Like That." Nor have I received any funds, contract, or communication from Capitol Records or Epic regarding licensing rights for the composition at issue.

8. Plaintiff's conduct—including the use of an unauthenticated license document, false claims regarding agreement, and unsupported statements regarding advances—demonstrates a disregard for the truth and a misuse of judicial and discovery processes.

9. I respectfully request that the Court strike the alleged License Agreement from the record and impose sanctions against Plaintiff for improper evidentiary practices, false representations, and discovery misconduct.


Executed on June 2 2025

/s/ Rodney David Oliver
 Rodney David Oliver
 p/k/a Rodney-O

11074 Oso Ave
Chatsworth ca 91311
rodneyolivermusic@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on June 2,, 2025, I caused a true and correct copy of the foregoing:

Motion to Strike and for Sanctions;

Exhibits A–D (including supporting documents and correspondence);

Dorothy M. Weber, Esq.

Shukat Arrow Hafer Weber & Herbsman, LLP

494 8th Avenue, Suite 600

New York, NY 10001

Email: dorothy@musiclaw.com

Joe Cooley, Pro Se

248 E 157th Street

Gardena, CA 90248

Email: cooleyjoe011@gmail.com

Respectfully submitted,

/s/ Rodney David Oliver

Rodney David Oliver

Pro Se Defendant

11074 Oso Ave

Chatsworth ca 91311

rodneyolivermusic@gmail.com

# EXHIBIT A

**Rodney David Oliver**
11074 Oso Avenue
Chatsworth, CA 91311
rodneyolivermusic@gmail.com

**May 27, 2025**

Dorothy M. Weber, Esq.
Herbsman Hafer Weber & Frisch, LLP
494 Eighth Avenue, Sixth Floor
New York, NY 10001
dorothy@musiclaw.com

**Re: Your Letter Dated May 22, 2025**
**Barry White Family Trust v. Oliver et al., Case No. 24-cv-07509 (DLC)**

Ms. Weber,

Let's get real. You've called this a "straightforward copyright case" more than once, but that's never been true. This case has dragged on not because the facts support your claim—but because you and your client have tried to push pressure tactics and legal threats instead of showing actual proof.

The first time you reached out, it wasn't with a phone call or a cease-and-desist. You sent a litigation hold notice calling "Everlasting Bass" infringing. That track came out over 35 years ago. I made it when I was a teenager with a keyboard and no connections to Barry White or his catalog. No one from your side provided a registration, a chain of title—nothing. Just threats, and a demand that we save every text, email, and DM we've ever sent.

Then you copied the whole music industry on that email. Major labels, lawyers, publishers—people I've never worked with—got to read you accuse me and my team of theft. That email damaged my name and my business, before any case was even filed.

My rights manager and business partner, Necole Key, stayed professional. She asked for proof. Not because we were being difficult, but because that's what the law requires. You didn't provide any. Instead, you sent back a message that was condescending and copied the same big audience again. The message was clear: "Don't question me."

But the questions Necole raised were right. You sued for composition infringement. And the law says only what's in the registered deposit copy is protected. You didn't give us that. You gave us sound recordings. And when we finally got the sheet music ourselves, guess what? The bassline you claimed we stole wasn't even there—just a generic Gm vamp and an "N.C." mark. Nothing original, nothing protectable.

You knew—or should've known—that from the start. But instead of owning up to that, you pushed forward with a lawsuit designed to shake us down for ownership and royalties. You wanted 30% of the publishing and 25% of the sound recording royalties from "Like That," even though you had only filed a composition infringement claim. At the time of your August 9, 2024 letter, you were fully aware that Epic Records had not finalized or released the track featuring Kendrick Lamar, and that I had no contractual path to secure proper compensation or credit due to your pending claim. Your infringement accusation effectively blocked me from even negotiating with Epic to receive what I was rightfully owed.

At the same time, you demanded that I give up ownership in a song built on my own independently created work—a track I couldn't even get properly credited on because of your interference. Worse still, your demand for a share of the sound recording revenue reveals a fundamental legal contradiction. You sued for composition infringement, not sound recording infringement. You have never asserted rights in the "Like That" master, and you cannot legally claim joint authorship or ownership of that sound recording. Your attempt to extract a share of it anyway proves that this lawsuit was never about a narrow legal claim. It was about controlling something you had no legal basis to touch.

That's not protection of a legacy. That's exploitation.

Let's talk about what Necole had to endure. She got hit with your accusations first. She was CC'd on emails to big players in the music industry and treated like an outsider for asking for basic legal documentation. She's a woman with under a decade in this field, no major-label ties, and she handled herself with respect and clarity. You chose to belittle that—publicly. That wasn't lawyering. That was bullying.

I also need to make something very clear: you cannot continue to mischaracterize or attack Necole Key in this litigation or in your representations to the Court. She is not just a witness or administrator. She is a legal co-owner of the "Everlasting Bass" sound recording. I granted her that co-ownership retroactively and lawfully. Under copyright law, I have the right to assign my interest to whomever I choose, and I chose to share it with someone who has protected my music like it was her own. And now, it legally is.

Your attempts to frame Ms. Key as someone without standing are not just wrong—they are disrespectful and misleading. She is a rightsholder, and she deserves to be treated with the legal recognition and respect that comes with that title.

Finally, I ask that you clarify the basis on which you've previously invoked Warner Music's alignment with your client. In the April 24, 2025 conference, you stated that the "renewal copyright was filed in Mr. White's individual name." That is true as a matter of record—but it raises a serious legal inconsistency. According to U.S. Copyright Office records, the copyright to "I'm Gonna Love You Just a Little More, Babe" was transferred to Warner/Unichappell Music in 1983. If Warner held the rights at the time, Barry White could not legally renew the copyright in his own name in 2001 without Warner's consent or assignment.

Filing a renewal in the name of someone who no longer owns the rights does not establish standing. It raises questions about chain of title and the validity of any rights later claimed by the Barry White Family Trust. If Warner owned the copyright when the renewal was filed, and there's no evidence of a reassignment to Mr. White before 2001, then your client cannot claim unbroken ownership.

I request that you produce any written agreement or chain of title showing how Barry White had legal authority to renew the copyright in 2001 despite the prior 1983 transfer to Warner. Without that, your client's standing remains unsupported under 17 U.S.C. § 501(b).

Your tactics didn't stop there. Every step of this case—from pre-motion discovery to your vague settlement letters—has been about evasion. You wanted us to hand over contracts, royalty data, and internal communications, but you refused to hand over the only thing that matters in a copyright case: a clean, continuous chain of title proving you even own what you're claiming.

Even my own lawyer at the time, Timothy Matson, couldn't make sense of your position. On February 20, 2025, he emailed my team and asked, "What is Dorothy referring to?" That's how unclear your case was. You pushed vague references, shaky theories, and tried to pass off unrelated third-party messages as discovery.

Under 17 U.S.C. § 501(b), you have to prove ownership before accusing anyone of infringement. You didn't do that. Instead, you dragged us through expensive, time-consuming nonsense based on "belief" that the Barry White Trust holds rights. You referenced a 2001 renewal by Barry White himselfr—who wasnt even the legal valid owner at the time—and claimed that was good enough.

Meanwhile, your original accusations didn't just hurt me legally. They hurt my business. Industry folks saw your emails. People who vote for Grammys, who handle distribution deals, who I've worked with for decades—they saw me accused of theft before I ever got a chance to defend myself. That damage is real. It's not going away. And it came from you, before you ever showed a copyright certificate or anything to back it up.

This isn't a straightforward copyright case. It's a case study in how legal threats can be used to gain leverage when there's no real evidence to stand on. The law demands more than pressure and intimidation. It demands proof. If you still want a real conversation about resolution, I'm open to it. But if you are truly trying to amicably resolve this—as you claim—then a direct response, not a deflection, avoidance, or silence, would prove it. Responding transparently to our requests for ownership documentation and legal authority would be a meaningful first step.. But we do it on facts, not fear.

Rodney David Oliver
 /s/ Rodney David Oliver
 Pro Se Litigant

11074 Oso Avenue

Chatsworth, CA 91311

rodneyolivermusic@gmail.com

CC: Necole Key Co Owner of Everlasting Bass sound recording/Catalog manager

**Request for Signed Agreements & Copyright Transfer Documentation – Urgent Clarification Required**

---

**From:** Necole Key
necole@ladykeymanagement.com
**To:** Matson, Timothy C.
tmatson@foxrothschild.com, Dorothy Weber
dorothy@musiclaw.com, FinanR@gtlaw.com
FinanR@gtlaw.com,
dalia.auerbach@epicrecords.com
dalia.auerbach@epicrecords.com, Rodney
rodneyocali@yahoo.com
**Sent:** Tuesday, February 25 at 1:51 PM

Dear Ms. Weber and Epic Records Legal Team,

As Rodney O's Rights Manager, I have the obligation to protect his rights and interests in all matters concerning his intellectual property, licensing agreements, and financial entitlements. To fulfill this duty effectively, I require full clarity and transparency from all parties involved.

 1. Request for Signed Agreements from Epic Records
Epic Records has asserted rights over the master recording and composition for Like That (including the Kendrick Lamar verse) and the use of Everlasting Bass. However, no fully executed agreements have been provided to confirm Epic's legal authority over these rights.

Accordingly, I am requesting the immediate production of the following:

- A fully executed and signed agreement proving Epic Records obtained a valid license for both the master recording and composition incorporating Everlasting Bass.
- Proof of clearance for Kendrick Lamar's verse, confirming that all relevant stakeholders approved its inclusion.

- Any correspondence or documentation that supports Epic's claim of legal authority over these rights, including revenue allocations.

Failure to provide these agreements within three (3) business days will necessitate legal action to ensure Rodney O's rights are properly protected.

2. Dorothy Weber's Involvement & Request for Copyright Transfers
Ms. Weber, as legal counsel for the Barry White Family Trust, your involvement in Rodney O's negotiations with Epic Records is concerning. Your role should be strictly limited to Barry White's estate, yet you have actively interfered in ongoing discussions between myself (acting as Rodney's rights manager) and Epic Records.

Furthermore, your copyright registration does not name the Barry White Family Trust as the registered owner. Therefore, I am formally requesting:

- A valid copyright transfer document confirming that the previous copyright owner lawfully transferred rights to the Barry White Family Trust.
- If no such letter of assignment or transfer exists, your claims lack prima facie standing and must be immediately withdrawn.
- A written explanation clarifying why you are interfering in Rodney O's licensing discussions with Epic, given that you represent a separate legal interest.

3. Next Steps for Transparency & Resolution
To move forward in good faith and ensure that all rights are properly handled, I expect the following actions:

1. Epic Records must provide the requested signed agreements within three (3) business days from today.
2. Ms. Weber must produce a valid copyright transfer document for Barry White's estate or formally withdraw any claims related to copyright ownership.

3. Immediate cessation of any interference in Rodney O's licensing discussions with Epic Records.

As Rodney O's rights manager, I must have full clarity and transparency to ensure that his interests are protected. Please confirm receipt of this request and provide the requested documentation within the specified timeframe.

Sincerely,


Necole Key
Rights Manager
www.ladykeymanagement.com
626-598-6647

EXHIBIT C



<agilliland@bmi.com>

ow-
Up: Clarification on BMI Notification &
Statement Access

Hi Necole,

BMI is still waiting for NOT
INTRESTED PUBLISHING to confirm
their percentage interest in "LIKE
THAT". BMI will then confirm if there
are any conflicts with the other
participants on the work. Once the
share splits are agreed upon BMI
can release the withheld earnings
on "LIKE THAT".

Thank you,
Andie

# EXHIBIT D

## Eric Weissman Music Licensing Inc.

March 20, 2024

Ms. Necole Key
Rights Manager
Lady Key Management

Re: Epic Records -w- Publishing Designee of Rodney Oliver - Use of "Everlasting Bass" in the musical
composition entitled "Like That" as performed by Future

Dear Necole:

On a solely non precedential basis, I am writing on behalf of Epic Records to confirm that the Publishing Designee of Rodney Oliver (hereinafter referred to as "Sampled Publisher") has agreed to license to Epic Records and its designees, in perpetuity, throughout the world, in all audio and audio/visual configurations now known or hereinafter devised, including without limitation: compact discs, non-musical spoken-word messages or greetings, so-called "ringtones", so-called applications or "apps", DVDs, Blu-Ray discs, vinyl discs and all digital phonorecord delivery and music videos, the use of the musical composition (the "Original Composition") entitled "Everlasting Bass" written by Rodney Oliver and Joe Cooley, as embodied in the musical composition (the "Future Composition") entitled "Like That" as performed by the Epic Records recording artist p/k/a Future. The Sampled Publisher grants to Epic Records the non-exclusive and perpetual right to exploit the Original Composition as embodied in the Future Composition for the full terms of copyright and any extensions and renewals thereof, and to manufacture, reproduce, sell, transmit, publicly perform, and otherwise exploit the Original Composition as embodied in the Future Composition, and to authorize the same throughout the world. In consideration of the foregoing license and in the event that the Original Composition as embodied in the Future Composition is commercially exploited, Sampled Publisher shall be entitled to a fifty (50%) percent interest in the copyright of the Future Composition. In addition, Epic Records shall arrange to pay Sampled Publisher a one-time only non-recoupable fee in the amount of Five Thousand ($5,000.00) Dollars.

Sampled Publisher warrants and represents that it wholly owns and/or controls the Original Composition throughout the world, it has the right to grant the rights granted herein and that the rights granted by Sample Publisher shall not infringe on the rights of any third party. Sampled Publisher shall indemnify Epic Records and its designees against any claims arising from Sampled Publisher's breach of the warranties and representations contained herein.

250 West 55th Street, 17th fl.
New York, NY 10019
(212) 707-8804 (ph)

If the foregoing does not reflect your understanding of our agreement, please notify me immediately.

Very truly yours,

Eric D. Weissman

Agreed and accepted to:

By: _____
An Authorized Signatory o/b/o
the Publishing Designee of Rodney Oliver

250 West 55th Street, 17th fl.
New York, NY 10019
(212) 707-8804 (ph)



# Audit Trail

DigiSigner Document ID: e392bb8b-1e91-4913-bf0c-e58d7dc6c53a

## Signer

IP Address: 172.56.120.176

IP Address: 172.56.120.176

## Signature

| Event | User | Time | IP Address |
|---|---|---|---|
| Upload document | necolekey@gmail.com | 3/21/24 4:18:37 PM EDT | 2603:8000:1002:e6bf:6e96:ec80:f40c:ce36 |
| Open document | necolekey@gmail.com | 3/21/24 4:18:44 PM EDT | 2603:8000:1002:e6bf:6e96:ec80:f40c:ce36 |
| Close document | necolekey@gmail.com | 3/21/24 4:18:57 PM EDT | 2603:8000:1002:e6bf:6e96:ec80:f40c:ce36 |
| Send for signing | necolekey@gmail.com | 3/21/24 4:19:10 PM EDT | 2603:8000:1002:e6bf:6e96:ec80:f40c:ce36 |
| Open document | unknown | 3/21/24 4:22:03 PM EDT | 172.56.120.176 |
| Sign document | unknown | 3/21/24 4:22:54 PM EDT | 172.56.120.176 |
| Close document | unknown | 3/21/24 4:22:54 PM EDT | 172.56.120.176 |