# HERBSMAN HAFER WEBER & FRISCH, LLP
### Attorneys At Law
494 Eighth Avenue, Sixth Floor
New York, New York 10001

Jonas E. Herbsman
J. Jeffrey Hafer
Dorothy M. Weber
Michael B. Frisch
--------------
Rakhil Kalantarova
--------------
James E. Doherty
Of Counsel

Telephone (212) 245-4580
Telecopier (212) 956-6471
--------------

WRITER'S E-MAIL:
dorothy@musiclaw.com

July 9, 2025

**Via ECF**
The Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1910
New York, New York 10007

      Re:    *The Barry White Family Trust U/A/D: December 19, 1980, By its Duly Empowered Trustees v. Cooley et al*; Case No. 24-cv-07509 (DLC)

Dear Judge Cote:

      On behalf of the Plaintiffs herein, we write pursuant to Rule 2(C) of the Individual Practices in Civil Cases of this Court and Local Civil Rule 37.2 of the Southern District of New York, to request an informal pre-motion conference with respect to a discovery dispute.

      To date – and notwithstanding the Defendants' unrelenting onslaught of letters and filings charging Plaintiffs with making false claims and other misconduct – Defendants have produced nothing; not one single document to support any of their claims and/or defenses herein. They have simply and willfully ignored Plaintiffs' discovery demands and have refused to schedule a meet and confer to discuss any discovery issues – even the discovery issues they have raised.

      Pursuant to the Scheduling Order herein (Dkt. 80), on May 16, 2025, Plaintiffs propounded on Defendants their First Requests for the Production of Documents ("First Document Requests") and their First Interrogatories to Defendants ("First Interrogatories"). Defendants' responses were due on June 13, 2025, and Defendants neither requested nor were granted any extensions (Dkt. 80, p. 1).

      On Saturday, June 14, 2025, Defendants emailed a document entitled "Defendants' Responses and Objections to Plaintiffs' First Set of Interrogatories" (the "Defendants' Interrogatory Responses"). The Defendants' Interrogatory Responses were both incomplete and deficient, and the Defendants did not provide <u>any</u> written responses, objections or provide any documents in response to the First Document Requests. On June 25, 2025, Plaintiffs sent a letter particularizing each of the issues and defects of Defendants' discovery responses and failures to respond (the "Deficiency Letter"), annexed hereto as Exhibit A. The Deficiency Letter clearly addressed the discovery issues, among which were that the Defendants "rewrote" the interrogatories and responded to at least twelve (12) "self-altered" interrogatories. Defendants' failure to respond to the Deficiency Letter prompted Plaintiffs to send another letter dated June

HERBSMAN HAFER WEBER & FRISCH, LLP

The Honorable Denise L. Cote
July 9, 2025
P a g e | **2**

30, 2025 (copy attached as Exhibit B) requesting to schedule a meet and confer.

On July 2, 2025, Mr. Oliver wrote that they flatly refused to produce any of the Plaintiffs' outstanding discovery. A copy of that email is annexed hereto as Exhibit C. Plaintiffs responded to the Defendants on July 8, 2025, advising that we would inform the Court of their refusals to meet and confer regarding any of the discovery issues which have been raised. A copy of that letter is annexed hereto as Exhibit D.

Defendants' failure to produce even the most basic documents in connection with their defenses or in support of their spurious claims against Plaintiffs and counsel is unacceptable. Since Defendants have failed and refused to make disclosures or cooperate in discovery herein, Plaintiffs wish to seek the relief under Fed. R. Civ. P. 37(a) and (d), as well as the inherent powers of this Court. "If the responding party fails to produce documents, the party seeking discovery may move for an order compelling an answer, designation, production, or inspection." *Harris v. Bronx Parent Hous. Network, Inc.*, No. 18-CV-11681 (GBD)(SN), 2020 WL 763740, at *2 (S.D.N.Y. Feb. 14, 2020). An order compelling production of documents and/or answers to interrogatories is "entrusted to the sound discretion of the district court." *Id*. at *1 (internal citations omitted). Defendants' failures to respond to Plaintiffs' discovery requests leaves Plaintiffs with no choice but to seek the Court's intervention to compel responses and production. "Deadlines provided by the Court are not advisory; rather, they are firm dates that parties, even *pro se* litigants, are expected to meet." *Chan v. Rag & Bone Indus., LLC*, No. 15 CIV. 6319 (RWS), 2016 WL 7495184, at *2 (S.D.N.Y. Dec. 21, 2016) (internal citations omitted). Despite Defendants' *pro se* status, they are expected to equally comply with discovery requirements set forth by the Federal Rules of Civil Procedure. *See Panuccio v. Weichert Workforce Mobility, Inc.*, No. 23-CV-1366, 2024 WL 5047685, at *2 (S.D.N.Y. Dec. 9, 2024). There is no justification here for the Defendants' refusal to respond or communicate with the Plaintiffs.

Plaintiffs intend to also seek relief pursuant to Fed.R.Civ.P. 37(a) (5) ("If the motion [to compel] is granted ... the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."). See, e.g., *Sprint Nextel Corp. v. Ace Wholesale, Inc.*, No. 1:12-CV-2902-JEC, 2014 WL 4308355, at *1 (S.D.N.Y. Aug. 26, 2014) (Cote, J.).

Plaintiffs respectfully ask that the Court schedule a conference to address these outstanding issues and issue an order granting leave to make their motion to compel as set forth above.

Respectfully submitted,

HERBSMAN HAFER WEBER
& FRISCH, LLP
*/s/Dorothy Weber*
Dorothy M. Weber, Esq.