**Rodney David Oliver** *(Pro Se Defendant)*
11074 Oso Avenue
Chatsworth, CA 91311
rodneyolivermusic@gmail.com

**July 08, 2025**

**The Honorable Denise L. Cote**
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:** *The Barry White Family Trust U/A/D December 19, 1980 v. Rodney David Oliver, et al.*
 **Case No.: 1:24-cv-07509 (DLC)** — Status Update in Advance of Mediation

**Dear Judge Cote:**

I respectfully submit this status update as the pro se Defendant in the above-captioned matter to advise the Court of the current status of discovery and to preserve the record in advance of the Court-ordered mediation.

Pursuant to the Court's June 24, 2025 Order (Dkt. 118), I have complied in good faith with the required confidentiality agreement through my business associate Necole Key's executed signature. Plaintiff subsequently produced a partially redacted document set. However, this production does not resolve the key defects in Plaintiff's standing or its claim of ownership in the alleged composition.

**Statement of Undisputed Material Facts**

I have reviewed the discovery record, public copyright registrations, and the chain-of-title documents produced to date. Based on this record, and as detailed in my Rights Manager Report and supporting documents, there is **no genuine dispute of material fact** as to the following:

1. **Standing:**
    Plaintiff has not produced any credible chain-of-title documentation showing a valid termination or reassignment sufficient to establish standing under **17 U.S.C. § 501(b)**. The 1968 January Music–Sa-Vette Agreement and the 1974 Exclusive Songwriter Services Agreement demonstrate that Barry White assigned both initial and renewal terms to corporate publishers. There is no record of a valid reversion to Barry White, his estate, or the Barry White Family Trust.

2. **Deposit Copy:**
    No authentic deposited sheet music has been produced for the claimed published version, nor has Plaintiff demonstrated compliance with the statutory publication notice

    requirements under the **Copyright Act of 1909**, which are mandatory for pre-1978 published works.

3. **No Specific Identification of Copying:**
   Plaintiff has not identified any protectable element that was allegedly copied, nor shown where any such material appears in the valid deposit copy. No musicological report or substantial similarity analysis has been produced, which severely prejudices my ability to prepare an effective defense.

---

**Violation of Rule 26 and Local Civil Rule 33.3**

Plaintiff's failure to produce this core evidence violates its mandatory disclosure obligations under **Fed. R. Civ. P. 26(a)** and its duty to supplement under **Rule 26(e)**. Additionally, Plaintiff's interrogatories and related discovery demands exceed the scope permitted by **Local Civil Rule 33.3**, which limits interrogatories at this stage to the identities of witnesses, computation of damages, and the existence and location of relevant documents. Requests for legal contentions, factual narratives, and detailed theories are premature and improper under Local Rule 33.3(a)-(c).

---

**Good Faith and Reservation of Rights**

I remain willing to participate in the upcoming mediation in good faith pursuant to Local Rule 83.9(g). However, I respectfully note for the record that Plaintiff's claim appears to be used primarily as leverage to extract unrelated concessions concerning my original work, *Everlasting Bass*, rather than to resolve a bona fide claim of infringement. As detailed in my prior correspondence and draft motion materials, I reserve all rights to seek preclusion under **Fed. R. Civ. P. 37(c)(1)**, dismissal for lack of standing, or summary judgment under **Fed. R. Civ. P. 56**, as well as any appropriate fee-shifting or sanctions under **Rule 11**.

Thank you for the Court's attention and continued oversight in this matter.

---

**Respectfully submitted,**

**/s/ Rodney David Oliver**
Rodney David Oliver (Pro Se Defendant)
rodneyolivermusic@gmail.com

---

EXHIBT A: July 2 letter to Plsintiff

Ms. Weber

I am writing again as a pro se defendant to formally address multiple fundamental defects in your client's claim of copyright infringement, all of which remain unresolved.

1. Chain of Title and Standing

Under 17 U.S.C. § 501(b), only the *legal or beneficial owner* of an exclusive right under copyright has standing to bring an infringement suit. Your client cannot meet this requirement for multiple reasons:

(a) The January 29, 1974 Exclusive Songwriter Services Agreement assigned Barry White's entire interest in *"I'm Gonna Love You Just A Little More, Babe"*, including the renewal term, to Sa-Vette Music and January Music Corporation. This was valid under the 1909 Act and *Fred Fisher Music Co. v. M. Witmark & Sons*, 318 U.S. 643 (1943).
 (b) Any personal renewal Barry White filed in 2001 is legally ineffective unless you produce proof of a valid re-assignment back from the prior assignees.
 (c) Even if you claim Barry White reacquired the copyright personally, the Trust cannot rely on that renewal because Barry White withdrew his copyrights from the Trust in 1999, before the renewal term vested.
 (d) You have produced no proof of any valid re-assignment transferring the renewed copyright interest back into the Trust after the 2001 renewal.

Without a valid, documented chain of title — from the original assignees, through any termination or reacquisition, and then a valid re-assignment to the Trust — your client cannot prove ownership of any exclusive right. As a result, your client lacks standing to maintain this lawsuit.

2. Deposit Copy Authentication

In addition, I have already obtained and produced the official deposit copy for Registration EU0000387551 (*"I'm Gonna Love You Just A Little More, Babe"*) from the U.S. Copyright Office. You have still not confirmed or authenticated that this is the correct deposit copy for your claim.
 As you know, the scope of any copyright infringement claim is strictly limited to protectable expression contained in the deposit copy. *Newton v. Diamond*, 388 F.3d 1189 (9th Cir. 2004). If the elements you allege were copied appear only in the sound recording or in later arrangements, and not in the deposited sheet music, they are not protectable under your claimed registration.

It is your legal responsibility to identify:

1. The specific material allegedly copied,

2. Where that material appears in the deposit copy, and

3. How that material appears in my work(s).

Your ongoing refusal to confirm or specify this makes it impossible for me to defend myself or for your client to meet its burden.

3. Prior Notice and Required Action

These defects were already raised by Ms. Key in May 2024 and you chose to ignore them. The law requires you to have an actual factual basis to bring a claim, including a valid chain of title and standing.

4. Unnecessary Delay

I also remind you that your ongoing refusal to authenticate the deposit copy, identify the specific protectable material allegedly copied, and produce any valid proof of chain of title has caused unnecessary delay and expense. Any resulting delay in this litigation is solely the fault of your client, not me. I have done everything within my ability, as a pro se defendant, to obtain and produce the official deposit copy and to request the information you are legally obligated to provide. If you continue to withhold this information, I will present this record to the Court and seek appropriate relief, including costs and fees.

5. Mediation Without Curing Defects

I also want to make clear that to proceed with mediation, settlement discussions, or any further litigation activity without first curing these fundamental defects — including valid chain of title, standing under 17 U.S.C. § 501(b), and clear identification of the allegedly copied protectable material — is an act of bad faith and an abuse of process. It forces me, as a pro se defendant, to spend time and resources defending a claim that your client is not legally entitled to bring. I reserve the right to raise this issue with the Court and to seek any appropriate sanctions or relief.

Demand for Immediate Confirmation

Please confirm immediately or no later than Monday, July 7, 2025:

- That the deposit copy I produced is the correct one,

- The specific protectable elements you claim were copied,

- And your client's proof of a valid re-assignment back from the prior assignees, and any re-assignment to the Trust sufficient to establish standing.

If you continue to refuse to clarify these fundamental points, I will raise this with the Court immediately and will seek dismissal or summary judgment for lack of standing and failure to prove infringement of any protectable expression.

This letter is sent with a full reservation of all rights, defenses, and remedies.

Thank you for your prompt attention.

CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2025, I caused a true and correct copy of the foregoing:

**DEFENDANT — Status Update in Advance of Mediation**

Dorothy M. Weber, Esq.

Shukat Arrow Hafer Weber & Herbsman, LLP

494 8th Avenue, Suite 600

New York, NY 10001

Email: dorothy@musiclaw.com

Joe Cooley, Pro Se

248 E 157th Street

Gardena, CA 90248

Email: cooleyjoe011@gmail.com

Respectfully submitted,

/s/ Rodney David Oliver

Rodney David Oliver

Pro Se Defendant

11074 Oso Ave

Chatsworth ca 91311

rodneyolivermusic@gmail.com