Rodney David Oliver (Pro Se Defendant)

11074 Oso Avenue

Chatsworth, CA 91311

rodneyolivermusic@gmail.com

July 11

VIA EMAIL

Honorable Denise L. Cote

United States District Judge

Southern District of New York

500 Pearl Street

New York, NY 10007

Re: Barry White Family Trust U/A/D December 19, 1980 v. Rodney David Oliver

Case No. 1:24-cv-07509 (DLC)

Subject: Preservation of Standing Objection and Clarification of Hearing Record

Dear Judge Cote,

I submit this letter as a pro se defendant and do so with the utmost respect for this Court and Your Honor. I truly appreciate the time and patience you have given to help resolve the Plaintiff's issues. I understand that you extended that courtesy because I am pro se, in an effort to avoid unnecessary sanctions or confusion. I am very grateful for that.

However, I respectfully want the record to be clear about what happened during the recent call. When I was asked to explain my concerns, I asked for a moment. I was immediately asked if I was being coached. I want to state clearly: I was not being coached. I am not an attorney. I have spent countless hours studying copyright law and chain-of-title issues, all from what my rights manager, Necole Key — who specializes in copyright — has taught me. This is all new to me, and I have hundreds of pages of notes that I rely on to answer questions accurately. When I asked for a moment, it was simply to put my phone down and find the specific note that I knew would help answer Your Honor's question. I do not have all of this memorized, so when I felt pressured to answer immediately, I stopped looking at my notes and tried to respond from memory instead. As a result, I did not answer as clearly or completely as I could have if I had been allowed a brief moment to check my notes.

I respectfully state for the record that I am not a litigator and I do not like conflict. I am simply a private citizen who has always believed that our judicial system relies on truth, facts, and evidence, not on which side makes the strongest statements. When the Plaintiff and their counsel make statements that I know are factually incorrect about copyright ownership, I often find myself shutting down or struggling to respond in real time. It is not because I have anything to hide — it is because I am not trained to argue with attorneys who shift their positions. I have always believed that if I present the actual documents, Copyright

Office records, and sworn declarations, the Court will see the truth and apply the law fairly.

 I would like to address how Ms. Weber responded when I stated that the Trust does not have ownership — Warner/Chappell does. Ms. Weber's position has changed multiple times. First, she claimed the Trust was the sole exclusive owner. Then she said it was a "holder," then a "successor-in-interest," and now she says the Trust is a "co-owner" with Warner/Chappell. This shifting stance makes her credibility questionable. She told the Court that once Necole signed the confidentiality agreement, she would provide the complete chain-of-title. Necole did sign that agreement, yet Ms. Weber never provided any valid written reassignment or statutory termination to show the Trust actually owns any exclusive rights. Now, on the recent call, Ms. Weber said she "can get a letter" from Warner/Chappell to prove co-ownership — which proves she did not provide the full chain-of-title as she told the Court she would.

I also respectfully note for the record that during today's call, the Court appeared to accept Ms. Weber's unsworn representations about possible "co-ownership" rather than the actual factual evidence I submitted — including recorded assignments, public Copyright Office filings, and the sworn declaration of Necole Key. As controlling law makes clear, unsworn statements of counsel do not constitute evidence and cannot establish jurisdiction. (See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992); Skyline Steel, LLC v. PilePro, LLC, 101 F. Supp. 3d 394 (S.D.N.Y. 2015).) This point is preserved to protect my due process rights and ensure the record shows that the factual evidence was not properly rebutted.

For the record, I respectfully submit that **the Complaint itself reflects a fatal standing defect**, consistent with this Court's ruling in *Jonathan Adler Enterprises LLC v. Ins & Outs Pottery, Inc.*, **No. 12-cv-4866 (DLC) (S.D.N.Y. May 23, 2013)**. The Copyright Certificate lists January Music and Sa-Vette Music Co. as the registered owners — **not Barry White individually and not the Barry White Family Trust**. Under **17 U.S.C. § 204(a)**, the only way to cure this gap would be a valid, written, signed reassignment or statutory termination reverting rights back to the Trust. Plaintiff has produced no such document, nor is one recorded with the Copyright Office. As this Court held in *Jonathan Adler*, when the plaintiff does not match the registered owner and cannot produce a valid written transfer, standing is absent under **17 U.S.C. § 501(b)** as a matter of law. Therefore, under **Fed. R. Civ. P. 12(h)(3)**, the Court must dismiss for lack of subject-matter jurisdiction. My status as a **pro se defendant** should not alter this requirement.

For the record, I am doing everything in good faith to comply with the Court's orders and to protect my rights. I am only asking that the Plaintiff prove what the Copyright Act requires: actual legal or beneficial ownership of an exclusive right under 17 U.S.C. § 501(b). Without valid evidence — not promises of future letters — this case should be dismissed under Rule 12(h)(3) for lack of subject-matter jurisdiction.

I also respectfully want the record to show that I believe the Plaintiff is attempting to prolong this litigation and frame me as uncooperative in order to obtain a win by default or wear me down. I have complied with every order in good faith and have provided clear factual evidence showing that the Trust does not have standing. I want it to be clear for any future review that I do not waive this jurisdictional defense, and that I have continued to raise it properly under Rule 12(h)(3) despite Plaintiff's shifting positions and delays. The law is clear that standing cannot be manufactured through prolonged litigation or unsworn promises to cure a fatal chain-of-title defect.

Defendant's Preservation of Lack-of-Standing Defense
1. Defendant timely raised lack of standing as a jurisdictional defense under 17 U.S.C. § 501(b) and Article III of the U.S. Constitution.
2. Defendant supported the standing challenge with factual evidence, including:
   - Public Copyright Office assignments showing an unbroken chain-of-title from Barry White to publishers and BMI.

   - Sworn Declaration of Necole Key under penalty of perjury.
   - Trust documents showing the 1999 withdrawal of copyrights before any renewal term vested.
   - Evidence of no valid statutory termination notice filed under 17 U.S.C. §§ 203 or 304(c).
   - Evidence that no valid written reassignment ever transferred exclusive rights back to the Trust.

3. Once a factual challenge was made, Plaintiff bore the burden of producing admissible evidence to prove standing. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).
4. Plaintiff failed to produce any valid written reassignment or recorded statutory termination, and offered only unsworn attorney statements that they "could cure" the defect later. Such statements do not constitute evidence and cannot create subject-matter jurisdiction. Skyline Steel, LLC v. PilePro, LLC, 101 F. Supp. 3d 394, 406 (S.D.N.Y. 2015).
5. Under Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action at any time it determines that subject-matter jurisdiction is lacking. There is no discretion to retain jurisdiction when unrebutted evidence shows that the Plaintiff lacks standing.
6. Therefore, Defendant respectfully preserves for appeal the argument that the Court erred by ignoring unrebutted factual evidence of a chain-of-title break, in violation of Rule 12(h)(3) and controlling authority including Righthaven LLC v. Hoehn, 716 F.3d 1166 (9th Cir. 2013) and Silvers v. Sony Pictures Ent., Inc., 402 F.3d 881 (9th Cir. 2005) (en banc).
7. Defendant further preserves the argument that under the Copyright Act, standing cannot be retroactively "cured" through an unsworn promise of future documents, where no valid reassignment or statutory termination exists.

Thank you, Your Honor, for considering my position.

Respectfully submitted,

/s/ Rodney David Oliver
Rodney David Oliver (Pro Se Defendant)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Barry White Family Trust U/A/D December 19, 1980, Plaintiff,

v.

Rodney David Oliver, Defendant.

Case No. 1:24-cv-07509 (DLC)

## DECLARATION OF RODNEY DAVID OLIVER

## IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

## FOR LACK OF SUBJECT MATTER JURISDICTION

I, Rodney David Oliver, declare under penalty of perjury as follows:

1. I am the Defendant in this action, proceeding pro se. I have personal knowledge of the facts set forth below and if called as a witness, could and would competently testify thereto.

2. I submit this Declaration in support of my Motion to Dismiss the Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

3. The documents listed below demonstrate that Plaintiff Barry White Family Trust U/A/D December 19, 1980 lacks standing under 17 U.S.C. § 501(b) because it has no valid, continuous chain of title or beneficial ownership in the copyrights at issue.

4. The key supporting documents include, but are not limited to, the following:

- 1968 January Music–Sa-Vette Assignment Agreement (BWT-001318 to BWT-001320), showing Barry White assigned all rights in his musical works.

- 1974 Exclusive Songwriter Services Agreement (BWT-001321 to BWT-001323), reaffirming the original assignment and clarifying that the works were created under exclusive "services of songwriter" conditions.

- Certificates of Registration confirming title registrations for "I'm Gonna Love You Just a Little More, Babe" and other works. (BWT-001546CONFIDENTIAL, BWT-001547CONFIDENTIAL)

- Public Record Assignments: 1978 Interworld Music Group to Six Continents Music Publishing (V1669P081); 1983 Six Continents to Unichappell Music, Inc. (V1972P205); Barry White/Sa-Vette to BMI and Broadcast Music, Inc. (V1901P275; V1876P274)

- Copyright Security Agreements showing these works were pledged as collateral, with no valid termination or reassignment to the Plaintiff: Warner Copyright Security Agreement (V3510D181); Wells Fargo Copyright Security Agreement (V3579D654); Notice of Relinquishment by Bank of America (V3578D654)

- Barry White Family Trust documents (BWT-001549CONFIDENTIAL, BWT-001550CONFIDENTIAL) showing that any copyrights were withdrawn from the trust before any renewal term vested.

5. Furthermore, the undisputed record shows that Barry White, in his individual capacity, signed over all rights, title, and interest in the works at issue to corporate publishing entities. The agreements demonstrate that Barry White retained only a contractual right to receive royalty distributions — not any legal or beneficial ownership. Warner/Chappell is the sole exclusive owner, and there is no valid written reassignment or recorded statutory termination that transferred rights back to the Plaintiff Trust. There is no document in the Copyright Office or otherwise that proves the Trust is the owner or controller of the works.

6. I respectfully remind the Court that standing cannot be based on counsel's unsupported statements. The Court must decide standing based on admissible evidence, not on the Plaintiff's shifting characterizations. Therefore, the Plaintiff has failed to meet its burden to prove ownership under 17 U.S.C. § 501(b).

7. I respectfully ask the Court to reconsider its acceptance of any unsworn representations of "having confidence to prove ownership" by Plaintiff's counsel not supported by valid written assignments, recorded statutory terminations, or other admissible evidence. I further preserve for the record that I do not waive my jurisdictional defense under Fed. R. Civ. P. 12(h)(3) and 17 U.S.C. § 501(b). I respectfully maintain that the record shows a clear break in the chain of title, that Barry White transferred all rights to corporate publishers and retained only royalty income rights, and that no valid reassignment or termination ever restored ownership to the Plaintiff Trust. Because subject-matter jurisdiction cannot be created by agreement or waived, I preserve this defense for any future appeal and ask the Court to apply the controlling law that requires dismissal when standing is lacking, as the Court did in the Jonathan Alder case

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this  11 day of July 2025 in Chatsworth, California.

Respectfully submitted,

/s/ Rodney David Oliver

Rodney David Oliver (Pro Se Defendant)

11074 Oso Avenue

Chatsworth, CA 91311

rodneyolivermusic@gmail.com