Rodney David Oliver (Pro Se Defendant)

11074 Oso Avenue

Chatsworth, CA 91311

rodneyolivermusic@gmail.com

July 15, 2025

VIA EMAIL

Honorable Denise L. Cote

United States District Judge

Southern District of New York

500 Pearl Street

New York, NY 10007

Barry White Family Trust U/A/D December 19, 1980 v. Rodney David Oliver

Case No. 1:24-cv-07509 (DLC)

Dear Judge Cote

I'm tired of having to keep defending myself over and over, and of watching Ms. Weber keep attacking Necole for speaking her mind about another case we're co-plaintiffs in — which this case has caused. It's been mischaracterized just to make us look like we're violating some rule when all we've done is stand up for our rights.

The truth is, we didn't create this mess — but we're the ones being punished for standing our ground. We were expected to roll over, give up our work, and hand over our music just because a legacy trust claims they own it. Well, **the law says they have to prove it.** They haven't. They can't.

By law, once I showed the break in the chain of title — which I did with documents like the 1983 Warner agreement — the burden was on Plaintiffs to come forward with a valid reassignment or a statutory termination. They have not done that. Instead, this Court took Ms. Weber's word that she's "confident" she can prove it later. But **that is not what the law says.** Standing is jurisdictional — they must have it when they file the Complaint. Period.

I shouldn't even be here still fighting this. **Rule 12(h)(3)** was written for this exact situation. I trust the Court will see through these tactics, follow what it did in *Jonathan Adler*, and dismiss this case because they don't own what they claim to own.

Thank you for your time.

Defendant's Preservation of Lack-of-Standing Defense
1. Defendant timely raised lack of standing as a jurisdictional defense under 17 U.S.C. § 501(b) and Article III of the U.S. Constitution.
2. Defendant supported the standing challenge with factual evidence, including:
   - Public Copyright Office assignments showing an unbroken chain-of-title from Barry

White to publishers and BMI.
   - Sworn Declaration of Necole Key under penalty of perjury.
   - Trust documents showing the 1999 withdrawal of copyrights before any renewal term vested.
   - Evidence of no valid statutory termination notice filed under 17 U.S.C. §§ 203 or 304(c).
   - Evidence that no valid written reassignment ever transferred exclusive rights back to the Trust.

3. Once a factual challenge was made, Plaintiff bore the burden of producing admissible evidence to prove standing. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).

4. Plaintiff failed to produce any valid written reassignment or recorded statutory termination, and offered only unsworn attorney statements that they "could cure" the defect later. Such statements do not constitute evidence and cannot create subject-matter jurisdiction. Skyline Steel, LLC v. PilePro, LLC, 101 F. Supp. 3d 394, 406 (S.D.N.Y. 2015).

5. Under Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action at any time it determines that subject-matter jurisdiction is lacking. There is no discretion to retain jurisdiction when unrebutted evidence shows that the Plaintiff lacks standing.

6. Therefore, Defendant respectfully preserves for appeal the argument that the Court erred by ignoring unrebutted factual evidence of a chain-of-title break, in violation of Rule 12(h)(3) and controlling authority including Righthaven LLC v. Hoehn, 716 F.3d 1166 (9th Cir. 2013) and Silvers v. Sony Pictures Ent., Inc., 402 F.3d 881 (9th Cir. 2005) (en banc).

7. Defendant further preserves the argument that under the Copyright Act, standing cannot be retroactively "cured" through an unsworn promise of future documents, where no valid reassignment or statutory termination exists.

Thank you, Your Honor, for considering my position.

Respectfully submitted,

/s/ Rodney David Oliver
Rodney David Oliver (Pro Se Defendant)

11074 Oso Avenue

Chatsworth, CA 91311

rodneyolivermusic@gmail.com