```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
                                      :
THE BARRY WHITE FAMILY TRUST U/A/D:   :    24cv7509 (DLC)
DECEMBER 18, 1980, BY ITS DULY        :
EMPOWERED TRUSTEES,                   :        ORDER
                                      :
                        Plaintiffs,   :
                                      :
              -v-                     :
                                      :
JOE COOLEY, RODNEY DAVID OLIVER p/k/a :
RODNEY-O, d/b/a NOT INTRESTED         :
PUBLISHING,                           :
                                      :
                        Defendants.   :
                                      :
------------------------------------- X
```

DENISE COTE, District Judge:

The plaintiffs served the defendants with requests for production and interrogatories on May 16, 2025. The defendants' responses were due by June 16. In a letter of July 9, the plaintiffs stated that the defendants had not produced any documents and had provided incomplete and deficient responses to interrogatories. These issues were addressed at a conference held on July 11, in which the Court instructed defendant Oliver, and he agreed, to produce documents and provide interrogatory responses by July 15. At the conference, the Court also outlined a range of sanctions that may follow from a failure to comply with discovery obligations. The plaintiffs filed a letter on July 15 stating that such discovery had not been provided as of July 14. In a letter dated July 15 and docketed

on July 17 (ECF No. 130), Oliver stated that he was working on preparing that discovery and acknowledged that it was due July 15. Fact discovery is scheduled to be completed by August 1.

Oliver has repeatedly asserted that the plaintiffs lack standing to bring their claims. The Court has addressed multiple iterations of this argument, including in the Memorandum Opinion of April 9 and at the July 11 conference. In a letter dated July 15 and docketed on July 17 (ECF No. 131), Oliver again asserts that the plaintiffs lack standing and asks that this action be dismissed for lack of subject-matter jurisdiction under Rule 12(h)(3), Fed. R. Civ. P.

"If a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders," including, among other things, "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims," "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence," and "striking pleadings in whole or in part." Fed. R. Civ. P. 37(b)(2)(A); see also Funk v. Belneftekhim, 861 F.3d 354, 365 (2d Cir. 2017). In deciding whether to impose such sanctions, courts consider, among other factors, "(1) the

willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance." Funk, 861 F.3d at 366. Accordingly, it is hereby

ORDERED that as the Court explained at the July 11 conference, the plaintiffs have standing to assert their claims; summary judgment practice will provide the defendants with an opportunity to test whether the plaintiffs have the evidence of ownership necessary to succeed on their claims. At this stage, there is no jurisdictional defect or any other basis to dismiss this action, including under Rule 12(h)(3).

IT IS FURTHER ORDERED that to the extent that the defendants' production of documents is materially deficient as of July 17, the plaintiffs may, but are not required to, move for sanctions by **July 25, 2025**. The defendants shall file any opposition to that motion by **August 8, 2025**. The reply, if any, shall be filed by **August 15, 2025**.

IT IS FURTHER ORDERED that, if the plaintiffs do not move for sanctions on the schedule set forth herein, they may move for sanctions at a later stage of this litigation and include

any argument they could have made at this time.

Dated:   New York, New York
         July 17, 2025

                                                 _____
                                                         DENISE COTE
                                           United States District Judge