```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
                                       :
THE BARRY WHITE FAMILY TRUST U/A/D:    :    24cv7509 (DLC)
DECEMBER 18, 1980, BY ITS DULY         :
EMPOWERED TRUSTEES,                    :    ORDER
                                       :
                    Plaintiffs,        :
                                       :
            -v-                        :
                                       :
JOE COOLEY, RODNEY DAVID OLIVER p/k/a  :
RODNEY-O, d/b/a NOT INTRESTED          :
PUBLISHING,                            :
                                       :
                    Defendants.        :
                                       :
------------------------------------- X
```

DENISE COTE, District Judge:

The plaintiffs served the defendants with requests for production and interrogatories on May 16, 2025. The defendants did not provide timely responses to those discovery requests. At a conference held on July 11, the Court instructed defendant Oliver, and he agreed, to produce documents and provide interrogatory responses by July 15. The plaintiffs filed a letter on July 15 stating that such discovery had not been provided. An Order of July 17 permitted the plaintiffs to move for sanctions to the extent that the defendants' production of documents was still materially deficient as of July 17.

The plaintiffs moved for sanctions on July 24. The plaintiffs represent in that motion that the defendants still have not produced any documents. They state that Oliver made a

misrepresentation to the Court in his filing of July 18 (ECF No. 135), in which he stated, "I produced all documents in my possession and answered all interrogatories truthfully to the best of my memory."

Attached to the plaintiffs' motion for sanctions is a letter that Oliver emailed them on July 18 (ECF No. 141-8). There too, Oliver states that certain Bates-stamped documents have been produced. In the same email, Oliver sent the plaintiffs a letter from Necole Key stating her refusal to comply with discovery demands (ECF No. 141-9). As discussed in the Opinion of April 9, Key is Oliver's music rights manager and has repeatedly represented in this litigation that she acts on Oliver's behalf. Oliver is obligated to produce documents reflecting her actions as his agent.

Oliver's July 18 letter to the plaintiffs includes a privilege log that claims attorney-client and work product privilege over certain documents. The attorney-client privilege protects certain communications between an attorney and their client. The work-product privilege protects certain documents created by an attorney in anticipation of litigation. Key is not an attorney. Based on the current record, it does not appear that any documents in the possession of Oliver or Key are

protected by either privilege unless they reflect communications with an attorney representing Oliver. It is hereby

ORDERED that any opposition to the plaintiffs' motion for sanctions is due **August 8, 2025**. The plaintiffs' reply, if any, shall be filed by **August 15, 2025**.

Dated:    New York, New York
         July 25, 2025

                                   _____
                                        DENISE COTE
                                   United States District Judge