UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK
THE BARRY WHITE FAMILY TRUST U/A/D. DECEMBER 19, 1980, BY ITS DULY EMPOWERED TRUSTEES,
Plaintiffs,

-v

JOE COOLEY, RODNEY DAVID OLIVER P/K/A RODNEY-O, d/b/a NOT INTERESTED PUBLISHING,
Defendants.

Case No. 24-cv-07509 (DLC)

NOTICE TO CLERK OF COURT

Defendant Rodney Oliver, appearing *pro se*, respectfully notifies the Clerk of the Court of the submission of the attached filing titled:

Notice Regarding Fairness, Legal Authority, and Ongoing Harm to Legacies.

This notice is submitted in good faith to clarify issues affecting standing, party identification, and the integrity of the litigation, and is intended to assist the Court in maintaining a complete and accurate record. Defendant respectfully requests that this document be entered into the docket and presented to the Honorable Judge presiding over this matter.

This submission is **not intended to delay or disrupt** the proceedings in any way. Defendant remains committed to all scheduled deadlines and confirms that he is actively preparing his timely opposition to Plaintiff's Motion for Sanctions (Dkt. 140), which will be filed separately. The concerns raised in the attached notice are relevant to ongoing issues of legal authority, due process, and legacy preservation.

Respectfully submitted August 4, 2025

/s/ Rodney David Oliver
 Rodney David Oliver, Pro Se
 11074 Oso Ave
 Chatsworth, CA 91311
 rodneyolivermusic@gmail.co

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

THE BARRY WHITE FAMILY TRUST U/A/D. DECEMBER 19, 1980, BY ITS DULY EMPOWERED TRUSTEES,

Plaintiffs,

-v-

JOE COOLEY, RODNEY DAVID OLIVER P/K/A RODNEY-O, d/b/a NOT INTERESTED PUBLISHING

Defendants.

Case No. 24-cv-07509 (DLC)

URGENT NOTICE AND REQUEST FOR JUDICIAL REVIEW

**Submitted by Rodney David Oliver, Pro Se**

Defendant respectfully submits this urgent notice to inform the Court of the significant strain and pressure he is experiencing while preparing his opposition to Plaintiff's Motion for Sanctions (Dkt. 140). Over the past 48 hours, Defendant has received:

- A deficiency notice citing procedural threats;

- A spoliation letter lacking evidentiary basis;

- Multiple emails from Plaintiff's counsel containing accusatory and, in Defendant's view, misleading characterizations of his conduct.

As a **pro se litigant without legal training**, Defendant is doing his best to comply with Court orders and respond to complex legal arguments under deadline. The **pace, tone, and volume** of communications from Plaintiff's counsel have made this task significantly more difficult, placing an **unreasonable burden** on Defendant's time, focus, and ability to respond meaningfully.

I. DEFENDANT'S POSITION UNDER PRESSURE

Defendant is not seeking delay or special consideration. He respectfully asks the Court to recognize the **real-time challenges** he faces while attempting to meet all legal obligations in good faith. Despite the demands, he continues to:

- Respond to Court deadlines;

- Research and apply unfamiliar legal principles;

- Present document-supported defenses, including:

    - Evidence of a **broken chain of title**;

    - Lack of the allegedly infringed material in the deposit copy; and

    - **Withdrawal of copyrights by Barry White** in 1999.

Yet, Plaintiff's counsel continues to suggest that Defendant is acting in bad faith or evading process, despite no evidence to support such claims. The Court's attention to this pressure — especially during opposition briefing — is both warranted and appreciated.

## II. CONCERN ABOUT LACK OF VERIFIED AUTHORITY

A separate and ongoing concern is Plaintiff's failure to identify a real party in interest. To date, Plaintiff has not submitted:

- A named trustee;

- A certificate of trust;

- A trustee declaration; or

- Proof of copyright assignment or ownership.

Instead, Plaintiff is described inconsistently — sometimes as "The Barry White Family Trust," other times as "duly empowered trustees" — but **without naming or verifying who those trustees are**.

This violates:

- **Federal Rule of Civil Procedure 10(a)**, which requires naming all parties in the caption; and

- **Rule 17(a)**, which requires every action be prosecuted by the real party in interest.

This submission is not intended to stall or disrupt the proceedings. Rather, it is offered out of necessity — to respectfully alert the Court to what appears to be a continuing lack of verified authority behind Plaintiff's claims. Defendant is concerned that, without clarification, the Court may be placed in the difficult position of relying on unverified representations that could impact both due process and the proper stewardship of the legacy of Barry White. Silence on this issue

2

risks allowing a procedural irregularity to persist unchecked — one that affects not only Defendant's rights, but the integrity of estate administration in matters of public and legal significance.

### III. LEGAL SUPPORT

The issue of standing is not theoretical — it is foundational to the Court's jurisdiction. Relevant precedent includes:

- **Navarro Sav. Ass'n v. Lee**, 446 U.S. 458 (1980): Only named, authorized trustees may bring suit; a trust cannot sue in its own name.

- **Wells Fargo Bank, N.A. v. Holdco Asset Mgmt., L.P.**, 2020 WL 5258987 (S.D.N.Y.): Trustees must be named in both caption and body of the complaint.

- **Glickstein v. Sun Bank/Miami, N.A.**, 922 F.2d 666 (11th Cir. 1991): A trust is not a legal entity and must act through named fiduciaries.

### IV. REQUEST FOR JUDICIAL NOTICE AND RELIEF

Defendant respectfully requests the Court:

1. **Take judicial notice** under Fed. R. Evid. 201 of:

   - The absence of a named trustee in the record;
   - The lack of trust documents supporting Plaintiff's authority;
   - The 1999 copyright withdrawal by Barry White (filed July 25, 2025);
   - The procedural and personal strain caused by the volume and tone of recent filings.

2. **Request clarification from Plaintiff's counsel** regarding:

   - The identity of the authorized trustee;
   - The documentation supporting the Trust's continued ownership and standing.

3. **Consider limiting or moderating procedural notices** issued during active opposition windows to ensure fairness and reduce burden on unrepresented litigants.

**V. CONCLUSION**

Defendant remains committed to litigating this case on the merits, complying with the Court's orders, and respecting all parties involved. This submission is made solely to ensure that the **record reflects the realities and risks** faced by a pro se party under pressure — and that this case proceeds based on verified facts and legal authority, not assumption or procedural leverage.

Respectfully submitted August 4, 2025,

/s/ Rodney David Oliver

Rodney David Oliver, Pro Se

11074 Oso Ave

Chatsworth, CA 91311

rodneyolivermusic@gmail.co

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

**THE BARRY WHITE FAMILY TRUST U/A/D. DECEMBER 19, 1980, BY ITS DULY EMPOWERED TRUSTEES**

**Plaintiffs,**

**-v-**

**JOE COOLEY, RODNEY DAVID OLIVER P/K/A RODNEY-O, d/b/a NOT INTERESTED PUBLISHING,**

**Defendants.**

**Case No. 24-cv-07509 (DLC)**

**Your Honor,**

**This case is not merely a dispute over copyright technicalities. It is a question of legacy — one that implicates the reputations of two artists: the late Barry White and Defendant Rodney Oliver. Yet, rather than addressing the legal merits, Plaintiff's counsel has pursued a course that increasingly resembles character assassination, undermining Defendant's credibility, integrity, and livelihood.**

**Defendant, appearing pro se, has centered his filings on substantiated legal issues, including:**

**\* A broken chain of title,**

**\* The absence of the allegedly infringed bassline in the deposit materials, and**

**\* The ongoing failure of Plaintiff to submit any evidence of valid trustee authority under Rule 17 of the Federal Rules of Civil Procedure.**

**Rather than engage with those facts, Plaintiff's counsel has mischaracterized Defendant's efforts as evasive or obstructive. Most troubling, when Defendant voluntarily disclosed the existence of a previously deleted document — a document created and discarded prior to any litigation hold — Plaintiff's counsel responded not with acknowledgment of transparency, but with threats of sanctions and spoliation.**

**Plaintiff's counsel, Ms. Dorothy Weber, is a veteran attorney with over 30 years of experience in copyright litigation. She has conflated composition rights with sound recording rights, sent licensing correspondence in the Trust's name while denying the Trust's formal involvement, and — most critically — failed to produce a single declaration from a named trustee, despite bringing suit in the Trust's name.**

**Such conduct raises not only legal deficiencies, but ethical concerns. When litigation is conducted in the name of an artist like Barry White, the threshold for integrity and accuracy should be higher — not lower. Defendant respectfully submits that no party should be permitted to prosecute an action under the appearance of legacy without proving legal authority to do so.**

**This Court, and the public, deserve clarity: Is this lawsuit based on lawful standing — or merely leverage?**

DECLARATION OF RODNEY DAVID OLIVER
I, Rodney David Oliver, submit this supplemental declaration in support of my prior filings and to respectfully inform the Court of escalating legal pressure and procedural misconduct that I believe materially impact both the fairness of these proceedings and the factual record.

1. Pattern of Escalating Legal Pressure
In the span of just 48 hours, I received no fewer than eight formal legal communications from Plaintiff's counsel and the Court — including two spoliation letters, deficiency notices, and multiple docket alerts (see attached exhibit). These communications arrived while I was actively preparing my opposition to Plaintiff's motion for sanctions — a motion already containing escalating and unsupported accusations. As a pro se litigant without legal counsel, the volume and timing of these messages were not only overwhelming, but functioned as a form of legal intimidation.

**2. Misuse of Spoliation Threats**

The spoliation letter in particular followed my good-faith disclosure of a previously deleted document — a file created and deleted well before any litigation hold or preservation obligation was ever issued. Rather than acknowledging my transparency, Plaintiff's counsel responded by escalating threats of sanctions during the same my opposition was due. This approach reflects not a pursuit of truth or fairness, but a retaliatory tactic that undermines both due process and the cooperative aims of discovery.

**3. Continued Commitment to This Court**

Defendant fully respects this Court's prior rulings and remains committed to proceeding on schedule. This is not a request for delay or deviation. However, in light of the sustained legal pressure applied by Plaintiff's counsel — and out of sincere concern for the reputations and legacies involved — Defendant feels compelled to raise this serious and ongoing issue, which threatens to distort the factual and legal integrity of these proceedings.

**4. Lack of Standing by Plaintiff**

Barry White is a cultural icon. Rodney Oliver is a legacy creator and rights holder whose works have been sampled and celebrated for decades. When litigation is brought under the name of a historic artist's estate — particularly one as prominent as the Barry White Family Trust — the law demands verified trustee authority and clarity of standing. To this day, however, Plaintiff's counsel, Ms. Dorothy Weber, has not produced any evidence that she is authorized to represent the Trust.

There is no trustee declaration.
No certificate of authority.
No assignment or reassignment of rights.
No indication that the Trust has even formally consented to this lawsuit.

**5. Implications for Copyright and Legacy Integrity**

This lawsuit has been prosecuted under the appearance of legacy — without the substance of legal standing. The evidence I submitted to the Court on July 25, 2025, supports that Barry White withdrew copyrights from the Trust in 1999, and there is no indication those rights were ever lawfully reassigned.

If this is accurate, then not only is this litigation fatally flawed — but any licenses or enforcement actions issued in the name of the Barry White Family Trust since that time may be void, having been executed without legal authority. This raises serious implications not only for this case, but for the broader administration of Barry White's legacy and the public trust.

**Respectfully submitted August 4, 2025**

/s/ Rodney David Oliver

Rodney David Oliver, Pro Se

11074 Oso Ave

Chatsworth, CA 91311

## EXHIBIT A — CHAIN-OF-TITLE TIMELINE

Composition: "I'm Gonna Love You Just A Little More, Babe"

Original Registration: EU0000387551 (1973)

Renewal Registration: RE0000841799 (2001)

### 1. 1972–1973: Creation and Registration
• Barry White wrote and recorded the composition.
• Copyright initially vested in Barry White under the 1909 Copyright Act.
• Published in 1973: Initial term = 1973–2001; Renewal term = 2001–2029.

Supporting Document:
• Official registration EU0000387551 (sheet music).

### 2. 1968–1974: Assignment and "Work Made for Hire"
1968:
• Barry White signed the January Music–Sa-Vette Agreement assigning compositions to Sa-Vette Music and January Music Corp.

January 29, 1974:
• Barry White signed the Exclusive Songwriter Services Agreement designating compositions, including this one, as "works made for hire."
• Under 17 U.S.C. §§ 101, 304(c) and Miller Music Corp. v. Charles N. Daniels, Inc., 362 U.S. 373 (1960), works made for hire are authored by the employer or commissioning party — Sa-Vette/January Music.
• No statutory right to terminate exists for works made for hire.

Supporting Documents:
• 1968 Assignment Agreement.
• 1974 Exclusive Songwriter Services Agreement (Section X, "Work Made for Hire" clause).

### 3. 1983: Transfer to Warner/Unichappell
• Sa-Vette/January Music transferred its entire publishing catalog to Warner/Unichappell Music under a standard assignment.
• No statutory termination notice filed under 17 U.S.C. § 304(c).
• No written re-assignment back to Barry White before the 2001 renewal filing.

Case Law:
• Fred Fisher Music Co. v. M. Witmark & Sons, 318 U.S. 643 (1943) (advance assignment of renewal term valid under the 1909 Act).

4. 1999: Withdrawal from the Trust

• Barry White withdrew copyrights from the Barry White Family Trust by written instrument before the renewal term vested.
• No record shows any re-conveyance of this composition back into the Trust after 1999.

Supporting Document:
• 1999 Withdrawal Notice or Trust documents showing withdrawal of separate property.

### 5. 2001: Renewal Filing
• A renewal was filed in Barry White's name (RE0000841799).
• BUT: If the work was validly assigned and/or designated a work made for hire, the renewal is ineffective without termination or re-assignment.
• The 1983 Warner assignment remains controlling.

Supporting Document:
• 2001 Renewal Registration Certificate.
• Copyright Office certified copy of original sheet music (showing no substantial similarity to alleged infringing work).

### 6. 2001–Present: No Termination or Re-Assignment Produced
• No valid statutory termination notice under 17 U.S.C. § 304(c).
• No valid re-assignment from Warner/Unichappell back to Barry White or to the Trust.
• No valid chain of title exists to establish standing under 17 U.S.C. § 501(b).

Supporting Law:
• Fred Fisher, Miller Music, and 17 U.S.C. § 501(b): Only the legal or beneficial owner of an exclusive right may sue for infringement.

### Standing Defect
"Because the 1974 Agreement made this composition a 'work made for hire,' Barry White was never the statutory 'author' for termination purposes. The 1983 Warner/Unichappell transfer confirms that rights never reverted, and Plaintiff has shown no valid re-assignment. Plaintiff therefore lacks standing to maintain this action."

### References
• Fred Fisher Music Co. v. M. Witmark & Sons, 318 U.S. 643 (1943)
• Miller Music Corp. v. Charles N. Daniels, Inc., 362 U.S. 373 (1960)
• 17 U.S.C. §§ 101, 304(c), 501(b)
• 1968 Assignment Agreement, 1974 Exclusive Songwriter Agreement, 1983 Warner Assignment, 1999 Withdrawal Document, 2001 Renewal Certificate, Official Sheet Music.

Prepared by: Necole Key, Rights Manager

JULY 9, 2025

# EXHIBIT B

## Withdrawal of Separate Property from the Barry White Family Trust created by Trust Agreement dated December 19, 1980, between Barry White and Glodean White, as Trustors and as Trustees

I, Barry White, as Trustor of the Barry White Family Trust (the "Trust") created under Trust Agreement dated December 19, 1980 between me and Glodean White, as Trustors and as Trustees (the "Trust Agreement"), hereby withdraw all of my separate property from the Trust pursuant to Section 2.3 of the Trust Agreement, including, without limitation: (i) any intellectual property rights (including without limitation any copyrights, trademarks, name and likeness rights or rights of publicity) and any related registrations, applications, renewal and/or termination rights related thereto, and (ii) any contractual rights, relating to me, my musical compositions, recordings, performances, arrangements, orchestrations, productions or artistic services.

_____
Barry White, Trustor

STATE OF NEW YORK   )
                    : ss.:
COUNTY OF NEW YORK )

On the 27th day of July, 1999, before me personally came BARRY WHITE, to me known and known to me to be the individual described in and who executed the foregoing instrument, and he duly acknowledged to me that he executed the same.

_____
Notary Public

JONATHAN R. BELL
Notary Public, State of New York
No. 31-4882942
Qualified in New York County
Commission Expires January 31, 19: 2001

Doc#:DSS:389475.1

BWT-001516

# EXHIBIT C





# EXHIBIT D



# Exhibit E




**RODNEY OLIVER**  Add label

Rod... 12:30 PM
to Dorothy

Ms. Weber both Necole and I thought we didn't have this agreement. We were so disppointed we lost it because of this claim we both deleted it from our email. Necole did a name search 2.2 million and it came up.. its attach. She also stated it's on the docket already from her filings.

Making us do double work really isn't cool.

The judge didn't say you have standing. She said we can test it at summary judgment.

See thats why I can't trust you.

Rodney

