UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

THE BARRY WHITE FAMILY                          Case No. 24-cv-07509 (DLC)
TRUST U/A/D: DECEMBER 19, 1980,
BY ITS DULY EMPOWERED TRUSTEES,

                     Plaintiffs,

    -against-

JOE COOLEY,
RODNEY DAVID OLIVER P/K/A
RODNEY-O, d/b/a NOT INTRESTED
PUBLISHING,

                  Defendants.

-----------------------------------------------------------------x

## PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR SANCTIONS

**HERBSMAN HAFER WEBER & FRISCH, LLP**
Dorothy M. Weber (DMW-4734)
494 Eighth Avenue, Suite 600
New York, NY 10001
(212) 245-4580
dorothy@musiclaw.com

*Attorneys for Plaintiffs*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................ 1

    A.   Multiple Continuing Deficiencies With Defendants' Written Discovery Responses......... 5

    B.   Relief Requested ........................................................................................ 5

LEGAL ARGUMENT ...................................................................................................... 6

POINT I ............................................................................................................................ 6

    A.   Order Compelling Disclosure ........................................................................ 6

    B.   Harsher Sanctions Are Warranted Under Fed. R. Civ. P. 37(b) and the Court's Inherent

    Powers Based on Defendants' Conduct. .................................................................. 8

POINT II ........................................................................................................................... 9

POINT III ....................................................................................................................... 10

CONCLUSION ............................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

## Cases

*CAT3, LLC v. Black Lineage, Inc.*,
　164 F. Supp. 3d 488 (S.D.N.Y. 2016) ........................................................................ 10

*Chan v. Rag & Bone Indus., LLC*,
　No. 15 CIV. 6319 (RWS), 2016 WL 7495184 (S.D.N.Y. Dec. 21, 2016) ................. 8

*Coventry Cap. US LLC v. EEA Life Settlements Inc.*,
　334 F.R.D. 68 (S.D.N.Y. 2020) ................................................................................. 9

*Frye v. Lagerstrom*,
　No. 15 CIV. 5348 (NRB), 2017 WL 11809790 (S.D.N.Y. Aug. 31, 2017) ............. 12

*Funk v. Belneftekhim*,
　861 F.3d 354 (2d Cir. 2017) ..................................................................................... 10

*Google LLC v. Starovikov*,
　No. 21CV10260 (DLC), 2022 WL 16948296 (S.D.N.Y. Nov. 15, 2022) ............... 10

*Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.*,
　991 F.3d 361 (2d Cir. 2021) ..................................................................................... 11

*Ratliff v. Davis Polk & Wardwell*,
　354 F.3d 165 (2d Cir. 2003) ..................................................................................... 10

*Shanghai Weiyi Int'l Trade Co.*,
　No. 15CV3533CMBCM, 2017 WL 2840279 (S.D.N.Y. June 27, 2017) ................. 11

*Triestman v. Fed. Bureau of Prisons*,
　470 F.3d 471 (2d Cir. 2006) ..................................................................................... 12

*Update Art, Inc. v. Modiin Pub., Ltd.*,
　843 F.2d 67 (2d Cir. 1988) ....................................................................................... 11

*Warner Chappell Music, Inc. v. Nealy*,
　601 U.S. 366 (2024) .................................................................................................. 10

## Rules

Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv) ................................................................... 8, 13
Fed. R. Civ. P. 37(b) ........................................................................................................ 9
Fed. R. Civ. P. 37(b)(2). ................................................................................................... 9
Fed. R. Civ. P. 37(b)(2)(C) ............................................................................................ 13
Fed. R. Civ. P. 37(e)(2) .................................................................................................. 10
Rule 37 ...................................................................................................................... 11, 13
Rule 37(b)(2)(A) of the Fed. R. Civ. P ............................................................... 7, 13, 14

Plaintiffs, The Barry White Family Trust U/A/D: December 19, 1980, By its Duly Empowered Trustees, Glodean White, and Jack Perry (the "Trust" or "Plaintiffs"), by their attorneys, Herbsman Hafer Weber & Frisch, LLP, submit this Reply Memorandum of Law in Further Support of their Motion for Sanctions pursuant to the Court Orders dated July 17, 2025 and July 31, 2025 (Dkts. 134, 148).

## PRELIMINARY STATEMENT

Despite the two (2) clear and unambiguous Court Orders compelling Defendants to provide documents and answer interrogatories (Dkts. 134, 142), Defendants failed and refused to do so. (*See* discovery chronology in the Declaration of Dorothy M. Weber dated August 13, 2025 ("Weber Decl.") ¶7).

As of today's filings, Defendants still have failed and refused to supplement their materially deficient document production, their written responses to Plaintiffs' First Requests for the Production of Documents ("Document Requests") and the outstanding interrogatories ("Interrogatories") (Weber Decl. ¶3). The Court's Orders confirmed clearly and concisely to Defendants the range of sanctions that could follow from a failure to comply with their discovery obligations (Dkts. 134, 142; Weber Decl., ¶8, Exhibit ("Ex.") A). Defendants willfully chose to ignore the Court which intentional conduct resulted in the Motion for Sanctions.

### DEFENDANTS' CONDUCT WARRANTS SANCTIONS

While Defendant Oliver posits his "genuine, if imperfect" attempt to comply with discovery, the facts, as set out in the Weber Decl. and the moving declaration (Dkt. 141), belie that statement. Mr. Oliver has the effrontery to state that:

> Rule 37(b) sanctions require a violation of a specific court order compelling discovery. **No such order exists here.**

And then states:

**I have never ignored a discovery order in this case. No court order compelling a specific discovery production was violated by me.**

(Weber Decl. ¶9, Ex. B).

In the multiple submissions that Defendant Rodney Oliver ("Oliver") filed as "responses"[1] to Plaintiffs' motion, the facts are not (and cannot be) denied:

- Defendant Oliver does not deny that his document production was made four (4) days <u>after</u> Plaintiffs were forced to bring this Motion for Sanctions and after the Court's direction and his agreeing to produce documents on July 11, 2025 (Weber Decl. ¶9, Ex, B);

- Defendant Oliver does not address, <u>at all</u>, his failure to produce the multiple categories of Withheld Documents (as defined hereinbelow) which exist and which are in his possession or under his custody and control.

### IT IS UNDISPUTED THAT RESPONSIVE DOCUMENTS EXIST WHICH HAVE NOT BEEN PRODUCED BY DEFENDANTS[2]

The material deficiencies in the Defendants' production are clear by Mr. Oliver's *own* representations to this Court as to the existence of documents:

- "Hundreds" of pages of notes on the case created with Necole Key based on the "hours studying copyright law and chain-of-title issues, all from what my rights manager, Necole Key — who specializes in copyright — has taught me. This is all new to me, and I have hundreds of pages of notes that I rely on to answer questions accurately." (Dkt. 128, p. 1).

- Documents in connection with "Like That" (Dkt. 114, p. 2).

- Documents related to Defendants' earnings for an alleged One Million Two Hundred Fifty Thousand ($1,250,000) Dollar Sony publishing deal (Dkt. 92, p. 2) including correspondence related to the contract with Sony which appears to have already paid Defendants Eight Hundred Thousand ($800,000) Dollars and also provides for at least a Four Hundred and Fifty Thousand ($450,000) Dollar "Backend Advance" (Dkt. 92,

---

[1] *See* Dkts. 143, 146 and Memorandum and Declaration in Response dated August 8, 2024 (not yet posted to ECF) (Weber Decl. ¶9, Ex, B).

[2] Oliver's mantra that Plaintiffs 'lack standing' or have not proven a 'chain of title' is a masquerade meant to distract from his own recusant misconduct. Plaintiffs have produced all relevant documents detailing ownership and chain of title, including those proving the Plaintiffs' registered copyrights, probate filings, contracts, and a probate court order which shows that Mrs. White and Mr. Perry are the duly appointed co-trustees of the Barry White Family Trust (Bates Nos. BWT 1313-1314, 1318- 1602, and 1691-1765).

pp. 4, 13). The only document produced by Defendants in discovery is not signed and is not even formatted (Weber Decl. ¶10, Ex. C).

- Documents relating to the damages of $2.2 million in the counterclaims. (Dkt. 70, p. 5) including but not limited to negotiations and termination of negotiations with Kobalt.

- Documents in connection to the counterclaims and affirmative defenses in this case (Dkt. 87, p. 2).

- Financial documents regarding "Everlasting Bass" or "Like That" (collectively, the "Withheld Documents").

On July 29, 2025, Plaintiffs sent another written notice to Defendants particularizing each of the issues and identified the Withheld Documents of Defendants' document production and discovery responses (Weber Decl. ¶11, Ex. D).

## DEFENDANTS' ONGOING FAILURES TO COMPLY WITH THIS COURT'S ORDERS AND MISREPRESENTATIONS TO THE COURT

Defendants have been on actual notice of their discovery obligations since the July 11, 2025 conference with the Court and two (2) subsequent clear and unambiguous orders.

As of July 21, 2025, Defendants' failure to produce documents was no longer "inadvertent" or a "mistake," nor was it "not willful" or a "technical error" – it was a conscious choice Defendants made to simply ignore Court Orders and then deny that the Orders existed.

In the immediate wake of Plaintiffs' sanctions motion, Oliver filed new "motions". (Dkts. 144 and 145). In his "Response" and "Supplemental Response" to this motion, both filed on July 25, 2025, Defendant Oliver again reiterated the misrepresentation to the Court that he had produced documents "on July 15 and July 18." (Dkt. 143, p. 2; Dkt. 146, p. 2). It was not until July 28, 2025, that Mr. Oliver actually sent documents to Plaintiffs.

This production was not just late, it was materially and demonstrably deficient. The Defendants' intent to avoid his obligations is demonstrated by the fact that the critical documents

sought by Plaintiffs have still not been produced, even though Defendant Oliver expressly advised the Court that he agreed to produce them.

Plaintiffs raised spoliation concerns in their underlying papers (Dkt. 140, p. 17; Dkt. 141, ¶15), and not surprisingly, on July 29, 2025, Defendants sent an email to the Plaintiffs, which attached a document (which was not part of their July 28th production), stating:

> Ms. Weber both Necole and I thought we didn't have this agreement. We were so **disspointed [sic] we lost it because of this claim we both deleted it from our email.**

(Weber Decl. ¶12, Ex. E) (emphasis added). This document was produced by Mr. Oliver <u>with the acknowledgement</u> that both he and Ms. Key had intentionally <u>deleted</u> that document – notwithstanding that this document is theoretically the sole basis for the Defendants' counterclaims and their Complaint in *Rodney Oliver et al. v. The Barry White Family Trust et al.*, Case No. 25-cv-3602 (DLC) (SDNY). (Weber Decl. ¶¶12, 14, Ex. E, Ex. G). The Court advised Mr. Oliver that the consequences of failing to produce the documents in connection with the counterclaims can result in the counterclaims being dismissed (Weber Decl. ¶6, Ex. A).

Plaintiffs immediately wrote to Mr. Oliver (with a copy to Ms. Key and Mr. Cooley) and asked that he provide the following:

- Identify what steps you or Ms. Key took in order to retrieve the attachment to your July 29th email.

- Identify each electronic device in your possession, custody and control including, but not limited to, each smartphone, computer, laptop, tablet or smart TV through which you access any of your electronic files;

- Identify any and all other documents and materials you have deleted (intentional deletion includes the use of cleaning software) and the steps you intend to take in order to retrieve them; and

- Identify any and all other documents and materials which may have been deleted due to your failure to preserve them and the steps you intend to take in order to retrieve them.

(Weber Decl. ¶13, Ex. F) Defendants simply ignored the letter.

4

The issue of spoliation is relevant to this motion at least to the extent that it supports the absolute need for the requested relief since without it, it is clear that Defendants' willful misconduct will not abate.

Even after the Court advised Mr. Oliver that Ms. Key was his agent, he nevertheless advised the Court that "In addition, I respectfully note that I should not be held responsible for the actions or omissions of Ms. Necole Key, who is not a party to this litigation and who operates independently of me. She declined to provide certain emails upon request, citing an ongoing obligation to respond to Plaintiffs' counsel directly." (Dkt. 143, p. 2).

A.    **Multiple Continuing Deficiencies With Defendants' Written Discovery Responses**

Defendants have still failed and refused to correct their elusive and incomplete responses to Plaintiffs' Interrogatories – as they were ordered to do on July 11, 2025 (Weber Decl. ¶3, ¶6, Ex. A).

Defendants have failed and refused to address the deficiencies outlined in their written Responses to Plaintiffs' Document Requests, of which they have been on notice since this motion was filed, and again since they received Plaintiffs' second deficiency letter dated July 29, 2025 particularizing all of the outstanding deficiencies (Weber Decl. ¶11, Ex. D).

Defendants have failed and refused to amend or supplement their purported Privilege Log as set forth in the underlying motion papers despite falsely stating that "Plaintiffs received detailed responses and privilege logs." (Weber Decl. ¶9, Ex. B).

B.    **Relief Requested**

There is no justification for Defendants' protracted, obstructionist behavior – particularly in the face of multiple, unambiguous Court Orders. Defendants have been on actual notice of the consequences for this conduct since as early as the July 11th Conference, when the Court meticulously outlined a range of sanctions which could follow from Defendants' failure to

comply with discovery obligations, including adverse inferences, the striking of evidence and terminating sanctions (Weber Decl. ¶¶6, 8, and Ex. A). In its July 17th Order, the Court reiterated and emphasized the range of possible sanctions as provided in Rule 37(b)(2)(A) of the Fed. R. Civ. P. (Dkt. 134, p. 2) – yet, Defendants cavalierly ignored the Court while continuing to rely on their "genuine – if imperfect" trope as an excuse for disobeying multiple Court orders.

## LEGAL ARGUMENT

## POINT I

### SANCTIONS ARE WARRANTED

**A.    Order Compelling Disclosure**

The *de minimis* and deficient document production raises a multitude of issues. While Defendant Oliver claims the deleted document states that it was a $2.2 million deal which allegedly supports Defendants' counterclaim for tortious interference, the amount in the contract is actually $1.5 million. (*See* Weber Decl. ¶14, Ex. G). Likewise, the piecemeal discovery provided gives lie to many of the representations made to this Court by Oliver and his agent, Necole Key including that it was actually Defendant Oliver (through Ms. Key) who terminated negotiations with Kobalt. All of the Withheld Documents are material to Plaintiffs' case and defense to the counterclaims.

Plaintiffs have requested that the Court issue a final order to compel Defendants to immediately produce documents and supplement their previous evasive and incomplete disclosures made in response to the Plaintiffs' outstanding Interrogatories and Document Requests, absent which the Court issue terminating sanctions. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv). *See also Chan v. Rag & Bone Indus., LLC*, No. 15 CIV. 6319 (RWS), 2016 WL 7495184, at *2 (S.D.N.Y. Dec. 21, 2016) (internal citations omitted) ("Deadlines provided by the

Court are not advisory; rather, they are firm dates that parties, even pro se litigants, are expected to meet.").

While the prior Court Orders are crystal clear, we are forced to ask the Court to order (again) that Defendants produce all responsive documents, including those held by third-parties under Defendants' custody and control.

On July 25, 2025, the Court unambiguously ordered (Dkt. 142, p. 2) that "Oliver is obligated to produce documents reflecting [Necole Key's] actions as his agent." Plaintiffs are entitled to any and all such responsive documents. The Defendants plainly have the right, authority and practical ability to obtain relevant documents in the possession, custody and control of their own agent (Necole Key) and other third-parties, including but not limited to Hood Music, LLC, Destiny Key, Anterine Jackson, Judith Finell, Atron Gregory, and unknown others. There are necessarily financial records which exist from Sony, ASCAP or BMI or other third-parties, and these documents are also within Defendants' absolute custody and control. *See Coventry Cap. US LLC v. EEA Life Settlements Inc.,* 334 F.R.D. 68 (S.D.N.Y. 2020).  Thus, Plaintiffs should not be forced to serve third-party subpoenas but if forced to do so, these costs should be borne by Defendants.

Plaintiffs seek the imposition of sanctions pursuant to Fed. R. Civ. P. 37(b)(2), which states that a court may grant sanctions against a party that "fails to obey an order to provide or permit discovery." The Defendants should be ordered to produce these documents, and pay the legal fees incurred by Plaintiffs.[3]

---

[3] Defendants' delays also violate the Court's Scheduling Order (Dkt. 80) which must be set back yet again due solely to Defendants' intentional, calculated, and deceptive conduct.

**B.**    **Harsher Sanctions Are Warranted Under Fed. R. Civ. P. 37(b) and the Court's Inherent Powers Based on Defendants' Conduct.**

In determining what sanctions are warranted, a court considers several non-exclusive factors to guide the court's wide discretion on selecting the appropriate sanction under Rule 37(b): "(1) the willfulness of the non-compliant party; (2) the efficacy of lesser sanctions; (3) the duration of the noncompliance; and (4) whether the non-compliant party had been warned that noncompliance would be sanctioned." *Google LLC v. Starovikov,* No. 21CV10260 (DLC), 2022 WL 16948296, at *11 (S.D.N.Y. Nov. 15, 2022) (Cote, J.) (internal citations omitted); *see also Funk v. Belneftekhim*, 861 F.3d 354, 366 (2d Cir. 2017).

All of *Google*'s factors have been met in this case.

The Defendants have admitted to deleting and failing to provide the Withheld Documents. Their conduct highlights the extent to which Defendants (and their agent) have gone, and will continue to go, if there are no consequences imposed for their conduct.

With the abject failure to produce documents which they acknowledge exist, Defendants have demonstrated a clear "intent to deprive another party of the information's use in the litigation" Fed. R. Civ. P. 37(e)(2). *See also CAT3, LLC v. Black Lineage, Inc.*, 164 F. Supp. 3d 488, 495 (S.D.N.Y. 2016). Defendant Oliver and Ms. Key have been on notice of their duty to preserve potentially relevant evidence since at least May 7, 2024 (Dkt. 141, ¶ 15) when they received the Plaintiffs' litigation hold letter.

The documents demanded are material and relevant. "[A] copyright owner possessing a timely claim for infringement is entitled to damages, no matter when the infringement occurred." *Warner Chappell Music, Inc. v. Nealy,* 601 U.S. 366, 372 (2024). The Federal Rules are designed to bring all issues out during discovery. Plaintiffs cannot be placed in a position where they cannot defend themselves notwithstanding the Defendants' obvious strategy to blindside. "Discovery rules 'are to be accorded a broad and liberal treatment [] to effectuate their purpose

8

that civil trials in the federal courts no longer need to be carried on in the dark.'" *Ratliff v. Davis Polk & Wardwell*, 354 F.3d 165, 170 (2d Cir. 2003) (internal citations omitted).

As the Second Circuit has ruled, "appropriate sanctions [are] a necessary means of dealing with a recusant party… although preclusion of evidence and dismissal of the action are harsh remedies and should be imposed only in rare situations, they are necessary to achieve the purpose of Rule 37 as a credible deterrent "rather than a 'paper tiger' ". *Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988) (citations and quotations omitted).

This is, indeed, the *very* case for which sanctions are necessary.

## POINT II

## MONETARY SANCTIONS SHOULD BE IMPOSED IMMEDIATELY

Defendants' persistent misrepresentations have forced the Plaintiffs and this Court to waste time and resources and forced Plaintiffs to incur substantial unnecessary fees.

"The 'mildest' sanction for discovery misconduct 'is an order to reimburse the opposing party for expenses caused by the failure to cooperate.' 'Monetary sanctions are the norm, not the exception, when a party is required to engage in motion practice in order to obtain the discovery to which it is entitled.' *Shanghai Weiyi Int'l Trade Co.,* No. 15CV3533CMBCM, 2017 WL 2840279, at *10 (S.D.N.Y. June 27, 2017) (internal citations omitted). Monetary sanctions should be awarded here pursuant to the Court's inherent powers as well. *See Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.*, 991 F.3d 361, 368 (2d Cir. 2021) (finding that a "single misrepresentation" was sufficient "to justify an award of [monetary] sanctions under the court's inherent power.").

## POINT III

### DEFENDANTS' *PRO SE* STATUS DOES NOT EXEMPT THEM FROM COMPLIANCE WITH COURT ORDERS

A key component of Defendants' litigation strategy has been their choice to proceed *pro se* in this action, because it supports their "narrative" that they are at a disadvantage. This narrative is purposefully misleading. Pursuant to the Sony contract with Defendant Oliver, Sony was willing to advance a staggering $425,000 toward Oliver's legal fees. (Dkt. 141-13). Defendants' filings also indicate over $50,000 was paid to prior attorneys and for musicologist fees (Dkt. 43, p. 18).

Defendants prefer, however, to use their *pro se* status as both a sword and shield by weaponizing their failure to retain counsel.

Defendants cite to *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 477 (2d Cir. 2006) for the proposition that *pro se* litigants who make good faith efforts to comply should be extended procedural leniency.

In this case, the Court has been lenient and given Defendants multiple opportunities to comply with its Orders. Defendants chose to view such leniency as an excuse to continue their bad behavior. Defendants have not shown the slightest good faith toward the Plaintiffs or to this Court. Indeed, Defendants' conduct is to constantly file unfounded accusations and defamatory statements (*see* Weber Decl. ¶9, Ex. B).

"Pro se filings do not serve as an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Frye v. Lagerstrom*, No. 15 CIV. 5348 (NRB), 2017 WL 11809790, at *5 (S.D.N.Y. Aug. 31, 2017) (internal citation omitted).

This is precisely the conduct engaged in by the Defendants which needs to be sanctioned.

## **CONCLUSION**

Despite the Court giving clear, express, and unambiguous guidance, instructions, warnings and Orders on the appropriate discovery conduct in this matter, Defendants simply chose to disregard the Court Orders.

For the reasons set forth above, Plaintiffs respectfully ask that the Court grant Plaintiffs' Motion for Sanctions and to Compel, pursuant to Fed. R. Civ. P. 37 and the Court's inherent powers as follows:

1.      An order pursuant to Fed. R. Civ. P. 37(b)(2)(C) that Defendants jointly and severally pay the reasonable expenses, including, including costs and attorneys' fees for the expenses incurred in preparing Plaintiffs' Motion for Sanctions and all the unnecessary legal fees incurred by Plaintiffs based on Defendants' filing of meritless letters and motions, caused by their failures and refusals to provide discovery herein;

2.      Adjourning fact discovery and depositions *sine die* until Defendants' discovery is complete; and

3.      An order pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv) compelling Defendants to produce all responsive documents including, but not limited to those documents in the possession, custody and control of Necole Key and other third-parties, and supplement their previous incomplete disclosures made in response to the Plaintiffs' outstanding Interrogatory Nos. 1, 3, 5-14, 18 and 19, as well as Plaintiffs' First Requests by a date certain; or

4.       In the alternative, the Court should impose the following sanctions without further notice because of the willful and contumacious conduct of the Defendants:

a.       An order pursuant to Fed. R. Civ. P. 37 (b)(2)(A) issuing a default judgment against the Defendants; or

11

b.      An order pursuant to Fed. R. Civ. P. 37 (b)(2)(A) striking Defendants'

counterclaims; and

c.      An order pursuant to Fed. R. Civ. P. 37 (b)(2)(A) for an adverse inference

favoring the claims and defenses of the Plaintiffs; and

d.      An order pursuant to Fed. R. Civ. P. 37 (b)(2)(A) prohibiting Defendants from

supporting their claims and defenses, or opposing the Plaintiffs' claims or defenses, or from

introducing matters into evidence which would either support their claims or defenses.


Dated:   August 13, 2025
         New York, New York

                                        Respectfully submitted,

                                        HERBSMAN HAFER WEBER &
                                        FRISCH, LLP

                              By: _____
                                        Dorothy M. Weber, Esq. (DMW-4734)
                                        494 Eighth Avenue, Suite 600
                                        New York, New York 10001
                                        (212) 245-4580
                                        dorothy@musiclaw.com

                                        *Attorneys for Plaintiffs*

TO:     Rodney David Oliver
        11074 Oso Ave
        Chatsworth, CA 91311
        rodneyolivermusic@gmail.com


        Joe Cooley
        248 E 157th Street
        Gardena, CA 90248
        cooleyjoe011@gmail.com

## **WORD COUNT CERTIFICATION**

Pursuant to Local Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, I hereby certify that the foregoing Reply complies with the Court's prescribed word count limitations. The total number of words in this Memorandum of Law is 3,497 exclusive of the caption, table of authorities and signature block. I have relied on Microsoft Word's word count software to prepare this certification.

Dorothy M. Weber, Esq. (DMW-4734)