UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

THE BARRY WHITE FAMILY
TRUST U/A/D: DECEMBER 19, 1980,
BY ITS DULY EMPOWERED TRUSTEES,

                Plaintiffs,

    -against-

JOE COOLEY,
RODNEY DAVID OLIVER P/K/A
RODNEY-O, d/b/a NOT INTRESTED
PUBLISHING,

                Defendants.
-------------------------------------------------------------------x

Case No. 24-cv-07509 (DLC)

**DECLARATION OF DOROTHY M. WEBER IN SUPPORT OF PLAINTIFFS' MOTION FOR SANCTIONS AND IN REPLY TO DEFENDANTS' OPPOSITION**

I, DOROTHY M. WEBER, hereby declare:

1. I am a member of the firm Herbsman Hafer Weber & Frisch, LLP, and I am admitted to appear before this Court.

2. I am submitting this declaration in support of Plaintiffs' Memorandum of Law in their Motion for Sanctions and in reply to Defendants' Opposition.

3. Responses and supplementation to Plaintiffs' Requests for the Production of Documents (Dkt. 141-4) and Plaintiffs' First Interrogatories to Defendants (Dkt. 141-5) are still outstanding.

4. As set forth in Plaintiffs' moving papers and the Memorandum of Law, Defendants' clear intent to evade their discovery obligations is highlighted by their ongoing gamesmanship in creating an untenable position for Plaintiffs both to proceed with their case and defend the frivolous accusations contained in their affirmative defenses and counterclaims.

5. It is irrefutable that Defendants' failure to produce documents was both

1

intentional and done with deliberate, willful inexcusable purpose.

6. Attached hereto as Exhibit A is the transcript of the Discovery Conference before the Court held on July 11, 2025 (the "Transcript"). The Transcript unequivocally shows that there was no ambiguity in the Court's order and more importantly, Defendant Oliver's understanding of what the Court had ordered him to provide. It also further establishes that the Defendants made knowingly false representations regarding their intent to comply with their discovery obligations. For example:

- Regarding Ms. Key, the Court stated: "Well, she's your agent. You have – you need to get the documents from her. **They are ultimately your documents, whether or not she drafted them or sent them as your agent**, and so she has an obligation -- **you have an obligation to get those documents and give them to the plaintiff**." (p. 22: 10-14). Despite this, Defendant Oliver had the temerity to state, "Yeah. Okay. I know that she did give up the documents though. She gave up what she had," (p. 22: 15-16) when in reality, many of the documents have not been provided.

- Regarding the outstanding document production, the Court said: "**you have the obligation now to produce all of that documentation that's responsive to [Ms. Weber's] requests to her, and it should have happened in June**…You cannot resist discovery in good faith here." (p. 24: 12-14). Oliver responded, "**Yeah, I'm not. She can have it all.** I'm not worried about it." (p. 24: 18-19).

- Once again, when the Court confirmed with Oliver that to the extent that he has any financial records and documentation that "reflect money made in connection with negotiations or licenses with [Epic] or the people that control 'Everlasting Bass,'" Oliver verified that he would produce such documents. (p. 27: 10-19). Not a single financial record or

2

accounting document has been produced.

7. The chronology of events that have occurred since the discovery conference shows Defendants' conduct:

- July 11, 2025 Discovery Conference/First Order Compelling Disclosure – Judge Cote instructed Defendant Oliver to produce documents and respond to Plaintiffs' Interrogatories by July 15, 2025. (Dkt. 134, p.1).

- July 17, 2025 – Second Order Compelling Disclosure - Court ordered that Plaintiffs may move for sanctions if Defendants' document production is "materially deficient" as of July 17th (Dkt. 134, p.3).

- July 18, 2025 – Defendant Oliver produced a cover sheet with his written responses to Plaintiffs' document requests and does not attach the "bate-stamped document production" despite stating that he did so.

- July 18, 2025 – Defendant Oliver filed a declaration with the Court stating that he produced all documents in his possession. (Dkt. 135).

- July 21, 2025 – Plaintiffs' counsel emailed Defendants informing them that there was no attachment of bate stamped documents in Defendant Oliver's July 18th production.

- July 24, 2025 – Plaintiffs filed their Motion for Sanctions (Dkt. 139).

- July 25, 2025 – Court confirms the scheduling for the Motion for Sanctions and orders Defendant Oliver to produce documents by Necole Key (Dkt. 142).

- July 25, 2025 – Defendant Oliver filed his first Response to Plaintiffs' Motion for Sanctions (Dkt. 143); a Motion for Sanctions (Dkt. 144); and his Supplemental Response to Plaintiffs' Motion for Sanctions (Dkt. 145).

3

- July 28, 2025 – Defendant Oliver emailed Plaintiffs and admitted that he did not attach a 200-page document, yet, once again, failed to attach the document.
- July 28, 2025 – Plaintiffs wrote a letter to Defendant Oliver regarding his failure to send the 200-page document and Defendant Oliver emailed back confirming that he in fact did not attach it and finally attached the 200-page document.
- July 29, 2025 – Oliver sends an email which attached a purported 'Kobalt Administration Deal Proposal' (which was not part of the July 28th production), stating: "Ms. Weber both Necole and I thought we didn't have this agreement. We were so **disppointed [sic] we lost it because of this claim we both deleted it from our email**."
- July 29, 2025 – Plaintiffs send a Second Deficiency Letter to Defendants.
- July 30, 2025 – Plaintiffs send a spoliation letter to Defendants regarding Defendant Oliver's July 29th email.
- July 31, 2025 – Court ordered that Plaintiffs need not to respond to submissions by Defendants unless ordered by the Court and reaffirmed deadlines for Plaintiffs' motion for sanctions (Dkt. 148, p.1).
- August 4, 2025 – Oliver filed a notice regarding fairness, legal authority, etc. (Dkt. 149).
- August 8, 2025 – Oliver served his third Response to Plaintiffs' Motion for Sanctions.

8. The Court advised Defendants of terminating sanctions if they failed to comply with Discovery (Transcript, p. 29: 15-18).

9. Attached hereto as Exhibit B is a true and correct copy of the Memorandum of

4

Law In Opposition to Plaintiff's Motion for Sanctions and Declaration of Rodney David Oliver, which was submitted by Defendant Oliver on August 8, 2025, but not yet posted to ECF.

10. Attached hereto as Exhibit C is a true and correct copy of the Sony Administration Agreement.

11. Attached hereto as Exhibit D is a true and correct copy of the second Deficiency Letter sent by the Plaintiffs on July 29th.

12. Attached hereto as Exhibit E is a true and correct copy of the email sent by Defendant Oliver on July 29, 2025, admitting to spoliation.

13. Attached hereto as Exhibit F is a true and correct copy of the spoliation letter sent by the Plaintiffs on July 30, 2025.

14. Attached hereto as Exhibit G is a true and correct copy of the Kobalt Administration Deal Proposal.

15. Despite the lengthy discussions during the July 11th Conference about moving forward in this case, and the Defendants' acknowledgement that they understand their obligations and would produce documents, the Plaintiffs ultimately find themselves in the same exact position as they were before the conference and even after two (2) Court Orders.

16. As set forth in Plaintiffs' Reply Memorandum of Law, the Withheld Documents are the core documents needed to proceed with this action, and to defend Defendants' spurious, and specious counterclaims. This conduct was not "imperfect" - it was willful.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 13, 2025.

_____
Dorothy M. Weber