# Exhibit B

UNITED STATES DISTRICT COURT

**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------x

 **THE BARRY WHITE FAMILY TRUST**
 U/A/D: DECEMBER 18, 1980,
 BY ITS DULY EMPOWERED TRUSTEES,

**Plaintiffs,**

v.

**JOE COOLEY,**
 **RODNEY DAVID OLIVER P/K/A RODNEY-O,**
 d/b/a NOT INTERESTED PUBLISHING,

**Defendants.**

----------------------------------------------x
 **Case No.: 24-cv-07509 (DLC)**

MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS (DKT. 140)

---

I. PRELIMINARY STATEMENT

Defendant Rodney David Oliver does not dispute his obligation to comply with this Court's orders and the Federal Rules of Civil Procedure. He accepts responsibility for any inadvertent errors in production and has at all times acted in good faith.

The record — including Plaintiffs' own exhibits — shows a consistent pattern of Defendant communicating with Plaintiffs' counsel, working late into the night to prepare responsive materials, and seeking reasonable accommodations.

On July 15, 2025, Oliver wrote:

"I am still preparing documents… I am trying my best… If you had ownership you would have provided it by now. You don't." (Ex. A-12).

On July 16, 2025, he reported:

"Spent the night learning about bates numbering. I will be numbering them today and send them to you as soon as I am finished. I am not refusing or trying to delay. Please stop saying I am. I am doing all I can." (Ex. A-13).

When told his production was "missing," he admitted the mistake, explained the technical mix-up, and proposed a joint letter to the Court:

"My failure to send the documents was not willful… Could we write a joint letter to explain to the judge… or lessen the sanctions? That would be appreciated." (Ex. A-10).

"If you are not willing to do any of the above, I understand and will amend my opposition and accept how the dice roll." (Ex. A-10).

These statements show transparency and accountability — the opposite of the willful obstruction required for Rule 37 sanctions.

---

## II. RULE 37 DOES NOT APPLY HERE

Rule 37(b) sanctions require a violation of a specific court order compelling discovery. No such order exists here. Defendant's only error was sending an incorrect merged PDF, which he corrected promptly once notified. Courts routinely decline sanctions where noncompliance is the result of confusion or inadvertence rather than bad faith. *See Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986).

Here, Defendant's conduct reflects the opposite of bad faith:

- On July 28, 2025 (Ex. A-10), Defendant admitted the mistake immediately, explaining the technical error ("clicked the wrong file") and offering to cooperate on a joint letter to resolve the issue without motion practice.

- He had **already produced hundreds of pages** and was actively organizing more, while learning Bates stamping and formatting requirements as a pro se litigant.

- Plaintiff's own admissions (Ex. A-12, B5) show they already possessed the core chain-of-title documents, negating any real prejudice.

I. Extreme Sanctions Are Unwarranted Under Rule 37(b).

The Second Circuit requires a finding of willfulness, bad faith, or fault before imposing terminating sanctions. See Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 764 (2d Cir. 1990). Here, the record reflects a genuine — if imperfect — attempt to comply. Defendant's misunderstanding about Bates stamping and possible mis-attachment is not "willful" noncompliance.

**II. Plaintiffs Failed to Pursue Less Drastic Remedies.**

Courts disfavor default judgment or striking pleadings where lesser sanctions, such as a short cure period or cost-shifting, would suffice. *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010). Plaintiffs declined Defendant's offer to re-send and instead moved for sanctions.

**III. Any Deficiency Was Harmless and Curable.**

The delay was measured in days, not months, and Plaintiffs received detailed written responses and privilege logs. The appropriate remedy, if any, is a directive to re-serve with proper Bates numbering — not litigation death penalty sanctions

**IV. Accusing a pro se party of perjury under these circumstances**

Where the mistake was promptly corrected in good faith and without prejudice — is not only unjust but also inconsistent with governing law. Perjury requires "clear and convincing evidence of a knowingly false statement on a material matter" (*United States v. Dunnigan*, 507 U.S. 87, 94 (1993)). No such evidence exists here.

The record shows repeated good-faith efforts to comply, candid communication about errors, and cooperative proposals to remedy any issues. The perjury allegation fits a broader pattern of Plaintiff's counsel attempting to paint Defendant as uncooperative, despite documented proof to the contrary, and using this narrative to justify disproportionate sanctions.

Because there is no willful misconduct, no prejudice, and no factual basis for the perjury claim, Rule 37 sanctions are unwarranted.

V .Default Judgment and Filing Injunction Are Disproportionate

Default judgment is reserved for extreme, repeated misconduct. Update Art, Inc. v. Modiin Publ'g, Ltd., 843 F.2d 67, 71 (2d Cir. 1988). A single, corrected discovery mistake does not warrant such a result. Likewise, a filing injunction is appropriate only in cases of abuse of the judicial process, which is not present here. Iwachiw v. N.Y. State DMV, 396 F.3d 525, 528 (2d Cir. 2005).

## VI. Pro Se Litigants Are Entitled to Leniency

Courts must extend some procedural leniency to pro se litigants who make good-faith efforts to comply. Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006). Defendant Oliver has attempted to comply with all discovery orders, asked questions, offered corrections, and documented communications—all as a layperson navigating complex litigation.

## VII. Defendant Has Complied with Prior Court Orders, Even Adverse Ones

Defendant's litigation history in this matter shows consistent compliance with the Court's rulings — including those that denied his own motions.

For example, on June 28, 2025, the Court denied Defendant's motion to dismiss (Dkt. 126) without elaboration. Defendant did not attempt to circumvent or relitigate that ruling. Instead, he moved forward with discovery, responded to Plaintiff's document demands, and attended conferences as directed. This history demonstrates respect for the Court's authority and undermines any suggestion of a "pattern of defiance" sufficient to justify Rule 37(b) sanctions.

## VIII. Plaintiff's Overreach Toward Non-Party Nécole Key Confirms Disproportionate Discovery Tactics**

On May 22, 2025, the Court denied various motions to strike and directed non-party Nécole Key to sign a confidentiality agreement (Dkt. 118). Defendant complied with the Court's directive and worked to facilitate Ms. Key's cooperation.

Rather than use this order as intended — to protect relevant and necessary disclosures — Plaintiff used it as a springboard for overreach. After Ms. Key signed, Plaintiff's counsel demanded personal and unrelated communications, including emails that had no bearing on the composition at issue. These demands were made without subpoena, without formal discovery process, and despite Ms. Key's explicit written objection (Ex. A-28).

This conduct went beyond the scope of Rule 26(b)(1)'s proportionality standard and created unnecessary friction with a non-party who had been actively assisting in catalog management and resolution efforts. It also prejudiced Defendant by straining a relationship with a key collaborator and source of exculpatory evidence.

The Court's order in Dkt. 118 created a clear, limited framework for obtaining relevant material from Ms. Key: execution of a confidentiality agreement followed by proper requests. Plaintiff's deviation from that process, and use of informal pressure instead, reflects the same strategic overreach motivating this sanctions motion.

---

## III. PLAINTIFF'S LACK OF STANDING

### A. The 1999 Withdrawal of Intellectual Property from the Trust

Plaintiff claims to sue "as the Barry White Family Trust," yet has never produced trustee appointment papers or an unbroken chain of title. More critically, a notarized **July 27, 1999 "Withdrawal of All Intellectual Property"** signed by Barry White states:

"…I, Barry White, hereby withdraw from The Barry White Family Trust, U/A/D December 19, 1980, all intellectual property including but not limited to copyrights, compositions, master recordings, trademarks and related rights…" (Ex. A-1).

Once withdrawn, those assets were no longer trust property. Without trust ownership, Plaintiff cannot meet the statutory requirement of 17 U.S.C. § 501(b).

---

### B. PLAINTIFF'S INFRINGEMENT THEORY FAILS AS A MATTER OF LAW

Plaintiffs' counsel admitted that the alleged infringement concerns a bassline from the *master recording* of "Everlasting Bass" — an entirely different work than the composition they have registered. Copyright in a sound recording is distinct from copyright in the underlying musical composition. 17 U.S.C. § 102(a)(2), (7). An infringement claim on the composition cannot be based solely on similarity to a sound recording. *Newton v. Diamond*, 388 F.3d 1189, 1193 (9th Cir. 2004).

During communications, Dorothy Weber admitted that the alleged infringement concerns **the master recording of "Everlasting Bass"**, not the Barry White composition "Like That":

"We have no interest in the master. The sample is from the master of Everlasting Bass." (Ex. A-26).

Copyright infringement of a composition requires that the alleged copying be of protectable elements of that composition, not merely a similar sound from a different master.

The Barry White composition at issue was registered as **unpublished sheet music** and the deposit copy contains **no bassline matching the alleged infringement**.

**Plaintiff's Claim Targets the Wrong Work**

- Under *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991), infringement requires copying of protected elements from the registered work.

- The bassline at issue appears **only** in the master recording, not in the unpublished deposit copy.

- *Newton v. Diamond*, supra — where the copied element is from the master recording and not the sheet music deposit, no composition infringement exists.

C. Plaintiff's Admissions Confirm No Evidence of Standing Exists

On July 29, 2025, Defendant directly asked Plaintiff's counsel to provide **(1)** proof of reassignment or termination from Warner after its 1983 transfer, and **(2)** proof of any authority following Barry White's July 27, 1999 withdrawal of intellectual property from the Trust:

"If what you say is true… then why haven't you provided evidence of reassignment or termination from Warner transfer back in 1983. Or proof [of] trust as authority after the withdrawal of IP from the Trust from Barry White himself in 1999." (Ex. A-10).

Plaintiff's counsel responded not by producing such proof, but by asserting:

"With all due respect, you have been provided with all of our chain of title documents… If that is not sufficient then so be it." (Ex. A-10).

This admission is decisive.

**If Plaintiff has produced all chain-of-title materials in her possession, and those materials fail to show any post-1999 rights in the composition, then her claim of ownership is unsupported and fails as a matter of law.**

In fact, the 1999 Withdrawal of Separate Property executed by Barry White expressly removed from the Trust "any intellectual property rights (including… any copyrights… and any related registrations… or contractual rights, relating to… my musical compositions)" (Ex. A-33).

Thus, **by her own admission**, Plaintiff has nothing further to produce that could establish ownership — and without ownership, Plaintiff lacks standing under 17 U.S.C. § 501(b).

### D. CORPORATE OWNERSHIP AND WORK FOR HIRE NEGATE PLAINTIFF'S CLAIM TO COPYRIGHT

Plaintiff's standing is further undermined by historical publishing agreements that show Barry White created and licensed musical works through his corporate entity, Barry White, Inc. A  contract between January Music Corporation and Sa-Vette Music Company, a division of Barry White, Inc., confirms:

"Sa-Vette Music Company, a division of Barry White, Inc. (hereinafter referred to as 'Participant')..."

Similarly, a 1974 agreement states:

"Barry White, Inc. represents and warrants that it has the exclusive songwriter services of Barry White."

These terms reflect a work-for-hire and corporate ownership model, not individual authorship. Absent a documented transfer from Barry White, Inc. to the Barry White Family Trust, Plaintiff lacks any enforceable claim of ownership and cannot assert copyright standing. Filing this action without verifying basic ownership is sanctionable under Rule 11(b).

---

IV. DUE PROCESS VIOLATIONS & WITNESS INTIMIDATION

A. Improper Subpoena to Nécole Key

On July 22, 2025, Ms. Weber issued a subpoena to non-party Nécole Key. Internal emails show the purpose was to silence Ms. Key, who had repeatedly sought to broker a settlement and possessed evidence undermining Plaintiff's standing claim.

Defendant is informed and believes Ms. Weber did not genuinely seek Ms. Key's testimony, because she could have obtained her cooperation voluntarily. Instead, the subpoena served as intimidation. As one email chain shows, Ms. Weber instructed her assistant:

"Serve her. No need to coordinate with Oliver. We don't want her talking to him before the depo." (Ex. A-19).

This is a misuse of Rule 45 and violates the principle in *Night Hawk Ltd. v. Briarpatch Ltd., L.P.*, No. 03 Civ. 1382, 2003 WL 23018833, at *9 (S.D.N.Y. Dec. 23, 2003)*.

---

## B. Broken Promise to Release Defendant

In May 2025, Joe Cooley requested dismissal if Plaintiff could not prove ownership. Ms. Weber replied:

"We are willing to release you from the case." (Ex. A-22).

Yet she never sent a stipulation. In July 2025, with no proof still forthcoming, Cooley renewed his request. Rather than finalize dismissal, Plaintiff pivoted to accusing him of "failed discovery obligations" and filed this sanctions motion.

---

## V. PLAINTIFF'S CONDUCT DEMONSTRATES BAD FAITH

---

Plaintiff's invocation of Rule 37 sanctions is untenable in light of its own contradictory conduct. Rule 37 presupposes a party has acted in good faith in the discovery process and is not withholding or misrepresenting material facts.

Plaintiff's Own Documents Contradict Their Disavowal of Master Rights**

Plaintiffs have repeatedly told Defendant and this Court that they "have no interest in the masters" (Ex. A-26). Yet their own correspondence and agreements show they acted over Defendant's master rights without his knowledge or consent.

1. **May 7, 2024 Infringement Letter** – Plaintiffs' counsel sent a copyright infringement notice to Wilburn Holding, Epic Records, and others, accusing Defendant of infringing the Barry White

composition "Like That" by use of *Everlasting Bass*. The letter expressly acknowledges that *Everlasting Bass* is a master recording, yet asserts claims as if Plaintiffs held rights to control or license it.

2. **Tolling Agreement** – Without informing Defendant, Plaintiffs entered into a Tolling Agreement that allocated earnings from Defendant's master to third parties. This is direct action over master recording rights — the very rights they disclaim in their pleadings.

3. **January 15, 2025 Email from Robert Finan** – In communications with third party Nécole Key, Plaintiffs' co-counsel admitted, "We do not have a dog in this fight" and "If it turns out to be Rodney great. If White, that is fine." Yet at the same time, Plaintiffs continued to interfere with Defendant's master royalties and use these disputed funds as leverage in litigation.

This contradiction is fatal to Plaintiffs' credibility. If, as they now claim, they have no master rights, then their actions — from sending infringement notices to executing agreements affecting master royalties — are beyond their legal authority and evidence of bad faith. If, on the other hand, they believe they do have master rights, then their pleadings and prior statements to the Court are materially false. Either scenario undermines their standing and supports denial of the Motion for Sanctions.

These contradictions, coupled with unauthorized interference in Defendant's property rights, foreclose any equitable basis for Rule 37 sanctions and instead point to Plaintiff's unclean hands.

**Plaintiff's Contradictory Conduct (Exhibits 1–5)**

1. **False Claim of Rights Transfer**

   - *Ex. 1 – Tolling Agreement (July 10, 2024)*: States Wilburn Holding "has received its rights from…Rodney Oliver."

   - **Fact:** Rodney Oliver never signed any rights transfer, was never informed of such transfer, and never authorized any person or entity to allocate his rights in "Like That" or any related Masters.

2. **Unauthorized Control of Master Earnings**

- *Ex. 4 & 5 – Email chain between Plaintiff's counsel (Dorothy Weber) and Wilburn Holding's counsel (Robert Finan)*: Discusses "earnings" from "Like That" Masters, Sony/Epic revenue, and the possibility of having funds "held by the court."

- **Fact:** These discussions occurred without Oliver's knowledge or consent, directly involving his share of Master earnings.

3. **Inconsistent Legal Position**

   - Plaintiff's Tolling Agreement treats Oliver's rights as transferred, while Plaintiff simultaneously denies his ownership and seeks to exclude him from participation in the case.

   - Such contradictory positions demonstrate a lack of candor and an attempt to benefit from rights Plaintiff claims Oliver does not have.

4. **Bad Faith and Prejudice**

   - Plaintiff's conduct has deprived Oliver of rightful participation in the control, allocation, and earnings of his works.

   - These actions conceal material facts, misrepresent Oliver's position, and prejudice his ability to protect his interests in ongoing proceedings.

If Plaintiffs truly stand by their assertion that all chain of title documents have been provided, then those documents — together with Defendant's evidence of Warner's ownership — confirm that their claim is without merit. The Tolling Agreement demonstrates that Plaintiffs have not only misrepresented their scope of claims but have also taken affirmative steps to deal with Defendant's master rights as if they controlled them.

Defendant's conduct has been the opposite of sanctionable. He has acted in good faith, repeatedly requesting clarification, correcting the record promptly when necessary, and even offering to be released

from the litigation to avoid unnecessary costs. Plaintiffs' conduct, by contrast, reflects misrepresentation, overreach, and bad faith — the very behavior Rule 37 is intended to deter, not reward.

All the above in  combination of:

1.  Withholding ownership documents including the 1999 Withdrawal;

2.  Self-declaring trust authority without court appointment or trustee proof;

3.  Admitting the alleged infringement involves a different master recording;

4.  Using subpoenas as intimidation; and

5.  Offering but refusing to execute dismissal—

…shows a litigation strategy of pressure and delay, not truth-seeking.

---

CONCLUSION

Plaintiffs' Motion for Sanctions (Dkt. 140) is built on a false premise — that Defendant engaged in willful, bad-faith defiance of this Court's orders. The record proves the opposite: Defendant acted transparently, corrected a minor technical mistake promptly, and consistently sought to cooperate, all while navigating complex discovery obligations as a pro se litigant. There has been no violation of a specific discovery order, no prejudice to Plaintiffs, and no factual basis for the extreme remedies they seek.

Rule 37(b) does not authorize default judgment, filing injunctions, or perjury findings for a single, curable production error — especially where Plaintiffs themselves have engaged in overreach, withheld critical

ownership documents, taken inconsistent positions on standing, and interfered with Defendant's property rights without authority.

For these reasons, and in the interest of fairness, due process, and the integrity of the judicial process, the Court should **deny** Plaintiffs' Motion for Sanctions in its entirety. In the alternative, if the Court finds any deficiency in Defendant's discovery, the appropriate remedy is a brief deadline to re-serve the documents with proper Bates numbering — not the litigation "death penalty" Plaintiffs seek.

**Respectfully submitted,**

**/s/**  Rodney David Oliver, Pro Se

 11074 Oso Avenue

 Chatsworth, CA 91311

 rodneyolivermusic@gmail.com

---

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------x

**THE BARRY WHITE FAMILY TRUST**

U/A/D: DECEMBER 18, 1980,

BY ITS DULY EMPOWERED TRUSTEES,

Plaintiffs,

v.

**JOE COOLEY,**

**RODNEY DAVID OLIVER P/K/A RODNEY-O,**

d/b/a NOT INTERESTED PUBLISHING,

Defendants.

-----------------------------------------------x

Case No.: 24-cv-07509 (DLC)

---

# DECLARATION OF RODNEY DAVID OLIVER

I, Rodney David Oliver, declare pursuant to 28 U.S.C. § 1746 as follows:

1. **Identity and Capacity**

   I am the defendant in the above-captioned matter, appearing **pro se**. I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would competently testify to them.

2. **Good Faith in Discovery**

   At all times, I have acted in good faith to comply with this Court's orders and the Federal Rules of Civil Procedure. I have never willfully withheld documents or engaged in obstruction. Any errors in my document production were inadvertent and corrected promptly once discovered.

3. **Efforts to Comply**

    In July 2025, I spent substantial time — including overnight hours — learning Bates numbering and preparing documents for production. On July 15, 2025, I informed Plaintiff's counsel that I was still preparing documents and was "trying my best" to comply. On July 16, 2025, I reported that I had been learning about Bates numbering and would send documents as soon as finished.

4. **Correction of Technical Error**

    When I learned that a merged PDF I sent was incomplete or incorrect, I immediately admitted the error, explained that it was due to selecting the wrong file, and offered to work with Plaintiff's counsel on a joint letter to the Court to remedy the situation.

5. **No Willful Defiance**

    I have never ignored a discovery order in this case. No court order compelling a specific discovery production was violated by me. The brief delay caused by the technical error was measured in days and caused no prejudice to Plaintiffs.

6. **Plaintiffs' Overreach**

    Plaintiffs have withheld critical chain-of-title documents, including proof of any rights after Barry White's July 27, 1999 "Withdrawal of All Intellectual Property" from the Barry White Family Trust. Plaintiffs have also admitted that the alleged infringement concerns a different master recording ("Everlasting Bass"), not the registered composition at issue.

7. **Treatment of Non-Party Nécole Key**

    Plaintiffs' counsel served a subpoena on non-party Nécole Key under circumstances that I believe were intended to intimidate her and prevent her from assisting in resolution discussions. Ms. Key had been cooperating and assisting with catalog management before receiving this subpoena.

8. **Standing Issues**

    Plaintiffs have admitted in writing that they have provided all chain-of-title documents they possess. None establish post-1999 ownership rights in the work at issue. Based on my understanding, without such rights, Plaintiffs lack standing to bring this action under 17 U.S.C. § 501(b).

9. **Request to the Court**

   I respectfully request that the Court deny Plaintiffs' Motion for Sanctions (Dkt. 140) in its entirety. My conduct has been transparent and cooperative, and I have complied with this Court's orders to the best of my ability as a pro se litigant.

---

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: August 8, 2025

Chatsworth, California

---

**/s/Rodney David Oliver**

Defendant, Pro Se

11074 Oso Avenue

Chatsworth, CA 91311

rodneyolivermusic@gmail.com

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

Barry White Family Trust U/A/D December 19, 1980,

Plaintiff,

v.

Rodney David Oliver,

Defendant.

Case No. 1:24-cv-07509 (DLC)

**CERTIFICATE OF SERVICE**

I hereby certify that on July 25, 2025, I caused a true and correct copy of the attached

 MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS (DKT.140)

to be served via email upon the following:

Dorothy M. Weber, Esq.

Shukat Arrow Hafer Weber & Herbsman, LLP

494 8th Avenue, Suite 600

New York, NY 10001

Email: dorothy@musiclaw.com

Judith Ann Meyers, Pro Se

Barry White Family Trust U/A/D December 19, 1980

Email: jameyers68@gmail.com

Joe Cooley, Pro Se

248 E 157th Street

Gardena, CA 90248

Email: cooleyjoe011@gmail.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Respectfully submitted,

/s/ Rodney David Oliver

Rodney David Oliver (Pro Se Defendant)

11074 Oso Avenue

Chatsworth, CA 91311

rodneyolivermusic@gmail.com

Dated: August 8, 2025



# DEFENDANTS ANSWERS/RESPONSES AND PRODUCTIOM

7 messages

---

**Rodney** <rodneyolivermusic@gmail.com>　　　　　Fri, Jul 18, 2025 at 10:07 AM
To: Dorothy Weber <dorothy@musiclaw.com>, jameyers68@gmail.com

Ms. Weber

I have attached everything I can in my possession. I haven't continued to be working in good faith despite your claims of me having not too.  I even went as far as to prepare them as close as I possibly could to the legal standard and what you're used to to avoid any confusion but it seems that that delay has caused me scrutiny in court

Please see attached.

---

**2 attachments**

📄 **JULY 16, 2025.docx (1).pdf**
　　67 KB

📄 **Rodney_Oliver_Discovery_Complete_Merged (1).pdf**
　　283 KB

---

**Dorothy Weber** <dorothy@musiclaw.com>　　　　　Fri, Jul 18, 2025 at 11:12 AM
To: Rodney <rodneyolivermusic@gmail.com>, Judith Meyers <judy@musiclaw.com>

Dear Mr. Oliver:   Would you kind provide the name of the counsel to whom you refer in your privilege log.   Thank you in advance for your cooperation.


Dorothy M. Weber, Esq.

Herbsman Hafer Weber & Frisch, LLP

494 Eighth Avenue, Suite 600

New York, NY 10001

Direct Dial: (646) 795-6068

Fax: (212) 956-6471

E-Mail: dorothy@musiclaw.com

http://www.linkedin.com/in/
dorothymweberesq/

[Quoted text hidden]

---

**Rodney** <rodneyolivermusic@gmail.com>                    Fri, Jul 18, 2025 at 11:16 AM
To: Dorothy Weber <dorothy@musiclaw.com>

Sorry Ryan Powers and Fox Rothschild sorry I assumed you knew since you dealt with them.

[Quoted text hidden]

---

**Ricardo Rosado** <ricardo@musiclaw.com>                    Mon, Jul 21, 2025 at 2:24 PM
To: Rodney <rodneyolivermusic@gmail.com>
Cc: Dorothy Weber <dorothy@musiclaw.com>, Judith Meyers <judy@musiclaw.com>

Dear Mr. Oliver,

In reviewing the documents that you provided, no bates-stamped documents have been produced. Can you send the bates-stamped documents that you reference?

Sincerely,

Ricardo Rosado

Legal Assistant to Dorothy M. Weber, Esq.

Herbsman, Hafer,Weber & Frisch, LLP

494 Eighth Avenue, 6th Floor

New York, New York 10001

Phone: 646 – 795 - 6064

Fax: (212) 956-6471

Email: ricardo@musiclaw.com

---

**From:** Rodney <rodneyolivermusic@gmail.com>
**Sent:** Friday, July 18, 2025 1:08 PM
**To:** Dorothy Weber <dorothy@musiclaw.com>; jameyers68@gmail.com
**Subject:** DEFENDANTS ANSWERS/RESPONSES AND PRODUCTIOM

Ms. Weber

[Quoted text hidden]

---

**Rodney** <rodneyolivermusic@gmail.com>                    Mon, Jul 21, 2025 at 2:37 PM

To: Ricardo Rosado <ricardo@musiclaw.com>
Cc: Dorothy Weber <dorothy@musiclaw.com>, Judith Meyers <judy@musiclaw.com>, Joe Cooley <cooleyjoe011@gmail.com>

Ms. Weber
I provided cover sheets that reference the bates stamp of the documents following
 I did the best I could in order to get them to you, since you told the judge I was refusing.

Ms. Weber are your  responses your final submission. You still haven't providing proof of having the authority to file this lawsuit. I asked you directly for the documents that state you do.  You also refuse to provide where in the deposit sheet music that I allegedly copied.  Also are you going to provide that letter by Warner you told the judge you would to prove joint ownership?  I can not find that joint ownership agreement in the documents you sent over.

Thanks for your attention to this
Rodney
[Quoted text hidden]

---

**Dorothy Weber** <dorothy@musiclaw.com>                    Mon, Jul 21, 2025 at 2:40 PM
To: Rodney <rodneyolivermusic@gmail.com>, Ricardo Rosado <ricardo@musiclaw.com>
Cc: Judith Meyers <judy@musiclaw.com>, Joe Cooley <cooleyjoe011@gmail.com>

Ricardo simply told you that we did not receive the documents that you had identified as being bate stamped.   If you emailed them, Ricardo is simply asking that you re-send them since we did not receive the first set.   Thank you in advance.



Dorothy M. Weber, Esq.

Herbsman Hafer Weber & Frisch, LLP

494 Eighth Avenue, Suite 600

New York, NY 10001

Direct Dial: (646) 795-6068

Fax: (212) 956-6471

E-Mail: dorothy@musiclaw.com

http://www.linkedin.com/in/
dorothymweberesq/


[Quoted text hidden]

---

**Rodney** <rodneyolivermusic@gmail.com>                    Sun, Jul 27, 2025 at 10:49 PM
Draft To: Dorothy Weber <dorothy@musiclaw.com>

Cc: Ricardo Rosado <ricardo@musiclaw.com>, Judith Meyers <judy@musiclaw.com>, Joe Cooley <cooleyjoe011@gmail.com>

On Mon, Jul 21, 2025, 2:40 PM Dorothy Weber <dorothy@musiclaw.com> wrote:

Ricardo simply told you that we did not receive the documents that you had identified as being bate stamped.   If you emailed them, Ricardo is simply asking that you re-send them since we did not receive the first set.   Thank you in advance.

Dorothy M. Weber, Esq.

Herbsman Hafer Weber & Frisch, LLP

494 Eighth Avenue, Suite 600

New York, NY 10001

Direct Dial: (646) 795-6068

Fax: (212) 956-6471

E-Mail: dorothy@musiclaw.com

http://www.linkedin.com/in/dorothymweberesq/

**From:** Rodney <rodneyolivermusic@gmail.com>
**Sent:** Monday, July 21, 2025 5:37 PM
**To:** Ricardo Rosado <ricardo@musiclaw.com>
**Cc:** Dorothy Weber <dorothy@musiclaw.com>; Judith Meyers <judy@musiclaw.com>; Joe Cooley <cooleyjoe011@gmail.com>
**Subject:** Re: DEFENDANTS ANSWERS/RESPONSES AND PRODUCTIOM

Ms. Weber

I provided cover sheets that reference the bates stamp of the documents following

 I did the best I could in order to get them to you, since you told the judge I was refusing.

Ms. Weber are your  responses your final submission. You still haven't providing proof of having the authority to file this lawsuit. I asked you directly for the documents that state you do.  You also refuse

to provide where in the deposit sheet music that I allegedly copied. Also are you going to provide that letter by Warner you told the judge you would to prove joint ownership? I can not find that joint ownership agreement in the documents you sent over.

Thanks for your attention to this

Rodney

On Mon, Jul 21, 2025, 2:24 PM Ricardo Rosado <ricardo@musiclaw.com> wrote:

> Dear Mr. Oliver,
>
> In reviewing the documents that you provided, no bates-stamped documents have been produced. Can you send the bates-stamped documents that you reference?
>
> Sincerely,
>
> Ricardo Rosado
>
> Legal Assistant to Dorothy M. Weber, Esq.
>
> Herbsman, Hafer,Weber & Frisch, LLP
>
> 494 Eighth Avenue, 6th Floor
>
> New York, New York 10001
>
> Phone: 646 – 795 - 6064
>
> Fax: (212) 956-6471
>
> Email: ricardo@musiclaw.com

A 3

**From:** Rodney <rodneyolivermusic@gmail.com>
**Sent:** Friday, July 18, 2025 1:08 PM
**To:** Dorothy Weber <dorothy@musiclaw.com>; jameyers68@gmail.com
**Subject:** DEFENDANTS ANSWERS/RESPONSES AND PRODUCTIOM

Ms. Weber

I have attached everything I can in my possession. I haven't continued to be working in good faith despite your claims of me having not too. I even went as far as to prepare them as close as I possibly could to the legal standard and what you're used to to avoid any confusion but it seems that that delay has caused me scrutiny in court

Please see attached.



# MEET AND CONFER EMAIL

1 message

**Rodney** <rodneyolivermusic@gmail.com>                          Mon, Jul 28, 2025 at 9:36 AM
To: Dorothy Weber <dorothy@musiclaw.com>

Ms Weber.

Good morning, am not sure how this works so if this request is procedurally incorrect, I apologize.

Now that I realize, it was an oversight on my part, would you reconsider your motion.

Could we write a joint letter to explain to the judge the situation and if you willing to withdraw you request or lessen the sanctions. That would be appreciated.

My failure to send the documents was not willful. I truly put my best effort and clicked the wrong file. When your assistant asked about the bates stamp I thought he was referring to the stamping cover pages rather then each individual page. I figured he would figured it out once he looked through it.

It wasn't til I read in your motion "no production" that I went back to the email I sent.

If you are not willing to do any of the above, I understand and will amend my opposition and accept how the dice roll.

Thank you for your time.

Rodney Oliver

I would be more then happy to  resolve this.  This isn't my lane.

If what you say is true and you being trying to ambically resolve then why haven"t you provide evidence of reassignment or termination from Warner transfer back in 1983. Or proof trust as authority after the withdrawal of ip from the Trust from Barry White himself in 1999.

Or explain to me why you have a tolling agreement saying Wilbun Holding has rights to my song? I never signed over anything residual especially to Wilbun holding.  Or explain the escrow agreement with the publishers you told the court you had during our pretrial conference. And explain to me why you didn't sue the artists and others when I told you I didn't authorized the version of Like that with Kendrick Lamar. The license i signed was pending a long form and unfinalized. Rob Finan said it himself. Confirming a deal was not done.  If you can explain all that then I can start to trust you.

I hope I get a response. Truthfully I am tired.
Thanks for your time
Rodney
[Quoted text hidden]

---

**Dorothy Weber** <dorothy@musiclaw.com>                      Tue, Jul 29, 2025 at 9:36 AM
To: Rodney <rodneyolivermusic@gmail.com>
Cc: Judith Meyers <judy@musiclaw.com>

Dear Mr. Oliver:


With all due respect, you have been provided with all of our chain of title documents.
  Judge Cote has already ruled that plaintiffs have standing; a federal court has accepted my notice of appearance as the attorney for the Trust.    If that is not sufficient then so be it.


With regard to not suing the other parties, your  documents belie your claim that you did not license the publishing.      You signed the License and you accepted payments.    Whatever claims you have regarding the master use license with other third parties is not part of our infringement claim.


Written with a full reservation of our clients rights and we will be sending you additional correspondence in connection with your continuing violation of the Court's order to turn over documents.


Most sincerely,

[Quoted text hidden]

---

**Rodney** <rodneyolivermusic@gmail.com>                      Wed, Jul 30, 2025 at 3:49 PM
Draft To: Dorothy Weber <dorothy@musiclaw.com>



## RE: Letter to Rodney Oliver 7.28.25. RULE 408

4 messages

**Dorothy Weber** <dorothy@musiclaw.com>                    Mon, Jul 28, 2025 at 12:46 PM
To: Rodney <rodneyolivermusic@gmail.com>

Dear Mr. Oliver:   I truly do not understand how this has gotten to this point.    We have from day 1 tried to amicably resolve this matter  and I really do not understand why Ms. Key decided to move the case   in this direction.

If you wish to move in a different direction from where this has ended up,  my clients and I are certainly open to those discussions.

Very sincerely,


Dorothy M. Weber, Esq.

Herbsman Hafer Weber & Frisch, LLP

494 Eighth Avenue, Suite 600

New York, NY 10001

Direct Dial: (646) 795-6068

Fax: (212) 956-6471

E-Mail: dorothy@musiclaw.com

http://www.linkedin.com/in/
dorothymweberesq/

---

**From:** Rodney <rodneyolivermusic@gmail.com>
**Sent:** Monday, July 28, 2025 3:28 PM
**To:** Dorothy Weber <dorothy@musiclaw.com>
**Cc:** Joe Cooley <cooleyjoe011@gmail.com>; Judith Meyers <judy@musiclaw.com>
**Subject:** Re: Letter to Rodney Oliver 7.28.25

Damn you are right. This is all overwhelming.  Bit off more  than I can chew right now.

Please confirm it's attached

Thank you

Rodney

On Mon, Jul 28, 2025, 10:51 AM Ricardo Rosado <ricardo@musiclaw.com> wrote:

> Dear Mr. Oliver:
>
> On behalf of Dorothy Weber, Esq., please see the attached letter.
>
> Please do not respond to my email, any response should be directed to
> dorothy@musiclaw.com.
>
> Sincerely,
>
> Ricardo Rosado
>
> Legal Assistant to Dorothy M. Weber, Esq.
>
> Herbsman, Hafer,Weber & Frisch, LLP
>
> 494 Eighth Avenue, 6th Floor
>
> New York, New York 10001
>
> Phone: (212) 245-4580 Ext. 6064
>
> Fax: (212) 956-6471
>
> Email: ricardo@musiclaw.com

**Rodney** <rodneyolivermusic@gmail.com>                    Mon, Jul 28, 2025 at 9:10 PM
To: Dorothy Weber <dorothy@musiclaw.com>

Ms. Weber



**Deadline for documents**
1 message

**Rodney** <rodneyolivermusic@gmail.com>                    Tue, Jul 15, 2025 at 3:49 PM
To: Dorothy Weber <dorothy@musiclaw.com>

Ms Weber

It was my understanding that Tuesday was the deadline.

Tuesday is not over.
Is the only why you win cases is by lying? That doesn't make you a good lawyer makes you a weak one.

I am still preparing documents. You do want as much as I can give you or can find, right? Or I can give you what I have at this moment and you will still go mischaracterize me to the Court .

Regardless I am trying my best if you succeed I will appeal.

If you had ownership you would have provided it by now.  You don't.

RODNEY OLIVER



# DISCOVERY REQUEST

2 messages

---

**Rodney** <rodneyolivermusic@gmail.com>                    Wed, Jul 16, 2025 at 7:37 AM
To: Dorothy Weber <dorothy@musiclaw.com>, Joe Cooley <cooleyjoe011@gmail.com>,
jameyers68@gmail.com

Ms Weber

I have been working around the clock to gather all that I could. Spent the night learning about bates numbering. I will be numbering them today and send them to you as soon as I am finished.
I am not refusing or trying to delay. Please stop saying I am. I am doing all I can.

Regarding Deposition. I request to do so remotely. I do not have the funds to go to New York.


Thank you

Rodney Oliver

---

**Dorothy Weber** <dorothy@musiclaw.com>                    Wed, Jul 16, 2025 at 9:13 AM
To: Rodney <rodneyolivermusic@gmail.com>, Joe Cooley <cooleyjoe011@gmail.com>, Judith Meyers
<judy@musiclaw.com>


Dear Mr. Oliver:   We appreciate the update and look forward to receiving the documents. After we receive your documents, we can certainly  discuss a remote, video deposition but it will be held in a law office in California with our local counsel attending in person.   I will be conducting the deposition remotely and it will be video and stenographic.


Dorothy M. Weber, Esq.

Herbsman Hafer Weber & Frisch, LLP

494 Eighth Avenue, Suite 600

New York, NY 10001

Direct Dial: (646) 795-6068

Fax: (212) 956-6471

E-Mail: dorothy@musiclaw.com

http://www.linkedin.com/in/
dorothymweberesq/

[Quoted text hidden]



# Discovery Meet and Confer

3 messages

---

**Dorothy Weber** <dorothy@musiclaw.com>  Thu, Jul 17, 2025 at 8:37 AM
To: Rodney <rodneyolivermusic@gmail.com>, Joe Cooley <cooleyjoe011@gmail.com>

Gentlemen:   We would like to ask the court for a one month extension on fact discovery  to give us time to set up the depositions on mutually agreeable dates and also permit time for potential mediation.    We suggest September 1, 2025 and we agree that it will not otherwise affect any of the dates in the order.   Please let me know so I can advise the Court.

Thank you in advance.

Very truly yours,

Dorothy M. Weber, Esq.

Herbsman Hafer Weber & Frisch, LLP

494 Eighth Avenue, Suite 600

New York, NY 10001

Direct Dial: (646) 795-6068

Fax: (212) 956-6471

E-Mail: dorothy@musiclaw.com

http://www.linkedin.com/in/
dorothymweberesq/

---

**Rodney** <rodneyolivermusic@gmail.com>  Thu, Jul 17, 2025 at 11:32 AM
To: Dorothy Weber <dorothy@musiclaw.com>
Cc: Joe Cooley <cooleyjoe011@gmail.com>

Hello Ms. Weber

That is fine with both of us.

I will be sending over my response and production by the end of the day.  I am proof reading my answers now.


Thank you

Rodney Oliver
[Quoted text hidden]

---

**Dorothy Weber** <dorothy@musiclaw.com>    Thu, Jul 17, 2025 at 11:37 AM
To: Rodney <rodneyolivermusic@gmail.com>
Cc: Joe Cooley <cooleyjoe011@gmail.com>

Thank you both...I will send you a draft of the letter for your approval  before we send it to the Court

[Quoted text hidden]



# FW: Draft Letter to Judge Cote 7-17-2025

5 messages

---

**Dorothy Weber** <dorothy@musiclaw.com>        Thu, Jul 17, 2025 at 1:20 PM
To: Joe Cooley <cooleyjoe011@gmail.com>, Rodney <rodneyolivermusic@gmail.com>

Hi Gentlemen:    Attached is a draft of the letter for your approval.    Once I get your ok , I will have it filed.    Thanks.


Sincerely,


Dorothy M. Weber, Esq.

Herbsman Hafer Weber & Frisch, LLP

494 Eighth Avenue, Suite 600

New York, NY 10001

Direct Dial: (646) 795-6068

Fax: (212) 956-6471

E-Mail: dorothy@musiclaw.com

http://www.linkedin.com/in/
dorothymweberesq/

---

📄 **Draft Letter to Judge Cote 7-17-2025.docx**
31 KB

---

**Rodney** <rodneyolivermusic@gmail.com>        Thu, Jul 17, 2025 at 1:27 PM
To: Dorothy Weber <dorothy@musiclaw.com>
Cc: Joe Cooley <cooleyjoe011@gmail.com>

Yes that is fine Ms. Weber

Thank you
Rodney Oliver
[Quoted text hidden]

**Ricardo Rosado** <ricardo@musiclaw.com>                    Thu, Jul 17, 2025 at 1:30 PM
To: Rodney <rodneyolivermusic@gmail.com>
Cc: Joe Cooley <cooleyjoe011@gmail.com>, Dorothy Weber <dorothy@musiclaw.com>

Mr. Oliver,

Does Mr. Cooley approve as well? If so, we will get this filed.

Sincerely,

Ricardo Rosado

Legal Assistant to Dorothy M. Weber, Esq.

Herbsman, Hafer,Weber & Frisch, LLP

494 Eighth Avenue, 6th Floor

New York, New York 10001

Phone: 646 – 795 - 6064

Fax: (212) 956-6471

Email: ricardo@musiclaw.com

[Quoted text hidden]

---

**Rodney** <rodneyolivermusic@gmail.com>                    Thu, Jul 17, 2025 at 1:32 PM
To: Ricardo Rosado <ricardo@musiclaw.com>

Oh yeah, Joe is good with it. He said if I ok it, he is cool

Thanks
[Quoted text hidden]

---

**Dorothy Weber** <dorothy@musiclaw.com>                    Thu, Jul 17, 2025 at 1:34 PM
To: Rodney <rodneyolivermusic@gmail.com>
Cc: Joe Cooley <cooleyjoe011@gmail.com>

Thank you both...Ricardo is filing now.

Dorothy M. Weber, Esq.

Herbsman Hafer Weber & Frisch, LLP

494 Eighth Avenue, Suite 600

New York, NY 10001

Direct Dial: (646) 795-6068

Fax: (212) 956-6471

E-Mail: dorothy@musiclaw.com

http://www.linkedin.com/in/
dorothymweberesq/

---

**From:** Rodney <rodneyolivermusic@gmail.com>

**Sent:** Thursday, July 17, 2025 4:28 PM
**To:** Dorothy Weber <dorothy@musiclaw.com>
**Cc:** Joe Cooley <cooleyjoe011@gmail.com>
**Subject:** Re: FW: Draft Letter to Judge Cote 7-17-2025

Yes that is fine Ms. Weber

Thank you

Rodney Oliver

[Quoted text hidden]



# DEFENDANTS ANSWERS/RESPONSES AND PRODUCTIOM

7 messages

---

**Rodney** <rodneyolivermusic@gmail.com>                Fri, Jul 18, 2025 at 10:07 AM
To: Dorothy Weber <dorothy@musiclaw.com>, jameyers68@gmail.com

Ms. Weber

I have attached everything I can in my possession. I haven't continued to be working in good faith despite your claims of me having not too.  I even went as far as to prepare them as close as I possibly could to the legal standard and what you're used to to avoid any confusion but it seems that that delay has caused me scrutiny in court

Please see attached.

---

**2 attachments**

📄 **JULY 16, 2025.docx (1).pdf**
67 KB

📄 **Rodney_Oliver_Discovery_Complete_Merged (1).pdf**
283 KB

---

**Dorothy Weber** <dorothy@musiclaw.com>                Fri, Jul 18, 2025 at 11:12 AM
To: Rodney <rodneyolivermusic@gmail.com>, Judith Meyers <judy@musiclaw.com>

Dear Mr. Oliver:   Would you kind provide the name of the counsel to whom you refer in your privilege log.   Thank you in advance for your cooperation.

Dorothy M. Weber, Esq.

Herbsman Hafer Weber & Frisch, LLP

494 Eighth Avenue, Suite 600

New York, NY 10001

Direct Dial: (646) 795-6068

Fax: (212) 956-6471

E-Mail: dorothy@musiclaw.com

http://www.linkedin.com/in/
dorothymweberesq/

**Rodney** <rodneyolivermusic@gmail.com>                    Fri, Jul 18, 2025 at 11:16 AM
To: Dorothy Weber <dorothy@musiclaw.com>

Sorry Ryan Powers and Fox Rothschild sorry I assumed you knew since you dealt with them.

[Quoted text hidden]

---

**Ricardo Rosado** <ricardo@musiclaw.com>                    Mon, Jul 21, 2025 at 2:24 PM
To: Rodney <rodneyolivermusic@gmail.com>
Cc: Dorothy Weber <dorothy@musiclaw.com>, Judith Meyers <judy@musiclaw.com>

Dear Mr. Oliver,


In reviewing the documents that you provided, no bates-stamped documents have been produced. Can you send the bates-stamped documents that you reference?


Sincerely,

Ricardo Rosado

Legal Assistant to Dorothy M. Weber, Esq.

Herbsman, Hafer,Weber & Frisch, LLP

494 Eighth Avenue, 6th Floor

New York, New York 10001

Phone: 646 – 795 - 6064

Fax: (212) 956-6471

Email: ricardo@musiclaw.com

---

**From:** Rodney <rodneyolivermusic@gmail.com>
**Sent:** Friday, July 18, 2025 1:08 PM
**To:** Dorothy Weber <dorothy@musiclaw.com>; jameyers68@gmail.com
**Subject:** DEFENDANTS ANSWERS/RESPONSES AND PRODUCTIOM


Ms. Weber

[Quoted text hidden]

---

**Rodney** <rodneyolivermusic@gmail.com>                    Mon, Jul 21, 2025 at 2:37 PM

To: Ricardo Rosado <ricardo@musiclaw.com>
Cc: Dorothy Weber <dorothy@musiclaw.com>, Judith Meyers <judy@musiclaw.com>, Joe Cooley <cooleyjoe011@gmail.com>

Ms. Weber
I provided cover sheets that reference the bates stamp of the documents following
 I did the best I could in order to get them to you, since you told the judge I was refusing.

Ms. Weber are your  responses your final submission. You still haven't providing proof of having the authority to file this lawsuit. I asked you directly for the documents that state you do.  You also refuse to provide where in the deposit sheet music that I allegedly copied.  Also are you going to provide that letter by Warner you told the judge you would to prove joint ownership?  I can not find that joint ownership agreement in the documents you sent over.

Thanks for your attention to this
Rodney
[Quoted text hidden]

---

**Dorothy Weber** <dorothy@musiclaw.com>                    Mon, Jul 21, 2025 at 2:40 PM
To: Rodney <rodneyolivermusic@gmail.com>, Ricardo Rosado <ricardo@musiclaw.com>
Cc: Judith Meyers <judy@musiclaw.com>, Joe Cooley <cooleyjoe011@gmail.com>

Ricardo simply told you that we did not receive the documents that you had identified as being bate stamped.   If you emailed them, Ricardo is simply asking that you re-send them since we did not receive the first set.   Thank you in advance.

Dorothy M. Weber, Esq.

Herbsman Hafer Weber & Frisch, LLP

494 Eighth Avenue, Suite 600

New York, NY 10001

Direct Dial: (646) 795-6068

Fax: (212) 956-6471

E-Mail: dorothy@musiclaw.com

http://www.linkedin.com/in/
dorothymweberesq/

[Quoted text hidden]

---

**Rodney** <rodneyolivermusic@gmail.com>                    Sun, Jul 27, 2025 at 10:49 PM
Draft To: Dorothy Weber <dorothy@musiclaw.com>

On Mon, Jul 21, 2025, 2:40 PM Dorothy Weber <dorothy@musiclaw.com> wrote:

Ricardo simply told you that we did not receive the documents that you had identified as being bate stamped.   If you emailed them, Ricardo is simply asking that you re-send them since we did not receive the first set.   Thank you in advance.

Dorothy M. Weber, Esq.

Herbsman Hafer Weber & Frisch, LLP

494 Eighth Avenue, Suite 600

New York, NY 10001

Direct Dial: (646) 795-6068

Fax: (212) 956-6471

E-Mail: dorothy@musiclaw.com

http://www.linkedin.com/in/dorothymweberesq/

---

**From:** Rodney <rodneyolivermusic@gmail.com>
**Sent:** Monday, July 21, 2025 5:37 PM
**To:** Ricardo Rosado <ricardo@musiclaw.com>
**Cc:** Dorothy Weber <dorothy@musiclaw.com>; Judith Meyers <judy@musiclaw.com>; Joe Cooley <cooleyjoe011@gmail.com>
**Subject:** Re: DEFENDANTS ANSWERS/RESPONSES AND PRODUCTIOM

Ms. Weber

I provided cover sheets that reference the bates stamp of the documents following

 I did the best I could in order to get them to you, since you told the judge I was refusing.

Ms. Weber are your  responses your final submission. You still haven't providing proof of having the authority to file this lawsuit. I asked you directly for the documents that state you do.  You also refuse

to provide where in the deposit sheet music that I allegedly copied.  Also are you going to provide that letter by Warner you told the judge you would to prove joint ownership?  I can not find that joint ownership agreement in the documents you sent over.

Thanks for your attention to this

Rodney

On Mon, Jul 21, 2025, 2:24 PM Ricardo Rosado <ricardo@musiclaw.com> wrote:

Dear Mr. Oliver,

In reviewing the documents that you provided, no bates-stamped documents have been produced. Can you send the bates-stamped documents that you reference?

Sincerely,

Ricardo Rosado

Legal Assistant to Dorothy M. Weber, Esq.

Herbsman, Hafer,Weber & Frisch, LLP

494 Eighth Avenue, 6th Floor

New York, New York 10001

Phone: 646 – 795 - 6064

Fax: (212) 956-6471

Email: ricardo@musiclaw.com

**From:** Rodney <rodneyolivermusic@gmail.com>
**Sent:** Friday, July 18, 2025 1:08 PM
**To:** Dorothy Weber <dorothy@musiclaw.com>; jameyers68@gmail.com
**Subject:** DEFENDANTS ANSWERS/RESPONSES AND PRODUCTIOM

Ms. Weber

I have attached everything I can in my possession. I haven't continued to be working in good faith despite your claims of me having not too.  I even went as far as to prepare them as close as I possibly could to the legal standard and what you're used to to avoid any confusion but it seems that that delay has caused me scrutiny in court



# MEET AND CONFER EMAIL

1 message

**Rodney** <rodneyolivermusic@gmail.com>                    Mon, Jul 28, 2025 at 9:36 AM
To: Dorothy Weber <dorothy@musiclaw.com>

Ms Weber.

Good morning, am not sure how this works so if this request is procedurally incorrect, I apologize.

Now that I realize, it was an oversight on my part, would you reconsider your motion.

Could we write a joint  letter to explain to the  judge the situation and if you willing to withdraw you request or lessen the sanctions. That would be appreciated.

My failure to send the documents was not  willful. I truly put my best effort and clicked the wrong file. When your assistant asked about the bates stamp I thought he was referring to the stamping cover pages rather then each individual page.  I figured he would figured it out once he looked through it.

It wasn't til I read in your motion "no production" that I went back to the email I sent.

If you are not willing to do any of the above, I understand and will amend my opposition and accept how the dice roll.

Thank you for your time.

Rodney Oliver



# RODNEY OLIVER

1 message

**Rodney** <rodneyolivermusic@gmail.com>                     Sun, Jul 27, 2025 at 11:41 PM
To: Dorothy Weber <dorothy@musiclaw.com>, jameyers68@gmail.com, Joe Cooley
<cooleyjoe011@gmail.com>

Hello Ms. Weber

As I am sitting down going through your last filings line by line. I was shocked of your allegations. This
made me go back to the email I sent you. Due to the multiple files I had made I got confused
Each time i added a document I created a new file. I am not tech savvy. Despite what you may think I am
handling my case myself and sadly by doing so I sent you the wrong file. The file is supposed to be 200
plus pages please see attached.

I truly believe I sent it and was actually proud of myself. Now I feel like a idoit.

You could have said some thing on the mediation call.
My apologies please see attached

Rodney Oliver



## FW: BW
2 messages

**Dorothy Weber** <dorothy@musiclaw.com>                          Tue, Jul 29, 2025 at 1:07 PM
To: Rodney <rodneyolivermusic@gmail.com>
Cc: Joe Cooley <cooleyjoe011@gmail.com>

Gentlemen:    Attached is the copy of the court Order which says that plaintiff have standing, with the language highlighted for your reference.   You should really read her orders before you pontificate about what was and was not ordered

.

ORDERED that <mark>as the Court explained at the July 11 conference, the plaintiffs have standing to assert their claims</mark>; summary judgment practice will provide the defendants with an

opportunity to test whether the plaintiffs have the evidence of ownership necessary to succeed on their claims. At this stage, there is no jurisdictional defect or any other basis to dismiss

this action, including under Rule 12(h) (3).


Sincerely


Dorothy M. Weber, Esq.

Herbsman Hafer Weber & Frisch, LLP

494 Eighth Avenue, Suite 600

New York, NY 10001

Direct Dial: (646) 795-6068

Fax: (212) 956-6471

E-Mail: dorothy@musiclaw.com

http://www.linkedin.com/in/dorothymweberesq/



**Dkt. 134 - Order Granting Request for Discovery Sanctions.pdf**
90 KB

---

**Rodney** <rodneyolivermusic@gmail.com>                                    Tue, Jul 29, 2025 at 2:31 PM
To: Dorothy Weber <dorothy@musiclaw.com>

Ms. Weber

Respectfully, all that  order says is that the judge believes you this far and is allowing this abuse to continue until summary judgement when we will be allowed to test your claims. We could have been done with this if you would prove it to me. I am who needs to know. It's my music you are trying to steal. Give me that much respect. Show ME you have ownership.  I still would like to know what this tolling agreement is about, do you care to let me in? Especially since it states I gave my rights over to Wilbum Holding co? Can we start there?

Thanks

Rodney

[Quoted text hidden]



# Spoliation Letter to Rodney Oliver 7.30.25

4 messages

---

**Ricardo Rosado** <ricardo@musiclaw.com>             Wed, Jul 30, 2025 at 3:55 PM
To: rodneyolivermusic@gmail.com <rodneyolivermusic@gmail.com>
Cc: Dorothy Weber <dorothy@musiclaw.com>, Judith Meyers <judy@musiclaw.com>, Joe Cooley
<cooleyjoe011@gmail.com>, Nécole Key <necolekey@gmail.com>, necole@ladykeymanagement.com
<necole@ladykeymanagement.com>

Dear Mr. Oliver:

On behalf of Dorothy Weber, Esq., please see the attached letter.

Please do not respond to my email, any response should be directed to dorothy@musiclaw.com.

Sincerely,

Ricardo Rosado

Legal Assistant to Dorothy M. Weber, Esq.

Herbsman, Hafer,Weber & Frisch, LLP

494 Eighth Avenue, 6th Floor

New York, New York 10001

Phone: (212) 245-4580 Ext. 6064

Fax: (212) 956-6471

Email: ricardo@musiclaw.com

---

📄 **Spoliation Letter to Rodney Oliver 7.30.25.pdf**
454 KB

---

**Necole Key** <necole@ladykeymanagement.com>            Wed, Jul 30, 2025 at 4:00 PM

To: Ricardo Rosado <ricardo@musiclaw.com>, rodneyolivermusic@gmail.com <rodneyolivermusic@gmail.com>
Cc: Dorothy Weber <dorothy@musiclaw.com>, Judith Meyers <judy@musiclaw.com>, Joe Cooley <cooleyjoe011@gmail.com>, Nécole Key <necolekey@gmail.com>

Send back to sender.  Wrong address

---

**From:** Ricardo Rosado <ricardo@musiclaw.com>
**Sent:** Wednesday, July 30, 2025 3:55:12 PM
**To:** rodneyolivermusic@gmail.com <rodneyolivermusic@gmail.com>
**Cc:** Dorothy Weber <dorothy@musiclaw.com>; Judith Meyers <judy@musiclaw.com>; Joe Cooley <cooleyjoe011@gmail.com>; Nécole Key <necolekey@gmail.com>; Necole Key <necole@ladykeymanagement.com>
**Subject:** Spoliation Letter to Rodney Oliver 7.30.25

[Quoted text hidden]

---

**Nécole Key** <necolekey@gmail.com>                                    Wed, Jul 30, 2025 at 4:07 PM
To: Ricardo Rosado <ricardo@musiclaw.com>
Cc: Rodney <rodneyolivermusic@gmail.com>, Dorothy Weber <dorothy@musiclaw.com>, Judith Meyers <judy@musiclaw.com>, Joe Cooley <cooleyjoe011@gmail.com>, Necole Key <necole@ladykeymanagement.com>

I am not a party to the litigation you referenced, and I am not represented by legal counsel. Please be advised that I do not wish to receive any further correspondence related to this matter unless it is issued through proper legal process and bears the signature or certification of the court.

I reserve all rights as a non-party and witness.

Necole Key
[Quoted text hidden]

---

**Rodney** <rodneyolivermusic@gmail.com>                                Wed, Jul 30, 2025 at 6:13 PM
To: Ricardo Rosado <ricardo@musiclaw.com>
Cc: Dorothy Weber <dorothy@musiclaw.com>, Judith Meyers <judy@musiclaw.com>, Joe Cooley <cooleyjoe011@gmail.com>, Nécole Key <necolekey@gmail.com>, Necole Key <necole@ladykeymanagement.com>

Ms. Weber
In my effort to provide you everything I had,  you turned around and weaponize it.

I gave you an offer letter telling you we thought we deleted it after the offer was removed  due to the rumor of this claim . That offer was in April we didn't have to save it.
 You took a lot away doing what you are doing.
  That's why I don't trust you.
You twist things.

You are doing an awful lot  to make me look bad.  That isn't the effort done by someone who has ownership.  SMH

Rodney

On Wed, Jul 30, 2025, 3:55 PM Ricardo Rosado <ricardo@musiclaw.com> wrote:
[Quoted text hidden]



---

# Notice of Deposition - Joe Cooley

3 messages

---

**Dorothy Weber** <dorothy@musiclaw.com>                    Fri, Jul 11, 2025 at 3:48 PM
To: cooleyjoe011@gmail.com <cooleyjoe011@gmail.com>
Cc: Judith Meyers <judy@musiclaw.com>, rodneyolivermusic@gmail.com
<rodneyolivermusic@gmail.com>

Dear Mr. Cooley:  Pursuant to the Court's instructions, please confirm.


Dorothy M. Weber, Esq.

Herbsman Hafer Weber & Frisch, LLP

494 Eighth Avenue, Suite 600

New York, NY 10001

Direct Dial: (646) 795-6068

Fax: (212) 956-6471

E-Mail: dorothy@musiclaw.com

http://www.linkedin.com/in/dorothymweberesq/



📄 **Notice of Deposition - Joe Cooley.pdf**
150 KB

---

**Joe Cooley** <cooleyjoe011@gmail.com>                    Mon, Jul 14, 2025 at 1:00 PM
To: Dorothy Weber <dorothy@musiclaw.com>
Cc: Judith Meyers <judy@musiclaw.com>, rodneyolivermusic@gmail.com
<rodneyolivermusic@gmail.com>

Hi Ms. Weber
I am even more confused after Friday's call. Are you moving forward with me or removing me? Did
Judge Cote ask me if I had the settlement because she wants me to sign it?  Or did you decide to leave
me on the case. I am unable to go to  New York. I can not afford too. I request  a phone call or if
required a zoom call. I can possibly be able to do. Please let me know
thanks

Joe Cooley

A.18
[Quoted text hidden]

---

**Dorothy Weber** <dorothy@musiclaw.com>          Mon, Jul 14, 2025 at 1:05 PM
To: Joe Cooley <cooleyjoe011@gmail.com>
Cc: Judith Meyers <judy@musiclaw.com>, rodneyolivermusic@gmail.com
<rodneyolivermusic@gmail.com>

Dera Mr. Cooley:   We remain open to removing you from the case in line with the settlement
agreement we have proffered to you and sent you again on Friday.   If you are willing to
resolve this matter in line with the agreement, we remain ready, willing and able to do so.

If you cannot come to New York, we will conduct the deposition remotely which will require
your attendance at our  local counsel office in Newport Beach.

Sincerely,

[Quoted text hidden]



# RE: Letter to Rodney Oliver 7.28.25. RULE 408

4 messages

**Dorothy Weber** <dorothy@musiclaw.com>                    Mon, Jul 28, 2025 at 12:46 PM
To: Rodney <rodneyolivermusic@gmail.com>

Dear Mr. Oliver:   I truly do not understand how this has gotten to this point.     We have from day 1 tried to amicably resolve this matter  and I really do not understand why Ms. Key decided to move the case   in this direction.

If you wish to move in a different direction from where this has ended up,  my clients and I are certainly open to those discussions.

Very sincerely,

Dorothy M. Weber, Esq.

Herbsman Hafer Weber & Frisch, LLP

494 Eighth Avenue, Suite 600

New York, NY 10001

Direct Dial: (646) 795-6068

Fax: (212) 956-6471

E-Mail: dorothy@musiclaw.com

http://www.linkedin.com/in/
dorothymweberesq/

---

**From:** Rodney <rodneyolivermusic@gmail.com>
**Sent:** Monday, July 28, 2025 3:28 PM
**To:** Dorothy Weber <dorothy@musiclaw.com>
**Cc:** Joe Cooley <cooleyjoe011@gmail.com>; Judith Meyers <judy@musiclaw.com>
**Subject:** Re: Letter to Rodney Oliver 7.28.25

Damn you are right. This is all overwhelming.  Bit off more  than I can chew right now.

Please confirm it's attached

Thank you

Rodney

On Mon, Jul 28, 2025, 10:51 AM Ricardo Rosado <ricardo@musiclaw.com> wrote:

> Dear Mr. Oliver:
>
> On behalf of Dorothy Weber, Esq., please see the attached letter.
>
> Please do not respond to my email, any response should be directed to
> dorothy@musiclaw.com.
>
>
> Sincerely,
>
> Ricardo Rosado
>
> Legal Assistant to Dorothy M. Weber, Esq.
>
> Herbsman, Hafer,Weber & Frisch, LLP
>
> 494 Eighth Avenue, 6th Floor
>
> New York, New York 10001
>
> Phone: (212) 245-4580 Ext. 6064
>
> Fax: (212) 956-6471
>
> Email: ricardo@musiclaw.com
>
> A 20

---

**Rodney** <rodneyolivermusic@gmail.com>                          Mon, Jul 28, 2025 at 9:10 PM
To: Dorothy Weber <dorothy@musiclaw.com>

Ms. Weber

I would be more then happy to  resolve this.  This isn't my lane.

If what you say is true and you being trying to ambically resolve then why haven"t you provide evidence of reassignment or termination from Warner transfer back in 1983. Or proof trust as authority after the withdrawal of ip from the Trust from Barry White himself in 1999.

Or explain to me why you have a tolling agreement saying Wilbun Holding has rights to my song? I never signed over anything residual especially to Wilbun holding.  Or explain the escrow agreement with the publishers you told the court you had during our pretrial conference. And explain to me why you didn't sue the artists and others when I told you I didn't authorized the version of Like that with Kendrick Lamar. The license i signed was pending a long form and unfinalized. Rob Finan said it himself. Confirming a deal was not done.  If you can explain all that then I can start to trust you.

I hope I get a response. Truthfully I am tired.
Thanks for your time
Rodney
[Quoted text hidden]

---

**Dorothy Weber** <dorothy@musiclaw.com>                           Tue, Jul 29, 2025 at 9:36 AM
To: Rodney <rodneyolivermusic@gmail.com>
Cc: Judith Meyers <judy@musiclaw.com>

Dear Mr. Oliver:


With all due respect, you have been provided with all of our chain of title documents.
  Judge Cote has already ruled that plaintiffs have standing; a federal court has accepted my notice of appearance as the attorney for the Trust.    If that is not sufficient then so be it.


With regard to not suing the other parties, your  documents belie your claim that you did not license the publishing.      You signed the License and you accepted payments.    Whatever claims you have regarding the master use license with other third parties is not part of our infringement claim.


Written with a full reservation of our clients rights and we will be sending you additional correspondence in connection with your continuing violation of the Court's order to turn over documents.


Most sincerely,

[Quoted text hidden]

---

**Rodney** <rodneyolivermusic@gmail.com>                           Wed, Jul 30, 2025 at 3:49 PM
Draft To: Dorothy Weber <dorothy@musiclaw.com>

On Tue, Jul 29, 2025, 9:36 AM Dorothy Weber <dorothy@musiclaw.com> wrote:

Dear Mr. Oliver: A 21

With all due respect, you have been provided with all of our chain of title documents. Judge Cote has already ruled that plaintiffs have standing; a federal court has accepted my notice of appearance as the attorney for the Trust. If that is not sufficient then so be it.

With regard to not suing the other parties, your documents belie your claim that you did not license the publishing. You signed the License and you accepted payments. Whatever claims you have regarding the master use license with other third parties is not part of our infringement claim.

Written with a full reservation of our clients rights and we will be sending you additional correspondence in connection with your continuing violation of the Court's order to turn over documents.

Most sincerely,


Dorothy M. Weber, Esq.

Herbsman Hafer Weber & Frisch, LLP

494 Eighth Avenue, Suite 600

New York, NY 10001

Direct Dial: (646) 795-6068

Fax: (212) 956-6471

E-Mail: dorothy@musiclaw.com

http://www.linkedin.com/in/dorothymweberesq/

Ms. Weber

I would be more then happy to  resolve this.  This isn't my lane.

If what you say is true and you being trying to ambically resolve then why haven"t you provide evidence of reassignment or termination from Warner transfer back in 1983. Or proof trust as authority after the withdrawal of ip from the Trust from Barry White himself in 1999.

Or explain to me why you have a tolling agreement saying Wilbun Holding has rights to my song? I never signed over anything residual especially to Wilbun holding.  Or explain the escrow agreement with the publishers you told the court you had during our pretrial conference. And explain to me why you didn't sue the artists and others when I told you I didn't authorized the version of Like that with Kendrick Lamar. The license i signed was pending a long form and unfinalized. Rob Finan said it himself. Confirming a deal was not done.  If you can explain all that then I can start to trust you.

I hope I get a response. Truthfully I am tired.

Thanks for your time

Rodney

On Mon, Jul 28, 2025, 12:46 PM Dorothy Weber <dorothy@musiclaw.com> wrote:

> Dear Mr. Oliver:   I truly do not understand how this has gotten to this point.     We have from day 1 tried to amicably resolve this matter  and I really do not understand why Ms. Key decided to move the case   in this direction.
>
> If you wish to move in a different direction from where this has ended up,  my clients and I are certainly open to those discussions.
>
> Very sincerely,
>
>  Dorothy M. Weber, Esq.
>
>  Herbsman Hafer Weber & Frisch, LLP

494 Eighth Avenue, Suite 600

New York, NY 10001

Direct Dial: (646) 795-6068

Fax: (212) 956-6471

E-Mail: dorothy@musiclaw.com

http://www.linkedin.com/in/
dorothymweberesq/

---

**From:** Rodney <rodneyolivermusic@gmail.com>
**Sent:** Monday, July 28, 2025 3:28 PM
**To:** Dorothy Weber <dorothy@musiclaw.com>
**Cc:** Joe Cooley <cooleyjoe011@gmail.com>; Judith Meyers <judy@musiclaw.com>
**Subject:** Re: Letter to Rodney Oliver 7.28.25

Damn you are right. This is all overwhelming.  Bit off more  than I can chew right now.

Please confirm it's attached

Thank you

Rodney

On Mon, Jul 28, 2025, 10:51 AM Ricardo Rosado <ricardo@musiclaw.com> wrote:

> Dear Mr. Oliver:
>
> On behalf of Dorothy Weber, Esq., please see the attached letter.
>
> Please do not respond to my email, any response should be directed to dorothy@musiclaw.com.
>
> Sincerely,

Ricardo Rosado

Legal Assistant to Dorothy M. Weber, Esq.

Herbsman, Hafer,Weber & Frisch, LLP

494 Eighth Avenue, 6th Floor

New York, New York 10001

Phone: (212) 245-4580 Ext. 6064

Fax: (212) 956-6471

Email: ricardo@musiclaw.com



## Discovery Dispute

2 messages

---

**Jacob Prince** <JPrince@nycbar.org>       Tue, Jun 17, 2025 at 10:50 AM
To: Rodney <rodneyolivermusic@gmail.com>

Mr. Oliver,

The following is from Judge Cote's Individual Practices and can tell you how to solve to your problem with the plaintiffs refusal to provide documents:

"**2.C Discovery Disputes.** Follow Local Civil Rule 37.2 with the following modifications. Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute. If this meet-and-confer process does not resolve the dispute, the party may file a letter-motion on ECF pursuant to **Rule 4.J** below, no longer than two pages, explaining the nature of the dispute and requesting an informal conference. Such a letter must include a representation that the meet-and-confer process occurred and was unsuccessful. If the opposing party wishes to respond to the letter, it should call Chambers to advise that a responsive letter will be forthcoming. Any such responsive letter must be filed on ECF within one business day unless an extension is sought and approved by the Court pursuant to Section 1.A above.

**Rule 4.J Letter-Motions.** Letter-motions may be filed via ECF if they comply with the S.D.N.Y. Local Rules and the S.D.N.Y. "Electronic Case Filing Rules and Instructions." In particular, all requests for adjournments, extensions, and premotion conferences (including pre-motion conferences with respect to discovery disputes) should be filed as letter-motions. A courtesy copy shall not be provided to Chambers, unless it has an attachment greater than ten pages, as described above."

It sounds as thought you've already "met and conferred" with the other side, so you may be ok to file your letter motion. If you would like to send over a draft, we can review it.

Attached to this email you will find a model subpoena format, which you can file with the Clerk of Court at any time now that the initial interrogatories are over.

As for your questions about the mediation and incorrect statements from the other side, I'll be in contact with my supervising attorney and talk to you soon.

Best,
Jacob

Jacob Prince
Federal Pro Se Clinic
City Bar Justice Center
(332-228-2364)

---

📄 **subpoenaformat.pdf**
777 KB

---

**Rodney** <rodneyolivermusic@gmail.com>                    Tue, Jun 17, 2025 at 11:15 AM
To: Jacob Prince <JPrince@nycbar.org>, Rodney <RODNEYOCALI@yahoo.com>

Thank you so much. A 22

  Ms. Weber has attempted to get me on the phone and we had a scheduled call. However she added three other parties to the call.  My rights manager did some research and Ms. Weber has a history of speaking to people on the phone and then saying the opposite of what was said and having her associates sign declarations making the opposing party look like they lied.  So I have kept every thing to email for communication. To avoid that.  Do you have any suggestions? Is it okay to file a letter motion if I haven't spoke on the phone with her.


  Fyi I have cc my personal email as well for my records.


Appreciate your help

Rodney

[Quoted text hidden]



## Discovery Meet and Confer

3 messages

---

**Dorothy Weber** <dorothy@musiclaw.com>                Thu, Jul 17, 2025 at 8:37 AM
To: Rodney <rodneyolivermusic@gmail.com>, Joe Cooley <cooleyjoe011@gmail.com>

Gentlemen:   We would like to ask the court for a one month extension on fact discovery  to give us time to set up the depositions on mutually agreeable dates and also permit time for potential mediation.    We suggest September 1, 2025 and we agree that it will not otherwise affect any of the dates in the order.   Please let me know so I can advise the Court.

Thank you in advance.

Very truly yours,

Dorothy M. Weber, Esq.

Herbsman Hafer Weber & Frisch, LLP

494 Eighth Avenue, Suite 600

New York, NY 10001

Direct Dial: (646) 795-6068

Fax: (212) 956-6471

E-Mail: dorothy@musiclaw.com

http://www.linkedin.com/in/
dorothymweberesq/

---

**Rodney** <rodneyolivermusic@gmail.com>                Thu, Jul 17, 2025 at 11:32 AM
To: Dorothy Weber <dorothy@musiclaw.com>
Cc: Joe Cooley <cooleyjoe011@gmail.com>

Hello Ms. Weber

That is fine with both of us.

I will be sending over my response and production by the end of the day.  I am proof reading my answers now.


Thank you

Rodney Oliver
[Quoted text hidden]

---

**Dorothy Weber** <dorothy@musiclaw.com>                    Thu, Jul 17, 2025 at 11:37 AM
To: Rodney <rodneyolivermusic@gmail.com>
Cc: Joe Cooley <cooleyjoe011@gmail.com>

Thank you both...I will send you a draft of the letter for your approval  before we send it to the Court

[Quoted text hidden]

### Withdrawal of Separate Property from the Barry White Family Trust created by Trust Agreement dated December 19, 1980, between Barry White and Glodean White, as Trustors and as Trustees

I, Barry White, as Trustor of the Barry White Family Trust (the "Trust") created under Trust Agreement dated December 19, 1980 between me and Glodean White, as Trustors and as Trustees (the "Trust Agreement"), hereby withdraw all of my separate property from the Trust pursuant to Section 2.3 of the Trust Agreement, including, without limitation: (i) any intellectual property rights (including without limitation any copyrights, trademarks, name and likeness rights or rights of publicity) and any related registrations, applications, renewal and/or termination rights related thereto, and (ii) any contractual rights, relating to me, my musical compositions, recordings, performances, arrangements, orchestrations, productions or artistic services.

_____
Barry White, Trustor

BWT-001515

STATE OF NEW YORK )
               : ss.:
COUNTY OF NEW YORK )

        On the 27th day of July, 1999, before me personally came BARRY WHITE, to me known and known to me to be the individual described in and who executed the foregoing instrument, and he duly acknowledged to me that he executed the same.

                                _____
                                  Notary Public

JONATHAN R. BELL
Notary Public, State of New York
No. 31-4689942
Qualified in New York County
Commission Expires January 31, 19: 2001

BWT-001516

**EXHIBIT A — CHAIN-OF-TITLE TIMELINE**

Composition: "I'm Gonna Love You Just A Little More, Babe"

Original Registration: EU0000387551 (1973)

Renewal Registration: RE0000841799 (2001)

**1. 1972–1973: Creation and Registration**
• Barry White wrote and recorded the composition.
• Copyright initially vested in Barry White under the 1909 Copyright Act.
• Published in 1973: Initial term = 1973–2001; Renewal term = 2001–2029.

Supporting Document:
• Official registration EU0000387551 (sheet music).

**2. 1968–1974: Assignment and "Work Made for Hire"**
1968:
• Barry White signed the January Music–Sa-Vette Agreement assigning compositions to Sa-Vette Music and January Music Corp.

January 29, 1974:
• Barry White signed the Exclusive Songwriter Services Agreement designating compositions, including this one, as "works made for hire."
• Under 17 U.S.C. §§ 101, 304(c) and Miller Music Corp. v. Charles N. Daniels, Inc., 362 U.S. 373 (1960), works made for hire are authored by the employer or commissioning party — Sa-Vette/January Music.
• No statutory right to terminate exists for works made for hire.

Supporting Documents:
• 1968 Assignment Agreement.
• 1974 Exclusive Songwriter Services Agreement (Section X, "Work Made for Hire" clause).

**3. 1983: Transfer to Warner/Unichappell**
• Sa-Vette/January Music transferred its entire publishing catalog to Warner/Unichappell Music under a standard assignment.
• No statutory termination notice filed under 17 U.S.C. § 304(c).
• No written re-assignment back to Barry White before the 2001 renewal filing.

Case Law:
• Fred Fisher Music Co. v. M. Witmark & Sons, 318 U.S. 643 (1943) (advance assignment of renewal term valid under the 1909 Act).

4. 1999: Withdrawal from the Trust

• Barry White withdrew copyrights from the Barry White Family Trust by written instrument before the renewal term vested.
• No record shows any re-conveyance of this composition back into the Trust after 1999.

Supporting Document:
• 1999 Withdrawal Notice or Trust documents showing withdrawal of separate property.

**5. 2001: Renewal Filing**
• A renewal was filed in Barry White's name (RE0000841799).
• BUT: If the work was validly assigned and/or designated a work made for hire, the renewal is ineffective without termination or re-assignment.
• The 1983 Warner assignment remains controlling.

Supporting Document:
• 2001 Renewal Registration Certificate.
• Copyright Office certified copy of original sheet music (showing no substantial similarity to alleged infringing work).

## 6. 2001–Present: No Termination or Re-Assignment Produced
• No valid statutory termination notice under 17 U.S.C. § 304(c).
• No valid re-assignment from Warner/Unichappell back to Barry White or to the Trust.
• No valid chain of title exists to establish standing under 17 U.S.C. § 501(b).

Supporting Law:
• Fred Fisher, Miller Music, and 17 U.S.C. § 501(b): Only the legal or beneficial owner of an exclusive right may sue for infringement.

## Standing Defect
"Because the 1974 Agreement made this composition a 'work made for hire,' Barry White was never the statutory 'author' for termination purposes. The 1983 Warner/Unichappell transfer confirms that rights never reverted, and Plaintiff has shown no valid re-assignment. Plaintiff therefore lacks standing to maintain this action."

## References
• Fred Fisher Music Co. v. M. Witmark & Sons, 318 U.S. 643 (1943)
• Miller Music Corp. v. Charles N. Daniels, Inc., 362 U.S. 373 (1960)
• 17 U.S.C. §§ 101, 304(c), 501(b)
• 1968 Assignment Agreement, 1974 Exclusive Songwriter Agreement, 1983 Warner Assignment, 1999 Withdrawal Document, 2001 Renewal Certificate, Official Sheet Music.


Prepared by: Necole Key, Rights Manager


JULY 9, 2025

**HERBSMAN HAFER WEBER & FRISCH, LLP**
ATTORNEYS AT LAW
494 EIGHTH AVENUE, SIXTH FLOOR
NEW YORK, NEW YORK 10001

JONAS E. HERBSMAN
J. JEFFREY HAFER
DOROTHY M. WEBER
MICHAEL B. FRISCH
————
RAKHIL KALANTAROVA
————
JAMES E. DOHERTY
OF COUNSEL

TELEPHONE (212) 245-4580
TELECOPIER (212) 956-6471
————

**WRITER'S E-MAIL:**
dorothy@musiclaw.com

May 7, 2024

**Via Email and Regular Mail:** Stephanie.Yu@sonymusic.com

Stephanie Yu, Esq.
Epic Records
25 Madison Avenue, 19th Floor
New York, NY 10010

**Via Email and Regular Mail:** FinanR@gtlaw.com

Robert J. Finan, Esq.
Greenberg Traurig, LLP
Terminus 200
3333 Piedmont Road NE | Suite 2500
Atlanta, GA 30305

**Via Email and Regular Mail:** Christina.Suarez@umusic.com

Ms. Christina Suarez
EVP, Business & Legal Affairs
Republic Records
1755 Broadway
New York, NY 10019

**Via Email and Regular Mail:** necolekey@gmail.com

Mr. Rodney Oliver
p/k/a Rodney O
c/o Necole Key, Rights Manager
Lady Key Management

Stephanie Yu, Esq.
Robert J. Finan, Esq.
Ms. Christina Suarez
Mr. Rodney Oliver
Freebandz Entertainment
May 7, 2024
P a g e | **2**

**Via Email and Regular Mail:** Christina.Suarez@umusic.com

Boominati Worldwide
c/o Universal Music Group, Inc.
2220 Colorado Ave,
Santa Monica, CA 90404

**Via Email and Regular Mail:** legal@integral.studio

Freebandz Entertainment
c/o Felicia Magama
Wilburn Holding Co.
1465 Northside Dr,
Atlanta, GA, 30044

    *Re:*    *"Like That" Copyright Infringement Notice*

Ladies and Gentlemen:

    We are the attorneys for the Barry White Family Trust, successor in interest to all intellectual property rights of the late Barry White (the "Trust"). The Trust is the sole and exclusive owner of the registered copyright in and to "I'm Gonna Love You Just A Little More, Baby". This anthemic song (written, produced and recorded by Barry White), released in the spring of 1973, was the first single from Mr. White's 1973 debut album "I've Got So Much to Give" and hit number one on the United States R&B chart; number three on the Billboard Pop singles chart and was certified gold by the RIAA (the "Copyrighted Work").

    It has come to our attention that you have infringed the Copyrighted Work by interpolating the musical "hook" of the Copyrighted Work in a new work entitled "Like That" (the "Infringing Work"). It is our understanding that the Infringing Work was released by Wilburn Holding Co. and Boominati Worldwide, under exclusive license to Epic Records, a division of Sony Music Entertainment, with Republic Records, a division of UMG Recordings, Inc. and such use was not

**HERBSMAN HAFER WEBER & FRISCH, LLP**

Stephanie Yu, Esq.
Robert J. Finan, Esq.
Ms. Christina Suarez
Mr. Rodney Oliver
Freebandz Entertainment
May 7, 2024
P a g e  |  **3**

authorized by our client. It is also our understanding that a license was issued for use of a sample from the song "Everlasting Bass", which sample also infringes the Copyrighted Work.

Your use constitutes a willful infringement of our client's rights under the Copyright Act, which infringement will subject you to a wide variety of legal penalties, including but not limited to damages, costs and attorney's fees. Our client is also entitled to seek statutory damages for willful infringement in an amount of One Hundred Fifty Thousand ($150,000) Dollars, per infringement, for use of the Copyrighted Work. Willful intent by you is clear as multiple sources easily located online report that "Everlasting Bass" sampled the Copyrighted Work.

This letter shall also constitute notice of our copyright claims throughout the world in any territory where the Infringing Work is sold. In addition, this letter shall also serve as notice of infringement in connection with interpolation of the Copyrighted Work in the song "Everlasting Bass" within any applicable statutes of limitations.

## LITIGATION HOLD

Unless and until this matter is resolved, this letter shall constitute notice of potential litigation.

Electronically stored information can be easily altered, deleted, or otherwise modified; and it is common to dispose of it some electronic material in the normal course of business. However, under the governing law, it would be improper, following your receipt of this notice, for you to fail to take all necessary steps to fully preserve all of the electronic stored information in question, regardless of past practices. Your failure to preserve and retain the electronically stored information described in this notice may constitute the spoliation of evidence that could subject you or any of your subsidiaries, divisions, agents, and employees to sanctions by the court, legal claims for damages, or both.

HERBSMAN HAFER WEBER & FRISCH, LLP

Stephanie Yu, Esq.
Robert J. Finan, Esq.
Ms. Christina Suarez
Mr. Rodney Oliver
Freebandz Entertainment
May 7, 2024
P a g e  |  4

For purposes of this notice, the term "electronically stored information" includes, but is not limited to, the following: text files (including word processing files and file fragments); social media data, including log-in information, messages, and posts by you or anyone who follows or interacts with you on social media; metadata; spread sheets; electronic mail (including message contents, attachments, header information, logs of e-mail system usage, and "deleted" files); text messages; data in the information management system, containing the indexes of all databases; the databases themselves, including all records and field and structural information in them; logs of activity on any computer system that may have processed or stored electronic data containing litigation information; data created by financial, accounting, billing, and spreadsheet programs; files and file fragments from electronic calendars and scheduling programs; Internet history files and preferences; graphical image format ("GIF") files; all file fragments and backup files containing electronic data; telephone logs; voice mail files; PowerPoint presentations; contact manager information; and all other electronic data containing information about, or that may be relevant to, the litigation.

Any pertinent information stored online--whether stored in direct-access storage devices attached to a mainframe or minicomputer hard drives, personal computers (PCs), or laptops--must be preserved. If any files must be altered for any reason, a true and correct copy of each data file pertinent to the litigation must be made, and the copy should be preserved and made accessible.

Any activity that could result in the loss of relevant "off-line" data or removable data storage--such as backups and archives or other disaster recovery systems, servers, floppy disks, zip drives and zip files, optical disks, tapes, compact disks or diskettes, laptops, handheld devices, disconnected hard drives, and other removable electronic media, as well as personal digital assistants, handheld wireless devices, mobile telephones, paging devices, and audio systems (including voice mail)--must be halted. This includes rotation, destruction, overwriting, or erasure of such media, including the disposal of any electronic data storage devices or media that has failed or had to be replaced for other reasons.

Stephanie Yu, Esq.
Robert J. Finan, Esq.
Ms. Christina Suarez
Mr. Rodney Oliver
Freebandz Entertainment
May 7, 2024
P a g e  | 5

Relevant information contained on any fixed hard drives of stand-alone PCs and network workstations must not be altered or erased. Procedures such as data compression, disk defragmentation, or optimization routines must not be performed without first creating and preserving true and correct copies of active files. Also, true and correct copies of completely restored versions of deleted electronic files and file fragments, as well as directory and subdirectory lists, including hidden files, must be created and retained.

Copies of all applications and utilities that process pertinent information must be preserved and retained.

Passwords, decryption procedures, including accompanying software, network access codes, ID names, manuals, tutorials, written instructions, and decompression or reconstruction software must be preserved.

Any modifications made by employees or third parties to any electronic data-processing systems that may affect the system's capacity to process data relevant to the instant litigation should be logged and made available.

All relevant hardware must be preserved and not disposed of unless a true and correct copy of all files (a mirror image) is first created and preserved.

With regard to any electronic data created after receipt of this letter that might be relevant to this litigation, proper steps must be taken to avoid destroying or altering such potentially relevant evidence, including following the above procedures. Please be further advised that this relates to all potential discovery materials, whether electronically stored or not.  It applies to all social media posts of any kind or nature, including but not limited to Facebook, LinkedIn, Tik Tok and Instagram.  It applies to any business or personal email accounts and other records of any nature or kind by you in connection with all claims, dealings with the Copyrighted Work or any other party or potential witness involved in the Claim.

Nothing herein shall be deemed a waiver of any of our client's rights or admission of any liability, and all rights, remedies and claims are hereby reserved.

HERBSMAN HAFER WEBER & FRISCH, LLP

Stephanie Yu, Esq.
Robert J. Finan, Esq.
Ms. Christina Suarez
Mr. Rodney Oliver
Freebandz Entertainment
May 7, 2024
P a g e | **6**

This letter is sent in the course of enforcement of our clients' rights. As such, this letter is a demand for potential settlement communication; it should not be published, copied or distributed for any purpose other than litigation purposes.

We ask that you respond by no later than close of business on May 13th, 2024.

Very truly yours,

HERBSMAN HAFER WEBER
& FRISCH, LLP

Dorothy M. Weber, Esq.

DMW/rr

**FORM E**

CLASS **E**  REGISTRATION NO. **E u 387551**

DO NOT WRITE HERE
EP   EU

Page 1

# Application for Registration of a Claim to Copyright

**in a musical composition the author of which is a citizen or domiciliary of the United States of America or which was first published in the United States of America**

**Instructions:** Make sure that all applicable spaces have been completed before you submit the form. The application must be SIGNED at line 9. For published works the application should not be submitted until after the date of publication given in line 4(a), and should state the facts which existed on that date. For further information, see page 4.

Pages 1 and 2 should be typewritten or printed with pen and ink. Pages 3 and 4 should contain exactly the same information as pages 1 and 2, but may be carbon copies.

Mail all pages of the application to the Register of Copyrights, Library of Congress, Washington, D.C. 20540, together with:

(a) If unpublished, one complete copy of the work and the registration fee of $6.

(b) If published, two copies of the best edition of the work and the registration fee of $6.

Make your remittance payable to the Register of Copyrights.

**1. Copyright Claimant(s) and Address(es):** Give the name(s) and address(es) of the copyright owner(s). In the case of published works the name(s) should ordinarily be the same as in the notice of copyright on the copies deposited.

Name .... JANUARY MUSIC CORPORATION and SA-VETTE MUSIC INC.

Address .... 25 West 56th Street, New York, N.Y. 10019

Name ....

Address ....

**2. Title:** .... I'M GONNA LOVE YOU JUST A LITTLE MORE, BABE
(Give the title of the musical composition as it appears on the copies)

**3. Authors:** Citizenship and domicile information must be given. Where a work is made for hire, the employer is the author. Organizations formed under U.S. Federal or State law are U.S. citizens.

Authors include composers of music, authors of words, arrangers, compilers, etc. If the copyright claim is based on new matter (see line 5) give information about the author of the new matter.

Name .... Barry White
(Give legal name followed by pseudonym if latter appears on the copies)

Citizenship: U.S.A. **X** .... Other ....
(Check if U.S. citizen)   (Name of country)

Domiciled in U.S.A. Yes **X** No .... Address .... Los Angeles, Calif. .... Author of .... Words & Music
(State which: words, music, arrangement, etc.)

Name ....
(Give legal name followed by pseudonym if latter appears on the copies)

Citizenship: U.S.A. .... Other ....
(Check if U.S. citizen)   (Name of country)

Domiciled in U.S.A. Yes .... No .... Address .... Author of ....
(State which: words, music, arrangement, etc.)

Name ....
(Give legal name followed by pseudonym if latter appears on the copies)

Citizenship: U.S.A. .... Other ....
(Check if U.S. citizen)   (Name of country)

Domiciled in U.S.A. Yes .... No .... Address .... Author of ....
(State which: words, music, arrangement, etc.)

**4. (a) Date of Publication:** Give the date when copies of this particular version of the work were first placed on sale, sold, or publicly distributed. The date when copies were made

➤➤ **NOTE:** Leave all spaces of line 4 blank unless your work has been PUBLISHED. ◄◄

or printed, or the date when the work was performed should not be confused with the date of publication. (NOTE: The full date (month, day, and year) must be given.)

.... .... ....
(Month)   (Day)   (Year)

**(b) Place of Publication:** Give the name of the country in which this particular version of the work was first published.

➤➤ **NOTE:** Leave all spaces of line 5 blank unless the instructions below apply to your work. ◄◄

**5. Previous Registration or Publication:** If a claim to copyright in any substantial part of this work was previously registered in the U.S. Copyright Office in unpublished form,

or if any substantial part of the work was previously published anywhere, give requested information.

Was work previously registered? Yes .... No .... Date of registration .... Registration number ....

Is there any previously published? Yes .... No .... Date of publication .... Registration number ....

Statement of the nature of the NEW MATTER in this version? Yes .... No .... If your answer is "Yes," give a brief general description of the NEW MATTER in this version. (New matter may consist of compilation, arrangement, adaptation, editorial revision, and the like, as well as additional words and music.)

EXAMINER
gsm

*Complete all applicable spaces on next page*









# Re: Subpoena Duces Tecum / Unauthorized Communications

5 messages

**Nécole Key** <necolekey@gmail.com>                    Tue, Jul 22, 2025 at 3:19 AM
To: Dorothy Weber <dorothy@musiclaw.com>

Dear Ms. Weber,

Please be advised of the following:

Improper Use of This Email: As previously communicated on or around July 15–16,  you she given notice of the appropriate channel for court-related matters. You acknowledged that necolekey@gmail.com is the correct email address. Please refrain from sending any further legal correspondence to this other addresses.

Rejection of Email Service: I do not consent to service via email. Subpoenas must be properly served in person, in accordance with the Federal Rules of Civil Procedure. Your attempt to serve me electronically is procedurally improper and legally invalid.

Non-Party Status: I am a non-party to the litigation and therefore not subject to demands or obligations outside of those explicitly allowed under the applicable rules. My participation is neither required nor compelled without proper and valid legal process.

Lack of Verified Authority: Per our last interaction regarding the alleged authorization of the trust to initiate this lawsuit, you refused to confirm or provide documentation proving that you are authorized to act on the trust's behalf.

Until such documentation is produced, I have no obligation to respond to any of your communications, subpoenas, or legal requests. This matter cannot proceed without verified legal authority, and I will not engage further until that condition is met.

Sincerely,
Necole Key
626-598-6647

---

**Dorothy Weber** <dorothy@musiclaw.com>                    Tue, Jul 22, 2025 at 7:42 AM
To: Nécole Key <necolekey@gmail.com>

We will certainly advise the court of your position.   In view of the current motion schedule for sanctions against the defendants, we will address this issue as well with the Court.


Dorothy M. Weber, Esq.

Herbsman Hafer Weber & Frisch, LLP

494 Eighth Avenue, Suite 600

New York, NY 10001

**Direct Dial:** (646) 795-6068

**Fax:** (212) 956-6471

E-Mail: dorothy@musiclaw.com

http://www.linkedin.com/in/
dorothymweberesq/

[Quoted text hidden]

---

**Nécole Key** <necolekey@gmail.com>        Tue, Jul 22, 2025 at 7:55 AM
To: Dorothy Weber <dorothy@musiclaw.com>

Ms Weber
I am not a party in the current litigation.  I rejected Rodney's request also. I have no obligation to give up anything that is unrelated to Barry White. Nor do I have to accept inproper service.
You are required to disclose who you represent when a non attorney ask  you and you refuse.

I don't know who you represent, what trustee authorized you to file this lawsuit.

If you can't answer that please leave me alone.

Necole Key


Necole Key
[Quoted text hidden]

---

**Dorothy Weber** <dorothy@musiclaw.com>  A 30    Tue, Jul 22, 2025 at 8:00 AM
To: Nécole Key <necolekey@gmail.com>

Dear Ms. Key:   We are the attorneys for the Barry White Family Trust---as indicated on every filing we have made with the Court.   Judge Cote has already ruled the Trust has standing.


The Court has already determined that you are Mr. Oliver's agent in this matter---indeed he has represented to the Court that you are his source of information on copyright law.


I asked you, as a courtesy if you would accept service.   You refused.   We will so advise the Court.

This letter is written with a full reservation of our clients rights and remedies all of which are expressly reserved.

Very truly yours

[Quoted text hidden]

---

**Nécole Key** <necolekey@gmail.com>     A 31     Tue, Jul 22, 2025 at 9:23 AM
To: Dorothy Weber <dorothy@musiclaw.com>

Ms Weber

What Trustee of the Trust hired you? Where is the engagement letter referencing this litigation and the trust instruments giving authority to file a lawsuit. It is inappropriate to sanction a defendant due to a non party's objection to your harassment. Please cease from further communications with me.

Thank you
Nécole Key

[Quoted text hidden]



# Settlement agreement

1 message

**Joe Cooley** <cooleyjoe011@gmail.com>                    Thu, May 1, 2025 at 11:37 AM
To: Dorothy Weber <dorothy@musiclaw.com>
Cc: Rodney <rodneyolivermusic@gmail.com>

Hello Ms. Weber

I am following up regarding the proof of ownership I requested in order to sign the settlement agreement. It has been a week since the call with the judge. I would like to be dismissed so if you can provide that so we can go our separate ways, that would be great.

Thank you
Joe Cooley



# Notice of Deposition - Joe Cooley

5 messages

---

**Dorothy Weber** <dorothy@musiclaw.com>  Fri, Jul 11, 2025 at 12:48 PM
To: cooleyjoe011@gmail.com <cooleyjoe011@gmail.com>
Cc: Judith Meyers <judy@musiclaw.com>, rodneyolivermusic@gmail.com
<rodneyolivermusic@gmail.com>

Dear Mr. Cooley:  Pursuant to the Court's instructions, please confirm.


Dorothy M. Weber, Esq.

Herbsman Hafer Weber & Frisch, LLP

494 Eighth Avenue, Suite 600

New York, NY 10001

Direct Dial: (646) 795-6068

Fax: (212) 956-6471

E-Mail: dorothy@musiclaw.com

http://www.linkedin.com/in/dorothymweberesq/

---

📄 **Notice of Deposition - Joe Cooley.pdf**
150 KB

---

**Joe Cooley** <cooleyjoe011@gmail.com>  Mon, Jul 14, 2025 at 10:00 AM
To: Dorothy Weber <dorothy@musiclaw.com>
Cc: Judith Meyers <judy@musiclaw.com>, rodneyolivermusic@gmail.com
<rodneyolivermusic@gmail.com>

Hi Ms. Weber
I am even more confused after Friday's call. Are you moving forward with me or removing me? Did
Judge Cote ask me if I had the settlement because she wants me to sign it?  Or did you decide to leave
me on the case. I am unable to go to  New York. I can not afford too. I request  a phone call or if
required a zoom call. I can possibly be able to do. Please let me know
thanks

Joe Cooley

[Quoted text hidden]

---

**Dorothy Weber** <dorothy@musiclaw.com>                    Mon, Jul 14, 2025 at 10:05 AM
To: Joe Cooley <cooleyjoe011@gmail.com>
Cc: Judith Meyers <judy@musiclaw.com>, rodneyolivermusic@gmail.com
<rodneyolivermusic@gmail.com>

Dera Mr. Cooley:   We remain open to removing you from the case in line with the settlement
agreement we have proffered to you and sent you again on Friday.   If you are willing to
resolve this matter in line with the agreement, we remain ready, willing and able to do so.

If you cannot come to New York, we will conduct the deposition remotely which will require
your attendance at our  local counsel office in Newport Beach.

Sincerely,

[Quoted text hidden]

---

**Dorothy Weber** <dorothy@musiclaw.com>                    Mon, Jul 14, 2025 at 10:22 AM
To: Joe Cooley <cooleyjoe011@gmail.com>

Dear Mr. Cooley:   I apologize for the typo in the salutation.

[Quoted text hidden]

---

**Joe Cooley** <cooleyjoe011@gmail.com>                    Mon, Jul 28, 2025 at 7:40 AM
To: Dorothy Weber <dorothy@musiclaw.com>

Ms. Weber
May you please send the settlement to sign. All this nonsense doesn't involve me
I will have access to this computer for another hour or so. If possible if you may send it as soon as you
can. Am not sure win I will get access again. Thank you
Joe Cooley
[Quoted text hidden]

**HERBSMAN HAFER WEBER & FRISCH, LLP**
ATTORNEYS AT LAW
494 EIGHTH AVENUE, SIXTH FLOOR
NEW YORK, NEW YORK 10001

JONAS E. HERBSMAN
J. JEFFREY HAFER
DOROTHY M. WEBER
MICHAEL B. FRISCH

RAKHIL KALANTAROVA

JAMES E. DOHERTY
OF COUNSEL

TELEPHONE (212) 245-4580
TELECOPIER (212) 956-6471

WRITER'S E-MAIL:
jonas@musiclaw.com

July 10, 2024

**RULE 408 COMMUNICATIONS**
**FOR SETTLEMENT PURPOSES ONLY**

**Via Email:** FinanR@gtlaw.com

Robert J. Finan, Esq.
Greenberg Traurig, LLP
Terminus 200
3333 Piedmont Road NE | Suite 2500
Atlanta, GA 30305

      *Re:*    *"Like That" Tolling Agreement*

Dear Mr. Finan:

      In furtherance of our May 7, 2024 letter, and in an effort to avoid naming Wilburn Holding Co. and Future as defendants in the anticipated litigation in connection with "Everlasting Bass", attached please find a proposed tolling agreement. Please let me know if you are amenable to this approach. Let me know if you have any questions.

            Very truly yours,

            HERBSMAN HAFER WEBER
            & FRISCH, LLP

            Jonas E. Herbsman, Esq.

JEH/rr
cc:    Dorothy M. Weber, Esq.

**TOLLING** AGREEMENT

This **Tolling** Agreement (this "Agreement") is dated this___day of_____, 2024 (the "Effective Date") between the Barry White Family Trust ("The Trust") and Wilburn Holding Co. ("Potential Defendant"), c/o Robert J. Finan, Esq., Greenberg Traurig, LLP with a business address at Terminus 200, 3333 Piedmont Road NE, Suite 2500, Atlanta, GA 30305. The Trust and Potential Defendant are each referred to herein as a "Party" and collectively as "the Parties."

WHEREAS, the Parties have a dispute relating to the Barry White Composition "I'm Going to Love You Just a Little More, Babe" and "Like That" performed by Kendrick Lamar and Nayvadius Demun Cash p/k/a Future.

WHEREAS, the Potential Defendant has received its rights from Everlasting Bass, Rodney Oliver and Joe Cooley.

WHEREAS, the Parties agree that it is in their respective interests that they shall not be compelled by any potentially applicable statute of limitations, statute of repose, or other time-related defenses to incur the time and expense necessary to initiate litigation when the issue in dispute between the Parties can be resolved by the Proceeding;

NOW THEREFORE, in consideration of the promises and mutual covenants contained herein and in the Agreement and any individual agreements between the Parties, and intending to be legally bound, the Parties agree as follows:

1. Unless otherwise defined herein, the terms in this Agreement have the meanings assigned to them herein.

2. "Claim" or "Claims" shall mean any and all actual, intended, or potential claims,

- 1 -

actions, causes of action, charges, complaints, rights, demands, disputes, suits, counterclaims, cross-claims, third-party claims, contentions, allegations, assertions of wrongdoing, agreements, obligations, duties, debts, covenants, contracts, controversies, demands (for indemnification, contribution, or otherwise), promises, liabilities, defenses, rights of set-off, and/or any other statutory, regulatory, administrative, common law or equitable theory and/or cause of action of any kind by "The Trust" in connection with "Like That".

3.      Any and all statutes of limitations, statutes of repose, notice or other time-related defenses or limitations, whether statutory, contractual, or otherwise, and whether at law, in equity, or otherwise (including the doctrines of waiver, laches, acquiescence or estoppel), in any jurisdiction, which are or may be applicable to any Claim (collectively, the " Time-Based Defenses") and that may fix or limit the period within which a Claim may be brought, are hereby tolled for the period (herein referred to as the "Tolling Period") beginning as of the effective date of this Agreement and continuing until the date that *Barry White Family Trust v. Joe Cooley et. al.*, Case No. _____ (S.D.N.Y. 2024) is adjudicated or otherwise resolved.

4.      During the time period from the Effective Date through and including the date set forth in paragraph "3" above, the Parties each agree not to initiate any litigation or other form of legal proceeding against the other Party regarding the Claims in dispute.

5.      The Parties each agree not to assert, plead or raise in any fashion any Time-Based Defenses to the Claims, which Time-Based Defenses rely in whole or in part on time that passed during the Tolling Period. The running of any Time-Based Defenses which are or may be applicable to any Claims shall be deemed to re-commence thirty days after the Expiration Date. This Agreement shall not compromise in any way, nor be construed as a waiver of, an y Time-Based Defenses that may exist or that have become established and/or accrued prior to the

actions, causes of action, charges, complaints, rights, demands, disputes, suits, counterclaims, cross-claims, third-party claims, contentions, allegations, assertions of wrongdoing, agreements, obligations, duties, debts, covenants, contracts, controversies, demands (for indemnification, contribution, or otherwise), promises, liabilities, defenses, rights of set-off, and/or any other statutory, regulatory, administrative, common law or equitable theory and/or cause of action of any kind by "The Trust" in connection with "Like That".

3.　　Any and all statutes of limitations, statutes of repose, notice or other time-related defenses or limitations, whether statutory, contractual, or otherwise, and whether at law, in equity, or otherwise (including the doctrines of waiver, laches, acquiescence or estoppel), in any jurisdiction, which are or may be applicable to any Claim (collectively, the " Time-Based Defenses") and that may fix or limit the period within which a Claim may be brought, are hereby tolled for the period (herein referred to as the "Tolling Period") beginning as of the effective date of this Agreement and continuing until the date that *Barry White Family Trust v. Joe Cooley et. al.*, Case No. _____ (S.D.N.Y. 2024) is adjudicated or otherwise resolved.

4.　　During the time period from the Effective Date through and including the date set forth in paragraph "3" above, the Parties each agree not to initiate any litigation or other form of legal proceeding against the other Party regarding the Claims in dispute.

5.　　The Parties each agree not to assert, plead or raise in any fashion any Time-Based Defenses to the Claims, which Time-Based Defenses rely in whole or in part on time that passed during the Tolling Period. The running of any Time-Based Defenses which are or may be applicable to any Claims shall be deemed to re-commence thirty days after the Expiration Date. This Agreement shall not compromise in any way, nor be construed as a waiver of, an y Time-Based Defenses that may exist or that have become established and/or accrued prior to the

- 2 -

BWT -001019

Effective Date, or which arise after the Expiration Date, excluding any ==Tolling== Period.

6.  Until there is an adjudication, the Potential Defendants shall hold all sums generated by "Like That" in escrow.

7.  Nothing in this Agreement shall constitute an admission by either of the Parties as to the applicability, running, expiration, or non-expiration of any statute of limitation, statute of repose, or similar rule of law or equity prior to the Effective Date of this Agreement. Moreover, nothing in the Agreement shall constitute an admission of any fact, liability or conclusion of law or affect any Claim or defense to such Claim other than the Time-Based Defenses. No affirmative rights are created or extended by this Agreement except to the extent expressly provided herein.

8.  Except as set forth herein, the Parties otherwise reserve all their rights, privileges, defenses, and contentions against one another, and they enter into this Agreement without prejudice to or waiver of those rights, privileges, defenses, and contentions.

9.  The signatory for each Party represents and warrants that he/she has the authority, right and power to execute this Agreement on behalf of the company as designated with the signatory's name.

10.  Other than as stated herein, this Agreement represents the only agreement of the Parties with respect to the subject matter hereof and supersedes any and all prior or written statements. This Agreement may not be modified, altered, or changed in any way except in a writing signed by the duly authorized representatives of the Parties.

11.  This Agreement may be signed in separate counterparts but all such counterparts taken together shall constitute a single agreement with the same effect as if all signatures were made on a single document. A scanned copy of an original signature shall be accepted as an

- 3 -

BWT -001020

original signature.

12. This Agreement shall be construed, and the rights and obligations of the Parties determined, in accordance with and governed by the laws of the United States. Insofar as there may be no applicable precedent, and insofar as to do so will not frustrate the purposes of this Agreement or the transactions governed hereby, the local laws of the State of New York shall be deemed reflective of the laws of the United States (without reference to the conflicts of laws principles thereof other than Sections 5-1401 and 5-1402 of the New York General Obligations Law as the same may be amended or superseded). The Parties hereby agree that all disputes arising hereunder shall be submitted to and hereby subject themselves to the exclusive jurisdiction of the United States District Court for the Southern District of New York.

13. It is expressly understood by the Parties that this Agreement does not affect or alter any statute of limitations, statute of repose, Time-Based Defense, or other similar time limitation that has already run as of the Effective Date relating to the Claims. It is further understood that this Agreement pertains only to the Claims as defined herein and not any other disputes about other loans or other issues that the Parties may have.

14. This Agreement and any rights or privileges arising from it may not be assigned or transferred in whole or in part by either Party without the express written consent of the other Party.

15. This Agreement and the fact that the Parties entered into it, shall not be admissible in any subsequent litigation between the Parties, except for the limited purpose of offering it to counter any position of a Party that is contrary to the terms of this Agreement.

16. Any statements, communications, or notices to provided pursuant to this agreement

- 4 -

---

shall be sent by email to the attention of persons listed below until such time as notice of any change of person to be notified is forwarded to the other party:

    a. On behalf of The Trust:

        Herbsman Hafer Weber & Frisch, LLP
        494 Eighth Avenue, Sixth Floor
        New York, NY 10001
        ATTN: Jonas Herbsman, Esq.
        jonas@musiclaw.com
        ATTN: Dorothy Weber, Esq.
        dorothy@musiclaw.com

    b. On behalf of Potential Defendants:

        _____

        _____

        _____

        _____

        _____

[Remainder of page intentionally left blank.]

- 5 -

---

IN WITNESS WHEREOF, the Parties hereto have caused this Tolling Agreement to be executed and delivered by their duly authorized representatives

**The Barry White Family Trust**      **[Potential Defendant]**

By: _____    By: _____

Name:                  Name:

Title:                   Title:

A 38



← 🗑 🗄 ⋮

F  **FinanR@gtlaw.com**      Jan 15
   **To You**                ⋮

                                    ☺

Necole.

Please understand that we are not
trying to deprive anyone of anything.

We have a duty to pay the rightful
owner.

I think you and I can agree that is the
way it should be.

That fact is currently in dispute and
the subject of litigation.

If it turns out to be Rodney great.  If
White, that is fine.

We do not have a dog in this fight.

We hope this is sorted soon so we can
put everything behind us.

Rob

**Robert J. Finan**
Of Counsel

Greenberg Traurig, LLP

Terminus 200 | 3333 Piedmont Road NE | Suite

↩ ⌄ **Reply**

A 39

**From:** FinanR@gtlaw.com
**To:** Dorothy Weber; SmithJ@GTLAW.com
**Cc:** Jonas Herbsman
**Subject:** RE: Activity in Case 1:24-cv-07509-DLC The Barry White Family Trust U/A/D: December 19, 1980, By its Duly Empowered Trustees v. Cooley et al Motion to Intervene
**Date:** Friday, March 21, 2025 7:35:27 PM
**Attachments:** image001.png

Thanks for the call today.

I spoke with Eric Taylor at Epic. He will get the info on the earnings and discuss with Dave Jacoby Sony's thoughts on having the money held by the court. Will have more info on Monday.

Rob

**Robert J. Finan**
Of Counsel

Greenberg Traurig, LLP
Terminus 200 | 3333 Piedmont Road NE | Suite 2500 | Atlanta, GA 30305
T +1 678.553.2206 | F +1 678.553.2207
FinanR@gtlaw.com | www.gtlaw.com | View GT Biography



**From:** Dorothy Weber <dorothy@musiclaw.com>
**Sent:** Friday, March 21, 2025 11:22 AM
**To:** Finan, Robert J. III (OfCnl-Atl-Ent) <FinanR@gtlaw.com>; Smith, Jeffrey (Shld-Atl-Ent) <SmithJ@GTLAW.com>
**Cc:** Jonas Herbsman <jonas@musiclaw.com>
**Subject:** FW: Activity in Case 1:24-cv-07509-DLC The Barry White Family Trust U/A/D: December 1 1980, By its Duly Empowered Trustees v. Cooley et al Motion to Intervene

**\*EXTERNAL TO GT\***

Another round just filed.

Dorothy M. Weber, Esq.
Herbsman Hafer Weber & Frisch, LLP
494 Eighth Avenue, Suite 600
New York, NY 10001
Direct Dial: (646) 795-6068
Fax: (212) 956-6471
E-Mail: dorothy@musiclaw.com
http://www.linkedin.com/in/dorothymweberesq/

Dear Rob,

I acknowledge your request regarding the lawsuit status. However, as previously stated, we have not received a Fully executed signed agreement granting Epic control over our 15% share of the master sample revenue.

Until a fully executed agreement is provided, our position remains unchanged: all rights are reserved, and no third party has authorization to manage or allocate our portion. If Epic believes otherwise, we request immediate documentation supporting such a claim.

Furthermore, given that Greenberg Traurig LLP previously confirmed that relevant documents are still in progress, any assertion of control before finalization is inappropriate.

Please confirm receipt and provide any necessary Clarifications.

Necole Key

Rights Manager
www.ladykeymanagement.com
626-598-6647

coe

& v Reply all

data/Screen

x

From: Ricardo Rosado <ricardo@musiclaw.com> On Behalf Of Dorothy Weber
Sent: Wednesday, February 19, 2025 5:19 PM To: Matson, Timothy C. <tmatson@foxrothschild.com>

Cc: Dorothy Weber <dorothy@musiclaw.com>; Judy <jameyers68@gmail.com>; Rakhil Kalantarova <rakhil@musiclaw.com>

Subject: [EXT] Barry White

Hi Tim: We are going to attach a copy of the agreement for the sample as part of our opposition to the motion to dismiss. I also understand that Ms. Key has communicated directly with third parties in connection with this litigation and we ask that you advise her that these communications are a[...] our litigation hold and will be subject to disc[...]

Sincerely,

Dorothy M. Weber, Esq.



# I'M GONNA LOVE YOU JUST A LITTLE MORE, BABY













www.ladykeymanagement.com
626-598-6647

---

**From:** Necole Key
<necole@ladykeymanagement.com>
**Sent:** Tuesday, April 30, 2024 4:04:33 PM
**To:** FinanR@gtlaw.com <FinanR@gtlaw.com>
**Subject:** Re: Urgent request of Future's splits

If the splits are not finalized then you failed to secure a compulsory license. Therefore, Like That is not a Derivative work and has infringed on both Rodney O and Barry White's work.

 Thanks for the update

Necole Key
Rights Manager
www.ladykeymanagement.com
626-598-6647