# Exhibit D

## HERBSMAN HAFER WEBER & FRISCH, LLP
### Attorneys At Law
### 494 Eighth Avenue, Sixth Floor
### New York, New York 10001

Jonas E. Herbsman
J. Jeffrey Hafer
Dorothy M. Weber
Michael B. Frisch
----------
Rakhil Kalantarova
----------
James E. Doherty
Of Counsel

Telephone (212) 245-4580
Telecopier (212) 956-6471
----------

WRITER'S E-MAIL:
dorothy@musiclaw.com

July 29, 2025

**Via Email:** rodneyolivermusic@gmail.com

Mr. Rodney David Oliver
11074 Oso Avenue
Chatsworth, CA 91311

**Via Email:** cooleyjoe011@gmail.com

Mr. Joe Cooley
248 E 157th Street
Gardena, CA 90248

      Re: *The Barry White Family Trust U/A/D: December 19, 1980, By its Duly Empowered Trustees v. Cooley et al*; Case No. 24-cv-07509 (DLC)

Gentlemen:

    As you aware, on July 17, 2025 the Court ordered (Dkt. 134) that your responsive documents were to have been provided to us no later than July 17, 2025. As you have now acknowledged, the *multiple* representations to our office and sworn statements to the Court in which you asserted that you provided these documents to us on July 18, 2025 were false at the time they were made.

    We were forced to prepare and file our Motion for Sanctions against you on July 24, 2025. Notwithstanding your belated apologies and "excuses" for your failure to produce, such statements are belied by the facts. We advised you, in writing, not once, but twice, that the documents were *not* attached. You ignored our correspondence.

    On July 28, 2025 at 3:28 pm you belatedly sent to us a document entitled "Rodney David Oliver – Pro Se Production Letter Pursuant to Rule 34", attached to

which was approximately 191 pages of documents which you have represented as responsive to our First Request for the Production of Documents served on May 16, 2025 (Plaintiffs' "First Requests").

Such production does not change our position on sanctions since your production is still materially deficient, as are your written responses to the Plaintiffs' long outstanding discovery. This letter addresses the multiple deficiencies and failures in your discovery responses.

### I.  **Plaintiffs' First Requests Served on May 16th**

On July 18, 2025, Mr. Oliver served a document entitled "Defendant Rodney David Oliver's Responses and Objections to Plaintiffs' First Request for Production of Documents" as well as "Privilege Log for Rodney David Oliver."[1] On July 28, 2025, approximately 191 pages of documents were produced via email.

#### A.  **Document Production is Materially Deficient**

##### i.  **Summary of Documents Produced**

The limited documents you produced on July 28, 2025 are demonstrably and materially deficient. For example, you have included an unsigned, unformatted long form draft agreement titled "Sony Administration Agreement. You have failed to produce the final agreement or any documents in connection with that agreement – including any correspondence. You have provided some - but not all - of Ms. Key's communications with Ryan Powers, Leron Rogers, and Timothy Matson. You have provided some - but not all - of Ms. Key's or your communications with Sony, Epic, Future, Kendrick, and Metro Boomin.[2]

In summary, you have provided:

- Pages 19 - 27 - Second Amended Complaint - Rodney v. NLE Choppa RO0001 - RO0009

---

[1] To date we have received no discovery responses whatsoever from Mr. Cooley.
[2] On July 25, 2025, the Court ordered (Dkt. 142) that "Oliver is obligated to produce documents reflecting [Necole Key's] actions as his agent." Plaintiffs are entitled to any and all such responsive documents from Necole Key.

- Pages 28 - 30 - Joe Cooley Disclaimer Letter (undated) - RO0010 - RO0011
- Pages 32 – 72 - Sony Administration Agreement (unsigned, undated, unformatted draft) - RO0012 - RO0052
- Page 74 - Screenshot - Outlook Email #1 (Matson's strategy) - RO0053 - RO0053
- Page 76 - Screenshot - Outlook Email #2 (Matson's strategy) - RO0054 - RO0054
- Pages 78 – 136 - Compiled Exhibits – Rodney O vs. Epic Records - RO0060 - RO0118
- Pages 78 – 83 - Exhibit A - Co-Ownership Agreement
- Pages 84 – 93 - Exhibit I – Correspondence Regarding Rights Holders
- Pages 94 – 103 - Exhibit J – Future/Kendrick Release Date Discrepancy emails
- Pages 104 - 105 - Exhibit K – Publishing & Master Ownership Disputes
- Pages 106 – 113 - Exhibit L – Email Chain with Epic (Bob Currie)
- Pages 114 – 117 - Exhibit M – Letter from Dorothy re. Settlement
- Pages 118 – 119 - Exhibit N – Emails with Fox Rothschild
- Pages 122 – 136 - Exhibit O – Emails between Necole Key and Rob Finan
- Pages 138 – 139 - Necole Key Response to Dorothy Weber - RO0120 - RO0121
- Pages 141 – 145 - Necole Key Memo on Legal Strategy & Epic Dispute - RO0122 - RO0126
- Pages 147 – 210 - Epic Records – Internal Correspondence (April 2025) - RO0129 - RO0192 [3]

---

[3] On July 29, 2025 Mr. Oliver produced one (1) additional document which appears to be another unsigned "proposal" from Kobalt Music Services America, Inc. Again, no related documents including correspondence or signed agreements have been produced in connection therewith.

### ii. Document Production Deficiencies

First, and as set forth specifically in our Motion for Sanctions (Dkt. 140, p. 7), there are general areas and categories of documents which you have already admitted in letters representing to the Court that do exist or are within your possession, custody and control. These documents include but are not limited to:

- Documents with the creators and/or representatives of "Like That" (Dkt. 114, p. 2).

    o   These documents are responsive to Request Nos. 7-8.

- Documents related to Defendant's earnings related to an alleged $1.2 million Sony publishing deal (Dkt. 92, p.2).

    o   These documents are responsive to Request Nos. 18 - 20.

- Documents relating to your claimed damages of $2.2 million in the counterclaims. (Dkt. 70, p.5).

    o   These documents are responsive to Request Nos. 18 – 20; 30.

- Documents related to a contract with Sony which provided for at least a Four Hundred and Fifty Thousand ($450,000) Dollar "Backend Advance" (Dkt. 92, pp. 4, 13).

    o   These documents are responsive to Request Nos. 18 – 20; 22 - 23.

- Any documents directly tied to the counterclaims and affirmative defenses in this case. (Dkt. 87, p.2).

    o   These documents are responsive to Request Nos. 27 - 44.

- "Hundreds" of pages of notes on the case created with Necole Key (Dkt. 128, p.1) based on the "hours studying copyright law and chain-of-title issues, all from what my rights manager, Necole Key — who specializes in copyright — has taught me. This is all new to me, and I have hundreds of pages of notes that I rely on to answer questions accurately."

- o   These documents are responsive to Request Nos. 10 – 11, 13.

- Communications with and payments to musicologists including, but not limited to, Judith Finell.

    - o   These documents are responsive to Request No. 13.

- Income for Everlasting Bass and Like That for the last six (6) years.
    - o   These documents are responsive to Request Nos. 18 – 20; 22 - 23.

- Payments made to or from Ms. Key to Mr. Oliver and from Mr. Oliver to Ms. Key.
    - o   These documents are responsive to Request Nos. 18 – 20; 22 - 23.

- Documents relating to Everlasting Bass's copyright including but not limited to *Rodney Oliver v. Bryson Lashun Potts et al*, Case No. 23-cv-08323-JAK-AS (CDCA).

    - o   These documents are responsive to Request Nos. 2 - 5.

The requests cover all email addresses used by the Defendants or Ms. Key (including the rodneyocali@yahoo.com email) which encompass documents relating to this action, the counterclaims, affirmative defenses, or the Plaintiffs.

As noted above, each of the above-mentioned categories of documents are responsive to the outstanding First Requests. Demand is hereby made that they be produced.

Specifically, you have produced *no* documents in response to the following First Requests as noted below:

**Request Nos. 2 – 5**

Other than Mr. Cooley's "Disclaimer Letter" which is undated and "e-signed" and your April 8, 2025 agreement with Necole Key whereby she obtained a 50% interest in the master recording of *Everlasting Bass* - you have provided nothing in

connection with the creation and ownership of Everlasting Bass.[4] You were asked to produce any and all documents and communications submitted to the U.S. Copyright Office in connection with *Everlasting Bass*, including but not limited to the application and deposit copy for registration. You have produced no copyright applications, registrations, assignments or filings of the song in your name, or in connection with the BMI registration or the lawsuit currently pending in California *Rodney Oliver v. Bryson Lashun Potts et al*, Case No. 23-cv-08323-JAK-AS (CDCA).

### Request Nos. 7 – 8; 15-17.

You have been asked to provide documents relating to the licensing (including sample or interpolation license), reproduction, and exploitation of Everlasting Bass including for *Like That*.

You have provided no such documents - although you confirmed to the Court that you have received income.

### Request No. 12; 24 – 25

You have provided none of the requested documents relating to Social Media postings made by you or your agent Necole Key. Nor have you provided any documents concerning communications with newspaper, magazine, newsletter, trade journal, website, or other media coverage this Action, including with regard to your interview with TMZ.

### Request Nos. 18 – 20; 22 – 23

You have provided no documents - financial or otherwise to - support any claim of damages you have made.

---

[4] In fact, you produced a 2023 Complaint which alleges that "In 1988, Rodney-O and Joe Cooley ***wrote*** and recorded the rap song entitled Everlasting Bass (the "Song")."

**Request No. 21**

You have not produced the original January 1, 2020 Co-Ownership Agreement between Defendant Oliver and Necole Key for *Everlasting Bass*.

**Request Nos. 27 – 44**

You have produced no documents to support your claims against the Plaintiff including, but not limited to your claims that the Plaintiffs infringed *Everlasting Bass*, or that the Plaintiff has committed "constructive fraud."

**B.      Deficiencies in Responses and Objections to Plaintiffs' RFP.**

Each of the written responses to Plaintiffs' First Requests interposed by you recites the same objections:

> Defendant objects to this Request to the extent it is overly broad, unduly burdensome, vague, seeks documents not relevant to any party's claim or defense, or seeks documents protected by the attorney-client privilege, work product doctrine, or other applicable privilege. Subject to and without waiving the foregoing objections, Defendant states that he will produce non-privileged, responsive documents in his possession, custody, or control that are responsive to this Request, if any exist. To the extent any documents are withheld, a privilege log will be provided.[5]

Please note that the grounds for objecting to a request for documents must be stated with specificity. Fed. R. Civ. P. 34(b)(2)(B). *See also Fischer v. Forrest*, Nos. 14 Civ. 1304 & 14 Civ. 1307, 2017 WL 773694 (S.D.N.Y. Feb. 28, 2017) (""overly broad and unduly burdensome" is meaningless boilerplate"). Thus, your objections on the grounds that the Request is "overly broad, unduly burdensome, vague, seeks documents not relevant to any party's claim or defense, or seeks documents protected by the attorney-client privilege, work product doctrine, or other applicable privilege" is improper and inadequate. You have not explained why Plaintiffs' requests are overly broad, unduly burdensome, vague or not relevant. You have further failed to state whether any responsive materials are being withheld on the basis of those objections.

**C.      Privilege Log**

---

[5] Please note that none of the communications listed in the Privilege Log identify to which numbered Request the document withheld responds.

HERBSMAN HAFER WEBER & FRISCH, LLP
Mr. Rodney David Oliver
Mr. Joe Cooley
July 29, 2025
P a g e | 8

You have filed multiple documents with the Court between you and your attorneys to date which clearly and unambiguously waive your privilege. Please be aware that, to the extent you are attempting to claim a privilege with respect to any of those documents or portions of those documents, you may not do so as any applicable privileges have now been waived.

Additionally, you have failed to identify the basis of any privilege you are asserting with respect to Necole Key (identified at item 3 of your Privilege Log). Pursuant to the Court's Order on Friday, July 25, 2025 (Dkt. 142), Ms. Key is not a lawyer, so the "work product" privilege does not apply.

## II.     Plaintiffs' Interrogatories Served May 16th

On Saturday, June 14, 2025 you served, via email, "Defendant's Responses and Objections to Plaintiffs' First Set of Interrogatories." That document was and remains defective for all of the reasons outlined in our June 25th Deficiency Letter, a copy of which is annexed hereto.

On July 11, 2025 the Court ordered that you provide written responses to the outstanding Interrogatories, noting that certain of the Interrogatories could be answered at the Defendants' depositions. Accordingly, and as noted in our pending Motion for Sanctions (Dkt. 140, p. 9), Plaintiffs will reserve their rights in connection with Interrogatory Nos. 2, 4, 15, 16 and 17, which will be part of Defendants' and Ms. Key's respective depositions and need not be supplemented in writing at this time. The balance of the Interrogatories (Nos. 1, 3, 5, 14, 18 and 19), however, remain outstanding.

No documents have been produced by Joe Cooley whatsoever.

Finally, and as the Court has instructed you, the discovery process is meant to be conducted in good faith and it is your responsibility to provide fulsome responses and complete, responsive documents. It is not a game of "Go Fish" where you provide a sampling of materials and force the other side to surmise as to which is missing. This letter shall serve as notice that the multiple ridiculous attempts by you and Ms. Key to thwart the discovery process will only increase the costs and attorney fees we will seek as sanctions.

   This letter is written with a full reservation of our client's rights and remedies, all of which are hereby expressly reserved.

             Very truly yours,

             HERBSMAN HAFER WEBER
             & FRISCH, LLP

             Dorothy M. Weber, Esq.

DMW/rr