# Exhibit F

## HERBSMAN HAFER WEBER & FRISCH, LLP
### ATTORNEYS AT LAW
494 EIGHTH AVENUE, SIXTH FLOOR
NEW YORK, NEW YORK 10001

JONAS E. HERBSMAN
J. JEFFREY HAFER
DOROTHY M. WEBER
MICHAEL B. FRISCH

———

RAKHIL KALANTAROVA

———

JAMES E. DOHERTY
OF COUNSEL

TELEPHONE (212) 245-4580
TELECOPIER (212) 956-6471

———

**WRITER'S E-MAIL:**
dorothy@musiclaw.com

July 30, 2025

**Via Email:** rodneyolivermusic@gmail.com

Mr. Rodney David Oliver
11074 Oso Avenue
Chatsworth, CA 91311

> *Re:* The Barry White Family Trust U/A/D: December 19, 1980, By its Duly
> Empowered Trustees v. Cooley et al. Case No. 24-cv-07509-DLC

Dear Mr. Oliver:

We write this letter in furtherance of the concerns we first raised in our pending Motion for Sanctions (Dkt. 140, p. 12; Dkt. 141, ¶15) pertaining to your discovery conduct in this matter and, specifically, spoliation. Yesterday, on July 31, 2025, you sent an email (with a Kobalt document attached) to us confirming that you have deleted documents, as you stated:

> **We were so disppointed [sic] we lost it because of this claim we both deleted it from our email.**

You and your agent, Ms. Key, were served a litigation hold letter on May 7, 2024, which clearly and unambiguously addressed your duty to preserve documents. A copy of that letter is annexed. That you and Ms. Key were on notice is undisputed: Ms. Key has twice attached a copy of that letter to her filings (Dkt. 34, pp.31-36 and Dkt. 46, pp.36-38). You were also on clear notice that:

> **Your failure to preserve and retain the electronically stored information described in this notice may constitute the spoliation of evidence that could subject you or any of your subsidiaries, divisions, agents, and employees to sanctions by the court, legal claims for damages, or both**.

Pursuant to the Federal Rule of Civil Procedure 37(e) and applicable case law in the Southern District of New York, your failure to preserve relevant information once litigation is reasonably anticipated can result in significant sanctions including but not limited to:

- **Monetary Sanctions:** Courts may require the spoliating party to pay the opposing party's reasonable attorneys' fees and costs incurred as a result of the spoliation.

- **Adverse Inference Instructions:** The Court may instruct the jury that it may presume the lost evidence was unfavorable to the spoliating party.

- **Preclusion of Evidence or Witnesses:** The Court may preclude certain evidence or testimony.

- **Case-Dispositive Sanctions:** In egregious cases like this, the Court may strike pleadings, enter default judgment, or dismiss claims or defenses.

Accordingly, demand is hereby made as follows:

- Identify what steps you or Ms. Key took in order to retrieve the attachment to your July 29th email.

- Identify each electronic device in your possession, custody and control including, but not limited to, each smartphone, computer, laptop, tablet or smart TV through which you access any of your electronic files;

- Identify any and all other documents and materials you have deleted (intentional deletion includes the use of cleaning software) and the steps you intend to take in order to retrieve them; and

- Identify any and all other documents and materials which may have been deleted due to your failure to preserve them and the steps you intend to take in order to retrieve them.

We caution you that your failure to immediately take all necessary steps to preserve any and all potentially relevant documents, ESI, and tangible evidence within your possession, custody, or control will result in the appropriate motions seeking sanctions including, but not limited to, terminating sanctions as well as our

Mr. Rodney David Oliver
July 30, 2025
P a g e | **3**

costs and fees. It is your obligation to advise us and the Court of what documents you deleted.

      This letter is written with a full reservation of our client's rights and remedies, all of which are hereby expressly reserved.

                Very truly yours,

                HERBSMAN HAFER WEBER
                & FRISCH, LLP

                Dorothy M. Weber, Esq.

DMW/rr

cc:    Necole Key

**HERBSMAN HAFER WEBER & FRISCH, LLP**

ATTORNEYS AT LAW
494 EIGHTH AVENUE, SIXTH FLOOR
NEW YORK, NEW YORK 10001

JONAS E. HERBSMAN
J. JEFFREY HAFER
DOROTHY M. WEBER
MICHAEL B. FRISCH
————
RAKHIL KALANTAROVA
————
JAMES E. DOHERTY
OF COUNSEL

TELEPHONE (212) 245-4580
TELECOPIER (212) 956-6471
————

**WRITER'S E-MAIL:**
dorothy@musiclaw.com

May 7, 2024

**Via Email and Regular Mail:** Stephanie.Yu@sonymusic.com

Stephanie Yu, Esq.
Epic Records
25 Madison Avenue, 19th Floor
New York, NY 10010

**Via Email and Regular Mail:** FinanR@gtlaw.com

Robert J. Finan, Esq.
Greenberg Traurig, LLP
Terminus 200
3333 Piedmont Road NE | Suite 2500
Atlanta, GA 30305

**Via Email and Regular Mail:** Christina.Suarez@umusic.com

Ms. Christina Suarez
EVP, Business & Legal Affairs
Republic Records
1755 Broadway
New York, NY 10019

**Via Email and Regular Mail:** necolekey@gmail.com

Mr. Rodney Oliver
p/k/a Rodney O
c/o Necole Key, Rights Manager
Lady Key Management

**HERBSMAN HAFER WEBER & FRISCH, LLP**

Stephanie Yu, Esq.
Robert J. Finan, Esq.
Ms. Christina Suarez
Mr. Rodney Oliver
Freebandz Entertainment
May 7, 2024
P a g e | **2**

**Via Email and Regular Mail:** Christina.Suarez@umusic.com

Boominati Worldwide
c/o Universal Music Group, Inc.
2220 Colorado Ave,
Santa Monica, CA 90404

**Via Email and Regular Mail:** legal@integral.studio

Freebandz Entertainment
c/o Felicia Magama
Wilburn Holding Co.
1465 Northside Dr,
Atlanta, GA, 30044

    *Re:*   *"Like That" Copyright Infringement Notice*

Ladies and Gentlemen:

    We are the attorneys for the Barry White Family Trust, successor in interest to all intellectual property rights of the late Barry White (the "Trust"). The Trust is the sole and exclusive owner of the registered copyright in and to "I'm Gonna Love You I Just A Little More, Baby". This anthemic song (written, produced and recorded by Barry White), released in the spring of 1973, was the first single from Mr. White's 1973 debut album "I've Got So Much to Give" and hit number one on the United States R&B chart; number three on the Billboard Pop singles chart and was certified gold by the RIAA (the "Copyrighted Work").

    It has come to our attention that you have infringed the Copyrighted Work by interpolating the musical "hook" of the Copyrighted Work in a new work entitled "Like That" (the "Infringing Work"). It is our understanding that the Infringing Work was released by Wilburn Holding Co. and Boominati Worldwide, under exclusive license to Epic Records, a division of Sony Music Entertainment, with Republic Records, a division of UMG Recordings, Inc. and such use was not

**HERBSMAN HAFER WEBER & FRISCH, LLP**

Stephanie Yu, Esq.
Robert J. Finan, Esq.
Ms. Christina Suarez
Mr. Rodney Oliver
Freebandz Entertainment
May 7, 2024
P a g e | **3**

authorized by our client. It is also our understanding that a license was issued for use of a sample from the song "Everlasting Bass", which sample also infringes the Copyrighted Work.

Your use constitutes a willful infringement of our client's rights under the Copyright Act, which infringement will subject you to a wide variety of legal penalties, including but not limited to damages, costs and attorney's fees. Our client is also entitled to seek statutory damages for willful infringement in an amount of One Hundred Fifty Thousand ($150,000) Dollars, per infringement, for use of the Copyrighted Work. Willful intent by you is clear as multiple sources easily located online report that "Everlasting Bass" sampled the Copyrighted Work.

This letter shall also constitute notice of our copyright claims throughout the world in any territory where the Infringing Work is sold. In addition, this letter shall also serve as notice of infringement in connection with interpolation of the Copyrighted Work in the song "Everlasting Bass" within any applicable statutes of limitations.

### LITIGATION HOLD

Unless and until this matter is resolved, this letter shall constitute notice of potential litigation.

Electronically stored information can be easily altered, deleted, or otherwise modified; and it is common to dispose of it some electronic material in the normal course of business. However, under the governing law, it would be improper, following your receipt of this notice, for you to fail to take all necessary steps to fully preserve all of the electronic stored information in question, regardless of past practices. Your failure to preserve and retain the electronically stored information described in this notice may constitute the spoliation of evidence that could subject you or any of your subsidiaries, divisions, agents, and employees to sanctions by the court, legal claims for damages, or both.

HERBSMAN HAFER WEBER & FRISCH, LLP

Stephanie Yu, Esq.
Robert J. Finan, Esq.
Ms. Christina Suarez
Mr. Rodney Oliver
Freebandz Entertainment
May 7, 2024
P a g e  |  4

For purposes of this notice, the term "electronically stored information" includes, but is not limited to, the following: text files (including word processing files and file fragments); social media data, including log-in information, messages, and posts by you or anyone who follows or interacts with you on social media; metadata; spread sheets; electronic mail (including message contents, attachments, header information, logs of e-mail system usage, and "deleted" files); text messages; data in the information management system, containing the indexes of all databases; the databases themselves, including all records and field and structural information in them; logs of activity on any computer system that may have processed or stored electronic data containing litigation information; data created by financial, accounting, billing, and spreadsheet programs; files and file fragments from electronic calendars and scheduling programs; Internet history files and preferences; graphical image format ("GIF") files; all file fragments and backup files containing electronic data; telephone logs; voice mail files; PowerPoint presentations; contact manager information; and all other electronic data containing information about, or that may be relevant to, the litigation.

Any pertinent information stored online--whether stored in direct-access storage devices attached to a mainframe or minicomputer hard drives, personal computers (PCs), or laptops--must be preserved. If any files must be altered for any reason, a true and correct copy of each data file pertinent to the litigation must be made, and the copy should be preserved and made accessible.

Any activity that could result in the loss of relevant "off-line" data or removable data storage--such as backups and archives or other disaster recovery systems, servers, floppy disks, zip drives and zip files, optical disks, tapes, compact disks or diskettes, laptops, handheld devices, disconnected hard drives, and other removable electronic media, as well as personal digital assistants, handheld wireless devices, mobile telephones, paging devices, and audio systems (including voice mail)--must be halted. This includes rotation, destruction, overwriting, or erasure of such media, including the disposal of any electronic data storage devices or media that has failed or had to be replaced for other reasons.

Stephanie Yu, Esq.
Robert J. Finan, Esq.
Ms. Christina Suarez
Mr. Rodney Oliver
Freebandz Entertainment
May 7, 2024
P a g e | **5**

Relevant information contained on any fixed hard drives of stand-alone PCs and network workstations must not be altered or erased. Procedures such as data compression, disk defragmentation, or optimization routines must not be performed without first creating and preserving true and correct copies of active files. Also, true and correct copies of completely restored versions of deleted electronic files and file fragments, as well as directory and subdirectory lists, including hidden files, must be created and retained.

Copies of all applications and utilities that process pertinent information must be preserved and retained.

Passwords, decryption procedures, including accompanying software, network access codes, ID names, manuals, tutorials, written instructions, and decompression or reconstruction software must be preserved.

Any modifications made by employees or third parties to any electronic data-processing systems that may affect the system's capacity to process data relevant to the instant litigation should be logged and made available.

All relevant hardware must be preserved and not disposed of unless a true and correct copy of all files (a mirror image) is first created and preserved.

With regard to any electronic data created after receipt of this letter that might be relevant to this litigation, proper steps must be taken to avoid destroying or altering such potentially relevant evidence, including following the above procedures. Please be further advised that this relates to all potential discovery materials, whether electronically stored or not. It applies to all social media posts of any kind or nature, including but not limited to Facebook, LinkedIn, Tik Tok and Instagram. It applies to any business or personal email accounts and other records of any nature or kind by you in connection with all claims, dealings with the Copyrighted Work or any other party or potential witness involved in the Claim.

Nothing herein shall be deemed a waiver of any of our client's rights or admission of any liability, and all rights, remedies and claims are hereby reserved.

**HERBSMAN HAFER WEBER & FRISCH, LLP**

Stephanie Yu, Esq.
Robert J. Finan, Esq.
Ms. Christina Suarez
Mr. Rodney Oliver
Freebandz Entertainment
May 7, 2024
P a g e | **6**

This letter is sent in the course of enforcement of our clients' rights. As such, this letter is a demand for potential settlement communication; it should not be published, copied or distributed for any purpose other than litigation purposes.

We ask that you respond by no later than close of business on May 13th, 2024.

Very truly yours,

HERBSMAN HAFER WEBER
& FRISCH, LLP

Dorothy M. Weber, Esq.

DMW/rr