UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

THE BARRY WHITE FAMILY                          Case No. 24-cv-07509 (DLC)
TRUST U/A/D: DECEMBER 19, 1980,
BY ITS DULY EMPOWERED TRUSTEES,

                Plaintiffs,

   -against-

JOE COOLEY,
RODNEY DAVID OLIVER P/K/A
RODNEY-O, d/b/a NOT INTRESTED
PUBLISHING,

                Defendants.
------------------------------------------------------------------x

# [PROPOSED] SO-ORDERED SETTLEMENT AGREEMENT

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement"), dated as of August 27, 2025, is made by and between, The Barry White Family Trust U/A/D: December 19, 1980, By its Duly Empowered Trustees (the "Plaintiffs") c/o Dorothy M. Weber, Esq, Herbsman Hafer Weber & Frisch, LLP, 494 Eighth Ave., Sixth Floor, New York, NY 10001 on one side, and Defendant Joe Cooley (the "Defendant Cooley"), 248 E 157th Street, Gardena, CA 90248 and Rodney David Oliver, 11074 Oso Avenue Chatsworth, CA 91311 on the other.

## RECITALS

**WHEREAS**, in *The Barry White Family Trust U/A/D: December 19, 1980, By its Duly Empowered Trustees v. Cooley et al.*, in the United States District Court for the Southern District of New York, Civil Action No. 1:24-cv-07509-DLC (the "Action"), the Plaintiffs have stated copyright infringement claims against Defendant Joe Cooley alleging unauthorized use by Defendant Joe Cooley who copied and interpolated substantial elements of "I'm Gonna Love You Just A Little More, Babe" ("Barry White Copyright"), a song written, produced, and performed by Barry White in 1972 and released in 1973, in Defendant Joe Cooley's song "Everlasting Bass" ("Infringing Work"), written and released by Defendant Joe Cooley and Rodney David Oliver in or about 1986; and

**WHEREAS**, Defendant Joe Cooley claims that notwithstanding the BMI registration for the Infringing Work lists him as a writer/composer, Defendant Joe Cooley is solely a performer on the recorded copies of the Infringing Work and is not a creator, composer, or author of the Infringing Work; and

**WHEREAS**, Defendant Joe Cooley claims he has never held any ownership, copyright publishing or licensing rights in the master recording or the underlying

composition of the Infringing Work and had no involvement in any licensing negotiations, business dealings, or copyright registrations concerning the Infringing Work and is not claiming any financial interest in the song "Everlasting Bass"; and

**WHEREFORE**, the Plaintiffs and Defendant Joe Cooley (the "Parties") hereto desire to enter into this So-Ordered Settlement Agreement to settle the copyright claims between them relating to the above-captioned Action, for Defendant Joe Cooley to withdraw his Counterclaims against the Plaintiffs, and to confirm and memorialize their agreement on all of the terms and subject to all of the conditions set forth herein, and to set forth their rights and obligations with respect thereto; and

**NOW, THEREFORE**, in consideration of the mutual promises contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

### Dismissal

1. Within five (5) business days after the Effective Date, the Parties shall file a Joint Stipulation of Dismissal with Prejudice in this Action without costs and fees.

2. Plaintiffs' Covenant Not to Sue. The Plaintiffs and, as applicable, their respective owners, shareholders, partners, subsidiaries, affiliates, representatives, agents, members, officers, and directors, together with their heirs, predecessors, successors and assigns, unconditionally covenant not to sue or assert any claim against Defendant Joe Cooley and, as applicable, their respective members, trustees, subsidiaries, affiliates, representatives, agents, officers, and directors, as well as their heirs, predecessors, successors and assigns, arising now or in the future for any form of intellectual property infringement, including any claims asserted in this Action based in whole or in part on the alleged use or copying of the Barry White Copyright.

3. <u>Defendant Joe Cooley' Covenant Not to Sue.</u> Defendant Joe Cooley and, as applicable, his respective partners, subsidiaries, affiliates, representatives, agents, members, officers, and directors, together with their heirs, predecessors, successors and assigns, unconditionally covenant not to sue or assert any claim against the Plaintiffs and, as applicable, their respective members, trustees, subsidiaries, affiliates, representatives, agents, officers, and directors, as well as their heirs, predecessors, successors and assigns, arising now or in the future for any form of intellectual property infringement, including any claims asserted in this Action based in whole or in part on the alleged use or copying of the Barry White Copyright.

4. <u>Mutual General Release.</u>  Aside from the Parties' obligations under this So-Ordered Settlement Agreement, the Parties and their respective members, trustees, owners, shareholders, partners, subsidiaries, affiliates, representatives, agents, officers, and directors, together with their heirs, predecessors, successors and assigns, as applicable, hereby irrevocably release and discharge each other from any and all actual or potential claims, liabilities, demands, causes of action, costs, expenses, attorneys' fees, damages, indemnities, and obligations of every kind and nature whatsoever, at law and equity or otherwise, whether known, unknown, suspected, unsuspected, disclosed or undisclosed, existing or accrued at any time from the beginning of the world through the Effective Date, specifically including, without limitation, any and all claims that were or could have been asserted at any time in or in connection with this Action or the underlying facts and circumstances asserted therein.

5. <u>No Admission of Liability.</u> The Parties hereby acknowledge and agree that neither the execution of this So-Ordered Settlement Agreement, nor the performance of any act pursuant to the So-Ordered Settlement Agreement, constitutes an

admission of liability, express or implied, of any Party with respect to any fact or matter which may have arisen in connection with this Action.

6. <u>Binding Nature</u>. This Agreement shall be binding upon and shall inure to the benefit of the Parties hereto, and their respective successors, parents, assigns, affiliates, subsidiaries, agents, heirs, administrators, executors and legal representatives.

7. <u>Entire Agreement</u>. This Agreement constitutes the entire agreement between the Parties hereto with respect to matters addressed herein. Except as expressly set forth in this Agreement, there are no representations, warranties or inducements, whether oral or written, express or implied, that in any way affect or condition the validity of this Agreement or any of the terms of this Agreement. In executing this Agreement, neither Party relied upon any representations, warranties, or inducements, whether oral or written, express or implied, by the other Party, except for those representations and warranties contained in this Settlement Agreement.

8. <u>Advice of Counsel</u>. In entering into this Agreement, the Parties each acknowledge and represent that they had the opportunity to obtain legal advice of an attorney. They further represent that the terms of this Agreement have been completely read by them, and that those terms are fully understood and voluntarily accepted by them.

9. <u>No Oral Modifications</u>. This Agreement may not be amended, revoked or modified, in whole or in part, except by a writing executed by all of the Parties hereto.

10. <u>No Waiver</u>. The failure of any party to object to one or more breaches or violations of this Agreement shall not constitute a waiver or limitation upon the right of such Party to object to any other breach or violation of this Agreement.

11. <u>Jointly Drafted</u>. This Agreement reflects the joint drafting efforts of all Parties to this Agreement and any ambiguities in this Agreement shall not be construed against any Party hereto.

12. <u>Counterparts</u>. This Agreement may be executed in any number of counterparts and by different Parties hereto in separate counterparts, but shall not be effective until each party has executed at least one counterpart. Each counterpart when so executed and delivered shall be deemed to be an original and all of which taken together shall constitute one and the same agreement.

13. <u>Effective Date</u>. The "Effective Date" of this Agreement shall be the day on which the Agreement has been fully executed by all of the Parties hereto.

14. <u>Party.</u> The term "Party" or its plural "Parties" refers to the undersigned Party or Parties and their representatives, agents, officials, commissioners, owners, shareholders, equity holders, partners (either limited or general), subsidiaries, affiliates, parent companies, other related entities, insurers, indemnitors, officers, directors, members, managers, attorneys, employees, trustees, heirs, beneficiaries, executors, administrators, predecessors-in-interest, successors, and assigns.

15. <u>Severability</u>. In the event that any provision of this Agreement is determined by a court of competent jurisdiction to be unenforceable against any of the Parties hereto for any reason or to any extent, this Agreement shall not be rendered void but any such provisions shall be deemed amended to apply to the maximum extent as such court may judicially determine or indicate to be enforceable. Alternatively, if the court finds that any provision in this Agreement is unenforceable and such provision cannot be amended so as to make it enforceable in any application or to any extent, all remaining provisions of this Agreement shall not be affected and shall be given full force and effect without regard to the invalid or unenforceable provisions.

16. <u>Authority</u>. Each Party hereby represents and warrants that: (a) it is duly authorized to execute this Agreement and deliver this Agreement and to perform its obligations hereunder; (b) this Agreement is a legal and valid obligation binding upon it and enforceable according to its terms; (c) the execution, delivery and performance of this Agreement by it does not conflict with any agreement, instrument or understanding, oral or written, to which it is a party or by which it may be bound; (d) it shall perform its obligations under this Agreement in accordance with all applicable laws, rules or regulations; and (e) it has the authority to execute and deliver this Agreement on behalf of the Party so indicated. If the Party is a corporation, that Party further represents and warrants that it is organized and validly existing under the laws of the state of its organization and has full corporate power to carry out the provisions hereof.

17. <u>Breach.</u> Should either Party believe that the other Party is in breach of this Agreement, it will provide written notice and the opportunity to cure the breach within 5 business days after such notice is received.

18. <u>Jurisdiction.</u> This Agreement shall be construed in accordance with the laws of the State of New York, and shall be subject to the sole and exclusive jurisdiction of the State and Federal courts located in New York.

19. <u>Governing Law</u>. This Agreement shall be governed by the laws of the State of New York.

20. <u>Headings</u>. The descriptive headings contained in this Agreement are for convenience of reference only, and shall not affect in any way the meaning or interpretation of this Settlement Agreement.

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as of the date first written above by themselves or their respective officers duly authorized.

The Barry White Family Trust U/A/D: December 19, 1980, By its Duly Empowered Trustees

By: _____
Name: Jack Perry
Title: Co-Trustee
Date: 8/27/2025

_____
Joe Cooley
Date: 8/26/2025

_____
Rodney David Oliver
Date: 8/26/2025

**SO ORDERED:**

_____
Hon. Denise L. Cote
August 28, 2025