# HERBSMAN HAFER WEBER & FRISCH, LLP
### ATTORNEYS AT LAW
494 EIGHTH AVENUE, SIXTH FLOOR
NEW YORK, NEW YORK 10001

JONAS E. HERBSMAN
J. JEFFREY HAFER
DOROTHY M. WEBER
MICHAEL B. FRISCH

RAKHIL KALANTAROVA

JAMES E. DOHERTY
OF COUNSEL

TELEPHONE (212) 245-4580
TELECOPIER (212) 956-6471

WRITER'S E-MAIL:
dorothy@musiclaw.com

August 28, 2025

**Via ECF**
The Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1910
New York, New York 10007

  Re: *The Barry White Family Trust U/A/D: December 19, 1980, By its Duly Empowered Trustees v. Cooley et al.* Case No. 24-cv-07509-DLC.

Dear Judge Cote:

  In compliance with the Court Order dated August 20, 2025 (Dkt. 158) the undersigned counsel for the Plaintiffs and new counsel for Defendant Rodney Oliver, Mr. Freundlich, (the "Parties") met and conferred on Monday, August 25, 2025 and again on August 27, 2025. All dates discussed by the Parties are subject to the Court's approval and without prejudice to the pending sanctions motion (Dkt. 139).

**The Parties' Joint Statement:** Items Agreed To

  **Document Production.** The Parties have jointly agreed that Mr. Oliver will endeavor to produce to Plaintiffs certain key documents discussed at the meet and confer such as the underlying contracts with Sony, Sony Publishing, and Kobalt relating to "Everlasting Bass" and Defendants' counterclaims and affirmative defenses and financial records for "Everlasting Bass" for the last five (5) years and financial records for the song "Like That" no later than September 10, 2025. Plaintiffs' counsel has agreed to work with Mr. Freundlich regarding the redaction of certain documents already produced by Plaintiffs under the Confidentiality Order (Dkt. 102). The Parties will continue to engage in good faith efforts to be proactive in attempting to resolve open discovery issues.

  **Expert Discovery.** The Parties have jointly agreed that Defendant Oliver may submit an affirmative expert musicologist report, which will also include a rebuttal of Plaintiff's musicologist report, no later than September 15, 2025. Plaintiff will then be provided with a period to rebut Defendant Oliver's affirmative expert report by October 6, 2025. Expert

HERBSMAN HAFER WEBER & FRISCH, LLP

The Honorable Denise L. Cote
August 28, 2025
P a g e | 2

discovery would close on October 31, 2025. While *pro se*, Mr. Oliver produced a draft and unsigned expert report with a letter received by Plaintiffs from Oliver's email which he now contends was produced in error and wants to claw back. Plaintiffs reserve the right to oppose any effort to claw back such undated unsigned report.

**Joe Cooley.** The Parties have signed a Settlement Agreement to be so-ordered (Dkt. 162) and a Stipulation discontinuing the action and dismissal of counterclaims by Defendant Joe Cooley, all with prejudice and mutual general releases.

**Ms. Key's Conduct in Both Actions.** We have discussed that Ms. Key and the Second Action[1] are inextricably intertwined with this action. The Parties, jointly, wish to advise the Court of recent conduct on the part of Necole Key that affects both this action and the Second Action.

Notwithstanding being admonished by the Court for inserting herself in a role that would properly be played by an attorney (Dkt. 62), it appears that Ms. Key has prepared and filed a motion on behalf of and in the name of Joe Cooley (Dkt. 159). Based on information from Mr. Oliver, it appears that Ms. Key was not authorized to do so by either Mr. Cooley or Mr. Oliver.

In addition, over two weeks after the Court's Order regarding service on the Barry White Family Trust and their counsel (Second Action, Dkt. 28), Ms. Key orchestrated wholly unnecessary, redundant service at Mrs. White's home and Ms. Weber's home. It is submitted that such conduct was done solely for intimidation purposes, and was followed up by bizarre social media posts including a post with "#StayArmoredUp".

Mr. Oliver and Mr. Freundlich have advised that they were not aware of, nor do they condone this conduct. Ms. Key surreptitiously used only Mr. Oliver's name on the summonses which were served in this manner and also on affidavits of service which were not authorized by Mr. Oliver.

Thus, we have two recent incidents – one in each of the actions – where Ms. Key has insinuated herself for improper purposes and engaged in vexatious conduct in the names of Mr. Cooley and Mr. Oliver without their knowledge or consent.

The Parties jointly request that an appropriate order to show cause be issued to Ms. Key.

**Second Action.** Although Mr. Freundlich has not appeared in the Second Action, Mr. Freundlich and Mr. Oliver shall dismiss the Second Action without prejudice as to Mr. Oliver's claims.

---

[1] *Oliver et al. v. Barry White Family Trust et al.*, Case No. 25-cv-03602-DLC (SDNY) (the "Second Action").

HERBSMAN HAFER WEBER & FRISCH, LLP

The Honorable Denise L. Cote
August 28, 2025
P a g e | 3

**Balance of Scheduling Order.** Disagreements set forth below.

**Plaintiffs' Position:** Issues Not Agreed To

**Balance of Discovery.** The Parties have agreed to extend the time on certain document production until September 10, 2025, while reserving all of their rights in connection with the pending sanctions motion (Dkt. 139). The Plaintiffs will continue to engage in good faith efforts with Mr. Freundlich while he remains committed to being proactive in attempting to resolve open discovery issues.

Plaintiffs have agreed, subject to the Court's permission, to extend depositions, fact discovery and expert discovery to and including October 31, 2025, so that the balance of the Court's Scheduling Order (Dkt. 80) can remain in place.

**Mediation.** At the time of the meet and confer, the Parties had agreed to conduct the so-ordered mediation which is scheduled for September 17, 2025 before Judge Pitman. Plaintiffs are prepared to move forward on that date.

**Sanctions Motion.** Both Parties request oral argument on the motion for sanctions (Dkt. 139). Mr. Freundlich is by separate letter filing a request for sur-reply which Plaintiffs oppose. As set forth below, Defendant Oliver has requested additional time to open the already closed briefing on the sanctions Motion (Dkt. 139). While Plaintiffs wish to extend professional courtesies to Mr. Freundlich, they cannot agree to a "do over" of this motion because Mr. Oliver chose to appear *pro se* after dismissing the firm of Fox Rothschild, LLP, appearing by Timothy C. Matson, Esq. and Philip Z. Langer, Esq.

**Defendant Rodney Oliver's Position:** Issues Not Agreed To

**Mediation.** Mr. Freundlich has requested that the date of the mediation be put off for a brief period to allow at least for the completion of expert discovery (which the parties will do by October 31, 2025, with the Court's permission.

**As to the Court Schedule in the Case.** Mr. Freundlich has requested that, except as agreed above, and for good cause, the discovery cutoff be extended for a brief period to allow him to review the file and be certain that all relevant discovery has been propounded and responded to on behalf of his client who had previously been *pro se*. Oliver shall submit a letter request in this regard.

HERBSMAN HAFER WEBER & FRISCH, LLP

The Honorable Denise L. Cote
August 28, 2025
P a g e | 4

**Sanctions Motion.** Mr. Freundlich simply asks for the opportunity to review the sanctions allegations and to prepare an additional response before the Court hears argument or otherwise rules on the Motion. Oliver shall submit a letter request in this regard.

We jointly ask that the Court also treat this letter as a request for a conference.

Respectfully submitted,

| HERBSMAN HAFER WEBER & FRISCH, LLP | FREUNDLICH LAW, APC |
|---|---|
| *[signature]* | /s/Kenneth D. Freundlich |
| Dorothy M. Weber, Esq. | Kenneth D. Freundlich, Esq. |
| *Attorneys for Barry White Family Trust* | *Attorneys for Rodney Oliver* |