UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

Barry White Trust, et al.,
 Plaintiffs,

v.

Joe Cooley, et al.,
 Defendants.

Case No. 1:24-cv-07509 (DLC)

_____

NOTICE OF MOTION

PLEASE TAKE NOTICE that upon the accompanying Memorandum of Law in Support of Non-Party Necolé Key's Motion to Quash Subpoena and for Protective Order, the Declaration of Necolé Key dated September 17, 2025, together with Exhibits A through I attached, Non-Party Necolé Key will move this Court, before the Honorable Denise L. Cote, United States District Judge, at the United States Courthouse, 500 Pearl Street, New York, New York 10007, at a date and time to be determined by the Court, for an Order pursuant to Federal Rules of Civil Procedure 26(c) and 45(d)(3):

1. Quashing the subpoena served upon Ms. Key on September 10, 2025;

2. Entering a protective order barring further subpoenas to Ms. Key absent prior leave of Court; and

3. Granting such other and further relief as the Court deems just and proper.

Dated: September 17, 2025
 New York, New York

Respectfully submitted,

/s/Necolé Key
 Pro Se

necolekey@gmail.com

1

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

**Barry White Trust, et al.,**
 Plaintiff,

v.

**Joe Cooley, et al.,**
 Defendants.

Case No. 1:24-cv-07509 (DLC)


MEMORANDUM OF LAW IN SUPPORT OF NON-PARTY NECOLE KEY'S
MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER


INTRODUCTION

The subpoena served on September 10, 2025, upon non-party Necole Key is improper.
Ms. Key has already produced responsive materials. Many are publicly available. The
subpoena is duplicative, overbroad, and imposes undue burden in violation of Rule
45(d)(3).

The record, reflected in Exhibits A–I, further demonstrates misuse of the subpoena
power: suppression of material evidence, harassment of a non-party, improper
interference in other litigation, and direct pressure to abandon claims against Sony.
Together, these tactics confirm that the subpoena is not designed to secure relevant
discovery but to protect corporate interests and delay adjudication of standing.


FACTUAL BACKGROUND

1. **Prior Production.** On August 17–18, 2024, Ms. Key produced a large volume of
   documents, including emails, copyright records, and ownership documents, to
   Defendant's counsel. Counsel acknowledged receipt, stating he was "poring
   through" the "flood" of materials (Ex. A). Many of these documents are also on
   the public docket.

2. **The Subpoena.** Despite this, Defendant's counsel served Ms. Key with a
   subpoena on September 10, 2025, demanding, among other things, "all documents
   pertaining to the Second Action" (Ex. E).

3. **BMI Email Suppression.** On September 16, 2025, Defendant's counsel admitted
   reviewing a BMI email that undermines Plaintiff's standing but refused to present
   it to the Court. Instead, he pressed Ms. Key to dismiss her claims in the Second
   Action (Ex. B).

4. **Improper Demands and Interference.** Counsel demanded Ms. Key disclose
   "everything she knows and thinks" about her case, referenced her health, and
   accused her of "making noise" (Ex. C). He later contacted defendants in another

action where Ms. Key is plaintiff, warning they would "come down very hard" on her (Ex. D).

5. **Retaliatory Sanctions.** After Ms. Key rejected improper service, Plaintiff's counsel pursued sanctions against Defendant Rodney Oliver. To avoid them, Mr. Oliver accepted Sony's terms in order to secure representation, forcing him to withdraw from the Second Action (Ex. D).

6. **Exhibit I.** The subpoena materials reflected in Exhibit I further expand the demands into areas beyond relevance, duplicative of prior productions, and unrelated to ownership or standing.

## LEGAL STANDARDS

- **Rule 45(d)(3)(A):** The Court must quash a subpoena that "subjects a person to undue burden."

- **Rule 26(b)(1):** Discovery is limited to relevant, nonprivileged matter that is proportional to the needs of the case.

- **Rule 26(c):** Protective orders may be issued to protect against "annoyance, embarrassment, oppression, or undue burden or expense."

- **Rule 1:** The Federal Rules must be "construed, administered, and employed" to secure the just, speedy, and inexpensive determination of every action.

---

ARGUMENT

I. The Subpoena Is Duplicative and Unduly Burdensome

Ms. Key has already produced the responsive materials. Counsel confirmed receipt (Ex. A). Many are docketed. Requiring re-production imposes undue burden under Rule 45(d)(3)(A)(iv).

Courts in this District routinely quash subpoenas seeking duplicative documents from non-parties. *See Arista Records LLC v. Lime Grp. LLC*, No. 06 CV 5936, 2011 WL 781198, at *2 (S.D.N.Y. Mar. 1, 2011).

**II. The Requests Are Overbroad and Improper**

The subpoena's demand for "all documents pertaining to the Second Action" (Ex. E) seeks wholesale reproduction of an entire litigation record already public. Exhibit I confirms the breadth, requesting categories unrelated to ownership.

Discovery must be proportional. *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996). These requests are neither tailored nor proportional under Rule 26(b)(1).

**III. Counsel's Conduct Demonstrates Harassment and Improper Pressure**

Exhibits A–E reflect counsel demanding strategy, persisting after "do not contact" notices, referencing Ms. Key's health, accusing her of "making noise," and attempting improper service.

Such conduct goes beyond legitimate discovery. Rule 26(c) permits protective relief where discovery is used for harassment. *See Jones v. Hirschfeld*, 219 F.R.D. 71, 74 (S.D.N.Y. 2003).

## IV. Suppression of the BMI Email Confirms Bad Faith

On September 16, 2025, counsel admitted reviewing a BMI email undermining Plaintiff's standing but refused to present it (Ex. B). Instead, he pressed Ms. Key to dismiss her claims.

Courts sanction selective suppression of material evidence. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991). This is a bad faith use of the discovery process.

## V. Counsel's Tactics Violate Rule 1 by Delaying Adjudication on the Merits

Ms. Key presented evidence of transfers in 1968 and 1974 and the 1999 withdrawal (Ex. C). Counsel disregarded this evidence, declared "no issue with title," mirrored Plaintiff's narrative, and suppressed contrary evidence (Ex. B).

These actions delay resolution of the ownership question, violating Rule 1's mandate. *See In re Subpoena to Loeb & Loeb LLP*, No. M8-85, 2003 WL 23095583, at *2 (S.D.N.Y. Dec. 30, 2003).

## VI. Improper Demands and Interference in Other Litigation

Counsel demanded Ms. Key's legal impressions and later contacted defendants in another case where she is plaintiff, warning they would "come down very hard" on her (Ex. D).

Discovery cannot be used to interfere in other litigation. *See Night Hawk Ltd. v. Briarpatch Ltd., L.P.*, No. 03 Civ. 1382, 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003).

## VII. Alignment With Corporate Entities and Retaliatory Settlement Pressure

Following Ms. Key's objection to improper service, Plaintiff's counsel sought sanctions against Rodney Oliver, which forced him into Sony's terms to secure counsel and withdraw from the Second Action (Ex. D).

Such tactics weaponize sanctions and subpoenas as leverage. Rule 26(c) protects against this misuse. *Jones v. Hirschfeld*, 219 F.R.D. at 74.

## VIII. Direct Pressure to Abandon Claims Against Sony

Defendant's counsel most recently attempted to pressure Ms. Key directly to drop her claims against Sony and withdraw from the Second Action (Ex. I).

Discovery cannot be used as a coercive instrument. *See Travelers Indem. Co. v. Metropolitan Life Ins. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005). Exhibit I confirms the subpoena's role in improper settlement pressure.

## CONCLUSION

The subpoena directed to Ms. Key is duplicative, overbroad, and unduly burdensome. Exhibits A–I confirm harassment, suppression of evidence, and misuse of process.

The Court should:

1. Quash the September 10, 2025 subpoena in full;

2.  Enter a protective order barring further subpoenas to Ms. Key absent leave of Court; and

3.  Grant such other and further relief as the Court deems just and proper.

Dated: September 17, 2025
 Brea, California

**/s/ Necole Key**
 Necole Key
 necolekey@gmail.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

**Barry White Trust, et al.,**
 Plaintiffs,

v.

**Joe Cooley, et al.,**
 Defendants.

Case No. 1:24-cv-07509 (DLC)

---

DECLARATION OF NECOLÉ KEY IN SUPPORT OF MOTION TO QUASH
SUBPOENA AND FOR PROTECTIVE ORDER

I, **Necole Key**, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the
following is true and correct:

1. I am a non-party in this action. I submit this declaration in support of my Motion
   to Quash the subpoena served on September 10, 2025, and for a protective order.

2. On August 17–18, 2024, I produced to the Defendant's counsel a large volume of
   materials, including emails, copyright registrations, and ownership records. This
   production included the BMI email and related documentation that undercut
   Plaintiff's standing. Counsel acknowledged receipt, stating he was "poring
   through" a "flood" of materials. A true and correct copy of this correspondence is
   attached as **Exhibit A**.

3. In **August 2025**, I engaged in an email chain with Defendant's counsel, in which I
   presented arguments regarding the transfer of rights and chain of title. Counsel
   dismissed my arguments, referenced my health, and accused me of "making
   noise." A true and correct copy of this "FYI" email chain is attached as **Exhibit
   B**.

4. On July 22, 2025, Plaintiff's counsel Dorothy Weber attempted to serve me by
   email. I objected to this improper service and requested proof of her authority to
   represent the Trust. A true and correct copy of this exchange is attached as
   **Exhibit D**.

5. In **May 2025**, Sony Publishing made an offer to provide counsel to Defendant
   Rodney Oliver. Mr. Oliver initially refused that offer in order to maintain control
   over his litigation. Plaintiff then sought sanctions, which were used to retaliate
   against me as a non-party but imposed upon Mr. Oliver. In **late August 2025**, I
   became aware that Mr. Oliver had been forced to accept Sony's offer in order to
   avoid sanctions, which in turn caused his withdrawal from the Second Action. A
   true and correct copy of counsel's communication regarding those terms is
   attached as **Exhibit C**.

6. The September 10, 2025 subpoena served upon me demanded "all documents
   pertaining to the Second Action," including litigation records that are already
   public. A true and correct copy of this subpoena and related correspondence **will**

**be provided and attached as Exhibit I**.

7.  I provided Defendant's counsel with the published sheet music credits for the song *Like That*, which did **not** list Plaintiff in the credits. The credits expressly identified Universal and other entities as the exclusive administrators. Plaintiff was not named, did not contest those credits, and did not issue a takedown notice. A true and correct copy of this sheet music page is attached as **Exhibit F**.

8.  I also obtained the U.S. Copyright Office registration for *Like That*, filed in January 2025, which expressly identifies *Everlasting Bass* as a sampled work. Plaintiff has not contested this registration and has not filed any claim against the claimant listed therein. A true and correct copy of this registration is attached as **Exhibit G**.

9.  On September 16, 2025, Defendant's counsel — who is not a party to my separate litigation where I am a plaintiff — contacted me directly and pressured me to withdraw my claims. In response, I asked why he had failed to present to the Court the BMI email that undercuts Plaintiff's standing. That evidence, if presented, could have protected me from duplicative discovery demands. Instead, counsel ignored the BMI email, suppressed material evidence, and continued to press me outside formal discovery channels. By diverting from the case in which he was retained and engaging in this conduct, counsel violated Rule 1's mandate that litigation be resolved in a just, speedy, and inexpensive manner.

10. In these same communications, Defendant's counsel told me that the defendants in my case would "come down very hard on me." This statement was made after more than a year of Plaintiff dragging my name into this litigation, even though I am not a party, mischaracterizing my social media posts, and raising my health as a distraction from the copyright evidence I provided. Defendant's counsel repeated this same tactic, referencing my health, dismissing my evidence as "noise," and ignoring the BMI email that undercut Plaintiff's standing. I have already experienced being blackballed and mocked in connection with this litigation, and his conduct has only compounded that harm while compromising my ability to pursue my claims in the Second Action.

11. Defendant's counsel also told me that he had spoken with defendants in the separate case in which I am a plaintiff, even though he is not counsel of record there. He has repeatedly demanded that I disclose "all I know and think" about my litigation. I am therefore concerned that his conduct has compromised the integrity of my case and my ability to fairly pursue my claims.

12. Based on the foregoing communications and the sequence of events documented in Exhibits A–H, I believe there is a coordinated campaign to avoid judicial resolution of standing and to coerce settlement. The facts supporting that belief include: (a) Sony Publishing's May 2025 offer to provide counsel to Mr. Oliver and the subsequent imposition of terms that led to his withdrawal (Ex. C); (b) Plaintiff's use of sanctions proceedings that had the practical effect of forcing Mr. Oliver to accept those terms rather than litigate (Ex. D); (c) Defendant's counsel's repeated failure to address, and apparent avoidance of, the BMI and Copyright Office records that undermine Plaintiff's standing (Exs. A, G, H); and (d) Defendant's counsel's extrajudicial contacts with individuals in the separate action and direct pressure on me to disclose privileged impressions and to abandon meritorious claims (Exs. B, H). I have reasonable concerns that these coordinated actions are intended to silence adverse witnesses, avoid the burden of

proving ownership at trial, and pressure individuals into settlement rather than a merits determination.

---

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 17, 2025, at Brea CA

**/s/Necole Key**

**necolekey@gmail.com**

# Table of Contents

Exhibit A – Aug. 17–18, 2024 Production Email Chain

Exhibit B – Sept. 2025 'FYI' Email Chain

Exhibit C – Sony Terms for Counsel

Exhibit D – Weber Email re: Sanctions/Authority

Exhibit E – Plaintiff's Improper Subpoena Service Attempt

Exhibit F – Sheet Music Credits for 'Like That'

Exhibit G – U.S. Copyright Office Registration for 'Like That' (2025, identifying 'Everlasting Bass' sample)

Exhibit H – Sept. 16, 2025 Email Chain re: BMI / Settlement Offer

# Exhibit A

Aug. 17–18, 2024 Production Email Chain





I sent that  to you last week in the links I was sending you.

Did you go through any of it.

See attached.

We decided to get an attorney so i didn't have to do so much work.  It feels like I am just repeating work. Pleas go througb all I sent

Thank you

Necole Key

Show quoted text



RODNEY O NEW THREAD ➤ Inbox

**Kenneth Freundlich** 📎 Aug 18
I need two things: - The UNIVERSAL document Kenneth D. Freundlich, Esq. FREUNDLICH LAW, APC 16133 Ventura Blvd., Suite 645 Encino,

**Nécole Key** Aug 18
to Kenneth ⌄

sent and copyright was also provided

Nécole Key
Artist Manager

↩ Reply          ↪ Forward







**Ken...** Aug 18
to me

What is up with the
Weisman deal? Was that
a thing or a deal with
Kobalt that never
happened? You know
they will get all the docs
from Weisman. Is thee
something there you do
hot ant them to see?
Discussion about this
lawsuit? Deleting it will
not make it go away.

Show quoted text

**Néc...** Aug 18
to Kenn...

They already got all those
doc Tim Matson gave them
to here and we sent her the
Kobalt deal that she cost us.

We have nothing to hide.
We were the ones infringed
on. Thats why we filed the
other case for infrinement
on the  master of Everlasting
Bass and business
nterference by the Barry
White Trust filing a meritless
claim

Did you read that May 27
letter I forwarded to you
through Rodney's email.
That will provide you some
insight.

Necole Key

Show quoted text





# Exhibit B

Sept. 2025 'FYI' Email Chain

# FyI

14 messages

---

**Nécole Key** <necolekey@gmail.com>                                 Mon, Aug 18, 2025 at 9:33 PM
To: Kenneth Freundlich <ken@freundlichlaw.com>
Cc: Rodney <rodneyocali@yahoo.com>

If you are reading this correctly JANUARY MUSIC IS THE COMPANY
SAVETTE MUSIC A DIVISION OF BARRY WHITE INC IS THE PARTICPANT
Barry White is the songwriter as an individual

And signed over his rights to two corporate entities even renewal rights making him the individual
ineligible to terminate transfer


The two corporate enties sold the composition and it ended up with Warner.

No ownerhip remained with any entitity connected to Barry White

Nor is there a agreement of Warner giving any percentage of ownership back to any one in the Barry
White camp

Strickly just collecting no control.


So what are you talking about.

Its really simple

Necole Key

---

📷 **Screenshot_20250818_212327_Drive.jpg**
319 KB

---

**Nécole Key** <necolekey@gmail.com>                                 Mon, Aug 18, 2025 at 9:35 PM
To: Kenneth Freundlich <ken@freundlichlaw.com>

Its copyright 101 not that difficult.

Really it's not just read the facts

Necole Key
[Quoted text hidden]

---

📷 **Screenshot_20250818_213401_Drive.jpg**
176 KB

To: Nécole Key <necolekey@gmail.com>

Cc: Rodney <rodneyocali@yahoo.com>

Weber says this 50:50. I will ask for proof. Nothing is simple.

## Kenneth D. Freundlich
FREUNDLICH LAW, APC
16133 Ventura Blvd. Suite 645
Encino, CA 91436
ph1:(818) 377-3790
ph2:(310) 275-5350
ken@freundlichlaw.com


 P Please consider the environment before printing this e-mail

The information contained in this e-mail transmission, including any previous messages or attachments to it, is intended only for the personal and confidential use of the recipient(s) named above. This message contains information that may be an attorney-client communication and/or work product and as such is proprietary, confidential and/or privileged. If you have received this transmission in error, please delete the original transmission, without making copies, disclosing, distributing, saving or making use of it in any manner (all of which acts are strictly prohibited by law), and so notify the sender by reply e-mail.

---

**From:** Nécole Key <necolekey@gmail.com>
**Sent:** Monday, August 18, 2025 9:33:02 PM
**To:** Kenneth Freundlich <ken@freundlichlaw.com>
**Cc:** Rodney <rodneyocali@yahoo.com>
**Subject:** Fyl

[Quoted text hidden]

---

**Nécole Key** <necolekey@gmail.com>                    Tue, Aug 19, 2025 at 9:23 AM
To: Kenneth Freundlich <ken@freundlichlaw.com>

You said 50 50 as if you saw documents. You demand all the documents from me and accept her word as gold. Whose team are you on, She is lying to you to stall. If she says 50 then she should already provided that to us. SHE IS LYING

## Nécole Key
Artist Manager
626-598-6647

[Quoted text hidden]

---

**Kenneth Freundlich** <ken@freundlichlaw.com>                    Tue, Aug 19, 2025 at 10:37 AM

The documents were produced, and I already read them. Stop this nonsense. We are I think on the same team.

Kenneth D. Freundlich, Esq.

# FREUNDLICH LAW, APC

16133 Ventura Blvd., Suite 645

Encino, CA 91436

ph: (818) 377-3790

cel: (818) 445-5353

ken@freundlichlaw.com





P  Please consider the environment before printing this e-mail

The information contained in this e-mail transmission, including any previous messages or attachments to it, is intended only for the personal and confidential use of the recipient(s) named above. This message contains information that may be an attorney-client communication and/or work product and as such is proprietary, confidential and/or privileged. If you have received this transmission in error, please delete the original transmission, without making copies, disclosing, distributing, saving or making use of it in any manner (all of which acts are strictly prohibited by law), and so notify the sender by reply e-mail.

[Quoted text hidden]

If they are you would have showed them and not say she told you


Let me see the documents.  You won't because they don't exist

Necole Key
[Quoted text hidden]

---

**2 attachments**

🖼 **image001.png**
9 KB

🖼 **image002.png**
6 KB

---

**Kenneth Freundlich** <ken@freundlichlaw.com>                    Tue, Aug 19, 2025 at 8:46 PM
To: Nécole Key <necolekey@gmail.com>
Cc: Rodney <rodneyocali@yahoo.com>

We are done talking. You don't want to hear. There is no issue with title. It is a pour over will into the trust. What don't you see? The 1999 document had no effect because BW did not remove his will or trust. End of that tale.

## Kenneth D. Freundlich
FREUNDLICH LAW, APC
16133 Ventura Blvd. Suite 645
Encino, CA 91436
ph1:(818) 377-3790
ph2:(310) 275-5350
ken@freundlichlaw.com


 P Please consider the environment before printing this e-mail

The information contained in this e-mail transmission, including any previous messages or attachments to it, is intended only for the personal and confidential use of the recipient(s) named above. This message contains information that may be an attorney-client communication and/or work product and as such is proprietary, confidential and/or privileged. If you have received this transmission in error, please delete the original transmission, without making copies, disclosing, distributing, saving or making use of it in any manner (all of which acts are strictly prohibited by law), and so notify the sender by reply e-mail.

**To:** Kenneth Freundlich <ken@freundlichlaw.com>
**Cc:** Rodney <rodneyocali@yahoo.com>
**Subject:** Re: Fyl

[Quoted text hidden]

---

**Nécole Key** <necolekey@gmail.com>                    Thu, Aug 21, 2025 at 2:05 PM
To: Kenneth Freundlich <ken@freundlichlaw.com>
Cc: Rodney <rodneyocali@yahoo.com>

Your argument — "the 1999 document had no effect because BW did not remove his will or trust" — is **not how title law works**. The issue isn't whether the trust or will still existed; the issue is whether the property itself was ever properly conveyed and continuously held.

The plaintiff cannot rely on "there's a pour-over will, so title is fine." They must show an unbroken chain of title through deeds and trust schedules. Without that, the trust has no standing to sue

Your statement in this email is legally misleading or incomplete .

Don't reply back

No furthered contact is warranted

Necole Key
[Quoted text hidden]

---

**2 attachments**

🖼 **image001.png**
9 KB

🖼 **image002.png**
6 KB

---

**Kenneth Freundlich** <ken@freundlichlaw.com>          Thu, Aug 21, 2025 at 2:08 PM
To: Nécole Key <necolekey@gmail.com>
Cc: Rodney <rodneyocali@yahoo.com>

This is done. I have the opinion from T and E counsel now as well. You are incorrect.

You just had a heart attack. I wish you well. But give this up. You were over your head. What you do you apparently do very well. But what you don't know you need help on. And copyright law is one of those things and title analysis.

Property is "conveyed" when a person does, by will for example. Here if Bw died with the IP it goes by operation of will to the trust. That is how it works.

Get well.

Kenneth D. Freundlich
FREUNDLICH LAW, APC
16133 Ventura Blvd. Suite 645
Encino, CA 91436
ph1:(818) 377-3790
ph2:(310) 275-5350
ken@freundlichlaw.com


P Please consider the environment before printing this e-mail

The information contained in this e-mail transmission, including any previous messages or attachments to it, is intended only for the personal and confidential use of the recipient(s) named above. This message contains information that may be an attorney-client communication and/or work product and as such is proprietary, confidential and/or privileged. If you have received this transmission in error, please delete the original transmission, without making copies, disclosing, distributing, saving or making use of it in any manner (all of which acts are strictly prohibited by law), and so notify the sender by reply e-mail.

---

**From:** Nécole Key <necolekey@gmail.com>
**Sent:** Thursday, August 21, 2025 2:05:24 PM
[Quoted text hidden]

[Quoted text hidden]

---

**Nécole Key** <necolekey@gmail.com>                    Thu, Aug 21, 2025 at 2:10 PM
To: Kenneth Freundlich <ken@freundlichlaw.com>

Any further  contact from  you is consider harassment. DON'T CONTACT ME

Necole Key
[Quoted text hidden]

---

**2 attachments**

🖼 **image001.png**
9 KB

🖼 **image002.png**
6 KB

---

**Kenneth Freundlich** <ken@freundlichlaw.com>          Thu, Aug 21, 2025 at 2:11 PM
To: Nécole Key <necolekey@gmail.com>

I was just responding to your email.

Please take care of your health. That is all that matters at the end of the day.

Kenneth D. Freundlich
FREUNDLICH LAW, APC
16133 Ventura Blvd. Suite 645
Encino, CA 91436
ph1:(818) 377-3790
ph2:(310) 275-5350
ken@freundlichlaw.com


 P Please consider the environment before printing this e-mail

The information contained in this e-mail transmission, including any previous messages or attachments to it, is intended only for the personal and confidential use of the recipient(s) named above. This message contains information that may be an attorney-client communication and/or work product and as such is proprietary, confidential and/or privileged. If you have received this transmission in error, please delete the original transmission, without making copies, disclosing, distributing, saving or making use of it in any manner (all of which acts are strictly prohibited by law), and so notify the sender by reply e-mail.

---

**From:** Nécole Key <necolekey@gmail.com>
**Sent:** Thursday, August 21, 2025 2:10:02 PM
**To:** Kenneth Freundlich <ken@freundlichlaw.com>
**Subject:** Re: Fyl

[Quoted text hidden]

---

**Nécole Key** <necolekey@gmail.com>                    Thu, Aug 21, 2025 at 2:12 PM
To: Kenneth Freundlich <ken@freundlichlaw.com>

That email said don't contact me, this is the third time I am telling you. This is harassment

Necole Key
[Quoted text hidden]

---

**2 attachments**

🖼 **image002.png**
6 KB

🖼 **image001.png**
9 KB

---

**Nécole Key** <necolekey@gmail.com>                    Fri, Aug 22, 2025 at 1:43 AM
To: Kenneth Freundlich <ken@freundlichlaw.com>

What you don't get that Barry assigned the copyright in 1968 and 1974 so he didn't own it when he died.

Warner does all Barry has is a distruption of royalities.

Read the agreements smh

Necole Key
[Quoted text hidden]

---

**2 attachments**

🖼 **image002.png**
6 KB

🖼 **image001.png**
9 KB

---

**Nécole Key** <necolekey@gmail.com>                                    Fri, Aug 22, 2025 at 4:20 AM
To: Kenneth Freundlich <ken@freundlichlaw.com>

KEN

I didn't disclose my medical condition to you. That is an invasion of privacy

Second, you say I am parnoid but its either you are doing something corrupt or you are really bad at what you do.

Take it as a compliment that I don't think you are bad at what you do.

Just so you know I HAVE LET IT GO.

I WILL PROVE WHAT I NEED TO IN THE CASE I AM THE PLAINTIFF.

YOU CAN HAVE THIS ONE.

I now know who was the Associate you were referring to before....


Necole Key
[Quoted text hidden]

---

**2 attachments**

🖼 **image001.png**
9 KB

🖼 **image002.png**
6 KB

# Exhibit C

Sony Terms for Counsel

←

The lawyer will need to be retained (subject to SMP's prior written approval) in advance of the May 16 deadline for service of discovery requests.  Once retained, the lawyer should send their invoices to both Rodney and SMP, and SMP will pay the lawyer directly, subject to Rodney's prior signature on additional prepayment acceptance agreements (in the same form as the one he signed in December).  Please note that SMP will not contribute to any claims or lawsuits that Rodney may seek to pursue against Epic Records, Sony Music Entertainment, any other Sony entity, or anyone else affiliated with "Like That."

Please let us know by the end of the week the name(s) of the New York lawyers Rodney would like to consider retaining to defend him.

Please don't hesitate to contact us if you have any questions or would like to discuss.

Best regards,
David

**From:** Necole Key <necole@ladykeymanagement.com>
**Sent:** Wednesday, April 30, 2025 12:24 PM
**To:** Przygoda, David <David.Przygoda@sonymusicpub.com>; Raichilson, Ryan <ryan.raichilson@sonymusicpub.com>; Rodney <rodneyocali@yahoo.com>
**Subject:** Re: Like That lawsuit

# Exhibit D

Weber Email re: Sanctions/Authority

# Re: 1 25 cv 03602

—————————————————

**From:** Necole Key
necole@ladykeymanagement.com
**To:** Dorothy Weber
dorothy@musiclaw.com
**Sent:** Monday, May 5 at 11:53 AM

Ms. Weber
How is this a threat or blackmail.
Requesting you provide
documentation that supports your
claim that is holding up my money
is not only proper but acting in
good faith.

Your attempt to mischaracterize
my efforts is a tactic you have
used in past litigation.

I am simply requesting you to act
in good faith and show relevant
documents that support your
claim.

Thank you

Necole Key
Rights Manager
www.ladykeymanagement.com

**From:** Dorothy Weber <dorothy@musiclaw.com>

**Sent:** Monday, May 5, 2025 11:46:17 AM

**To:** Necole Key <necole@ladykeymanagement.com>

**Subject:** RE: 1 25 cv 03602

Dear Ms. Key:   I do not respond to threats or blackmail.    Please have no further communications with me until these issues are presented to the Court.

Very truly yours,

Dorothy M. Weber, Esq.

Herbsman Hafer Weber & Frisch, LLP

494 Eighth Avenue, Suite 600

New York, NY 10001

Direct Dial: (646) 795-6068

Fax: (212) 956-6471

E-Mail: dorothy@musiclaw.com

http://www.linkedin.com/in/dorothy mweberesq/

**From:** Necole Key
<necole@ladykeymanagement.com>
**Sent:** Monday, May 5, 2025 2:37 PM
**To:** Dorothy Weber
<dorothy@musiclaw.com>
**Subject:** Re: 1 25 cv 03602

Ms. Weber,
Regarding the ongoing copyright claim asserted by your client, the Barry White Family Trust, which is currently impacting the exploitation of "Everlasting Bass." sound recording.

To date, I have not received any documentation substantiating the Trust's ownership of the allegedly infringed work, nor any sheet music that includes the bassline you alleged Everlasting Bass infringes.

In an effort to resolve this matter efficiently and in good faith, I respectfully request the following:

• A copy of the  valid copyright registration naming the trust and/or current ownership documents for "I'm Gonna Love You Just A Little More Baby."

• A copy of the deposit copy (sheet music or lead sheet) associated with that registration.

- Timestamps or musical notation detailing the precise portions of "Everlasting Bass" that are alleged to infringe.

If this documentation is provided and confirms your client's interest with regard to the specific claim, I will be happy to revisit your status as a named party and consider removing you from the current action. However, continued refusal to provide evidentiary support will only serve to validate the claims already stated in our complaint regarding obstruction and coercive conduct.

Please respond by May 12, 2025 as this matter continues to interfere with licensing and royalty administration and collection of the sound recording.

Sincerely,

Necole Key
Rights Manager
www.ladykeymanagement.com
626-598-6647

**From:** Necole Key

**Sent:** Monday, May 5, 2025 11:05:55 AM

**To:** Dorothy Weber

<dorothy@musiclaw.com>

**Subject:** 1 25 cv 03602

Hello Ms. Weber

I hope you are well. I have attached the new filing by the owners of the master sound recording. Myself and Rodney Oliver vs Epic and all other parties.

I will need to amend due to some errors and upon receiving new evidence.

Best regards

Necole Key

Rights Manager

626-598-6647

# Exhibit E

Plaintiff's Improper Subpoena Service Attempt

# Re: Subpoena Duces Tecum / Unauthorized Communications

5 messages

---

**Nécole Key** <necolekey@gmail.com>                                    Tue, Jul 22, 2025 at 3:19 AM
To: Dorothy Weber <dorothy@musiclaw.com>

Dear Ms. Weber,

Please be advised of the following:

Improper Use of This Email: As previously communicated on or around July 15–16,  you she given notice of the appropriate channel for court-related matters. You acknowledged that necolekey@gmail.com is the correct email address. Please refrain from sending any further legal correspondence to this other addresses.

Rejection of Email Service: I do not consent to service via email. Subpoenas must be properly served in person, in accordance with the Federal Rules of Civil Procedure. Your attempt to serve me electronically is procedurally improper and legally invalid.

Non-Party Status: I am a non-party to the litigation and therefore not subject to demands or obligations outside of those explicitly allowed under the applicable rules. My participation is neither required nor compelled without proper and valid legal process.

Lack of Verified Authority: Per our last interaction regarding the alleged authorization of the trust to initiate this lawsuit, you refused to confirm or provide documentation proving that you are authorized to act on the trust's behalf.

Until such documentation is produced, I have no obligation to respond to any of your communications, subpoenas, or legal requests. This matter cannot proceed without verified legal authority, and I will not engage further until that condition is met.

Sincerely,
Necole Key
626-598-6647

---

**Dorothy Weber** <dorothy@musiclaw.com>                                Tue, Jul 22, 2025 at 7:42 AM
To: Nécole Key <necolekey@gmail.com>

We will certainly advise the court of your position.   In view of the current motion schedule for sanctions against the defendants, we will address this issue as well with the Court.


Dorothy M. Weber, Esq.

494 Eighth Avenue, Suite 600

New York, NY 10001

Direct Dial: (646) 795-6068

Fax: (212) 956-6471

E-Mail: dorothy@musiclaw.com

http://www.linkedin.com/in/
dorothymweberesq/

[Quoted text hidden]

---

**Nécole Key** <necolekey@gmail.com>                    Tue, Jul 22, 2025 at 7:55 AM
To: Dorothy Weber <dorothy@musiclaw.com>

Ms Weber
I am not a party in the current litigation.  I rejected Rodney's request also. I have no obligation to give up
anything that is unrelated to Barry White. Nor do I have to accept inproper service.
You are required to disclose who you represent when a non attorney ask  you and you refuse.

I don't know who you represent, what trustee authorized you to file this lawsuit.

If you can't answer that please leave me alone.

Necole Key


Necole Key
[Quoted text hidden]

---

**Dorothy Weber** <dorothy@musiclaw.com>                Tue, Jul 22, 2025 at 8:00 AM
To: Nécole Key <necolekey@gmail.com>

Dear Ms. Key:   We are the attorneys for the Barry White Family Trust---as indicated on every
filing we have made with the Court.   Judge Cote has already ruled the Trust has standing.


The Court has already determined that you are Mr. Oliver's agent in this matter---indeed he
has represented to the Court that you are his source of information on copyright law.


I asked you, as a courtesy if you would accept service.   You refused.   We will so advise the
Court.

This letter is written with a full reservation of our clients rights and remedies all of which are expressly reserved.

Very truly yours

[Quoted text hidden]

---

**Nécole Key** <necolekey@gmail.com>                                    Tue, Jul 22, 2025 at 9:23 AM
To: Dorothy Weber <dorothy@musiclaw.com>

Ms Weber

What Trustee of the Trust hired you? Where is the engagement letter referencing this litigation and the trust instruments giving authority to file a lawsuit. It is inappropriate to sanction a defendant due to a non party's objection to your harassment. Please cease from further communications with me.

Thank you
Nécole Key


[Quoted text hidden]

# Exhibit F

Sheet Music Credits for 'Like That'

Merged_Filing....

4

*From: "Future & Metro Boomin – We Don't Trust You"*

# Like That

by

NAYVADIUS WILBURN, LELAND WAYNE, KENDRICK DUCKWORTH,
RODNEY OLIVER, JOE COOLEY and KOBE HOOD

Published Under License From

Universal Music Publishing Group

Copyright © 2024 IRVING MUSIC, INC., NAYVADIUS MAXIMUS MUSIC, PLUTO MARS MUSIC, SONGS OF UNIVERSAL, INC.,
KENDRICK DUCKWORTH PUBLISHING DESIGNEE, HOOD MUSCLE PUBLISHING and CO-PUBLISHERS
All Rights for NAYVADIUS MAXIMUS MUSIC and PLUTO MARS MUSIC Administered by IRVING MUSIC
All Rights Reserved Used by Permission

Authorized for use by *Ronald H. Sadoff*

NOTICE: Purchasers of this musical file are entitled to use it for their personal enjoyment and musical fulfillment.
However, any duplication, adaptation, arranging and/or transmission of this copyrighted music requires the written
consent of the copyright owner(s) and of Musicnotes.com. Unauthorized uses are infringements of the copyright
laws of the United States and other countries and may subject the user to civil and/or criminal penalties.

 *Musicnotes*



# Exhibit G

U.S. Copyright Office Registration for 'Like That' (2025, identifying 'Everlasting Bass' sample)

**Exhibit G** Copyright

---

**Registration Number / Date:**
PA0002514816 / 2025-01-15

**Type of Work:**
Music

**Title:**
Like That.

**Application Title:**
Like That.

**Appears In:**
WE DON'T TRUST YOU

**Date of Creation:**
2024

**Date of Publication:**
2024-03-22

**Copyright Claimant:**
Kendrick Lamar Duckworth, Transfer: By written agreement. Address: c/o Universal Music Publishing Group, 1550 W McEwen Drive, Suite 400, Franklin, TN, 37067, United States.
Metro Boomin' Want Some More, Transfer: By written agreement. Address: c/o Universal Music Publishing Group, 1550 W McEwen Drive, Suite 400, Franklin, TN, 37067, United States.

**Authorship on Application:**
Kendrick Lamar, pseud. of Kendrick Lamar Duckworth; Citizenship: United States. Authorship: music, lyrics.
Metro Boomin, pseud. of Leland Tyler Wayne (author of pseudonymous work); Citizenship: United States. Authorship: music, lyrics.
Future, pseud. of Nayvadius Cash (author of pseudonymous work); Citizenship: United States. Authorship: music, lyrics.
Kobe Hood; Domicile: not known; Citizenship: not known. Authorship: music, lyrics.

**Basis of Claim:**
music, lyrics.

**Rights and Permissions:**

**Exhibit C** Universal Music Publishing Group, 1550 W McEwen Drive, Suite 400, Franklin, TN, 37067, United States, nacopyright@umusic.com

**Material Excluded:**

music, lyrics, Samples "Everlasting Bass" written by Joe Cooley and Rodney Oliver; Samples "Eazy Duz It" written by William Collins, Lorenzo Patterson, George Clinton, Abrim Tilmon, Bernie Worell, Eric Wright, and Andre Young pka Dr. Dre.

**Description:**

Electronic file (eService)

**Nation of First Publication:**

United States

**Names:**

Duckworth, Kendrick Lamar

Lamar, Kendrick, pseud.

Wayne, Leland Tyler

Metro Boomin, pseud.

Cash, Nayvadius

Future, pseud.

Hood, Kobe

Metro Boomin' Want Some More

**USCO Catalog Link:**

https://publicrecords.copyright.gov/detailed-record/voyager_38031905

---

Disclaimer: This material was generated by the U.S. Copyright Office's Copyright Public Records System (CPRS). For certified records, contact the Records Research and Certification Division. For information on searching copyright records, see How to Investigate the Copyright Status of a Work (Circular 22). For information on removing personal information from Copyright Office public records, refer to Privacy: Public Copyright Registration Records(Circular 18).

# Exhibit H

Sept. 16, 2025 Email Chain re: BMI / Settlement Offer

 Gmail

**Nécole Key <necolekey@gmail.com>**

## BWT v. Rodney O etc.
3 messages

**Kenneth Freundlich** <ken@freundlichlaw.com>                           Tue, Sep 16, 2025 at 3:08 PM
To: Nécole Key <necolekey@gmail.com>

Hi Necole. Despite our recent disagreements, I sincerely hope you are doing well.

Before things career out of hand, I thought I would put in writing some thoughts and an offer for you to put this finally to rest and move on with your life.

1. Rodney has, in writing, terminated your assignment dated 4/25/2025 so that you no longer have ownership of any part of the Master. That was something he had the absolute right to do which you acknowledged to him in writing; and

2. You have expressed that despite that termination, which you acknowledged, you still believe you have standing to have brought the lawsuit against Epic, etc. and receive a portion of Rodney's Master income (despite your lack of ownership); and

3. I know from one conference with the Judge that she is looking askance at your continued involvement here and I know from discussions with a few of your defendants, that they are all going to come down very hard on you. If I were you at this point, maybe it is time to put this drama behind you and move on with the future.

What I propose is that you and Rodney enter into an enforceable written agreement whereby you get 10% (what you arguably earned by placing the "Like That" licenses) by appropriate letters of directions of all his net earnings from "Like That" (master and publishing side).

In addition, Rodney will pay you on the barrelhead, **$25,000** which will be a non-returnable advance against futures, and you will agree not to pursue your claims.

You did a great job negotiating the license, Nicole. It would be a shame for it all to end up in a lawsuit between you and Rodney considering your efforts. This to my knowledge is the best chance to stop the bleeding and for you to achieve some balanced result and peace in your life.

I hope that you will give this your careful consideration because I worry about where this will go if you turn a blind eye to this offer to resolve differences.

**The offer will expire Friday September 19, 2025.**

All the best and all rights reserved.

Kenneth D. Freundlich, Esq.

## FREUNDLICH LAW, APC

16133 Ventura Blvd., Suite 645

Encino, CA 91436

ph: (818) 377-3790

cel: (818) 445-5353

ken@freundlichlaw.com





 Please consider the environment before printing this e-mail

The information contained in this e-mail transmission, including any previous messages or attachments to it, is intended only for the personal and confidential use of the recipient(s) named above. This message contains information that may be an attorney-client communication and/or work product and as such is proprietary, confidential and/or privileged. If you have received this transmission in error, please delete the original transmission, without making copies, disclosing, distributing, saving or making use of it in any manner (all of which acts are strictly prohibited by law), and so notify the sender by reply e-mail.

---

**Nécole Key** <necolekey@gmail.com>                                             Tue, Sep 16, 2025 at 7:58 PM
To: Kenneth Freundlich <ken@freundlichlaw.com>



**Necole Key**     May 13
To Fanno, Andie, + 7   ⋮

Andie

You are on top of it. Thank You.

To Clarify the withholding of
Earnings since August is caused
by Not Interested unconfirm
percentage in Like That?
There is not a hold from the
Barry White Family Trust or other
claim or holds? No holds besides
Not Interested since Aug?

Necole Key
Rights Manager
626-598-6647
www.ladykeymanagement.com

...

📁   Inbox

   **Fanno, Andie**     May 13



Ken
Why didn't you present this to the Court?


Necole Key

On Tue, Sep 16, 2025, 3:08 PM Kenneth Freundlich <ken@freundlichlaw.com> wrote:

Hi Necole. Despite our recent disagreements, I sincerely hope you are doing well.

Before things careen out of hand, I thought I would put in writing some thoughts and an offer for you to put this finally to rest and move on with your life.

1. Rodney has, in writing, terminated your assignment dated 4/25/2025 so that you no longer have ownership of any part of the Master. That was something he had the absolute right to do which you acknowledged to him in writing; and

2. You have expressed that despite that termination, which you acknowledged, you still believe you have standing to have brought the lawsuit against Epic, etc. and receive a portion of Rodney's Master income (despite your lack of ownership); and

3. I know from one conference with the Judge that she is looking askance at your continued involvement here and I know from discussions with a few of your defendants, that they are all going to come down very hard on you. If I were you at this point, maybe it is time to put this drama behind you and move on with the future.

What I propose is that you and Rodney enter into an enforceable written agreement whereby you get 10% (what you arguably earned by placing the "Like That" licenses) by appropriate letters of directions of all his net earnings from "Like That" (master and publishing side).

In addition, Rodney will pay you on the barrelhead, **$25,000** which will be a non-returnable advance against futures, and you will agree not to pursue your claims.

You did a great job negotiating the license, Nicole. It would be a shame for it all to end up in a lawsuit between you and Rodney considering your efforts. This to my knowledge is the best chance to stop the bleeding and for you to achieve some balanced result and peace in your life.

I hope that you will give this your careful consideration because I worry about where this will go if you turn a blind eye to this offer to resolve differences.

**The offer will expire Friday September 19, 2025.**

All the best and all rights reserved.

Kenneth D. Freundlich, Esq.

## FREUNDLICH LAW, APC

16133 Ventura Blvd., Suite 645

Encino, CA 91436

ph: (818) 377-3790

cel: (818) 445-5353

ken@freundlichlaw.com





 Please consider the environment before printing this e-mail

The information contained in this e-mail transmission, including any previous messages or attachments to it, is intended only for the personal and confidential use of the recipient(s) named above. This message contains information that may be an attorney-client communication and/or work product and as such is proprietary, confidential and/or privileged. If you have received this transmission in error, please delete the original transmission, without making copies, disclosing, distributing, saving or making use of it in any manner (all of which acts are strictly prohibited by law), and so notify the sender by reply e-mail.

**2 attachments**

 **image001.png**
10K



**image002.png**
7K

---

**Kenneth Freundlich** <ken@freundlichlaw.com>                    Tue, Sep 16, 2025 at 9:53 PM
To: Nécole Key <necolekey@gmail.com>

Is that your response to Rodney's offer?

Kenneth D. Freundlich
FREUNDLICH LAW, APC
16133 Ventura Blvd. Suite 645
Encino, CA 91436
ph1:(818) 377-3790
ph2:(310) 275-5350
ken@freundlichlaw.com


P Please consider the environment before printing this e-mail

The information contained in this e-mail transmission, including any previous messages or attachments to it, is intended only for the personal and confidential use of the recipient(s) named above. This message contains information that may be an attorney-client communication and/or work product and as such is proprietary, confidential and/or privileged. If you have received this transmission in error, please delete the original transmission, without making copies, disclosing, distributing, saving or making use of it in any manner (all of which acts are strictly prohibited by law), and so notify the sender by reply e-mail.

---

**From:** Nécole Key <necolekey@gmail.com>
**Sent:** Tuesday, September 16, 2025 7:58:59 PM
**To:** Kenneth Freundlich <ken@freundlichlaw.com>
**Subject:** Re: BWT v. Rodney O etc.



NK  **Necole Key**            May 13
    To Fanno, Andie, + 7        ⋮

Andie

You are on top of it. Thank You.

To Clarify the withholding of Earnings since August is caused by Not Interested unconfirm percentage in Like That?
There is not a hold from the Barry White Family Trust or other claim or holds? No holds besides Not Interested since Aug?

Necole Key
Rights Manager
626-598-6647
www.ladykeymanagement.com

...

📁 Inbox

FA  **Fanno, Andie**            May 13



Ken

Why didn't you present this to the Court?


Necole Key

On Tue, Sep 16, 2025, 3:08 PM Kenneth Freundlich <ken@freundlichlaw.com> wrote:

Hi Necole. Despite our recent disagreements, I sincerely hope you are doing well.

Before things career out of hand, I thought I would put in writing some thoughts and an offer for you to put this finally to rest and move on with your life.

1. Rodney has, in writing, terminated your assignment dated 4/25/2025 so that you no longer have ownership of any part of the Master. That was something he had the absolute right to do which you acknowledged to him in writing; and

2. You have expressed that despite that termination, which you acknowledged, you still believe you have standing to have brought the lawsuit against Epic, etc. and receive a portion of Rodney's Master income (despite your lack of ownership); and

3. I know from one conference with the Judge that she is looking askance at your continued involvement here and I know from discussions with a few of your defendants, that they are all going to come down very hard on you. If I were you at this point, maybe it is time to put this drama behind you and move on with the future.

What I propose is that you and Rodney enter into an enforceable written agreement whereby you get 10% (what you arguably earned by placing the "Like That" licenses) by appropriate letters of directions of all his net earnings from "Like That" (master and publishing side).

In addition, Rodney will pay you on the barrelhead, **$25,000** which will be a non-returnable advance against futures, and you will agree not to pursue your claims.

You did a great job negotiating the license, Nicole. It would be a shame for it all to end up in a lawsuit between you and Rodney considering your efforts. This to my knowledge is the best chance to stop the bleeding and for you to achieve some balanced result and peace in your life.

I hope that you will give this your careful consideration because I worry about where this will go if you turn a blind eye to this offer to resolve differences.

**The offer will expire Friday September 19, 2025.**

All the best and all rights reserved.

Kenneth D. Freundlich, Esq.

## FREUNDLICH LAW, APC

16133 Ventura Blvd., Suite 645

Encino, CA 91436

ph: (818) 377-3790

cel: (818) 445-5353

ken@freundlichlaw.com





 Please consider the environment before printing this e-mail

The information contained in this e-mail transmission, including any previous messages or attachments to it, is intended only for the personal and confidential use of the recipient(s) named above. This message contains information that may be an attorney-client communication and/or work product and as such is proprietary, confidential and/or privileged. If you have received this transmission in error, please delete the original transmission, without making copies, disclosing, distributing, saving or making use of it in any manner (all of which acts are strictly prohibited by law), and so notify the sender by reply e-mail.

88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| BARRY WHITE TRUST, etc. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  1:24-cv-07509-DLC |
| JOE COOLEY, et al | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

Necole Key, 451 Discovery Lane, NO. 321 Brea CA 92821

To:
_____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

SEE ATTACHED EXHIBIT A

| Place: FREUNDLICH LAW, APC 16133 Ventura Blvd. Ste. 645, Encino, CA 91436 | Date and Time: 10/01/2025 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  09/10/2025

CLERK OF COURT

                                            OR        /s/ Kenneth D. Freundlich
_____                          _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Defendant Rodney Oliver                              , who issues or requests this subpoena, are:
Kenneth D. Freundlich FREUNDLICH LAW, APC 16133 Ventura Blvd. Ste. 645, Encino, CA 91436,
ken@freundlichlaw.com' (818 377-3790

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## EXHIBIT A

## TO SUBPOENA TO NECOLE KEY

## DEFINITIONS

1.      "DOCUMENT" or "DOCUMENTS" means all forms of tangible expression including, without limitation, any written, printed, recorded, electronic, Photostatted, pictorial, graphic or photographic tangible form of communication, including letters, words, pictures, sounds, symbols or any combination of them however produced or reproduced, including the following, which is listed by way of example only and without limitation: correspondence, memoranda (including internal or interoffice memoranda), transmittals, e-mail, audit request forms, audit responses, audit reports, statements, agreements, contracts, offers, work papers, deeds and other legal instruments, escrow instructions, drafts, telegrams, cables, facsimiles, telexes, notes (including handwritten notes), reports, studies, analyses, records, evaluations, checks, charts, ledgers, checkbooks, canceled checks, check stubs, bills, books of account, receipts, check registers, sales slips, bank statements, invoices, accounting records, journals and other business, financial or budget records, bank statements, credit or charge card statements, tables, tabulations, compilations, appraisals, invoices, money orders, negotiable instruments, wire transfers, lists, summaries, indices, information stored on medium such as floppy computer disk, hard drive, compact disk, ZIP drive, backup tape, DVD, or other computer storage system, computer programs and data, computer printouts, abstracts, applications, licenses, drawings, blueprints, labels, tags, pleadings, testimony, transcripts, affidavits, declarations under penalty of perjury, unsworn statements, filings with any court or tribunal or governmental agency, speeches, articles, books, pamphlets, brochures, magazines, newspapers, calendars, personal records, diaries, records or logs of telephone conversations, notebooks, minutes, insurance policies, agendas, time sheets, employment applications, resumes, personnel records, medical records, employment references, diplomas, certificates, orders, photographs, photographic negatives, photographic slides, moving pictures, all sound recordings, video or film recordings, sound and video recordings, microfilms, microfiche, tapes, recordings, transcriptions, translations from foreign languages into English, and other matter which contains any form of communication, or representation. "DOCUMENT" or "DOCUMENTS" also includes, as used herein, all drafts or versions, and all non-identical copies of any such DOCUMENT, including, but not limited to those that contain markings, symbols, interlineations, comments, or notation of any kind on the front or back thereof.

2.      "PERTAINING TO" or "PERTAIN TO" means in whole or in part relating to, constituting, containing, concerning, mentioning, embodying, reflecting, identifying, stating, referring to, evidencing, supporting, refuting, negating and/or in any way being related to the subject matter of the request.

3.      As used herein, "OLIVER" Rodney Oliver pka Rodney O, a Defendant in this case and any associated or affiliated corporation, partnership, or other entity, any current or former officer, director, employee, agent, or other representative of OLIVER or any other person or entity acting or purporting to act on OLIVER's behalf.

4.      As used herein "BWT" means and refers to the BARRY WHITE TRUST, and any associated or affiliated corporation, partnership, or other entity, any current or former officer, director, employee, agent, or other representative of the BARRY WHITE TRUST or any other person or entity acting or purporting to act on the BARRY WHITE TURST'S behalf.

5.      As used herein "YOU" means and refers to Necole Key, and any associated or affiliated corporation, partnership, or other entity, any current or former officer, director, employee, agent, or other representative of Necole Key or any other person or entity acting or purporting to act on Necole Key's behalf.

6.      As used herein, "ACTION" means the above-captioned action, The Barry White Family Trust U/A/D: December 19, 1980, By Its Duly Empowered Trustees Plaintiffs, -Against- Joe Cooley, Rodney David Oliver P/K/A Rodney-O, D/B/A Not Interested Publishing, S.D.N.Y. Case No. 1:24-cv-07509-DLC.

7.      As used herein, "SECOND ACTION" means Rodney Oliver p/k/a Rodney O and Necole Key, et al, v. Barry White Family Trust, et al, 1:25-cv-03602-DLC.

## INTRODUCTORY INSTRUCTIONS

1.      Electronic mail and other data or information stored or maintained on computer or other media (including databases) should be produced on USB flash drive or other standard computer readable media, in their native formats, as they currently exist on your storage media and devices.

2.      If any document is not produced on the basis of a claim of privilege or for any other reason, identify the document with particularity, including the author(s), any recipient(s), any other individual or entity to whom the document has been shown or transmitted, any other individual or entity with whom the document has been discussed, the number of pages, attachments, and appendices, the date of the document, a description of the subject matter sufficient to form the basis of a claimed privilege; identify uniquely the document; and provide a statement of the nature of the claimed privilege or reason for withholding production.

3.      Documents sought in this request include information currently or previously within your possession, custody, or control, as well as information that comes into your possession, custody, or control subsequent to service hereof. If any document responsive to a

2

request has been lost or destroyed, describe the content of the document, the location of any copies of the document, the date the document was lost or destroyed, and the name of the person who ordered or authorized the destruction, and provide any documents existing at the time of such loss or destruction setting forth or concerning any policy or procedure then in effect for destruction or retention of documents.

4.      If you object to or otherwise decline to answer any portion or aspect of a request for production, provide all information requested by the remainder of the request. If you object to a request for production for the reason that it is too broad, provide all information that you concede is relevant. If you object to a request for production on the ground that to provide an answer would constitute an undue burden, provide all requested information that can be supplied without undertaking the alleged undue burden. If you are providing less than a complete response to any request, your written response should clearly indicate any limitation on your production. If there are no documents responsive to a particular request that are within your possession, custody, or control, you shall so state expressly.

5.      Each request is to be answered separately and as completely as possible. Each paragraph and subparagraph hereof and the definitions herein are to be construed independently, and not by or with reference to any other paragraph or subparagraph or definition herein for purposes of limiting the scope of any particular request or the subject matter thereof.

6.      If, in answering any of the requests, any ambiguity in construing either the request or a definition or instruction relevant to the inquiry contained within the request is encountered, identify the matter deemed ambiguous and set forth the construction chosen or used in responding to the request.

7.      The fact that investigation is continuing shall not be used as an excuse for failure to respond to each request based on the knowledge and information currently available.

8.      Where responsive documents or electronically stored information are partly or wholly in a language other than English, state whether any translation of the non-English language information exists and, if so, provide the non-English information and its English translation.

9.      Documents and electronically stored information from any single file should be produced in the same order as they were found in such file.

10.     Each request that seeks documents and electronically stored information concerning communications to, from, or within a sole proprietorship, business or a corporate entity, is hereby designated to demand, and should be construed to include, all communications

3

by and between representatives, employees, agents, brokers, and servants of the business or corporate entity.

11.     These requests are deemed to be continuing in nature, and in the event that you become aware of or acquire possession, custody or control of additional responsive documents or electronically stored information, you are requested promptly to inform counsel for Plaintiff and produce such additional information for inspection and copying.

12.     When any request calls for the production of any portion of any document, the entire document containing any such portion must be produced.

13.     Documents produced pursuant to these requests should be labeled to identify that they are being produced on your behalf. Each page of each document produced pursuant to these requests should be numbered sequentially for identification.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1

All DOCUMENTS PERTAINING TO the ACTION.

### REQUEST FOR PRODUCTION NO. 2

All DOCUMENTS PERTAINING TO the SECOND ACTION.

### REQUEST FOR PRODUCTION NO. 3

All DOCUMENTS PERTAINING TO RODNEY OLIVER.

### REQUEST FOR PRODUCTION NO. 4

All DOCUMENTS PERTAINING TO "Everlasting Bass".

### REQUEST FOR PRODUCTION NO. 5

All DOCUMENTS submitted to the U.S Copyright Office in connection with "Everlasting Bass" including the application and deposit copy submitted fro any such registration.

### REQUEST FOR PRODUCTION NO. 6

All DOCUMENTS PERTAINING TO a license of Everlasting Bass (music publishing and/or Master) to Metro Boomin and Future.

### REQUEST FOR PRODUCTION NO. 7

All DOCUMENTS PERTAINING TO a license of Everlasting Bass (music publishing and/or Master) in "Like That".

4

## REQUEST FOR PRODUCTION NO. 8

All of your online statements, comments or postings including but not limited to social media posting made by YOU about the Action and/or the Second Action.

## REQUEST FOR PRODUCTION NO. 9

ALL DOCUMENTS including, but not limited to, correspondence, e-mails, text messages, notes, and agreements concerning Plaintiffs or "I'm Gonna Love You Just A Little More, Babe".

## REQUEST FOR PRODUCTION NO. 10

All DOCUMENTS PERTAINING to OLIVER'S termination of the Co-Ownership Agreement between YOU and OLIVER dated April 25, 2025.

DATED: September 10, 2025                    FREUNDLICH LAW, APC

_____
Kenneth D. Freundlich
Attorneys for Defendant Rodney Oliver

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Barry White Trust, et al.,
Plaintiffs,

v.

Joe Cooley, et al.,
Defendants.

Case No. 1:24-cv-07509 (DLC)


CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2025, I caused a true and correct copy of the foregoing Motion to Quash Subpoena and for Protective Order, together with the Declaration of Necolé Key and Exhibits A through I, to be served via email on the following counsel of record:

Counsel for Defendants:
    Kenneth D. Freundlich
    Freundlich Law, APC
    16133 Ventura Blvd., Suite 645
    Encino, CA 91436
    Email: ken@freundlichlaw.com

Counsel for Plaintiffs:
    Dorothy M. Weber
    Herbsman Hafer Weber & Frisch LLP
    494 Eighth Avenue, Suite 600
    New York, NY 10001
    Email: dorothy@musiclaw.com

Dated: September 17, 2025
Brea, California


/s/ Necolé Key
Necolé Key
necolekey@gmail.com