UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

**Barry White Family Trust, et al., Plaintiffs**
v.
**Rodney David Oliver, p/k/a Rodney-O, et al., Defendants**

Case No. 1:24-cv-07509 (DLC)


September 24, 2025

The Honorable Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Barry White Family Trust, et al. v. Rodney David Oliver, et al.*
Case No. 1:24-cv-07509 (DLC)

## Letter of Compliance Subpoena

Dear Judge Cote:

Pursuant to the Court's orders regarding subpoena compliance, I respectfully submit the enclosed Declaration of Nécole Key Regarding Production Findings, together with Bates-stamped exhibits previously filed and cross-referenced herein.

On **Wednesday, September 24, 2025**, I provided the production link by email to both **Rodney Oliver** and **Kenneth Freundlich**,(EX A) counsel of record, thereby ensuring both the Defendant and his counsel had direct access to the complete set.

In compliance with the subpoena, I have:

1. Produced all responsive documents in my possession, custody, or control (KEY-0001 through KEY-1861), consolidated into clean combined and merged productions.

2. Referenced prior productions already docketed to avoid duplication, while ensuring the Court has a complete evidentiary trail.

3. Identified chain-of-title documents, copyright records, deposit copies, and licensing communications relevant to the dispute.

4. Documented unilateral good-faith enforcement actions (BMI correspondence, DMCA takedowns, and requests for proof of ownership and authorization).

As detailed in the Declaration, my compliance reflects both full transparency and good-faith participation in discovery. I have endeavored to provide the Court with complete documentation and ensure that the record is accurate, consistent, and supported by the underlying evidence.

Should the Court require further clarification or additional supplementation, I remain available to assist.

Respectfully submitted,


 /s/Nécole Key

451 Discovery lane #321

Brea CA 92821

necolekey@gmail.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

**Barry White Family Trust, et al., Plaintiffs**
v.
**Rodney David Oliver, p/k/a Rodney-O, et al., Defendants**

Case No. 1:24-cv-07509 (DLC)

**DECLARATION OF NÉCOLE KEY REGARDING PRODUCTION FINDINGS**

I, Nécole Key, declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

**1. Compliance and Good Faith**

I have produced all responsive documents in my possession, custody, or control, Bates-stamped KEY-0001 through KEY-1861, as well as materials incorporated into the consolidated production.

Where appropriate, I also reference and rely upon materials from Plaintiffs' production already on the docket, to avoid unnecessary duplication.

Any apparent duplicates in my production were not submitted in bad faith but reflect overlap with items previously filed or produced by Plaintiffs.

Any materials not included are in the custody of third parties (such as publishers, labels, or attorneys) or already filed on record in this case.

My production was consolidated in the Clean Combined Production and Merged Production files, ensuring a complete evidentiary trail available to the Court.

**2. Findings in the Record**

**A. Plaintiffs' De Facto Ownership Claim**

- Internal Sony communications label *Everlasting Bass* as an "infringing work" rather than proving ownership (KEY-0145–0180).

- No court has ever held *Everlasting Bass* to be infringing, yet Plaintiffs acted as if such a finding existed (KEY-0220–0255).

- Prior settlements confirm *Everlasting Bass* is Rodney Oliver's original composition (KEY-0300–0335).

- Plaintiffs mislabeling caused the collapse of Rodney's $2.2M Kobalt deal and coercion into a $1.2M Sony deal (KEY-0500–0600).

## B. Chain of Title

- 1968 and 1974 agreements show Barry White assigned away his rights (KEY-0100–0130).

- 2007 Probate Order distributed only royalties, not copyrights, to the Trust (KEY-0200–0235).

- 2008 Assignment to Peradine Music further severed residual claims (KEY-0300–0340).

- Thus, Plaintiffs cannot establish an unbroken chain of title.

## C. Deposit Copy and Prior Works

- Copyright application for *I'm Gonna Love You Just a Little More, Babe* registered as unpublished (KEY-0400–0430).

- Deposit copy omits the disputed bassline.

- Jackie Mittoo's *Hot Milk* (1968) and *Deeper and Deeper* (1971) show the bass motif existed prior to Barry White.

- Result: no protectable originality, and no basis for infringement.

## D. Licensing and the "Like That" Release

4

- The license in evidence is a short-form master license and composition for *Everlasting Bass* (BWT-01606–01610; audit trail BWT-01604–01605).

- This license authorized a sample of the master sound recording of *Everlasting Bass*.

- It did not grant rights to interpolate Barry White's composition, nor did it extend to derivative works such as Kendrick Lamar's verse in *Like That*.

- Necole repeatedly demanded contracts, proof of authorization, and resolution of publishing splits (BWT-01614–01617; 01629–01636).

- Emails show that Epic itself acknowledged ownership uncertainty and attempted to shift blame (BWT-01611–01613).

**E. License Page (Like That credits)**

At Bates **BWT-01606–01610**, the short-form license and credit documentation for *Like That* identifies Rodney Oliver as a co-author alongside Nayvadius Wilburn (Future), Leland Wayne (Metro Boomin), Kendrick Duckworth (Kendrick Lamar), Kobe Hood, and Joe Cooley. This confirms that Oliver's authorship was acknowledged in official publishing records, undermining Plaintiffs' claim of exclusive Barry White Trust ownership.

**F. BMI Correspondence (May 13, 2025)**

At Bates **KEY-0801–0830**, BMI Senior Attorney Andie Fanno confirms in correspondence that royalties were withheld only due to *Not Interested Publishing's* unconfirmed percentage and that the Barry White Family Trust had no involvement in those allocations. This corroborates my efforts to correct BMI's misallocations and demonstrates that BMI itself never recognized any Barry White Trust interest in *Everlasting Bass* or *Like That*.

**G. Social Media Exhibits (BWT-01645–01765)**

- Plaintiffs cite Instagram posts from March 22–26, 2025 as "admissions."

- These pages are merely screenshots of artist/manager updates. Standing alone, they do not admit infringement or ownership.

*Context ignored by Plaintiffs:*

- Necole simultaneously demanded contracts and ownership proof (BWT-01631–01635).

- She flagged unresolved splits within 30 days of release (BWT-01614–01615).

- She advocated fair use in April 2024 correspondence (BWT-01620–01623).

- She explicitly noted Epic had not disclosed the final Kendrick Lamar track (BWT-01611–01613).

Conclusion: Plaintiffs cherry-pick social posts while ignoring the paper trail that shows ongoing objections and demands for proof.

### H. Enforcement and BMI Misallocation

- Necole filed YouTube DMCA takedowns (KEY-0781–0800).

- Challenged BMI's wrongful allocation of royalties to EMI/Sony (KEY-0801–0830).

- Correspondence forced BMI to correct splits and recognize Rodney's rights.

- Demonstrates Necole acted in good faith, while Plaintiffs concealed and misrepresented.

### I. Financial Harm
This manufactured claim directly caused measurable financial harm by destroying an arms-length $2.2M publishing deal with Kobalt and coercing Rodney Oliver into negotiations under duress with Sony at half the value.
In addition, the manufactured claim caused the loss of multiple music placement opportunities and opened the door for third parties to infringe upon Oliver's master sound recording, *Everlasting Bass*.
These cascading harms demonstrate that Plaintiffs' and Sony's conduct not only disrupted Oliver's contractual rights but also diminished the value of his catalog and licensing opportunities in the marketplace.

### J. Necole's Unilateral Good Faith Actions
At the very same time Plaintiffs and Epic/Sony were manufacturing ownership claims, I acted unilaterally to protect and enforce Rodney Oliver's rights:

- **BMI Misallocation Corrected**: I identified that EMI/Sony had wrongfully claimed publishing control over *Everlasting Bass* in BMI's system for more than 40 years. I filed correspondence with BMI demanding removal of unauthorized publishers and correction of splits (KEY-0801–0830). My efforts resulted in BMI correcting its database,

terminating EMI's false claim, and returning performance royalties to Rodney.

- **YouTube Enforcement**: I issued DMCA takedown notices to remove unauthorized uses of *Everlasting Bass* when Epic/Sony failed to act (KEY-0781–0800). These actions directly protected Rodney's catalog and ensured enforcement of his rights at a time when Plaintiffs were advancing false claims.

- **Demanding Proof of Ownership and Authorization**: I repeatedly requested contracts, assignments, and copyright registrations from Epic, Sony, and Plaintiffs' counsel (KEY-0700–0735). I also specifically questioned authorization for Kendrick Lamar's derivative verse in *Like That*, which Epic failed to produce (BWT-01629–01636).

- **Maintaining Compliance**: I documented unresolved splits, flagged the 30-day dispute deadlines, and notified counsel of lack of ownership clarity (BWT-01611–01617, 01631–01635). I did so while Plaintiffs ignored or deflected, showing that my role was to maintain compliance and transparency.

### 3. Legal Conclusion

- Plaintiffs lack an unbroken chain of title.

- Their "infringing" label was a manufactured tactic, not a legal determination.

- Social media exhibits do not constitute admissions and, when read in context, confirm ongoing objections and compliance.

- Plaintiffs' failure to produce valid transfers or registrations underscores their lack of standing.

- By contrast, I acted unilaterally and in good faith to correct misallocations, enforce rights, and demand proof, demonstrating compliance with both the subpoena and discovery obligations.

I declare under penalty of perjury that the foregoing is true and correct.
Executed on September 24, 2024 at Brea, CA

/s/Nécole Key

451 Discovery lane #321

Brea CA 92821

necolekey@gmail.com

.

8

EXHIBIT A

**Via Email to Rodney Oliver and Kenneth Freundlich**

Re: **Response to Subpoena – Key v. Barry White Family Trust, Case No. 1:24-cv-07509-DLC**

Dear Mr. Freundlich,

I write in response to the subpoena served upon me dated September 10, 2025, commanding production of documents by October 1, 2025.

**1. Compliance and Production**
 I have produced all responsive documents in my possession, custody, or control. These documents have been Bates-stamped **KEY-0001 through KEY-1861** and are provided in link below:.

https://drive.google.com/file/d/1wtewEpdEDAqHXhhF2n0zSuPUq_GX1w40/view?usp=drive_link

**2. Scope and Limitations**

- Any documents that appear as duplicates were not provided in bad faith, but reflect prior productions or items already included in Plaintiffs' docketed filings.

- Certain requested materials are not within my possession, custody, or control. For example, the **Termination Agreement and related communications between Rodney Oliver and myself** are in the custody of Mr. Oliver and his attorney, who are the proper custodians of record.

- To the extent documents are already publicly filed on the docket in this or the related action, I have not reproduced them here to avoid unnecessary duplication.

**3. Specific Requests**

- **Requests Nos. 1–7 (Action, Second Action, Rodney Oliver, "Everlasting Bass," Copyright Office filings, and licensing with Metro Boomin/Future/Kendrick Lamar):** Responsive materials in my possession have been produced, including correspondence, short-form licensing documents, audit trails, and related emails.

9

- **Request No. 8 (Social media postings):** Responsive materials, including Instagram screenshots from March 22–26, 2025 (BWT-01645–01765), are included in Plaintiffs' own production. These have been referenced and cross-identified in my production.

- **Request No. 9 ("I'm Gonna Love You Just a Little More, Babe"):** Responsive emails and correspondence demanding proof of registration and deposit copies are included in my production.

- **Request No. 10 (Termination Agreement with Oliver):** As stated above, I am not the custodian of this document. It remains in the custody of Rodney Oliver and his counsel.

### 4. Continuing Duty

Should I later come into possession of additional responsive materials, I will supplement my production as required under Rule 45.

### 5. Reservation of Rights

This response is made without waiver of any objections, including objections based on undue burden, overbreadth, duplication, or relevance.

Accordingly, I consider my production obligations under the subpoena to be complete. Please confirm receipt.

Respectfully,


Nécole Key